IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

HARRISON JOHNSON, JR., et al.,      )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )    CIVIL ACTION NUMBER:
                                    )    CV-_____
BRIDGESTONE FIRESTONE NORTH         )
AMERICAN TIRE, LLC, et al.,         )    2 : 06 C V 290 - SRW
                                    )
         Defendant.                 )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendants Bridgestone Firestone North

America Tire LLC; General Motors Corporation; TRW Vehicle Safety Systems, Inc.;

TRW Automotive U.S. LLC, and Bendix Commercial Vehicle Systems, LLC, hereby

give notice of the removal of this action from the Circuit Court of Bullock County,

Alabama, where it is now pending, to the United States District Court for the Middle

District of Alabama.    A copy of all process, pleadings and orders served upon

Defendants, which include the summons and complaint, is attached hereto as Exhibit

"A". As grounds for this removal, Defendants state as follows:

### Introduction

1.    Plaintiffs commenced this action against eleven corporate

defendants in the Circuit Court of Bullock County, Alabama, on October 5, 2005, which

case bears case number CV05-111.

2.    Plaintiffs' claims in this case arise out of a one-vehicle accident,

which allegedly occurred in Butler County, Alabama.    Plaintiffs allege claims of mental

anguish, physical injury and wrongful death. Plaintiffs seek compensatory and punitive damages against the defendants. Plaintiffs do not specify the amount of damages they seek in their complaint.

      3.      All of the Defendants, with the exception of Defendant May Brothers, Inc. are citizens of states other than Alabama.

      4.      All properly served and joined Defendants join in or consent to this removal.[1] *See* Consents of defendants Maypole Chevrolet, Inc., and Phil Owens Used Cars, Inc., attached hereto as Exhibit "B".

      5.      As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Defendants have satisfied the procedural requirements for removal, as discussed further below.

      6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## **Complete Diversity of Citizenship Exists**

      7.      Plaintiffs Joi Johnson, Lizzie Johnson, Frank Johnson, II and Yvonne Johnson are alleged to be citizens of the State of Alabama. *See* Complaint ¶s 3-6. For purposes of determining diversity of citizenship, the citizenship of an administrator is the citizenship of the decedent. *See* 28 USC 1332(c)(2). Frank Johnson, Sr. and Harrison Johnson, Sr. were citizens of the State of Alabama.

---

[1] Temple Products of Indiana, Inc., a corporation organized under the laws of Indiana with its principal place of business in Indiana, was dismissed from this suit based on statute of limitations ground in January, 2006, without appeal, and therefore, is no longer a party to this action.

8.      Defendant Bridgestone Firestone North America Tire, LLC ("Firestone") is a limited liability company, whose sole member is Bridgestone Americas Holding, Inc. ("BAH"). BAH is now and was at the time of filing of the petition, and at all times intervening, a citizen of the States of Nevada and Tennessee, being a corporation organized and existing under and by virtue of the laws of the State of Nevada, with its corporate offices and principal place of business located in Nashville, Tennessee.

9.      Defendant General Motors Corp. ("GM") is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Detroit, Michigan.

10.      Defendant Maypole Chevrolet, Inc. ("Maypole") is a corporation organized and existing under the laws of the State of Georgia and having its principal place of business in Toccoa, Georgia.

11.      Defendant TRW Automotive US LLC, is a limited liability company whose sole member is TRW Automotive, Inc., a Delaware corporation with its principal place of business in Livonia, Michigan. Defendant TRW Vehicle Safety System, Inc., is also a Delaware corporation with its principal place of business in Livonia, Michigan. The TRW defendants are referred to herein collectively as "TRW".

12.      Defendant Bendix Commercial Vehicle Systems, LLC ("Bendix") is a limited liability company, whose sole member is Knorr Brake Truck Systems Company, a Delaware corporation with its principal place of business in the State of New York.

13.    Defendant Phil Owens Used Cars, Inc., ("Phil Owens") is a corporation organized and existing under the laws of the State of Georgia and having its principal place of business in Lavonia, Georgia.

14.    Defendant Tugaloo Sports Van, Inc., was a corporation organized and existing under the laws of the State of Georgia and had its principal place of business in Lavonia, Georgia. Tugaloo was administratively dissolved in 1997, eight years before the filing of this suit and six years prior to the subject accident.

15.    Defendant Temple Products of Indiana, Inc., is alleged by the plaintiffs to be a corporation organized under the laws of the State of Indiana, with its principal place of business in Elkhart, Indiana.

16.    The Complaint also names O&M as a defendant. Plaintiffs have not served this defendant as of the time of filing this Notice of Removal; therefore, for purposes of determining diversity, this Court should ignore its citizenship. *See Mask v. Chrysler Corp.*, 825 F.Supp. 285 (N.D. Ala. 1993), *aff'd* 29 F.3d 641 (11th Cir.), *but see, Beritiech v. Metropolitan Life Ins. Co.*, 881 F.Supp. 557, 559 (S.D. Ala. 1995) (disagreeing with the court in *Mask*). Regardless, the plaintiffs allege in their complaint that O&M is a foreign corporation organized under the laws of the state of Georgia, with its principal place of business in Georgia.

17.    The Complaint also purports to state claims against unnamed and fictitious defendants identified as fictitious defendants A, B, C, D, E, F, G, H, I, J, K, L, M, N and O. For purposes of this removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (a).

18.    Defendant May Brothers is an Alabama corporation, with its principal place of business in Bullock County, Alabama. However, May Brothers is a fraudulently joined defendant, and this Court should ignore its citizenship for the purpose of removal. *See Jerrell v. Kardoes Rubber Co., Inc.*, 348 F.Supp.2d 1278, 1283 (M.D. Ala. 2004).

## May Brothers Is a Fraudulently Joined Defendant

19.    For removal purposes, a Plaintiff's joinder of a defendant is fraudulent when: (1) there is no possibility that the plaintiff can prove a cause of action against the resident non-diverse defendant; (2) the plaintiff has fraudulently pled jurisdictional facts in order to bring the resident into state court; or (3) diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *see also, Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996).

20.    As established below, May Brothers is a fraudulently joined defendant because there is no possibility that the plaintiffs can prove a cause of action against May Brothers.

21.    In Count IX of Plaintiffs' Complaint, Plaintiffs allege that May Brothers inspected the subject vehicle "within months" of the subject accident and that May Brothers "negligently and/or wantonly" breached its duty to exercise reasonable care in said inspection. Plaintiffs' Complaint, ¶s 93-99.

22.    Plaintiffs' interrogatory responses to May Brother state that "plaintiffs stopped at May Brothers just before the accident." *See* Plaintiffs' Interrogatory responses to May Brothers, Exhibit "A". Similarly, plaintiffs' interrogatory responses to Firestone, state that "[t]he vehicle was taken to May Brothers just prior to the accident because of rough feeling in the tires. May Brothers told them that it was alright to drive." *See* Plaintiffs' Interrogatory responses to Firestone, Exhibit "A".

23.    Plaintiffs, however, cannot present any facts to support these allegations because there are no witnesses who can testify as to what May Brothers may or may not have done to the subject vehicle or how anything that May Brothers may or may not have done contributed to causing the accident.

24.    On March 1, 2006, Defendants took the deposition of Wayne Johnson. Wayne Johnson is Frank Johnson, Sr.'s brother. Frank Johnson, Sr., died from injuries he sustained in the accident. Wayne Johnson is the only person who has any information of the van made the subject of plaintiffs' suit ever being at May Brothers.

25.    According to Wayne Johnson, in June 2003, he and Frank Johnson, Sr., were on their way to Union Springs, Alabama, some four months before the subject accident, when they heard a clacking noise coming from the vehicle and felt the vehicle start to shake or vibrate. *See* Wayne Johnson depo (attached hereto as Exhibit "C"), pp. 22-26; 57-61. Frank Johnson, Sr., slowed the vehicle to under 40 mph and told his brother that he was going to stop at May Brothers, located in Union Springs, so that May Brothers could look at the vehicle. *See* Exhibit "C", Wayne Johnson depo, pp. 26, 62. Wayne Johnson has no information or knowledge about what was causing the noise or the shaking. *See* Exhibit "C", Wayne Johnson depo, pp. 31-32. Subsequently, Frank

Johnson, Sr., drove the vehicle to a business that Wayne Johnson assumed was May Brothers (based on his brother's earlier comment), although he did not see any signage confirming that they were actually at May Brothers. *See* Exhibit "C", Wayne Johnson depo, pp. 73-74.

26.    Wayne Johnson stated that when the two men arrived at May Brothers, Frank Johnson, Sr., got out of the vehicle and dealt with the May Brothers' employees directly. *See* Exhibit "C", Wayne Johnson depo, p. 29. Wayne Johnson did not interact with any May Brothers employee and has no personal knowledge regarding any conversations that may have transpired between Frank Johnson, Sr., and any employee at May Brothers. *See* Exhibit "C", Wayne Johnson depo, pp. 29-30. Wayne Johnson saw the vehicle being put on a lift. *See* Exhibit "C", Wayne Johnson depo p.64. Wayne Johnson, however, has no personal knowledge of any inspection that May Brothers allegedly conducted on the subject van. *See* Exhibit "C", Wayne Johnson depo, pp. 33-35. He does not know what May Brothers did or did not do to the vehicle. *See* Exhibit "C", Wayne Johnson depo, pp. 33-35. He does not have personal knowledge about what Frank Johnson, Sr., may have directed May Brothers to do or not to do to the vehicle. *See* Exhibit "C", Wayne Johnson depo, p. 29. The extent of his personal knowledge with regard to May Brothers' conduct that day was that he saw the vehicle being put on a lift. *See* Exhibit "C", Wayne Johnson depo, pp. 29-30. Therefore, Wayne Johnson has no information that would support the allegations made in the plaintiffs' complaint or interrogatory responses. *See* Exhibit "C", Wayne Johnson depo, p. 64.

27.    Furthermore, Wayne Johnson testified that after the men left May Brothers, the vehicle stopped shaking and the clacking noise stopped. *See* Exhibit "C",

Wayne Johnson depo, p. 34. Wayne Johnson has no information about whether the noise or shaking ever returned. *See* Exhibit "C", Wayne Johnson depo, p. 36.

28.     None of the other plaintiffs have any information about May Brothers. Plaintiffs' interrogatory responses identify Yvonne Johnson and Harrison Johnson, Sr., as the only persons with knowledge about any maintenance or repairs to the subject vehicle. Both these plaintiffs have been deposed and both deny having any such knowledge. *See* Exhibit "D", Harrison Johnson, Jr. depo, pp. 11-12; *See* Exhibit "E", Yvonne Johnson depo, pp. 24-25, 31-32. Furthermore, when asked about May Brothers specifically, both Yvonne Johnson and Harrison Johnson, Jr., stated that they had not heard of May Brothers until this litigation. *See* Exhibit "D", Harrison Johnson depo, p. 34; *See* Exhibit "E", Yvonne Johnson depo, pp. 189-190. The same is true of the other plaintiffs, Lizzie Johnson, Joi Johnson and Frank Johnson, II. *See* Exhibit "F", Lizzie Johnson depo, p. 87; *See* Exhibit "G", Joi Johnson depo, pp. 122-123; *See* Exhibit "H", Frank Johnson, II, depo, pp. 62-63. Moreover, like Yvonne Johnson and Harrison Johnson, Jr., none of the other plaintiffs has any information regarding any repairs, maintenance work or inspection conducted on the vehicle by anyone other than possibly Frank Johnson, Sr. *See* Exhibit "F", Lizzie Johnson depo, pp. 11-13; *See* Exhibit "H", Frank Johnson, II, depo, pp. 28-29; *See* Exhibit "G", Joi Johnson depo, pp. 19, 22.

29.     Wayne Johnson has no information about May Brothers' actions that could make it liable to the plaintiffs for negligence; none of the other plaintiffs have any information about May Brothers at all; and plaintiffs have not identified anyone else with such knowledge. Thus, there is no possibility that plaintiffs can prove a cause of action against May Brothers. Additionally, as the attached affidavit of David May shows,

no one at May Brothers recalls having worked on the subject vehicle and May Brothers has no record of having performed any work on the subject vehicle. *See* Affidavit of David May, attached hereto as Exhibit "I". Thus, plaintiffs could not call anyone from May Brothers to testify about any inspection of the vehicle.

30.     Without any evidence to support their claim against May Brothers, there is no way that plaintiffs can prove their causes of action against May Brothers; therefore, May Brothers is a fraudulently joined defendant. *See e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulent joined where "plaintiff failed to tie these defendants to the underlying allegations of the complaint"). This Court should therefore ignore May Brothers' citizenship for purposes of determining diversity jurisdiction.

## The Amount-In-Controversy Requirement is Satisfied

31.     The amount-in-controversy requirement clearly is satisfied in this case because all the surviving plaintiffs seek damages for permanent injuries; continuing medical bills and expenses; physical pain and mental anguish. *See* Complaint, Exh. "A". The surviving plaintiffs are seeking punitive damages. Further, punitive damages are the only damages recoverable on the plaintiffs' wrongful death claims asserted in plaintiffs' complaint under Alabama law. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See e.g., Tapscott*, 77 F.3d at 1359 (11th Cir. 1996) (when plaintiffs make an unspecified claim for damages, removing party need only show by preponderance of the evidence that the amount in controversy exceeds jurisdictional limit).

## The Other Prerequisites for Removal Have Been Satisfied

32.    This Notice of Removal is timely because it is being filed within thirty (30) days of the time that Wayne Johnson's deposition was taken, which was when Defendants first learned this case was removable, and within one (1) year after this case was filed. *See* 28 USC 1446; *see also, TKI, Inc. v. Nichols Research Corporation*, 191 F.Supp.2d 1307 (M.D. Ala. 2002) (denying plaintiff's motion to remand second removal based on evidence obtained in plaintiff's deposition testimony); *see also, Mallard v. Prudential Ins. Co. of America*, 1996 WL 170126 (M.D. Ala. 1996) (holding that deposition testimony can serve as "other paper" within the meaning of 28 U.S.C. Section 1446(b) and "revive" the thirty day window for removal); *see also, Brooks v. Solomon*, 542 F.Supp. 1229 (N.D. Ala. 1982) (concurred with several other courts which "have held that discovery depositions taken under state law constitute an 'other paper' within the meaning of that term as it is used in 28 U.S.C. s. 1446(b)").

33.    All properly served and joined defendants consent in this removal. The only defendants whose consents are absent are O&M, which has not been served; May Brothers, which as established above is a fraudulent joined defendant and Tugaloo Sports Van, Inc., which was also fraudulently joined.

34.    Tugaloo is a fraudulently joined defendant for two reasons. First, Tugaloo had no ownership in the subject vehicle at any time. *See* Affidavit of T. Andrews, Exhibit "J". Additionally, Tugaloo never performed any work, services or repairs on the subject vehicle. *See* Affidavit of T. Andrews, Exhibit "J". Tugaloo also never sold vans to O&M, the entity from which plaintiffs purchased the subject vehicle. *See* Affidavit of T. Andrews, Exhibit "J". Since Tugaloo had no involvement with the

van that is the subject of plaintiffs' complaint(s), it is a fraudulently joined defendant and its consent is not necessary. *See e.g.*, *GMFS, LLC v. Bounds*, 275 F.Supp.2d 1350, 1353 (S.D. Ala. 2003).

35.    Secondly, Tugaloo is a defunct corporation, which was administratively dissolved in 1997, six years before plaintiffs' cause of action arose and eight years before plaintiffs' lawsuit was filed. According to certified corporate records from the Georgia Secretary of State, Tugaloo was administratively dissolved on July 6, 1997. *See* Exhibit "K", *see* also Exhibit "J", affidavit of T.Andrews. Under Georgia law, claims which arise after a corporation has been dissolved must be brought against the corporation within two years of the filing of its articles of dissolution. Ga. Code Ann. § 14-2-1407(d). That provision is equally applicable to administratively dissolved corporations. Thus, plaintiffs cannot prove their cause of action against Tugaloo. *See* Ga. Code Ann. § 14-2-1421(c); § 14-2-1407(d); *see Watts v. TI, Inc.*, 561 So.2d 1057, 1059 (Ala. 1990); *Samples v. Conoco, Inc.*, 165 F.Supp.2d 1303 (N.D. Fla. 2001).

36.    The United States District Court for the Middle District of Alabama embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a).

37.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendants, which include the summons and complaint, is attached hereto as Exhibit "A". Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice Removal, attached hereto as Exhibit "L", together with the Notice of Removal, will be served upon counsel for plaintiffs and will be filed with the Clerk of the State Court in which the action is currently pending.

38.    If any question arises as to the propriety of the removal of this action, the removing Defendants request the opportunity to conduct limited discovery and to present a brief and oral argument in support of its position that this case is removable.


WHEREFORE, Defendants, desiring to remove this case to the United States District Court for the Middle District of Alabama, being the district of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Bullock County, Alabama, shall effect the removal of said suit to this Court.

Respectfully submitted

_____
One of the Attorneys for Defendant
Bridgestone Firestone North American Tire,
LLC

OF COUNSEL:

Brittin T. Coleman
Kenneth M. Perry
Hope T. Cannon
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000; Facsimile: (205) 521-8800

One of the Attorneys for Defendant
General Motors Corporation

OF COUNSEL:

M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL  35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA  30309-3521

_____
One of the Attorneys for Defendant
Bendix Commercial Vehicle Systems, LLC

OF COUNSEL:

Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Birmingham, AL 35242-4821

One of the Attorneys for Defendants
TRW Vehicle Safety Systems, Inc. and
TRW Automotive US LLC

James N. Walter
Chad Bryan
Cappell Howard P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069

OF COUNSEL:

Jack E. Little, Jr.
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin 22nd Floor
Houston, Texas  77010

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing document on the following

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland And Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorneys for Maypole Chevrolet, Inc.:**
Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL  36103-4804

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

**Attorneys for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland,
        Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

**Attorneys for Phil Owens Used Cars, Inc.**
William A. Mudd, Esq.
Sadler & Sullivan PC
2500 Wachovia Tower
420 North 20th Street
Birmingham, AL  35203-5203

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

by directing a copy of same to their respective offices through the United States mail, postage prepaid, on this the ___3lst___ day of March 2006.

_____
OF COUNSEL