# EXHIBIT A

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

DEC 21 2005

CLERK-REGISTER, BULLOCK CO., ALA

HARRISON JOHNSON, Jr., as administrator　*
of the Estate of　Harrison Johnson, Sr.;　*
YVONNE JOHNSON, as Administratrix of　*
Estate of Frank Ellis Johnson, YVONNE　*
JOHNSON, individually; JOI JOHNSON;　*
FRANK ELLIS JOHNSON, II; and LIZZIE　*
JOHNSON,　*
　　　　　　　　　　　　　　　　　　　　*
　　　　Plaintiffs,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*　　CIVIL ACTION NO. CV-05-111
vs.　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*　　JURY TRIAL REQUESTED
BRIDGESTONE FIRESTONE NORTH　*
AMERICAN TIRE, LLC; GENERAL　*
MOTORS CORPORATION; TUGALOO　*
SPORTS VANS, INC.; PHIL OWENS USED　*
CARS, INC.; MAYPOLE CHEVROLET, INC.　*
O & M MOTOR CO. ; MAY BROTHERS,　*
INC.; TEMPLE PRODUCTS OF INDIANA,　*
INC., TRW VEHICLE SAFETY SYSTEMS,　*
INC. AND/OR TRW AUTOMOTIVE U.S.　*
LLC., BENDIX COMMERCIAL VEHICLE　*
SYSTEMS LLC.　*
　　　　　　　　　　　　　　　　　　　　*
FICTITIOUS DEFENDANT "A', whether　*
singular or plural, that person, corporation, or　*
other legal entity who or which designed,　*
manufactured the 1985 Chevrolet C-20　*　　Original
Conversion Van, VIN 1GBEG25H5F7177613;　*
　　　　　　　　　　　　　　　　　　　　*
FICTITIOUS DEFENDANT "B" whether　*
singular or plural that person, corporation, or　*
other legal entity who or which was the dealer　*
or seller of the 1985 Chevrolet C-20 Conversion　*
Van, VIN 1GBEG25H5F7177613;　*
　　　　　　　　　　　　　　　　　　　　*
FICTITIOUS DEFENDANT "C" whether　*
singular or plural that person, corporation or　*
other legal entity who or which designed or　*
manufactured the tires on the 1985 Chevrolet C-　*
20 Conversion Van, VIN 1GBEG25H5F7177613　*
on October 5, 2003;　*
　　　　　　　　　　　　　　　　　　　　*
FICTITIOUS DEFENDANT "D" whether　*
singular or plural that person, corporation or　*

1

other legal entity who or which was distributor, *
dealer, seller or installer of the tires on the 1985 *
Chevrolet C-20 Conversion Van, VIN *
1GBEG25H5F7177613 on October 5, 2003, *
*
FICTITIOUS DEFENDANT "E" whether *
singular or plural that person, corporation or *
other legal entity who or which designed, *
manufactured or supplied the fiberglass roof *
system installed on the 1985 Chevrolet C-20 *
Conversion Van, VIN 1GBEG25H5F7177613 on *
October 5, 2003; *
*
FICTITIOUS DEFENDANT "F" whether *
singular or plural that person, corporation or *
other legal entity who or which modified, *
customized, or otherwise made changes to the *
1985 Chevrolet C-20 Conversion Van, VIN *
1GBEG25H5F7177613; *
*
FICTITIOUS DEFENANT "G" whether *
singular or plural that person, corporation or *
other legal entity who or which that performed *
maintenance or repair on the 1985 Chevrolet C- *
2 0   C o n v e r s i o n   V a n ,   V I N *
1GBEG25H5F7177613; *
*
 FICTITIOUS DEFENDANT "H" whether *
singular or plural that person, corporation or *
other legal entity who or which designed, *
manufactured, distributed or sold the seats in *
the 1985 Chevrolet C-20 Conversion Van, VIN *
1GBEG25H5F7177613; *
*
FICTITIOUS DEFENDANT "I" whether *
singular or plural that person, corporation or *
other legal entity who or which designed, *
manufactured, or sold the restraint system in *
the 1985 Chevrolet C-20 Conversion Van, VIN *
1GBEG25H5F7177613; *
*
FICTITIOUS DEFENDANT "J" whether *
singular or plural that person, corporation or *
other legal entity who or which that designed, *
manufactured, installed or sold the door latches *
on the 1985 Chevrolet C-20 Conversion Van, *
VIN 1GBEG25H5F7177613; *
*
FICTITIOUS DEFENDANT "K", whether *
singular or plural that person, corporation or *
other legal entities, whose or which is the *

successor in interest to any named or fictitious   *
defendants;   *
  *
FICTITIOUS DEFENDANT "L", whether   *
singular or plural that persons, corporations or   *
other legal entities, who is a partner or joint   *
venturer with any other named  or fictitious   *
defendant;   *
  *
FICTITIOUS DEFENDANT "M", whether   *
singular or plural that persons, corporations or   *
other legal entities, who is the employer, or   *
principal or who is otherwise legally   *
responsible for the acts of any individual   *
defendant named or fictitious,   *
  *
FICTITIOUS DEFENDANT "N", whether   *
singular or plural those persons, corporations   *
or other legal entities, who or which was an   *
owner, operator, shareholder, officer, or entity   *
or person otherwise responsible for the conduct   *
of any named or Fictitious Defendant;   *
  *
FICTITIOUS DEFENDANT "O", whether   *
singular or plural those persons, corporations   *
or other legal entities, whose negligence,   *
violation of the Alabama Extended   *
Manufacturer's Liability Doctrine or other   *
wrongful conduct combined and concurred to   *
cause the deaths and injuries described more   *
particularly herein; all of said Fictitious   *
Defendants are unknown to Plaintiffs at this   *
time but will be substituted by amendment   *
when ascertained,   *
  *
       *Defendants.*   *

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COME NOW** the plaintiffs, by and through undersigned counsel, and hereby amend their

original Complaint filed in the above-styled cause for purposes of clarification, and to further revise

the body of the Complaint throughout as directly relates thereto, so as to make the body and style

read as follows:

3

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

DEC 2 1 2005

CLERK-REGISTER, BULLOCK CO., ALA

HARRISON JOHNSON, Jr., et al.          )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )
                                        )
BRIDGESTONE FIRESTONE NORTH            )
AMERICAN TIRE, LLC; GENERAL            )
MOTORS CORPORATION; TUGALOO            )
SPORTS VANS, INC.; PHIL OWENS USED     )    Civil Action No. CV-05-111
CARS, INC.; MAYPOLE CHEVROLET, INC.    )
O & M MOTOR CO.; MAY BROTHERS,         )    *JURY TRIAL REQUESTED*
INC.; TEMPLE PRODUCTS OF INDIANA,      )
INC.; TRW VEHICLE SAFETY SYSTEMS,      )
INC. AND/OR TRW AUTOMOTIVE U.S.        )
LLC., BENDIX COMMERCIAL VEHICLE        )
SYSTEMS, LLC., et al.                   )
                                        )
        Defendants.                     )

## PLAINTIFFS' FIRST AMENDMENT TO COMPLAINT

**COME NOW** the Plaintiffs by and through the undersigned counsel, and file this their first amendment to the Complaint previously filed in this matter.  Plaintiffs amend the Complaint as follows:

### COUNT XII

1.  Plaintiff reallege all prior paragraphs of the Complaint as if set out here in full.

2.  This Count is brought pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

3.  Defendant Temple Products of Indiana, Inc. (hereinafter "Temple") is believed to be an Indiana Corporation with its principal place of business located in Elkhart, Indiana.

4.  Defendant Temple is believed to be in the business of manufacturing specialty and

4

accessory products for use in the van conversion industry.

5. Defendant Temple is believed to be the manufacturer of the raised fiberglass roof attached to the subject vehicle at the time of the accident giving rise to this Complaint.

6. It is believed that Temple provided the fiberglass roof and fasteners to defendant Tugaloo in accordance with the conversion plan being pursued by Tugaloo.

7. The fiberglass roof was substituted for the original metal roof of the GM van during the conversion process. As a part of the conversion process, the original metal roof and all supporting structures were removed, and the fiberglass roof was substituted therefor. The fiberglass roof was attached to the van body only by a series of wood or sheet metal screws which were wholly inadequate to secure the roof to the vehicle in a foreseeable collision or rollover incident.

8. The fiberglass roof was inadequate to retain passengers inside the passenger compartment during a foreseeable collision or rollover, and the removal of the original roof and supporting structures compromised the structural integrity of the van body following installation of the fiberglass roof. The compromise of structural integrity combined with the lack of an adequate system for securing the fiberglass roof to the van body created an increased risk of passenger ejection during a foreseeable collision or rollover.

9. At the time of the accident giving rise to the Complaint, the fiberglass roof was in the same condition it was in at the time it was originally placed into the stream of commerce.

10. At the time of the accident giving rise to the Complaint, the fiberglass roof was being used as it was intended to be used by Temple.

11. At the time the fiberglass roof was placed into the stream of commerce, it was defective by design, in its manufacturing process, and/or in the warnings which accompanied it.

12. The defects existing in the fiberglass roof directly and proximately contributed to cause the deaths and injuries complained of hereinabove in paragraphs 46 and 47.

13. The defects existing in the fiberglass roof were created as a direct and proximate result

5

of the negligent, wanton, or reckless conduct of defendant Temple, in the design, manufacture and marketing of the fiberglass roof.

**WHEREFORE**, Plaintiffs demand such amount as a jury may award as compensatory damages, punitive damages, and their costs in this action.

COUNT XIII

14.    Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

15.    The acts and omissions of Temple as complained of in Count XII above were committed recklessly, negligently, or wantonly.

16.    The negligent, reckless or wanton acts and omissions of Temple directly and proximately contributed to cause the deaths and injuries complained of hereinabove in paragraphs 46 and 47.

**WHEREFORE**, Plaintiffs demand such amount as a jury may award as compensatory damages, punitive damages, and their costs in this action.

Respectfully submitted, this *20* day of December, 2005.

BLAINE C. STEVENS (STE091)
Attorney for Plaintiffs

**OF COUNSEL:**
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P. O. Box 99
Montgomery, AL  36101-0099
(334) 269-3230
(334) 269-3239 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the foregoing in the U.S. mail, postage prepaid and properly addressed on this _20_ day of _December_, 2005 to the following counsel of record:

Will R. Kelly
Post Office Drawer 937
Hayneville, AL 36040

Louis Rutland
Rutland & Braswell
Post Office Box 551
Union Springs, AL 36089

Jack E. Little Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon
Brittin T. Coleman
Kenneth Perry
Bradley, Arant, Rose and White
1819 5th Ave North
Birmingham, AL 35203

M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays
L. Frank Coan, Jr., Esq.
Robert Arrington, Jr., Esq.
King & Spalding
191 Peachtree Street
Atlanta, GA 30303

Roger Morrow, Esq.
Morrow, Romine & Pearson
Post Office Box 4804
Montgomery, AL 36103

Larry Harper, Esq.
Porterfield, Harper Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

William A Mudd
400 20th Street North Ste 2500
Birmingham, AL 35203

Ronald Davenport
Rushton, Stakley, Johnston & Garrett
Post Office Box 270
Montgomery, AL 36101

OF COUNSEL

7

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., as Administrator of the Estate of Harrison Johnson, Sr.; YVONNE JOHNSON, as Administratrix of the Estate of Frank Ellis Johnson; YVONNE JOHNSON, individually; JOI JOHNSON; FRANK ELLIS JOHNSON, II; and LIZZIE JOHNSON, | ) ) ) ) ) ) ) ) ) | |
| | | CIVIL ACTION NO.: CV-05-111 |
| Plaintiffs, | ) ) ) | ORAL ARGUMENT REQUESTED. |
| v. | ) ) | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; GENERAL MOTORS CORPORATION; TUGALOO SPORTS VANS, INC.; PHIL OWENS USED CARS, INC.; MAYPOLE CHEVROLET, INC.; O&M MOTOR CO.; MAY BROTHERS, INC.; TEMPLE PRODUCTS OF INDIANA, INC.; TRW VEHICLE SAFETY SYSTEMS, INC. AND/OR TRW AUTOMOTIVE U.S., LLC; BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC; et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT MAYPOLE CHEVROLET, INC.'S MOTION TO STAY DISCOVERY, OR IN THE ALTERNATIVE, MOTION TO LIMIT DISCOVERY

COMES NOW the Georgia corporation, Maypole Chevrolet, Inc. (hereinafter "Maypole Chevrolet"), appearing specially and specifically without submitting to the jurisdiction of this Court, and moves this Honorable Court for entry of an order staying all discovery in the above-styled case until the Court has ruled on Defendant Maypole Chevrolet's Motion to Dismiss on the grounds that this Court does not have jurisdiction over the person of Maypole Chevrolet. Alternatively, Defendant Maypole Chevrolet requests

this Court to enter an order permitting only limited discovery as to the issue of personal jurisdiction as to any of the Defendants served with the Complaint, including but not limited to Maypole Chevrolet. Defendant Maypole Chevrolet sets forth the following grounds in support of this motion:

1.    On November 9, 2005, Defendant Maypole Chevrolet filed a Motion to Dismiss with this Court with a supporting affidavit challenging this Court's jurisdiction over Maypole Chevrolet.

2.    As demonstrated in the brief that was filed on December 9, 2005 in support of Defendant Maypole Chevrolet's Motion to Dismiss, this Defendant is due to be dismissed from the above-styled action on the grounds of lack of personal jurisdiction; consequently, Maypole Chevrolet should not be subjected to costly expenses incurred by discovery in this case while the motion is pending. Furthermore, the issue of jurisdiction should be an issue that is determined by this Honorable Court before extensive litigation and discovery proceedings are conducted because a court must have jurisdiction over a party before that party is subjected to litigation before the Court.

3.    On January 19, 2006, a conference call was conducted by all counsel involved in the case, and the parties in the case have scheduled depositions of Plaintiffs for March 1, 2006. In addition, discovery in the form of examination of the vehicle has been scheduled for one or more of the Defendants.

4.    Defendant Maypole Chevrolet does not want to waive its defense of lack of personal jurisdiction or to submit itself in any way to the jurisdiction of this Court prior to a ruling on the issue by the Court.

2

5.    In the event this Court determines that limited discovery should be allowed as to this Court's jurisdiction over the person of Defendant Maypole Chevrolet, Maypole Chevrolet will submit its corporate representative for deposition on the factual issues surrounding the issue of personal jurisdiction.

WHEREFORE, THESE PREMISES CONSIDERED, Defendant Maypole Chevrolet respectfully requests this Honorable Court to enter an order staying all discovery until this Court has had an opportunity to rule on its Motion to Dismiss filed on November 9, 2005, which was argued on December 12, 2005. Alternatively, Defendant Maypole Chevrolet respectfully requests this Honorable Court to enter an order limiting discovery to the issue of the defense of lack of personal jurisdiction over Defendant Maypole.

RESPECTFULLY SUBMITTED this the 27th day of January, 2006.

_____
ROGER S. MORROW (MOR032)
Attorney for Defendant Maypole
Chevrolet, Inc.

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:  334-262-7707
Facsimile:  334-262-7742

DEFENDANT REQUESTS ORAL ARGUMENT ON THIS MOTION
BEFORE MARCH 1, 2006.

_____
OF COUNSEL

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid, and via facsimile transmission, on this the 27th day of *January*, 2006.

Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)
**Attorney for Plaintiffs**

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)
**Attorney for Plaintiffs**

Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Jack E. Little, Jr., Esq.
PILLSBURY, WINTHROP, SHAW &
PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Hope T. Cannon, Esq.
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)
**Attorney for Defendant Bridgestone
Firestone North American Tire**

Jay S. Tuley, Esq.
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)
**Attorney for Defendant May Brothers,
Inc.**

4

M. Christian King, Esq.
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)
**Attorney for Defendant General Motors
Corporation**

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)
**Attorney for Defendant Temple
Products of Indiana**

William A. Mudd, Esq.
SADLER SULLIVAN
400 20th Street North, Suite 2500
Birmingham, AL 35203
(Fax No. 205-263-7127)
**Attorney for Defendant Phil Owens
Used Cars**

OF COUNSEL

5

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| **HARRISON JOHNSON, JR., as**<br>**Administrator of the Estate of**<br>**Harrison Johnson, Sr.; YVONNE**<br>**JOHNSON, as Administratrix of the**<br>**Estate of Frank Ellis Johnson;**<br>**YVONNE JOHNSON, individually;**<br>**JOI JOHNSON; FRANK ELLIS**<br>**JOHNSON, II; and LIZZIE JOHNSON,** )<br><br>  **Plaintiffs,**<br><br>**v.**<br><br>**BRIDGESTONE FIRESTONE NORTH**<br>**AMERICAN TIRE, LLC; GENERAL**<br>**MOTORS CORPORATION;**<br>**TUGALOO SPORTS VANS, INC.;**<br>**PHIL OWENS USED CARS, INC.;**<br>**MAYPOLE CHEVROLET, INC.; O&M**<br>**MOTOR CO.; MAY BROTHERS, INC.;**<br>**TEMPLE PRODUCTS OF INDIANA,**<br>**INC.; TRW VEHICLE SAFETY**<br>**SYSTEMS, INC. AND/OR TRW**<br>**AUTOMOTIVE U.S., LLC; BENDIX**<br>**COMMERCIAL VEHICLE SYSTEMS,**<br>**LLC; et al.,**<br><br>  **Defendants.** | **CIVIL ACTION NO.: CV-05-111** |

## ORDER STAYING DISCOVERY

THIS MATTER comes before the Court on the motion of Defendant Maypole

Chevrolet to stay discovery until such time as this Court rules on Defendant Maypole

Chevrolet's motion to dismiss for want of personal jurisdiction filed by Defendant Maypole

Chevrolet on or about November 9, 2005, which was argued on December 12, 2005. After

careful consideration of said motion, the Court hereby **ORDERS, ADJUDGES and**

**DECREES** as follows:

1.    All discovery in this case is stayed pending this Court's ruling on Defendant

Maypole Chevrolet's motion to dismiss filed on November 9, 2005.

**DONE AND ORDERED** this the _____ day of _____, 2006.

_____
**BURT SMITHART**
**CIRCUIT JUDGE**

cc:    Roger S. Morrow, Esq.
       Edward P. Kendall, Esq.
       Michael G. Strickland, Esq.
       Blaine C. Stephens, Esq.
       Will R. Kelly, Esq.
       Louis C. Rutland, Esq.
       Jack E. Little, Esq.
       Hope T. Cannon Esq.
       Jay S. Tuley, Esq.
       M. Christian King, Esq.
       Ronald G. Davenport, Esq.
       William A. Mudd, Esq.

2

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, JR., as )
Administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of the )
Estate of Frank Ellis Johnson; )         **CIVIL ACTION NO.: CV-05-111**
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
 )
    Plaintiffs, )
 )
v. )
 )
BRIDGESTONE FIRESTONE NORTH )
AMERICAN TIRE, LLC; GENERAL )
MOTORS CORPORATION; )
TUGALOO SPORTS VANS, INC.; )
PHIL OWENS USED CARS, INC.; )
MAYPOLE CHEVROLET, INC.; O&M )
MOTOR CO.; MAY BROTHERS, INC.; )
TEMPLE PRODUCTS OF INDIANA, )
INC.; TRW VEHICLE SAFETY )
SYSTEMS, INC. AND/OR TRW )
AUTOMOTIVE U.S., LLC; BENDIX )
COMMERCIAL VEHICLE SYSTEMS, )
LLC; et al., )
 )
    Defendants.

## ORDER LIMITING DISCOVERY

THIS MATTER comes before the Court on the motion of Defendant Maypole Chevrolet to stay discovery until such time as this Court rules on Defendant Maypole Chevrolet's motion to dismiss for want of personal jurisdiction filed by Defendant Maypole Chevrolet on or about November 9, 2005, which was argued on December 12, 2005. After careful consideration of said motion, the Court hereby **ORDERS, ADJUDGES and DECREES** as follows:

1.    All discovery in this case is stayed in this action with the exception that limited discovery shall be permitted as to the issue of this Court's personal jurisdiction over Defendant Maypole Chevrolet.  The parties shall complete this limited discovery no later than _____.

**DONE AND ORDERED** this the _____ day of _____, 2006.

_____
**BURT SMITHART**
**CIRCUIT JUDGE**

cc:    Roger S. Morrow, Esq.
        Edward P. Kendall, Esq.
        Michael G. Strickland, Esq.
        Blaine C. Stephens, Esq.
        Will R. Kelly, Esq.
        Louis C. Rutland, Esq.
        Jack E. Little, Esq.
        Hope T. Cannon Esq.
        Jay S. Tuley, Esq.
        M. Christian King, Esq.
        Ronald G. Davenport, Esq.
        William A. Mudd, Esq.

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

JAN 2006

CLERK-REGISTER, BULLOCK CO. ALA.

HARRISON JOHNSON, Jr., as administrator )
of the Estate of Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of Estate of Frank )
Ellis Johnson; YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS JOHNSON, II; and )
LIZZIE JOHNSON, )
)
)
)                                          CIVIL ACTION NO. CV-05-111
Plaintiffs,                               )
)
)
vs.                                       )
)
)
BRIDGESTONE FIRESTONE NORTH AMERICAN )
TIRE, LLC; GENERAL MOTORS CORPORATION; )
TUGALOO SPORTS VANS, INC.; PHIL OWENS )
USED CARS, INC.; MAYPOLE CHEVROLET, INC.; )
O&M MOTOR CO.; MAY BROTHERS, INC.; )
TEMPLE PRODUCTS OF INDIANA, INC.; TRW )
VEHICLE SAFETY SYSTEMS, INC. AND/OR TRW )
AUTOMOTIVE U.S. LLC; BENDIX COMMERCIAL )
VEHICLE SYSTEMS LLC; and FICTITIOUS )
DEFENDANTS A-O, )
)
Defendants.                               )
)

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with the Alabama Rules of Civil Procedure, the attorneys for the parties

and any pro se parties to this lawsuit are permitted to inspect and copy all health information

relating to any individual who is a party to this case, or of any decedent or other real party in

interest, represented by an executor, administrator, guardian, next friend, bailee, or trustee, and

to inspect and copy all information relative to payment for the provision of medical care to such

individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure

pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosure under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents containing the Protected Health Information received by them pursuant to this Order.

DONE and ORDERED this the _____ day of _____ March _____, 2006.

_____
CIRCUIT COURT JUDGE

cc:    All Attorneys of Record

```
AVS0351                                          CV 2005 000111.00

                                    UDGE: HON. BURT SMITHART

                     ALABAMA JUDICIAL DATA C  TER
                      CASE ACTION SUMMARY
                         CIRCUIT CIVIL

   IN THE CIRCUIT COURT OF  BULLOCK      COUNTY

   HARRISON JOHNSON JR AS ADM OF EST ET A  VS BRI  ESTONE FIRESTONE ET AL
  FILED:  10/05/2005 TYPE: PRODUCTS LIABI TY   TYPE TRIAL: JURY      TRACK:

  DATE1:         CA:             CA DATE:
  DATE2:         AMT:        $.00 PAYMENT:
  DATE3:  03/16/2006

   PLAINTIFF  001: JOHNSON HARRISON JR AS ADM OF EST OF H JOHNSON SR
                              ATTORNEY: STEVENS BLAINE CELONE
                              STE091    285 SOUTH UNION AVE
                    , AL  00000-0000
                   PHONE: (334)000-0000          OZARK, AL  36360
  ENTERED:  10/07/2005 ISSUED:           TYPE:     (334)774-5667
  SERVED:            ANSWERED:               JUDGEMENT:

                                          KELLY WILL R
                                          P O DRAWER 937

                                          HAYNEVILLE, AL  36040
                                             (205)000-0000

   PLAINTIFF  002: JOHNSON YVONNE AS ADMX OF EST OF FRANK E JOHNSON
                              ATTORNEY: KENDALL EDWARD PERRY
                              KEN028    P O BOX 99
                    , AL  00000-0000
                   PHONE: (334)000-0000       MONTGOMERY, AL  36101
  ENTERED:  10/07/2005 ISSUED:           TYPE:     (205)269-2343
  SERVED:            ANSWERED:               JUDGEMENT:

                                          STRICKLAND MICHAEL G
                                          P.O. BOX 99
                                                       E
                                          MONTGOMERY, AL  36101
                                             (205)269-3230

   PLAINTIFF  003: JOHNSON YVONNE INDIV
                              ATTORNEY:
                    , AL  00000-0000
                   PHONE: (334)000-0000
  ENTERED:  10/07/2005 ISSUED:           TYPE:
  SERVED:            ANSWERED:               JUDGEMENT:

   PLAINTIFF  004: JOHNSON JOI
                              ATTORNEY:
                    , AL  00000-0000
                   PHONE: (334)000-0000
  ENTERED:  10/07/2005 ISSUED:           TYPE:
  SERVED:            ANSWERED:               JUDGEMENT:

   PLAINTIFF  005: JOHNSON FRANK ELLIS II
                              ATTORNEY:
                    , AL  00000-0000
                   PHONE: (334)000-0000
  ENTERED:  10/07/2005 ISSUED:           TYPE:
  SERVED:            ANSWERED:               JUDGEMENT:

CEC   02/07/2006                                 CV 2005 000111.00
```

```
AVS0351                                              CV 2005 000111.00

                                        JUDGE: HON. BURT SMITHART
-----------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                       CASE ACTION SUMMARY
                          CIRCUIT CIVIL
-----------------------------------------------------------------------
  IN THE CIRCUIT COURT OF   BULLOCK       COUNTY

   HARRISON JOHNSON JR AS ADM OF EST ET AL VS BRIDGESTONE FIRESTONE ET AL
  FILED: 10/05/2005 TYPE: PRODUCTS LIABILITY    TYPE TRIAL: JURY    TRACK:
  *****************************************************************************
   DATE1:              CA:                    CA DATE:
   DATE2:              AMT:          $.00  PAYMENT:
   DATE3:  03/16/2006
  *****************************************************************************
-----------------------------------------------------------------------
  PLAINTIFF   006: JOHNSON LIZZIE
                                        ATTORNEY:

                  , AL  00000-0000
                  PHONE: (334)000-0000
   ENTERED:  10/07/2005 ISSUED:            TYPE:
   SERVED:              ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
  DEFENDANT   001: BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE
                   NATIONAL REGISTERED AGENT  ATTORNEY: CANNON HOPE T
                   150 S PERRY STREET        STE147    BRADLEY ARANT ROSE WHIT
                   MONTGOMERY, AL  36104-0000          1819 FIFTH AVE NORTH
                   PHONE: (334)000-0000               BIRMINGHAM, AL  35203
   ENTERED:  10/07/2005 ISSUED: 10/07/2005 TYPE:    CERTIFIED   (205)521-8722
   SERVED:   10/11/2005 ANSWERED: 11/14/2005 JUDGEMENT:
-----------------------------------------------------------------------
  DEFENDANT   002: GENERAL MOTORS CORP
                   THE CORP CO              ATTORNEY: KING MARK CHRISTIAN
                   2000 INTERSTATE PK DR STE KIN017   THE CLARK BUILDING
                   MONTGOMERY, AL  36109-0000         400 20TH ST N
                   PHONE: (334)000-0000               BIRMINGHAM, AL  35203
   ENTERED:  10/07/2005 ISSUED: 10/07/2005 TYPE:    CERTIFIED   (205)581-0700
   SERVED:   10/11/2005 ANSWERED: 11/14/2005 JUDGEMENT:
-----------------------------------------------------------------------
  DEFENDANT   003: TUGOLOO SPORTS VANS INC
                   WILLIAM TYLER ANDREWS      ATTORNEY:
                   12 JOE HARVEY STREET
                   LAVONIA, GA  30553-0000
                   PHONE: (334)000-0000
   ENTERED:  10/07/2005 ISSUED: 10/07/2005 TYPE:    CERTIFIED
   SERVED:   10/11/2005 ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
  DEFENDANT   004: PHIL OWENS USED CARS INC
                   PHIL OWENS                ATTORNEY: MUDD WILLIAM A
                   P O BOX 489               MUD001    2500 SOUTH TRUST TOWER
                   LAVONIA, GA  30533-0000             420 NO 20TH STREET
                   PHONE: (334)000-0000               BIRMINGHAM, AL  35203
   ENTERED:  10/07/2005 ISSUED: 10/07/2005 TYPE:    CERTIFIED   (205)326-4166
   SERVED:   02/01/2006 ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
  DEFENDANT   005: MAYPOLE CHEVROLET INC
                   CHARLES MAYPOLE           ATTORNEY: MORROW ROGER S
                   HIGHWAY 17 S              MOR032    P O BOX 4804
                   TOCCOA, GA  30577-0000
                   PHONE: (334)000-0000               MONTGOMERY, AL  36103
   ENTERED:  10/07/2005 ISSUED: 10/07/2005 TYPE:    CERTIFIED   (205)262-7707
   SERVED:   10/11/2005 ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
  DEFENDANT   006: O & M MOTOR CO
                   HERMAN A DONALDSON        ATTORNEY:
                   192 WILLOW BEACH ROAD
                   ELLERSLIE, GA  31807-0000
                   PHONE: (334)000-0000
   ENTERED:  10/07/2005 ISSUED: 10/07/2005 TYPE:    CERTIFIED
   SERVED:              ANSWERED:           JUDGEMENT:
-----------------------------------------------------------------------
CEC    02/07/2006                                    CV 2005 000111.00
```

```
AVS0351                                                    CV 2005 000111.00

                                        JUDGE: HON. BURT SMITHART

                         ALABAMA JUDICIAL DATA CENTER
                            CASE ACTION SUMMARY
                               CIRCUIT CIVIL

   IN THE CIRCUIT COURT OF  BULLOCK      COUNTY

    HARRISON JOHNSON JR AS ADM OF EST ET AL VS BRIDGESTONE FIRESTONE ET AL
  FILED: 10/05/2005 TYPE: PRODUCTS LIABILITY   TYPE TRIAL: JURY     TRACK:
  ********************************************************************************
  DATE1:              CA:                   CA DATE:
  DATE2:              AMT:          $.00  PAYMENT:
  DATE3:  03/16/2006
  ********************************************************************************
  DEFENDANT  007: MAY BROTHERS INC
                  DAVID MAY                 ATTORNEY: TULEY JAY STEWART
                  102 MLK BLVD                        TUL006  NIX/HOLTSFORD/GILLILAND
                  UNION SPRINGS, AL  36089-0000        P O BOX 4128 STE 300
                  PHONE: (334)000-0000               MONTGOMERY, AL  36106
  ENTERED: 10/07/2005 ISSUED: 10/07/2005 TYPE:   CERTIFIED   (334)215-8585
  SERVED:  10/08/2005  ANSWERED: 11/08/2005  JUDGEMENT:
  ------------------------------------------------------------------------------
  DEFENDANT  008: TEMPLE PRODUCTS OF INDIANA
                  4511 PINE CREEK ROAD      ATTORNEY: DAVENPORT RONALD G
                                                      DAV044  184 COMMERCE STREET
                  ELKHART, IN  46516-0000
                  PHONE: (334)000-0000               MONTGOMERY, AL  36104
  ENTERED: 10/07/2005 ISSUED: 10/07/2005 TYPE:   CERTIFIED   (334)206-3100
  SERVED:  10/12/2005  ANSWERED:            JUDGEMENT: 01/17/2006
  ------------------------------------------------------------------------------
  DEFENDANT  009: TRW VEHICLE SAFETY SYSTEMS INC
                  11202 EAST GERMAN ROAD    ATTORNEY: RUTLAND LOUIS C
                                                      RUT005  P O BOX 551
                  QUEEN CREEK, AZ  85242-9361
                  PHONE: (334)000-0000               UNION SPRINGS , AL  360
  ENTERED: 10/07/2005 ISSUED: 10/07/2005 TYPE:   CERTIFIED   (205)738-4770
  SERVED:  11/03/2005  ANSWERED: 11/03/2005  JUDGEMENT:

                                          RUTLAND L COOPER JR
                                          P. O. BOX 551

                                          UNION SPRINGS , AL  360
                                                     (334)738-4770
  ------------------------------------------------------------------------------
  DEFENDANT  010: TRW AUTOMOBILE U S LLC
                  800 HEATH STREET          ATTORNEY:

                  LAFAYETTE, IN  47904-1863
                  PHONE: (334)000-0000
  ENTERED: 10/07/2005 ISSUED: 10/07/2005 TYPE:   CERTIFIED
  SERVED:  10/11/2005  ANSWERED: 11/03/2005  JUDGEMENT:
  ------------------------------------------------------------------------------
  DEFENDANT  011: BENDIX COMMERCIAL VEHICLE SYSTEM LLC
                  901 CLEVELAND STREET      ATTORNEY: HARPER LARRY W
                                                      HAR093  P O BOX 530790
                  ELYRIA, OH  44035-0000
                  PHONE: (334)000-0000               BIRMINGHAM, AL  35253
  ENTERED: 10/07/2005 ISSUED: 10/07/2005 TYPE:   CERTIFIED   (205)980-5000
  SERVED:  10/12/2005  ANSWERED: 01/10/2006  JUDGEMENT:

                                          PFLAUM KEITH JAMES
                                          PORTERFIELD HARPER & MI
                                          P O BOX 530790
                                          BIRMINGHAM, AL  35253
                                                     (205)980-5000
  ------------------------------------------------------------------------------
  CEC    02/07/2006                                   CV 2005 000111.00
```

ALABAMA JUDICIAL DATA CENTER
COURT PAYMENT SYSTEM

BULLOCK COUNTY                                    RECEIPT NUMBER: 016567
DATE OF RECEIPT: 02/07/2006    TIME: 10:13:05
RECEIPT FOR CASE: CV 2005 000113 00              BATCH: 2006068
    RECEIVED FROM: RUDD WILLIAM Z

HARRISON JOHNSON JR AS ADM OF EST ET AL VS BRIDGESTONE FIRESTONE ET AL

    ACCOUNTS RECEIPTED:
        WJDG                                          450.00

RECEIVED BY: DED          CHECK AMOUNT          $51.00

AVS0353

ALABAMA JUDICIAL DATA CENTER
FEE SHEET
CIRCUIT CIVIL                    CASE:CV 2005 000111.00

IN THE CIRCUIT COURT OF BULLOCK    COUNTY  JUDGE: HON. BURT SMITHART

HARRISON JOHNSON JR AS ADM OF EST ET AL VS BRIDGESTONE FIRESTONE ET AL
PATTY:STEVENS BLAINE CELONE              DATTY:CANNON HOPE T
285 SOUTH UNION AVE                             BRADLEY ARANT ROSE WHITE
                                                1819 FIFTH AVE NORTH
OZARK, AL  36360                            BIRMINGHAM, AL  35203

| CIVIL FEE SUMMARY | DATE AMT | DATE AMT | DATE AMT | DATE AMT | CONTINUATION | DATE AMT | DATE AMT | DATE AMT | DATE AMT |
|---|---|---|---|---|---|---|---|---|---|
| DOCKET FILING FEE | | | | | | | | | |
| SM(<)    $62.00 | | | | | OTHER SERVICES | | | | |
| SM(>)   $136.00 | | | | | COMMISSION ON SALE | | | | |
| DIST    $227.00 | | | | | JUDGEMENTS | | | | |
| CIRC    $226.00 | | | | | POST JUDGEMENT FEE | | | | |
| JU/CS   $119.00 | | | | | ATTACHMENTS | | | | |
| LAW LIBRARY TAX | 2.00 | | | | GARNISHMENTS | | | | |
| JURY DEMAND | | | | | EXECUTION | | | | |
| SERVICE FEES | | | | | APPEAL COSTS | | | | |
| EACH DEF OVER | | | | | LOWER COURT COSTS | | | | |
| CERT MAIL | | | | | OTHER | | | | |
| SUBPOENA EACH | | | | | COURT ADM FUND | | | | |
| ABND VEH    $37.00 | | | | | FAMILY COURT | | | | |
| WORKERS | | | | | SHERIFF'S FEE | | | | |
| COMP    $174.00 | | | | | TOTAL COSTS | | | | |

| CASH RECEIPTS/FROM | DATE RECEIVED | RECEIPT NUMBER | AMOUNT RECEIVED | GARNISHEE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| DISBURSEMENTS PAID TO | DATE PAID | CHECK NO | AMOUNT PAID |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

RAF   01/30/2006

AVS0352

CASE: CV 2005 000111.00
JUDGE: HON. BURT SMITHART

```
-----------------------------------------------------------------------
            ALABAMA JUDICIAL DATA CENTER
            CASE ACTION SUMMARY CONTINUATION
                    CIRCUIT CIVIL
-----------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF  BULLOCK        COUNTY                      |
-----------------------------------------------------------------------
  HARRISON JOHNSON JR AS ADM OF EST ET AL VS BRIDGESTONE FIRESTONE ET AL
  FILED:  10/05/2005 TYPE:  PRODUCTS LIABILITY   TYPE TRIAL:  JURY      TRACK:
***********************************************************************
  DATE1:                 CA:                 CA DATE:
  DATE2:                 AMT:        $.00  PAYMENT:
***********************************************************************
```

3/31/06  2 subpoenas filed; issued to P.S. in office for service.

RAF   01/30/2006

AVS0352

```
                                              CASE: CV 2005 000111.00
                                              JUDGE: HON. BURT SMITHART
-------------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                    CASE ACTION SUMMARY CONTINUATION
                           CIRCUIT CIVIL
-------------------------------------------------------------------------
   IN THE CIRCUIT  COURT OF  BULLOCK  COUNTY
   HARRISON JOHNSON JR AS ADM OF EST ET AL VS BRIDGESTONE FIRESTONE ET AL
   FILED:  10/05/2005 TYPE:  PRODUCTS LIABILITY  TYPE TRIAL:  JURY   TRACK:
*****************************************************************************
   DATE1:                 CA:                    CA DATE:
   DATE2:                 AMT:         $.00      PAYMENT:
```

| Date | Entry |
|------|-------|
| 1/30/06 | Motion for Entry of HIPAA order filed. |
| 1/30/06 | Def #5 Motion to Stay Discovery or in the alt Motion to limit filed. |
| 2/2/06 | Order setting case for hearing filed; copy to parties. |
| 2/3/06 | RR served on Def #4, 2-1-06. |
| 2/7/06 | Motion to Dismiss and Motion to Quash service of P.S. |
| 2/7/06 | Brief in Support of Motion to dismiss filed. |
| 2/8/06 | Notice of Service of Discovery Documents filed. |
| 2/13/06 | Notice of Service of Discovery Documents filed. |
| 2/14/06 | Order Setting case for hearing; copy to parties. |
| 2/22/06 | Notice of Intent to serve Subpoenas filed. |
| 2/24/06 | Notice of Service of Discovery Documents filed. |
| 3/1/06 | Notice of service of Discovery Documents filed. |
| 3/6/06 | Notice of Service of Discovery Documents filed. |
| 3/6/06 | Plaintiff's Motion for Inspection of Premises filed. |
| 3/7/06 | Notice of Change of Address of Counsel filed. |
| 3/8/06 | 22 Subpoenas filed; forwarded by CM. |
| 3/9/06 | Notice of Intent to Respond to Motion for Inspection filed. |
| 3/9/06 | Notice of Service of Discovery Documents filed. |
| 3/10/06 | Notice of Intent to Respond to Motion for Inspection filed. |
| 3/13/06 | RR filed - Lee Funeral Home served 3-1-06 (2) |
| 3/14/06 | Response to Def #4 + 5 Motion to Dismiss filed. |
| 3/14/06 | 15 RR served 3-13-06 filed. |
| 3/15/06 | 3 RR served 3-13-06 filed. |
| 3/16/06 | Notice of Appearance filed. |
| 3/16/06 | Motion for Leave to Withdraw filed. |
| 3/16/06 | Def #5 Rebuttal to Plaintiff's Response to Motion to Dismiss filed |
| 3/16/06 | Order filed; forwarded to parties. |
| 3/16/06 | 2 executed subpoenas served 3-14-06 by CM filed. |

CEC    02/07/2006

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| HARRISON JOHNSON, JR., as<br>Administrator of the Estate of<br>Harrison Johnson, Sr.; YVONNE<br>JOHNSON, as Administratrix of the<br>Estate of Frank Ellis Johnson;<br>YVONNE JOHNSON, individually;<br>JOI JOHNSON; FRANK ELLIS<br>JOHNSON, II; and LIZZIE JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC; GENERAL<br>MOTORS CORPORATION;<br>TUGALOO SPORTS VANS, INC.;<br>PHIL OWENS USED CARS, INC.;<br>MAYPOLE CHEVROLET, INC.; O&M<br>MOTOR CO.; MAY BROTHERS, INC.;<br>TEMPLE PRODUCTS OF INDIANA,<br>INC.; TRW VEHICLE SAFETY<br>SYSTEMS, INC. AND/OR TRW<br>AUTOMOTIVE U.S., LLC; BENDIX<br>COMMERCIAL VEHICLE SYSTEMS,<br>LLC; et al.,<br><br>    Defendants. | CIVIL ACTION NO.: CV-05-111<br><br><br><br>ORAL ARGUMENT REQUESTED. |

## DEFENDANT MAYPOLE CHEVROLET, INC.'S REBUTTAL TO PLAINTIFFS' RESPONSE TO MAYPOLE CHEVROLET'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW the Georgia corporation, Maypole Chevrolet, Inc. (hereinafter "Maypole Chevrolet"), appearing specially and specifically without submitting to the jurisdiction of this Court, and replies to Plaintiffs' response to Maypole Chevrolet's motion to dismiss for lack of personal jurisdiction.

On March 13, 2006, Plaintiffs, by and through counsel, served a response to Maypole Chevrolet's motion to dismiss for lack of personal jurisdiction. The response did

3-13-06

*Reset May 8th 2006 @10:30Am.*

*BASHet*

not contain any affidavits or amended pleadings that in any way alleged or set forth facts that supported a colorable claim of jurisdiction against Defendant Maypole Chevrolet. Concerning personal jurisdiction, Plaintiffs have only made allegations based upon their attenuated or unsupported assertions of personal jurisdiction and that were based on conjecture and surmise. In very recent cases, the Alabama Supreme Court has been clear in its holdings that such bare allegations of jurisdiction will not defeat a motion to dismiss on the basis of personal jurisdiction where the defendant has filed an affidavit that sets forth a *prima facie* showing that personal jurisdiction does not exist over the defendant, and the Alabama Supreme Court has further held that such allegations by a plaintiff in his/her complaint and/or brief will not be sufficient to allow the Court to order limited discovery on the basis of personal jurisdiction. See, Ex parte John Bufkin, _____ So.2d _____, 2006 WL 307831 (Ala. 2006); Ex parte United Insurance Companies, Inc., _____ So.2d _____, 2006 WL 307830 (Ala. 2006); Ex parte Unitrin, Inc., _____ So.2d _____, 2005 WL 1040834 (Ala. 2005); Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala. 2004); Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459 (Ala. 2003).

In their brief, Plaintiffs argue that the Alabama Supreme Court's recent decisions set forth in Ex parte Bufkin, supra, and in Ex parte United Insurance Companies, supra, are controlling and stand for the proposition that a plaintiff may be entitled to conduct limited discovery on the issue of personal jurisdiction before a dismissal may be entered by the Court for lack of personal jurisdiction. Plaintiffs also argue in their brief that Ex parte Covington Pike Dodge, Inc., supra, has no application to the case before this Court. Both of these assertions by Plaintiffs are incorrect under the facts of this case. The very recent opinions issued in February 2006 by the Alabama Supreme Court in both Ex parte Bufkin

2

and Ex parte United Insurance Companies, Inc., cite with approval the holdings issued by the Alabama Supreme Court in Ex parte Covington Pike Dodge, Inc., supra; Ex parte Unitrin, Inc., supra; and Ex parte Troncalli Chrysler Plymouth Dodge, Inc. The Alabama Supreme Court, in both the Bufkin case and in the United Insurance Companies case, however, distinguished those cases and permitted limited discovery on the issue of jurisdiction because the plaintiffs in those cases had set forth or pled sufficient facts to show a colorable claim of jurisdiction which supported the Court's allowance of limited discovery.

In this case, Plaintiffs have not made any allegations of facts that tend to prove that Defendant Maypole Chevrolet had any contacts with the State of Alabama that would be sufficient to confer personal jurisdiction over this Defendant. The record that is before this Court, makes more than a *prima facie* showing that this Court does not have special jurisdiction or general jurisdiction over Maypole Chevrolet. It must be noted that it is undisputed that Maypole Chevrolet did not sell the vehicle in question to the Plaintiffs or to Plaintiffs' deceased, and Maypole Chevrolet sold the vehicle in the State of Georgia. In Ex parte Bufkin limited discovery was allowed because allegations and evidence were submitted that showed that Defendant Bufkin had an agency relationship or was engaged in a joint venture with the owner of the truck that was involved in the motor vehicle accident. Evidence was also submitted to the Court through Bufkin's affidavit that he had visited Alabama during the month in which the accident occurred. The Court held that these facts alone were not sufficient to establish personal jurisdiction, but the facts were sufficient to allow limited discovery on the issue of personal jurisdiction.

In Ex parte United Insurance Companies, Inc., supra, the Alabama Supreme Court held that the plaintiffs' very specific allegations concerning a civil conspiracy between the defendants was sufficient to allow limited discovery. The Court held that it was clear that the plaintiffs' complaint in the United Insurance Companies case contained more than bald speculation and conclusionary statements that the petitioners were involved in a conspiracy directed at the State of Alabama. In that case, the plaintiff pled in detail the corporate relationship of the defendants and the role each defendant allegedly played in the alleged civil conspiracy directed at the State of Alabama.

All of the aforementioned cases cite to the decision of the Alabama Supreme Court issued in Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459 (Ala. 2003). It should be noted that both the Ex parte Covington Pike Dodge, Inc., and the Ex parte Troncalli Chrysler Plymouth Dodge, Inc., cases involve the sale of motor vehicles. Thus, Plaintiffs' assertion that these cases are not applicable to the case presently before this Court, which involves the sale of a motor vehicle, is extremely difficult to comprehend.

In Ex parte Troncalli Chrysler Plymouth Dodge, Inc., which is the leading case on this subject, the Alabama Supreme Court held that the trial court did not have jurisdiction over an out of state automobile dealer, even though the car was purchased from an Alabama automobile dealer through the use of a computer database locator. In that particular case, the plaintiff actually purchased a truck from an Alabama dealership who obtained the vehicle from a Georgia dealership through the use of the manufacturer's computer database locator. In Troncalli plaintiff's complaint even alleged a conspiracy to commit fraud, bad faith, misrepresentation and breach of contract. Despite these allegations, the Alabama Supreme Court held that the courts of Alabama did not have

4

personal jurisdiction over the defendant automobile dealer and that the allegations of plaintiff's complaint did not set forth sufficient facts to permit jurisdictional discovery. The Alabama Supreme Court specifically noted that it was well established that a plaintiff does not enjoy automatic rights to discovery pertaining to personal jurisdiction in every case. The Alabama Supreme Court reached similar holdings in Ex parte Unitrin, Inc., supra, and Ex parte Covington Pike Dodge, Inc., supra. All of these cases were cited with approval in the Bufkin and United Insurance Companies cases. The Alabama Supreme Court specifically ordered in Troncalli that the trial court was to vacate its order denying Troncalli's motion to dismiss and further ordered the dismissal of the complaint against Troncalli. It is further interesting to note that although Troncalli is cited and quoted extensively in the Bufkin and United Insurance Companies decisions, Plaintiffs have made no attempt to distinguish the Troncalli decision from the case before this Court.

Finally, it should be noted that all decisions by the Alabama Supreme Court require the plaintiff to go forward to produce evidence after a *prima facie* showing of lack of personal jurisdiction is made. Maypole Chevrolet has made this showing by the affidavit of Judd Worley. Plaintiffs argue in rebuttal that somehow the affidavit filed by Maypole Chevrolet leaves open the question of work being performed on the van before it left the State of Georgia. Plaintiffs also argue that there is a question as to whether Defendants committed some act that exacerbated the uncrashworthy condition of the van or whether Defendants had some agreement with Tugaloo Customs. Plaintiffs then state that it is possible that Maypole Chevrolet may have committed some act or may be guilty of some error or omission that somehow created a defective or unreasonably dangerous condition in the van. Although Maypole Chevrolet certainly denies that it is guilty of any of these

possibilities raised by Plaintiffs in their brief, those questions are not directed to the question of personal jurisdiction.  In order to sue Maypole Chevrolet in the State of Alabama, even if there was a possibility of a viable claim against Maypole Chevrolet, Plaintiffs must show that Maypole Chevrolet engaged in activities or practices that were directed at the State of Alabama that were sufficient to meet the minimum contacts requirements of personal jurisdiction.  Plaintiffs have not set forth even a possibility, much less allegations based on fact, that would meet the test of establishing a claim of personal jurisdiction as to Maypole Chevrolet.  Thus, all of the cases that are cited in Plaintiffs' brief and in Maypole Chevrolet's briefs mandate that the Court: (1) deny Plaintiffs' request for limited discovery; and (2) enter an order of dismissal of Defendant Maypole Chevrolet for lack of personal jurisdiction.

RESPECTFULLY SUBMITTED this the 15th day of March, 2006.

ROGER S. MORROW (MOR032)
One of the Attorneys for Defendant
Maypole Chevrolet, Inc.

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:  334-262-7707
Facsimile:   334-262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid, and via facsimile transmission, on this the 15th day of _March_, 2006.

Hon. Edward P. Kendall
Hon. Michael G. Strickland
Blaine C. Stevens, Esq.
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)
**Attorney for Plaintiffs**

Hon. Will R. Kelly
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)
**Attorney for Plaintiffs**

Hon. Louis C. Rutland
Hon. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)
**Attorney for Defendant TRW Vehicle Safety Systems, Inc.**

Hon. Jack E. Little, Jr.
PILLSBURY, WINTHROP, SHAW & PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7373)
**Attorney for Defendant TRW Vehicle Safety Systems, Inc.**

Hon. Hope T. Cannon
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)
**Attorney for Defendant Bridgestone Firestone North American Tire**

Hon. Jay S. Tuley
NIX, HOLTSFORD, GILLILAND, HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)
**Attorney for Defendant May Brothers, Inc.**

Hon. M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)
**Attorney for Defendant General Motors Corporation**

Hon. Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)
**Attorney for Defendant Temple Products of Indiana**

7

Hon. William A. Mudd
SADLER SULLIVAN
400 20th Street North, Suite 2500
Birmingham, AL 35203
(Fax No.: 205-263-7127)
**Attorney for Defendant Phil Owens**
**Used Cars**

Hon. Larry W. Harper
Hon. Keith Pflaum
PORTERFIELD, HARPER, MILLS &
MOTLOW, P.A.
22 Inverness Center Parkway
P.O. Box 530790
Birmingham, AL 35253-0790
(Fax No.: 205-980-5001)
**Attorneys for Defendant Bendix**
**Commercial Vehicle Systems, LLC**

Hon. Robert D. Hays
Hon. L. Frank Coan, Jr.
Hon. Robert J. Arrington, Jr.
KING & SPALDING, LLC
1180 Peachtree Street
Atlanta, GA 30309
(Fax No.: 404-572-5100)

Hon. J. Kenneth Wainwright
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526
(Fax No.: 248-649-2316)

OF COUNSEL

8

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

MAR 1 6 2006

CLERK-REGISTER, BULLOCK CO., ALA.

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., et al., | ) | |
| Plaintiff, | ) | |
| vs | ) | CIVIL ACTION NO. CV 05-111 |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al., | ) ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO WITHDRAW

Comes now Louis C. Rutland and L. Cooper Rutland, Jr., Rutland and Braswell LLC and moves the Court to allow their withdrawal as one of the Attorneys for TRW Vehicle Safety Systems, Inc., one of the Defendants in the above styled cause and shows unto the Court that Defendant has employed additional counsel and such withdrawal will not prejudice the defense of said defendant in said cause.

Respectfully submitted,

Louis C. Rutland (RUT005)
Attorney for Defendant TRW

OF COUNSEL:

Rutland & Braswell LLC
Post Office Box 551
Union Springs, AL 36089
334-738-4770

3-27-06

Granted

JA Stff

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document to all counsel of record as listed below by placing a copy of the same in the United States mail properly addressed and postage prepaid on the _____16th_____ day of ____March____ 2006.

_____
Of Counsel

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland And Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorneys for General Motors Corporation:**
M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA 30309-3521

**Attorneys for TRW Vehicle Safety Systems, Inc. and TRW Automobile US, LLC :**
Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Jack E. Little, Jr.
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin 22nd Floor
Houston, Texas 77010

**Attorneys for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland,
        Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

**Attorneys for Temple Products of Indiana, Inc.:**
Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Attorneys for Bendix Commercial Vehicle System, LLC:**
Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Birmingham, AL 35242-4821

**Attorneys for Maypole Chevrolet, Inc.:**
Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

Phil Owens Used Cars, Inc.
c/o Phil Owens
P.O. Box 489
Lavonia, GA 30533

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

**IN THE CIRCUIT COURT**
**FOR BULLOCK COUNTY, ALABAMA**

FILED IN OFFICE

MAR 1 6 2006

CLERK-REGISTER, BULLOCK CO., ALA.

| | | |
|---|---|---|
| HARRISON JOHNSON, Jr., as | ) | |
| Administrator of the Estate of | ) | |
| Harrison Johnson, Sr.; YVONNE | ) | |
| JOHNSON, as Administratrix of | ) | |
| Estate of Frank Ellis Johnson, | ) | |
| YVONNE JOHNSON, individually, | ) | |
| JOI JOHNSON, FRANK ELLLIS | ) | |
| JOHNSON, II; and LIZZIE JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  CV-2005-111 |
| | ) | |
| TRW AUTOMOBILE U.S. LLC.; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE

**COME NOW** the undersigned counsel, James N. Walter, Jr. and Chad W. Bryan, and

file this Notice of Appearance as co-counsel for the defendant TRW Automobiles U.S. LLC.

JAMES N. WALTER, JR. (WAL021)
CHAD W. BRYAN (BRY032)

*ATTORNEYS FOR TRW VEHICLE SAFETY SYSTEMS*

**OF COUNSEL:**
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone:  (334) 241-8000
Facsimile:  (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of March 2006, a true and correct copy of the foregoing was served via first-class United States Mail, postage prepaid and properly addressed, upon the following:

Edward P. Kendall, Esq.                      Will R. Kelly
Michael G. Strickland, Esq.                  Attorney at Law
Blaine Stevens, Esq.                         PO Drawer 937
STRICKLAND & KENDALL, L.L.C.                 Hayneville, Alabama 36040-0937
420 South Lawrence Street
Montgomery, Alabama 36104

OF COUNSEL

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

CIVIL DIVISION

MAR 1 4 2006

HARRISON JOHNSON, JR.,
Et al., Plaintiffs,

CLERK-REGISTER, BULLOCK CO., ALA.

V.

MAYPOLE CHEVROLET, INC.,
Et al., Defendants.

Case No. CV-2005-111

RESPONSE TO MAYPOLE'S AND PHIL OWENS' MOTION TO DISMISS

FOR LACK OF PERSONAL JURISDICTION

Come now the Plaintiffs and file this their response to the Motions To Dismiss

previously filed by Defendants Maypole Chevrolet, Inc. and Phil Owens Used Cars.  In their

motions, Maypole and Owens allege that they have no contacts with the State of Alabama which

would indicate a systematic or intentional course of dealing with this state.  However, Plaintiffs

would demonstrate to the Court that they cannot completely respond to these motions until

limited discovery on the issue of jurisdiction is allowed by this Court.

Plaintiffs allege that the allowance of discovery in this case will not unduly burden the

defendants, and will result in no prejudice whatsoever to Maypole or Owens.  In fact, greater

judicial economy will be afforded by the allowance of the requested discovery.  For the reasons

set out hereinbelow, Plaintiffs would submit that limited discovery should be allowed in

accordance with recent decisions of the Alabama Supreme Court.

Maypole relies on the Supreme Court decision in Ex Parte Covington Dodge, Inc., 904

So.2d 226 (Ala. 2004).  Defendant's reliance on this case is misplaced.  Subsequent decisions of

the Alabama Supreme Court have limited the application of the ruling set out in Ex Parte Covington Dodge. Ex Parte Covington Dodge has no application to the case before this Court.

The recent decisions set out in Ex Parte Bufkin, 15 ALW 7-1 (1041890) and Ex Parte United Insurance Companies, Inc., 15 ALW 7-2 (1041889) are controlling on the issues before this court. Both Ex Parte Bufkin, and Ex Parte United Ins., stand for the proposition that a plaintiff may be entitled to do limited discovery on the issue of personal jurisdiction before a dismissal may be entered by the Court for lack of personal jurisdiction. The Supreme Court has recognized that personal jurisdiction may be either general or specific in nature. In the "general" class of cases, the defendant must have had "minimum contacts" with the state in such frequency and duration that the defendant may reasonably foresee being brought into court in this state. In the "specific" class of cases, the defendant must have committed some act which resulted in the lawsuit before the court, i.e. contacts which resulted in the lawsuit being filed. See, Ex Parte Covington Pike Dodge, Inc., 904 So.2d 226, 232 (Ala. 2004).

In this case, Maypole has presented to this Court an affidavit of an officer or director of Maypole Chevrolet which alleges that Maypole has no minimum contacts with the State of Alabama such as to warrant the exercise of personal jurisdiction against it. However, in its affidavit filed in support of its separate motion, Phil Owens admits that it "performed work" on the van after it was received from Maypole and before the vehicle was placed into the stream of commerce. See, Exhibit "A" to Phil Owens' Motion to Dismiss. Other than stating that Maypole performed no work on the van in the State of Alabama after it was received from GM, Maypole's affidavit goes no further. This leaves open the question of what "work" was actually performed on the van by Maypole, if any, before it was transferred further down the chain of distribution. At this point in time, Plaintiffs are unaware of the actual extent of the "work" that

Maypole and/or Phil Owens actually did on the van. Did these defendants commit some act that exacerbated the uncrashworthy condition of the finally converted van? Did these defendants install any of the seating or seat belt systems? Did these defendants have any connection to, or agreement with, Tugaloo Customs, the first converter of the van at issue in this case? These questions being the open, there is a reason to inquire as to the exact nature of any "work" that may have been done on the van by Maypole or Phil Owens before the van was finally sold to Frank Johnson.

As for the matter at hand, it is altogether possible that Maypole and/or Phil Owens may have committed some act or, alternatively, may have failed to act, in such a manner as to aggravate the defective condition of the van. Furthermore, it is equally clear that in doing "work" on the van these defendants may have themselves created a defective and unreasonably dangerous condition. Plaintiffs will have no way of determining if this is the case without the opportunity to do limited, jurisdictional discovery, and an opportunity to inquire as to the nature of the "work" done by the defendants in this case.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Defendants' Motion to Dismiss.

RESPECTFULLY SUBMITTED.


BLAINE C. STEVENS
ATTORNEY FOR PLAINTIFFS
STE091

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 13th day of March, 2006.

Will R. Kelly
Post Office Drawer 937
Hayneville, AL 36040

Louis Rutland
Rutland & Braswell
Post Office Box 551
Union Springs, AL 36089

Jack E. Little Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon
Brittin T. Coleman
Kenneth Perry
Bradley, Arant, Rose and White
1819 5th Ave North
Birmingham, AL 35203

M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays
L. Frank Coan, Jr., Esq.
Robert Arrington, Jr., Esq.
King & Spalding
1180 Peachtree Street
Atlanta, GA 30309

Roger Morrow, Esq.
Morrow, Romine & Pearson
Post Office Box 4804
Montgomery, AL 36103

Keith Pflaum, Esq.
Porterfield, Harper Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

J. Kenneth Wainwright, Esq.
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526

William A Mudd
400 20th Street North Ste 2500
Birmingham, AL 35203

OF COUNSEL

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

**MAR 1 0 2006**

**CLERK-REGISTER, BULLOCK CO., ALA.**

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER:  CV-05-111 |
| | ) | |
| BRIDGESTONE FIRESTONE NORTH | ) | |
| AMERICAN TIRE, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF INTENT TO RESPOND TO MOTION FOR INSPECTION OF PREMISES

Bridgestone Firestone North American Tire, LLC ("Firestone") has received plaintiffs'

Motion for Inspection of Premises.  Firestone objects to the motion; however, pursuant to an

agreement with the plaintiffs, Firestone does not intend to file a formal response to said motion

until after Firestone has been afforded an opportunity to inspect the tire that is the subject of

plaintiffs' claims against Firestone.

_____
Kenneth M. Perry (PER048)
One of the Attorneys for Defendant
Bridgestone Firestone North American Tire, LLC

OF COUNSEL:

Brittin T. Coleman
Hope T. Cannon
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000; Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing document on the following by directing a copy of same to their respective offices through the United States mail, postage prepaid, on this the _____ day of March 2006.

_____

OF COUNSEL

2

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland And Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorneys for General Motors Corporation:**
M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA 30309-3521

**Attorneys for TRW Vehicle Safety Systems, Inc. and TRW Automobile US, LLC :**
Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Jack E. Little, Jr.
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin 22nd Floor
Houston, Texas 77010

**Attorneys for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland,
        Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

**Attorneys for Temple Products of Indiana, Inc.:**
Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Attorneys for Bendix Commercial Vehicle System, LLC:**
Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Birmingham, AL 35242-4821

**Attorneys for Maypole Chevrolet, Inc.:**
Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

Phil Owens Used Cars, Inc.
c/o Phil Owens
P.O. Box 489
Lavonia, GA 30533

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807



## Bradley Arant

BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000   FAX 205.521.8800
WWW.BRADLEYARANT.COM

Michelle E. Gunter

Direct Dial: (205) 521-8312
Direct Fax: (205) 488-6312
mgunter@bradleyarant.com

March 8, 2006

Wilbert M. Jernigan, Clerk
Bullock County Circuit Court
P. O. Box 230
Union Springs, AL 36089

        RE:    *Harrison Johnson, et al. v. Bridgestone Firestone North American
               Tire, LLC, et al.*
               Circuit Court of Bullock County, Alabama  CV-05-111

Dear Mr. Jernigan:

        Enclosed please find an original and one copy of Firestone's Notice of Intent to Respond
to Motion for Inspection of Premises to be filed in connection with the above referenced matter.
Please stamp the copy "filed" and return to me in the enclosed self-addressed, postage prepaid
envelope.  If you have any questions, please do not hesitate to contact me.

                        Very truly yours,

                        Michelle E. Gunter
                        Legal Assistant

/meg
Enclosure

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

MAR 0 7 2006

**CLERK-REGISTER, BULLOCK CO., ALA.**

HARRISON JOHNSON, Jr., as administrator )
of the Estate of Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of Estate of Frank )
Ellis Johnson; YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS JOHNSON, II; and )
LIZZIE JOHNSON, )
    )
    )    CIVIL ACTION NO. CV-05-111
Plaintiffs, )
    )
    )
vs. )
    )
    )
BRIDGESTONE FIRESTONE NORTH AMERICAN )
TIRE, LLC; GENERAL MOTORS CORPORATION; )
TUGALOO SPORTS VANS, INC.; PHIL OWENS )
USED CARS, INC.; MAYPOLE CHEVROLET, INC.; )
O&M MOTOR CO.; MAY BROTHERS, INC.; )
TEMPLE PRODUCTS OF INDIANA, INC.; TRW )
VEHICLE SAFETY SYSTEMS, INC. AND/OR TRW )
AUTOMOTIVE U.S. LLC; BENDIX COMMERCIAL )
VEHICLE SYSTEMS LLC; and FICTITIOUS )
DEFENDANTS A-O, )
    )
Defendants. )
_____ )

## NOTICE OF CHANGE OF ADDRESS OF COUNSEL

COMES NOW Defendant, GENERAL MOTORS CORPORATION ("GM"), in the

above-styled action and hereby notifies this Court that effective March 20, 2006, the address of

counsel of record for Defendant GM will change as follows:

        Robert D. Hays
        L. Frank Coan, Jr.
        Robert L. Arrington, Jr.
        KING & SPALDING LLP
        1180 Peachtree Street
        Atlanta, Georgia  30309-3521

All future orders, pleadings, service, and correspondence should be sent to the above address.

This __6th__ day of March, 2006.

One of the Attorneys for Defendant
General Motors Corporation

OF COUNSEL:
M. Christian King (KIN017)
Andrew S. Nix (NIX013)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
(205) 581-0700
(205) 581-0799 (fax)

- and -

Robert D. Hays
L. Frank Coan, Jr.
Robert L. Arrington, Jr.
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia  30309-3521
(404) 572-4600
(404) 572-5100 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of ___March___, I have served a copy of

the foregoing **NOTICE OF CHANGE OF ADDRESS OF COUNSEL** on all counsel of record

by causing a copy of the same to be deposited in the United States Mail, postage prepaid, and

addressed as follows:

Edward P. Kendall, Esquire
Michael G. Strickland, Esquire
Blaine C. Stevens, Esquire
Strickland and Kendall, LLC
420 South Lawrence Street
Montgomery, AL  36101-0099

Roger S. Morrow, Esquire
Morrow, Romine & Pearson, P.C.
122 South Hull Street
Post Office Box 4804
Montgomery, AL  36103-4804

Louis Rutland, Esquire
Rutland & Braswell
Post Office Box 551
Union Springs, AL  36089

Jack E. Little, Jr., Esquire
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX  77010

Jay Tuley, Esquire
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL  36103

Will R. Kelly, Esquire
Attorney at Law
Post Office Drawer 937
Hayneville, AL  36040-0937

Hope Cannon, Esquire
Brittin T. Coleman, Esquire
Kenneth Perry, Esquire
Bradley, Arant, Rose & White
1819 5th Avenue North
Birmingham, AL  35203

Larry Harper, Esquire
Porterfield, Harper, Mills & Motlow
Post Office Box 530790
Birmingham, AL  35253

William A. Mudd, Esquire
400 20th Street North, Suite 2500
Birmingham, AL  35203

Ronald Davenport, Esquire
Rushton, Stakely, Johnston & Garrett
Post Office Box 270
Montgomery, AL  36101

OF COUNSEL

-3-

# LIGHTFOOT FRANKLIN & WHITE LLC
### TRIAL & APPELLATE COUNSEL

| | | | | |
|---|---|---|---|---|
| SAM C. POINTER, JR. | WILLIAM S. COX III | | STEPHEN J. ROWE | JOHN G. THOMPSON |
| J. GORMAN HOUSTON, JR. | SARA ANNE FORD | *OF COUNSEL* | W. LARKIN RADNEY IV | ANDREW S. NIX |
| WARREN B. LIGHTFOOT | MADELINE H. HAIKALA | IVAN B. COOPER | JAMES F. HUGHEY III | NATASHA L. WILSON |
| SAMUEL H. FRANKLIN | WILLIAM H. BROOKS | CRAIG N. ROSLER | SUZANNE A. FLEMING | PHILIP M. BRIDWELL |
| JERE F. WHITE, JR. | J. BANKS SEWELL III | | STEPHANIE K. WOMACK | SARAH O. WARBURTON |
| MAC M. MOORER | LEE M. HOLLIS | | LANA K. ALCORN | JACOB M. TUBBS |
| JOHN M. JOHNSON | JACKSON R. SHARMAN III | Writer's Direct Dial: 205-581-1529 | KEVIN E. CLARK | DERRICK A. MILLS |
| M. CHRISTIAN KING | WYNN M. SHUFORD | | TERRENCE W. MCCARTHY | SANFORD G. HOOPER |
| E. GLENN WALDROP, JR. | MELODY H. EAGAN | E-Mail: anix@lfwlaw.com | J. CHANDLER BAILEY | WILLIAM E. BONNER |
| ADAM K. PECK | ROBIN H. HINKLE | | S. ANDREW KELLY | MITCHELL D. GREGGS |
| HARLAN I. PRATER IV | J. BRADLEY POWELL | | DAVID R. PRUET III | BRANDY R. OWENS |
| MICHAEL L. BELL | WILLIAM H. MORROW | | NIKAA BAUGH JORDAN | C. MEADE HARTFIELD |
| WILLIAM H. KING III | ANNE SIKES HORNSBY | | ENRIQUE J. GIMENEZ | |

March 6, 2006

Wilbert M. Jernigan
Circuit Court Clerk
Circuit Court of Bullock County
217 North Prairie Street (36089)
P.O. Box 230
Union Springs, Alabama  36089-0230

    Re:    **Harrison Johnson, Jr., et al. v. General Motors Corporation, et al.**
           **Civil Action No.: CV-05-111**

Dear Mr. Jernigan:

    Please find enclosed an original and one copy of the following document being sent to you today for filing in this matter:

    1.    **Notice of Change of Address of Counsel.**

    Please file the original with the Court, and return a stamped-filed copy to me in the enclosed self-addressed, postage paid envelope provided for your convenience.  Also, please note this change of address of counsel in your records.

    Thank you for your assistance.

                                              Sincerely,

                                              Andrew S. Nix

ASN:lll
Enclosures
cc (w/encl.):    All Counsel of Record

IN THE CIRCUIT COURT FOR
BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

HARRISON JOHNSON, JR., et al.,     *

                             *

     Plaintiffs,             *

                             *

vs.                           *     CV-2005-111

                             *

BRIDGESTONE              *

FIRESTONE NORTH        *

AMERICAN TIRE, LLC,  et al.,   *

                             *

     Defendants.           *

MAR 0 6 2006

CLERK-REGISTER, BULLOCK CO., ALA.

## PLAINTIFFS' MOTION FOR INSPECTION OF PREMISES

**COME NOW** the Plaintiffs pursuant to Rule 34 Alabama Rules of Civil Procedure, and move this court for an order allowing Plaintiffs' representatives to enter and inspect the premises of the defendant Bridgestone-Firestone's manufacturing facility where the subject tire was produced. As cause therefor, Plaintiffs would show unto the Court the following:

1. That this is a product liability action in which one of the likely theories followed by the Plaintiffs will be one or more manufacturing defects contained in the subject tire.

2. That Plaintiffs need to perform an inspection of the plant facilities in order to document fully the manufacturing and quality control processes Bridgestone-Firestone follows in the production of tires such as the one at issue in this lawsuit. Plaintiff cannot acquire such information from any other reasonably available source.

3. This request is directed toward the discovery of relevant and admissible evidence, and is not engaged in for the purposes of harassment or for any purpose other than legitimate discovery interests.

4. Defendant will not be unduly prejudiced by the allowance of this requested inspection.

3-27-06
Set May 6, 2006 - 11:00
BHSflt

**WHEREFORE**, Plaintiffs request that the Court enter an order allowing the requested inspection to take place as soon as is reasonably practicable.

Respectfully submitted, this __/__ day of March, 2006.

BLAINE C. STEVENS (STE091)
Attorney for Plaintiffs

**OF COUNSEL:**
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P. O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the foregoing in the U.S. mail, postage prepaid and properly addressed on this __/__ day of March, 2006 to the following counsel of record:

Will R. Kelly
Post Office Drawer 937
Hayneville, AL 36040

Louis Rutland
Rutland & Braswell
Post Office Box 551
Union Springs, AL 36089

Jack E. Little Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon
Brittin T. Coleman
Kenneth Perry
Bradley, Arant, Rose and White
1819 5ᵗʰ Ave North
Birmingham, AL 35203

M. Christian King
Lightfoot, Franklin & White
400 20ᵗʰ Street North
Birmingham, AL 35203

Robert D. Hays
L. Frank Coan, Jr., Esq.
Robert Arrington, Jr., Esq.
King & Spalding
191 Peachtree Street
Atlanta, GA 30303

Roger Morrow, Esq.
Morrow, Romine & Pearson
Post Office Box 4804
Montgomery, AL 36103

Keith Pflaum, Esq.
Porterfield, Harper Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

J. Kenneth Wainwright, Esq.
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526

William A Mudd
400 20ᵗʰ Street North Ste 2500
Birmingham, AL 35203

OF COUNSEL

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

FEB 0 7 2006

CLER... ... ...ULLOCK CO., ALA.

HARRISON JOHNSON, JR., as
Administrator of the Estate of
Harrison Johnson, Sr.; YVONNE
JOHNSON, as Administratrix of the
Estate of Frank Ellis Johnson;
YVONNE JOHNSON, individually;
JOI JOHNSON; FRANK ELLIS
JOHNSON, II; and LIZZIE JOHNSON,

      Plaintiffs,

v.

BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL
MOTORS CORPORATION;
TUGALOO SPORTS VANS, INC.;
PHIL OWENS USED CARS, INC.;
MAYPOLE CHEVROLET, INC.; O&M
MOTOR CO.; MAY BROTHERS, INC.;
TEMPLE PRODUCTS OF INDIANA,
INC.; TRW VEHICLE SAFETY
SYSTEMS, INC. AND/OR TRW
AUTOMOTIVE U.S., LLC; BENDIX
COMMERCIAL VEHICLE SYSTEMS,
LLC; et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.: CV-05-111

## MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS

**COMES NOW**, the Georgia corporation, Defendant Phil Owens Used Cars, Inc., appearing specially and specifically as to the limited issue of the Circuit Court of Bullock County, Alabama's lack of personal jurisdiction over Phil Owens Used Cars, Inc., without submitting to the jurisdiction of this Court, and files this Motion to Dismiss and Motion to Quash Service of Process, stating as follows:

*[handwritten annotations:]* 3-16-06   *Reset* May 4, 2006   2-14-06
*BfSHl*   Set for hearing March
16, 2006 — 10:00
*BfSCl*

1.   This defendant says that the plaintiffs' complaint fails to state a claim upon which relief can be granted as to this defendant.

2.   This defendant denies each and every material allegation of the plaintiffs' complaint and thereby pleads the general issue.

3.   This defendant pleads "not guilty".

4.   This defendant says that venue is improper

5.   This defendant pleads the defense of "forum non-conveniens".

6.   This defendant says that the applicable statute of limitations has expired.

7.   This defendant says that the court lacks personal jurisdiction over this defendant.

8.   This defendant says that there is insufficiency of service.

9.   This defendant says that there is insufficiency of service of process.

10.  This motion is supported by the affidavit of Phil Owens of Phil Owens Used Cars, Inc., which is attached hereto as if set forth and incorporated herein, as Exhibit "A".

**WHEREFORE, PREMISES CONSIDERED,** this defendant respectfully moves this honorable court to enter an Order which dismisses this defendant from this case, with prejudice, court costs taxed as paid, pursuant to, among other things, Rule 12(b)(6) of the Ala. R. Civ. P., as the court lacks personal jurisdiction over this defendant.

# ORAL ARGUMENT IS REQUESTED

2

_____
William A. Mudd
Attorney Code No.: MUD001
Attorney for Phil Owens Used Cars, Inc.

**OF COUNSEL:**

SADLER ❖ SULLIVAN, P.C.
2500 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5203
Tel:    (205) 326-4166
Fax:   (205) 324-3418

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the United States Mail, properly addressed and first-class postage prepaid on this the _6th_ day of _February_, 2006.

Mr. Edward P. Kendall
Mr. Michael G. Strickland
Mr. Blaine C. Stevens
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)

Mr. Will R. Kelly
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)

Mr. Louis C. Rutland
Mr. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)

Mr. Jack E. Little, Jr.
PILLSBURY, WINTHROP, SHAW & PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)

3

Mr. Hope T. Cannon
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)

Mr. Jay S. Tuley
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)

Mr. Andrew S. Nix
Mr. M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)

Mr. Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT,
P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)

Mr. Ronald Davenport
Rushton, Stakely, Johnston & Garrett
Post Office Box 270
Montgomery, Alabama 36101
(Fax No. 334-262-6277)

Mr. Roger Stephen Morrow
MORROW, ROMINE & PEARSON, P.C.
Post Office Box 4804
Montgomery, Alabama 36103-4804
(Fax No. 334-262-7742)

**OF COUNSEL**

4

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| **HARRISON JOHNSON, JR., as** )<br>**Administrator of the Estate of** )<br>**Harrison Johnson, Sr.; YVONNE** )<br>**JOHNSON, as Administratrix of the** )<br>**Estate of Frank Ellis Johnson;** )<br>**YVONNE JOHNSON, individually;** )<br>**JOI JOHNSON; FRANK ELLIS** )<br>**JOHNSON, II; and LIZZIE JOHNSON,** )<br> )<br>    **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**BRIDGESTONE FIRESTONE NORTH** )<br>**AMERICAN TIRE, LLC; GENERAL** )<br>**MOTORS CORPORATION;** )<br>**TUGALOO SPORTS VANS, INC.;** )<br>**PHIL OWENS USED CARS, INC.;** )<br>**MAYPOLE CHEVROLET, INC.; O&M** )<br>**MOTOR CO.; MAY BROTHERS, INC.;** )<br>**TEMPLE PRODUCTS OF INDIANA,** )<br>**INC.; TRW VEHICLE SAFETY** )<br>**SYSTEMS, INC. AND/OR TRW** )<br>**AUTOMOTIVE U.S., LLC; BENDIX** )<br>**COMMERCIAL VEHICLE SYSTEMS,** )<br>**LLC; et al.,** )<br> )<br>    **Defendants.** )| **CIVIL ACTION NO.: CV-05-111** |

## <u>AFFIDAVIT OF PHIL OWENS</u>

STATE OF GEORGIA)
COUNTY OF <u>FRANKLIN</u>          )


    **Before me**, <u>Brenda G. Price</u>, a Notary Public in and for the said county and state, personally appeared Phil Owens, President of Phil Owens Used Cars, Inc., who, after being duly identified by me, and after first being duly sworn, did state as follows:

    1.    My name is Phil Owens. I am over the age of twenty-one (21) years. I am of sound mind and body. I am an individual resident of the State of Georgia. I have executed this affidavit



voluntarily and for the purpose of having the document filed in the above-referenced lawsuit.

2.    I am familiar with the above-styled lawsuit. The testimony I render herein is based upon my personal knowledge and/or review and examination of business records of Phil Owens Used Cars, Inc.

3.    I am the President of Phil Owens Used Cars, Inc. I have served as the President of Phil Owens Used Cars, Inc. at all times pertinent to the subject matter of this litigation.

4.    Phil Owens Used Cars, Inc. is a Georgia corporation. It has always been a Georgia corporation. Phil Owens Used Cars, Inc. has never been incorporated in the State of Alabama.

5.    The principal place of business of Phil Owens Used Cars, Inc. is 13231 Jones Street, Lavonia, Georgia 30553. That is the only business location of Phil Owens Used Cars, Inc.

6.    Phil Owens Used Cars, Inc. has never had an office or business location in the State of Alabama. Furthermore, Phil Owens Used Cars, Inc. has never employed anyone who was a resident of the State of Alabama.

7.    Phil Owens Used Cars, Inc. has never been registered to do business in the State of Alabama, and the dealership does not do business by agent in the State of Alabama.

8.    Phil Owens Used Cars, Inc. does not, and has not, advertised goods and/or services in the State of Alabama. Likewise, Phil Owens Used Cars, Inc. has never owned any real or personal property located in the State of Alabama.

9.    Phil Owens Used Cars, Inc. does not solicit business or otherwise engage in any other persistent course of conduct or business in the State of Alabama. Accordingly, Phil Owens Used Cars, Inc. does not derive substantial revenue from goods and/or services used or consumed in the State of Alabama, nor from services rendered in the State of Alabama.

10.    Phil Owens Used Cars, Inc. purchased the 1985 GM Van made the basis of this litigation (1985 Chevrolet CG21305 GM Van - VIN: 1GBEG25H5F7177613) from Maypole Chevrolet, Inc. located in Toccoa, Georgia, which is very near the South Carolina border with the State of Georgia. Phil Owens Used Cars, Inc. performed work upon the van and then sold the van to O & M Motor Company located in the State of Georgia. Phil Owens Used Cars, Inc. did not sell, lease, or otherwise enter into a contract for the purchase of the van made the basis of the case with any of the named plaintiffs. Likewise, Phil Owens Used Cars, Inc. did not know where the vehicle would be sold by O & M Motor Company (such as in the State of Georgia or in any other state).

11.    I have read the above and foregoing affidavit and certify that the facts contained herein are true and accurate, are based upon my personal knowledge, my personal examination and/or review of the business records of Phil Owens Used Cars, Inc., as well as other documents supplied to me by counsel.

2

FURTHER AFFIANT SAITH NOT

_Phil Owen_

Phil Owens
President of Phil Owens Used Cars, Inc.


SUBSCRIBED AND SWORN TO
before me on this the _19th_
day of _December_, 200_5_.

_Brenda D. Price_
NOTARY PUBLIC

My commission expires:

_4/08/07_.

3

**STATE OF ALABAMA**
Unified Judicial System
__BULLOCK__ County

Revised 3/23/05

Check one (Note for Workers' Comp, PFA, or Small Claims cases):
☐ District Court  ☐ Circuit Court

►Case No.

CV-05-111

Style of case:
Harrison Johnson, Jr., et al.
v.
Phil Owens Used Cars, et al.

**CIVIL MOTION COVER SHEET**

Name of Filing Party: Phil Owens Used Cars

Name, Address, and Telephone No. of Attorney or Party, If Not Represented:
William A. Mudd (205-326-4166)

Attorney Alabama State Bar No.: __MUD001__

To be filled out by Clerk of Court:
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required
☐ Affidavit of Hardship on File or State Agency

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☒ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment Pursuant to Rule 56 ($50.00) | ☐ Extension of Time |
| ☐ Other _____ pursuant to Rule_____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| * Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| ☐ Local Court Cost $_____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Revive Judgment |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other_____ pursuant to Rule_____ (Subject to filing fee) |

Hearing Date: *ORAL ARGUMENT REQUESTED*

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government.  ☐

Date: 2-6-06

Signature of Attorney or Party: _William A. Mudd_

* This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled "Motion to Dismiss" that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, JR., as )
Administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of the )
Estate of Frank Ellis Johnson; )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
                                  )
    Plaintiffs, )
                                  )
                                  )
v.                                )
                                  )
BRIDGESTONE FIRESTONE NORTH )
AMERICAN TIRE, LLC; GENERAL )
MOTORS CORPORATION; )
TUGALOO SPORTS VANS, INC.; )
PHIL OWENS USED CARS, INC.; )
MAYPOLE CHEVROLET, INC.; O&M )
MOTOR CO.; MAY BROTHERS, INC.; )
TEMPLE PRODUCTS OF INDIANA, )
INC.; TRW VEHICLE SAFETY )
SYSTEMS, INC. AND/OR TRW )
AUTOMOTIVE U.S., LLC; BENDIX )
COMMERCIAL VEHICLE SYSTEMS, )
LLC; et al., )
                                  )
    Defendants. )

CIVIL ACTION NO.: CV-05-111

FILED IN OFFICE

FEB 0 1 2006

CLERK-REGISTER, BULLOCK CO., ALA.

## BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS

COMES NOW, the Georgia corporation, Defendant Phil Owens Used Cars, Inc., appearing specially and specifically as to the limited issue of the Circuit Court of Bullock County, Alabama's lack of personal jurisdiction over Phil Owens Used Cars, Inc., without submitting to the jurisdiction of this Court and, files this brief in support of that certain pleading styled "Motion to Dismiss, filed contemporaneously herewith, stating as follows:

## FACTS

The Complaint of the Plaintiffs arises from alleged defects associated with a 1985 Chevrolet Van (the "Van"). The van was initially sold in the State of Georgia by Defendant Maypole Chevrolet, Inc., a corporation organized under the laws of the State of Georgia, with its principle place of business located in Toccoa, Georgia, to Defendant Phil Owens' Used Cars, a corporation organized under the laws of the State of Georgia with its principle place of business located in Lavonia, Georgia, on or about May 8, 1985. (See: Plaintiffs' Complaint at ¶ 38; See: Affidavit of Judd Worley, together with documents associated therewith, submitted by co-defendant, Maypole Chevrolet, Inc.; See: affidavit of Phil Owens submitted by this defendant). This Defendant performed certain conversion work upon the van and then sold it to Defendant O& M Motor Company, Inc., a corporation organized under the laws of the State of Georgia, with its principle place of business located in Columbus, Georgia. (See: Plaintiffs' Complaint at ¶ 38; See: Affidavit of Judd Worley, together with documents associated therewith, submitted by co-defendant, Maypole Chevrolet, Inc.; See: affidavit of Phil Owens submitted by this defendant). Defendant O& M then sold the van to Plaintiff Frank Johnson, Sr. (See: Affidavit of Judd Worley, together with documents associated therewith, submitted by co-defendant, Maypole Chevrolet, Inc.; See: affidavit of Phil Owens submitted by this defendant).

Defendant Phil Owens Used Cars, Inc., is a Georgia corporation with its principal and sole place of business located in Toccoa, Georgia. (See: Affidavit of Phil Owens) Phil Owens Used Cars, Inc., is not incorporated in the State of Alabama. (See: Affidavit of Phil Owens) Phil Owens Used Cars, Inc., does not advertise its goods or services in the State of Alabama or engage in any other activity of any nature whatsoever in the State of Alabama. (See: Affidavit of Phil Owens) Phil

Owens Used Cars, Inc., does not own any real or personal property located in the State of Alabama. (See: Affidavit of Phil Owens) Phil Owens Used Cars, Inc., is not licensed in, or authorized to do business in the State of Alabama.(See: Affidavit of Phil Owens) Phil Owens Used Cars, Inc., does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama. (See: Affidavit of Phil Owens) Phil Owens Used Cars, Inc., does not derive "substantial revenue" from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama. (See: Affidavit of Phil Owens)

No employees of Phil Owens Used Cars, Inc., reside in the State of Alabama. (See: Affidavit of Phil Owens) Phil Owens Used Cars, Inc., has no agents or employees located in the State of Alabama. (See: Affidavit of Phil Owens)

The van that is the subject of the above-styled lawsuit was manufactured outside the State of Alabama and traveled in interstate commerce prior to the transaction between Maypole Chevrolet and Phil Owens' Used Cars. (See: Affidavit of Judd Worley) The van was manufactured by the Chevrolet Motor Division of General Motors Corporation. (See: Affidavit of Judd Worley) The Chevrolet Motor Division of General Motors Corporation is the manufacturer of the subject vehicle. (See: Affidavit of Judd Worley) General Motors Corporation is a corporation organized under the laws of the State of Michigan, with its principal place of business located in Detroit, Michigan. (See: Plaintiffs' Complaint ¶ 8).

This Defendant, Phil Owens Used Cars, Inc., is appearing specially and specifically as to the limited issue of the Circuit Court of Bullock County, Alabama's lack of personal jurisdiction over Phil Owens Used Cars, Inc., and Defendant Phil Owens Used Cars, Inc., appears specially and specifically without submitting to the jurisdiction of this Court.

Page 3 of 13

## II.

## <u>PLAINTIFFS' COMPLAINT IS DUE TO BE DISMISSED</u>

An Alabama court cannot exercise its jurisdiction over a foreign corporation when the court lacks personal jurisdiction over the foreign corporation. In order for a court to have personal jurisdiction over a foreign corporation, the foreign corporation must meet certain "minium contacts" with the forum state.

When it is determined that the Court lacks personal jurisdiction over the foreign corporation, the Court shall, in the interest of justice, dismiss the foreign corporation from the case. Such is the case at hand.

Defendant Phil Owens Used Cars, Inc., is a foreign corporation with insufficient "minimum contacts" with the State of Alabama, and it has not "purposefully availed itself of the privilege of conducting activities in the forum state" (Alabama). Therefore, the "traditional notions of fair play and substantial justice will be offended" if this foreign Defendant, Phil Owens Used Cars, Inc., is not dismissed from this case as a party defendant.

Phil Owens Used Cars, Inc., is a Georgia Corporation with its principal and sole place of business in Lavonia, Georgia . (See: Affidavit of Phil Owens) It is undisputed that the sale of the van by Defendant Maypole Chevrolet, Inc., to Phil Owens Used Cars, Inc., took place in the State of Georgia, by and between two Georgia corporations. (See: Affidavits of Phil Owens and Judd Worley)

The guarantees of due process protect a non-resident defendant from binding judgments in forums with which it has established no meaningful contacts, ties or relations. <u>International Shoe</u>

Page 4 of 13

Co. v. Washington, 326 U.S. 310, 319 (1945); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226,

230 (Ala. 2004). Before being subjected to the jurisdiction of a forum's courts, a non-resident

corporate defendant must undertake acts which establish certain "minimum contacts with the forum"

such that the maintenance of the suit does not offend "traditional notions of fair play and substantial

justice." Quill Corp. v. North Dakota by and through Heitkamp, 504 U.S. 298, 306-07 (1992); Asahi

Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 113 (1987); World-Wide Volkswagen Corp.

v. Woodson, 444 U.S. 286, 294 (1980); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230

(Ala. 2004). That as such, it is essential that there be some act by which the defendant "purposely

avails itself" of the privilege of conducting activities in the forum state, thus invoking the benefits

and protections of its laws. Quill Corp, 504 U.S. at 306-07; Hanson v. Denckla, 357 U.S. 235, 253

(1958); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

In order to establish that this Court has personal jurisdiction over Defendant Phil Owens

Used cars, Inc., the Plaintiffs must show that either the asserted causes of action arose out of Phil

Owens Used cars, Inc.,'s "purposeful contact" with the State of Alabama so as to confer "specific"

jurisdiction, or that  Phil Owens Used cars, Inc.'s contacts with the State of Alabama were

"systematic and continuous" so as to allow for the exercise of "general" jurisdiction. See Burger

King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Keeton v. Hustler Magazine, Inc., 465 U.S. 770

(1984); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). The Plaintiffs'

Complaint fails to make either of these showings. Defendant  Phil Owens Used cars, Inc., has had

no contact with Alabama sufficient to confer personal jurisdiction over it. See Burger King Corp.

v. Rudzewicz, 471 U.S. 462 (1985); see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984);

Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

For an Alabama court to exercise jurisdiction over a foreign defendant, "the nexus between the defendant and the forum state must arise out of 'an action of the defendant [that was] purposefully directed toward the forum State.'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott v. Van Kleef, 830 So. 2d 726, 731 (Ala. 2002) (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). "'This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "the unilateral activity of another person or a third person."'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott, 830 So. 2d at 731) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In the instant case, the Plaintiffs are attempting to hale foreign Defendant Phil Owens Used Cars, Inc., into this jurisdiction as a result of the "the unilateral activity of another person or a third person," namely the actions of Defendant O&M Motors, which sold the subject vehicle to Frank Johnson, Sr., an Alabama resident. See Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

The foreign defendant in Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004), was a Tennessee automobile dealership that sold an automobile to a Mississippi resident. After the sales transaction, the buyer, a Mississippi resident, who was involved in an automobile accident in Alabama. Defendant Covington Pike Dodge filed a motion to dismiss with the Marion County Circuit Court based on lack of personal jurisdiction, and the trial court denied the defendant's motion. Ex parte Covington, 904 So. 2d at 228. Defendant Covington Pike Dodge filed a petition for a writ of mandamus with the Alabama Supreme Court requesting it to direct the trial court to vacate its order and to enter an order of dismissal. Id. The Alabama Supreme Court granted

defendant's petition and issued the writ directing the trial court to vacate its order and enter an order of dismissal based on the lack of personal jurisdiction over the foreign defendant. Id.

In reaching its decision, the Alabama Supreme Court relied heavily on the following factors: (1) defendant Covington Pike Dodge was a Delaware corporation with its principle place of business located in Tennessee; (2) Covington Pike had no offices located outside of Memphis, Tennessee; (3) Covington Pike's primary corporate purpose was to sell and service vehicles in Tennessee; (4) Covington Pike did not conduct any business of any kind within the State of Alabama; (5) Covington Pike was not qualified to do business in Alabama and had not availed itself of the privilege of conducting business in Alabama; (6) Covington Pike did not have a dealership in Alabama; (7) Covington Pike did not have any employees in Alabama; (8) Covington Pike did not own any real property or personal property in Alabama; and (9) Covington Pike did not advertise its services in Alabama. Ex parte Covington, 904 So. 2d at 231. All these factors were submitted by affidavit testimony to defendant's motion to dismiss. Id.

Phil Owens Used Cars, Inc., has submitted the sworn testimony of Phil Owens, President of Phil Owens Used Cars, Inc., as Exhibit "A", in support of its motion to dismiss. The affidavit of Phil Owens sets forth factors that mirror the factors the Alabama Supreme Court relied upon in Ex parte Covington when it ordered the trial court to vacate its order and dismiss the defendant. See Ex parte Covington, 904 So. 2d at 231.

The Alabama Supreme Court went further in its decision in Ex parte Covington, holding that "if the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, 'the plaintiff is then required to substantiate the jurisdictional allegations in the

complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.'" Ex parte Covington, 904 So. 2d at 230 (quoting Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D. Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)); see also, Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D. Del. 1995) ("When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.") (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)). The Alabama Supreme Court noted in a footnote to its Ex parte Covington decision that "[t]he Alabama Rules of Civil Procedure are based upon, and are virtually identical to, the Federal Rules of Civil Procedure. A presumption therefore arises that cases construing the federal rules are authority for construing the Alabama rules. Alabama Federal Sav. & Loan Ass'n v. Howard, 534 So. 2d 609, 614 (Ala.1988)." Ex parte Covington, 904 So. 2d at 230 n.1.

It is well established law in Alabama that "'[t]he plaintiff bears the burden of proving the court's personal jurisdiction over the defendant.'" Ex parte Covington, 904 So. 2d at 229 (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)); See Leithead v. Banyan Corp., 2005 WL 2327051 *4 (Ala. Sept. 23, 2005); see also, Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So. 2d 519, 525 (Ala. 2003).

It is undisputed in this case that Defendant Maypole Chevrolet, Inc., sold the subject van to this Defendant, Phil Owens Used Cars, Inc., which performed conversion work to the van, and then sold it to O & M Motors, Inc. (See: Affidavit of Phil Owens) It is also undisputed that both Maypole Chevrolet, Inc., Phil Owens Used Cars, Inc., and O & M Motors, Inc., are Georgia corporations.

Page 8 of 13

(See: Affidavits of Phil Owens and Judd Worley; Also See: Plaintiffs' Complaint at ¶¶ 9, 10) The fact that Phil Owens Used Cars, Inc., worked on the van and then sold it to Georgia corporation, Defendant O& M Motor Company, which in turn sold the vehicle to Frank Johnson, an Alabama resident, does not permit Alabama courts to exercise personal jurisdiction over Defendant, Phil Owens Used Cars, Inc. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S. Ct. 559 (1980) (holding that customers may move automobiles from state of sale without evidence of manufacturer's efforts to directly or indirectly serve the forum is not sufficient to establish minimum contacts). In view of the foregoing facts and circumstances, it is clear that Phil Owens Used Cars, Inc., has not committed any acts or conducted any activity in the State of Alabama, purposeful or otherwise, sufficient for this Court to exercise personal jurisdiction over it in this action. Therefore, Defendant, Phil Owens Used Cars, Inc., respectfully requests this Court to grant its Motion to Dismiss and Motion to Quash Service of Process, and enter an order dismissing Plaintiffs' Complaint and all counts and causes thereof, separately and severally, as to Defendant, Phil Owens Used Cars, Inc.

Plaintiffs filed this action in the Circuit Court of Bullock County, Alabama, seeking service and/or service of process on the foreign corporation, Phil Owens Used Cars, Inc., Based on the facts and circumstances set forth above, and the lack of personal jurisdiction of this Court over Defendant, Phil Owens Used Cars, Inc., the purported service and/or service of process as to Defendant, Phil Owens Used Cars, Inc., is improper and is due to be quashed.

Defendant, Phil Owens Used Cars, Inc., has properly demonstrated that it is incorporated under the laws of the State of Georgia, and that its principal and sole place of business is located in Lavonia, Georgia. Defendant, Phil Owens Used Cars, Inc., is not subject to personal jurisdiction

in the State of Alabama. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S. Ct. 559 (1980) (holding that customers may move automobiles from state of sale without evidence of manufacturer's efforts to directly or indirectly serve the forum is not sufficient to establish minimum contacts); see also, Ex parte Covington, 904 So. 2d 226 (Ala. 2004) (holding that a Tennessee automobile dealership that sold an automobile to a Mississippi resident who was later involved in an accident in Alabama was not subject to the jurisdiction of Alabama courts because the Tennessee dealership did not meet the minimum contacts test). Phil Owens Used Cars, Inc., is subject to personal jurisdiction in Lavonia, Georgia, which is also the location of the sale of the subject vehicle by Phil Owens Used Cars, Inc.

It is clear that all relevant factors demonstrate that the Plaintiffs' Complaint, and each count and cause thereof, separately and severally, should, under these facts and in the interests of justice, be dismissed as to Defendant, Phil Owens Used Cars, Inc., as the Circuit Court of Bullock County, Alabama lacks personal jurisdiction over Defendant, Phil Owens Used Cars, Inc. Furthermore, Georgia has a significant interest in having this dispute litigated in its courts and a Georgia court might choose not to enforce an Alabama judgment if it found that an Alabama court improperly asserted personal jurisdiction. See e.g., J&J Marine, Inc., v. Ha Van Le, 982 S.W.2d 918, 925 (Tex. App. 1998). Under the facts of this case, the Circuit Court of Bullock County, Alabama does not have jurisdiction to litigate the claims of Plaintiffs as to Defendant, Phil Owens Used Cars, Inc. As such, the issuance of service of the Summons and Complaint to the foreign corporation Phil Owens Used Cars, Inc., was improper; therefore, the purported service of process of the Summons and Complaint on Defendant, Phil Owens Used Cars, Inc., is improper and is due to be quashed.

For the reasons set out above, the purported service and/or service of process on Defendant,

Page 10 of 13

Phil Owens Used Cars, Inc., is improper and is due to be quashed. In turn, the Plaintiffs' Complaint, and each count and cause thereof, separately and severally, are due to be dismissed as to Defendant, Phil Owens Used Cars, Inc.

**WHEREFORE, PREMISES CONSIDERED**, the service and/or purported service of process on Defendant, Phil Owens Used Cars, Inc., is improper and is due to be quashed. Additionally, Plaintiffs' Complaint, and each count and cause thereof, separately and severally, is due to be dismissed as to Defendant, Phil Owens Used Cars, Inc., Defendant, Phil Owens Used Cars, Inc., again asserts that it is appearing specially and specifically as to the issue of lack of personal jurisdiction of the Circuit Court of Bullock County, Alabama, and further appears specially and specifically without submitting to the jurisdiction of this Court.

William A. Mudd
Attorney Code No.: MUD001
Attorney for Phil Owens Used Cars, Inc.

**OF COUNSEL:**

SADLER ❖ SULLIVAN, P.C.
2500 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5203
Tel:    (205) 326-4166
Fax:    (205) 324-3418

Page 11 of 13

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the United States Mail, properly addressed and first-class postage prepaid on this the _6th_ day of _February_, 2006.

Mr. Edward P. Kendall
Mr. Michael G. Strickland
Mr. Blaine C. Stevens
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)

Mr. Will R. Kelly
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)

Mr. Louis C. Rutland
Mr. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)

Mr. Jack E. Little, Jr.
PILLSBURY, WINTHROP, SHAW &
PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)

Mr. Hope T. Cannon
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)

Mr. Jay S. Tuley
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)

Mr. Andrew S. Nix
Mr. M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20ᵗʰ Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)

Mr. Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT,
P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)

Mr. William A. Mudd
SADLER SULLIVAN
400 20ᵗʰ Street North, Suite 2500
Birmingham, AL 35203
(Fax No. 205-263-7127)

Mr. Roger Stephen Morrow
MORROW, ROMINE & PEARSON, P.C.
Post Office Box 4804
Montgomery, Alabama 36103-4804
(Fax No. 334-262-7742)

Mr. Ronald Davenport
Rushton, Stakley, Johnston & Garrett
Post Office Box 270
Montgomery, Alabama 36101
(Fax No. 334-262-6277)

OF COUNSEL

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| HARRISON JOHNSON, JR., as ) <br> Administrator of the Estate of ) <br> Harrison Johnson, Sr.; YVONNE ) <br> JOHNSON, as Administratrix of the ) <br> Estate of Frank Ellis Johnson; ) <br> YVONNE JOHNSON, individually; ) <br> JOI JOHNSON; FRANK ELLIS ) <br> JOHNSON, II; and LIZZIE JOHNSON, ) <br>     ) <br>     Plaintiffs,    ) <br>     ) <br> v.    ) <br>     ) <br> BRIDGESTONE FIRESTONE NORTH ) <br> AMERICAN TIRE, LLC; GENERAL ) <br> MOTORS CORPORATION; ) <br> TUGALOO SPORTS VANS, INC.; ) <br> PHIL OWENS USED CARS, INC.; ) <br> MAYPOLE CHEVROLET, INC.; O&M ) <br> MOTOR CO.; MAY BROTHERS, INC.; ) <br> TEMPLE PRODUCTS OF INDIANA, ) <br> INC.; TRW VEHICLE SAFETY ) <br> SYSTEMS, INC. AND/OR TRW ) <br> AUTOMOTIVE U.S., LLC; BENDIX ) <br> COMMERCIAL VEHICLE SYSTEMS, ) <br> LLC; et al., ) <br>     ) <br>     Defendants. ) | CIVIL ACTION NO.: CV-05-111 |

## ORDER STAYING DISCOVERY

THIS MATTER comes before the Court on the motion of Defendant Maypole Chevrolet to stay discovery until such time as this Court rules on Defendant Maypole Chevrolet's motion to dismiss for want of personal jurisdiction filed by Defendant Maypole Chevrolet on or about November 9, 2005, which was argued on December 12, 2005. After careful consideration of said motion, the Court hereby **ORDERS, ADJUDGES and DECREES** as follows:

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, JR., as           )
Administrator of the Estate of       )
Harrison Johnson, Sr.; YVONNE        )
JOHNSON, as Administratrix of the    )
Estate of Frank Ellis Johnson;       )    CIVIL ACTION NO.: CV-05-111
YVONNE JOHNSON, individually;        )
JOI JOHNSON; FRANK ELLIS             )
JOHNSON, II; and LIZZIE JOHNSON,     )
                                     )
    Plaintiffs,                    )
                                     )
v.                                   )
                                     )
BRIDGESTONE FIRESTONE NORTH          )
AMERICAN TIRE, LLC; GENERAL          )
MOTORS CORPORATION;                  )
TUGALOO SPORTS VANS, INC.;           )
PHIL OWENS USED CARS, INC.;          )
MAYPOLE CHEVROLET, INC.; O&M         )
MOTOR CO.; MAY BROTHERS, INC.;       )
TEMPLE PRODUCTS OF INDIANA,          )
INC.; TRW VEHICLE SAFETY             )
SYSTEMS, INC. AND/OR TRW             )
AUTOMOTIVE U.S., LLC; BENDIX         )
COMMERCIAL VEHICLE SYSTEMS,          )
LLC; et al.,                         )
                                     )
    Defendants.                    )

## ORDER LIMITING DISCOVERY

THIS MATTER comes before the Court on the motion of Defendant Maypole Chevrolet to stay discovery until such time as this Court rules on Defendant Maypole Chevrolet's motion to dismiss for want of personal jurisdiction filed by Defendant Maypole Chevrolet on or about November 9, 2005, which was argued on December 12, 2005. After careful consideration of said motion, the Court hereby **ORDERS, ADJUDGES and DECREES** as follows:

1.     All discovery in this case is stayed in this action with the exception that limited discovery shall be permitted as to the issue of this Court's personal jurisdiction over Defendant Maypole Chevrolet.  The parties shall complete this limited discovery no later than _____.

**DONE AND ORDERED** this the _____ day of _____, 2006.

_____
**BURT SMITHART**
**CIRCUIT JUDGE**

cc:    Roger S. Morrow, Esq.
       Edward P. Kendall, Esq.
       Michael G. Strickland, Esq.
       Blaine C. Stephens, Esq.
       Will R. Kelly, Esq.
       Louis C. Rutland, Esq.
       Jack E. Little, Esq.
       Hope T. Cannon Esq.
       Jay S. Tuley, Esq.
       M. Christian King, Esq.
       Ronald G. Davenport, Esq.
       William A. Mudd, Esq.

2

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

JAN 3 0 2006

CLERK_____ CO., ALA.

| | |
|---|---|
| HARRISON JOHNSON, JR., as Administrator of the Estate of Harrison Johnson, Sr.; YVONNE JOHNSON, as Administratrix of the Estate of Frank Ellis Johnson; YVONNE JOHNSON, individually; JOI JOHNSON; FRANK ELLIS JOHNSON, II; and LIZZIE JOHNSON, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; GENERAL MOTORS CORPORATION; TUGALOO SPORTS VANS, INC.; PHIL OWENS USED CARS, INC.; MAYPOLE CHEVROLET, INC.; O&M MOTOR CO.; MAY BROTHERS, INC.; TEMPLE PRODUCTS OF INDIANA, INC.; TRW VEHICLE SAFETY SYSTEMS, INC. AND/OR TRW AUTOMOTIVE U.S., LLC; BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC; et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: CV-05-111

ORAL ARGUMENT REQUESTED.

## DEFENDANT MAYPOLE CHEVROLET, INC.'S MOTION TO STAY DISCOVERY, OR IN THE ALTERNATIVE, MOTION TO LIMIT DISCOVERY

COMES NOW the Georgia corporation, Maypole Chevrolet, Inc. (hereinafter "Maypole Chevrolet"), appearing specially and specifically without submitting to the jurisdiction of this Court, and moves this Honorable Court for entry of an order staying all discovery in the above-styled case until the Court has ruled on Defendant Maypole Chevrolet's Motion to Dismiss on the grounds that this Court does not have jurisdiction over the person of Maypole Chevrolet. Alternatively, Defendant Maypole Chevrolet requests

2-2-06
Hearing att March 16,
2006 10:00
BtSll6b

this Court to enter an order permitting only limited discovery as to the issue of personal jurisdiction as to any of the Defendants served with the Complaint, including but not limited to Maypole Chevrolet.  Defendant Maypole Chevrolet sets forth the following grounds in support of this motion:

1.     On November 9, 2005, Defendant Maypole Chevrolet filed a Motion to Dismiss with this Court with a supporting affidavit challenging this Court's jurisdiction over Maypole Chevrolet.

2.     As demonstrated in the brief that was filed on December 9, 2005 in support of Defendant Maypole Chevrolet's Motion to Dismiss, this Defendant is due to be dismissed from the above-styled action on the grounds of lack of personal jurisdiction; consequently, Maypole Chevrolet should not be subjected to costly expenses incurred by discovery in this case while the motion is pending.  Furthermore, the issue of jurisdiction should be an issue that is determined by this Honorable Court before extensive litigation and discovery proceedings are conducted because a court must have jurisdiction over a party before that party is subjected to litigation before the Court.

3.     On January 19, 2006, a conference call was conducted by all counsel involved in the case, and the parties in the case have scheduled depositions of Plaintiffs for March 1, 2006.  In addition, discovery in the form of examination of the vehicle has been scheduled for one or more of the Defendants.

4.     Defendant Maypole Chevrolet does not want to waive its defense of lack of personal jurisdiction or to submit itself in any way to the jurisdiction of this Court prior to a ruling on the issue by the Court.

2

5.     In the event this Court determines that limited discovery should be allowed as to this Court's jurisdiction over the person of Defendant Maypole Chevrolet, Maypole Chevrolet will submit its corporate representative for deposition on the factual issues surrounding the issue of personal jurisdiction.

WHEREFORE, THESE PREMISES CONSIDERED, Defendant Maypole Chevrolet respectfully requests this Honorable Court to enter an order staying all discovery until this Court has had an opportunity to rule on its Motion to Dismiss filed on November 9, 2005, which was argued on December 12, 2005. Alternatively, Defendant Maypole Chevrolet respectfully requests this Honorable Court to enter an order limiting discovery to the issue of the defense of lack of personal jurisdiction over Defendant Maypole.

RESPECTFULLY SUBMITTED this the 27th day of January, 2006.

ROGER S. MORROW (MOR032)
Attorney for Defendant Maypole Chevrolet, Inc.

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:  334-262-7707
Facsimile:  334-262-7742

DEFENDANT REQUESTS ORAL ARGUMENT ON THIS MOTION
BEFORE MARCH 1, 2006.

OF COUNSEL

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid, and via facsimile transmission, on this the 27th day of _January_, 2006.

Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)
**Attorney for Plaintiffs**

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)
**Attorney for Plaintiffs**

Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Jack E. Little, Jr., Esq.
PILLSBURY, WINTHROP, SHAW &
PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Hope T. Cannon, Esq.
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)
**Attorney for Defendant Bridgestone
Firestone North American Tire**

Jay S. Tuley, Esq.
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)
**Attorney for Defendant May Brothers,
Inc.**

4

M. Christian King, Esq.
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)
**Attorney for Defendant General Motors
Corporation**

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)
**Attorney for Defendant Temple
Products of Indiana**

William A. Mudd, Esq.
SADLER SULLIVAN
400 20th Street North, Suite 2500
Birmingham, AL 35203
(Fax No. 205-263-7127)
**Attorney for Defendant Phil Owens
Used Cars**

OF COUNSEL

5

IN THE CIRCUIT COURT OF BULLOCK COUNTY,
ALABAMA

FILED IN OFFICE

JAN 1  2006

CLERK-REGISTER, BULLOCK CO., ALA.

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. CV-05-111 |
| | * | |
| TEMPLE PRODUCTS OF INDIANA, | * | |
| INC., et al., | * | |
| | * | |
| Defendants. | * | |

## FINAL ORDER OF DISMISSAL OF DEFENDANT
## TEMPLE PRODUCTS OF INDIANA, INC.

This matter comes before the Court upon the Motion of Temple Products of Indiana, Inc. to dismiss both Plaintiffs' Original and Amended Complaint as to Defendant Temple Products of Indiana, Inc. on the grounds that the applicable statutes of limitation expired prior to Plaintiffs making any allegations against Temple Product of Indiana, Inc. in the body of their Complaint. Upon consideration of Defendant's Motion, it is hereby

ORDERED, ADJUDGED and DECREED that the Motion to Dismiss of Temple Product of Indiana, Inc. is due to be and is hereby granted.

Pursuant to Rule 54(b), Alabama Rules of Civil  Procedure, the Court has determined that there is no just reason for delay in the entry of final judgment for this Defendant and directs that the judgment heretofore entered in favor of Temple Products of Indiana, Inc. is hereby made final and the Court directs an entry of final judgment in favor of Defendant Temple Products of Indiana, Inc.

DONE this ___17th___ day of ___January___, 2006.

_____
BURT SMITHART
Circuit Judge

1

cc:     Ron Davenport, Esq.
        Rushton, Stakely, Johnston & Garrett, P.A.
        P. O. Box 270
        Montgomery, AL 36101-0270

        Blaine Stevens, Esq.
        Edward P. Kendall, Esq.
        Michael G. Strickland, Esq.
        Strickland & Kendall, L.L.C.
        P. O. Box 99
        Montgomery, AL 36101-0099

        Will R. Kelly, Esq.
        P. O. Drawer 937
        Hayneville, AL 36040-0937

        Louis C. Rutland, Esq.
        Rutland & Braswell
        P. O. Box 551
        Union Springs, AL 36089-0551

        Jack E. Little, Jr., Esq.
        Pillsbury, Winthrop, Shaw & Pittman
        2 Houston Center
        909 Fannin 22nd Floor
        Houston, TX 77010

        Jay S. Tuley, Esq.
        Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
        P. O. Box 4128
        Montgomery, AL 36103-4128

        Hope T. Cannon, Esq.
        Brittin T. Coleman, Esq.
        Kenneth M. Perry, Esq.
        Bradley, Arant, Rose & White, LLP
        1819 5th Avenue, North
        Birmingham, AL 35203

        M. Christian King, Esq.
        Lightfoot, Franklin & White
        400 20th Street North
        Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303-1763

Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P. O. Box 4804
Montgomery, AL 36103-4804

Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
P. O. Box 530790
Birmingham, AL 35253-0790

J. Kenneth Wainwright, Jr., Esq.
Harvey Kruse, P.C.
1050 Wilshire Drive
Troy, Michigan 48084-1526

William A. Mudd, Esq.
Sadler, Sullivan
400 20th Street North, Suite 2500
Birmingham, AL 35203

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

JAN 1 7 2006

CLERK-REGISTER, BULLOCK CO., ALA.

| | |
|---|---|
| HARRISON JOHNSON, JR., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIDGESTONE FIRESTONE NORTH | ) |
| AMERICAN TIRE, LLC, et al., | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION NUMBER: CV-05-111

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## REGARDING "PROTECTED HEALTH INFORMATION"

COMES NOW Defendant, Bridgestone Firestone North American Tire, LLC ("Firestone"), and moves this Honorable Court to enter the attached protective order in compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

### NO ORAL ARGUMENT REQUESTED

_____
Hope T. Cannon (STE147)
One of the Attorneys for Defendant
Bridgestone Firestone North American
Tire, LLC

OF COUNSEL:

Brittin T. Coleman, Esq. (COL004)
Kenneth M. Perry, Esq. (PER048)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000; Facsimile: (205) 521-8800

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on the following by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this ___13th___ day of January, 2006.

_____
OF COUNSEL

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland And Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorneys for General Motors Corporation:**
M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303-1763

**Attorneys for TRW Vehicle Safety Systems, Inc. and TRW Automobile US, LLC :**
Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Jack E. Little, Jr.
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin 22nd Floor
Houston, Texas 77010

**Attorneys for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland,
          Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

**Attorneys for Temple Products of Indiana, Inc.:**
Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Attorneys for Bendix Commercial Vehicle System, LLC:**
Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Birmingham, AL 35242-4821

**Attorneys for Maypole Chevrolet, Inc.:**
Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

Phil Owens Used Cars, Inc.
c/o Phil Owens
P.O. Box 489
Lavonia, GA 30533

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland And Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorneys for General Motors Corporation:**
M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303-1763

**Attorneys for TRW Vehicle Safety Systems, Inc. and TRW Automobile US, LLC :**
Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Jack E. Little, Jr.
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin 22nd Floor
Houston, Texas 77010

**Attorneys for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland,
      Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

**Attorneys for Temple Products of Indiana, Inc.:**
Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Attorneys for Bendix Commercial Vehicle System, LLC:**
Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Birmingham, AL 35242-4821

**Attorneys for Maypole Chevrolet, Inc.:**
Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

Phil Owens Used Cars, Inc.
c/o Phil Owens
P.O. Box 489
Lavonia, GA 30533

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

3

STATE OF ALABAMA

BULLOCK COUNTY CIRCUIT COURT



FILED IN OFFICE

JAN 1 0 2006

CLERK-REGISTER, BULLOCK CO., ALA.

HARRISON JOHNSON, JR., AS
ADMINISTRATOR OF THE ESTATE OF
HARRISON JOHNSON, SR.; YVONNE
JOHNSON, AS ADMINISTRATRIX OF
ESTATE OF FRANK ELLIS JOHNSON,
YVONNE JOHNSON, INDIVIDUALLY;
JOI JOHNSON; FRANK ELLIS
JOHNSON, II; AND LIZZIE JOHNSON

CASE NO. CV2005-111

PLAINTIFFS,

VS.

BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL
MOTORS CORPORATION; TUGALOO SPORTS
VANS, INC.; PHIL OWENS USED CARS, INC.;
MAYPOLE CHEVROLET, INC.; O & M MOTOR CO.;
MAY BROTHERS, INC.; TEMPLE PRODUCTS OF
INDIANA, INC.; TRW VEHICLE SAFETY SYSTEMS, INC.
AND/OR TRW AUTOMOTIVE U.S., LLC, BENDIX
COMMERCIAL VEHICLE SYSTEMS, LLC.

DEFENDANTS.

_____/

## ANSWER OF DEFENDANT, BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC, STATEMENT OF AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant, Bendix Commercial Vehicle Systems, LLC ("Bendix"), a Delaware limited liability company maintaining its principle place of business in the State of Ohio, answers Plaintiffs' Complaint as follows:

1.    Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 1 of the Plaintiffs' Complaint.

2.       Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 2 of the Plaintiffs' Complaint.

3.       Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 3 of the Plaintiffs' Complaint.

4.       Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 3 of the Plaintiffs' Complaint.

5.       Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 5 of the Plaintiffs' Complaint.

6.       Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraphs 6 of the Plaintiffs' Complaint.

7.       Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 7 of the Plaintiffs' Complaint.

8.       Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 8 of the Plaintiffs' Complaint.

9.      Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 9 of the Plaintiffs' Complaint.

10.      Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 10 of the Plaintiffs' Complaint.

11.      Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 11 of the Plaintiffs' Complaint.

12.      Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 12 of the Plaintiffs' Complaint.

13.      Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 13 of the Plaintiffs' Complaint.

14.      Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 14 of the Plaintiffs' Complaint.

15.      Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 15 of the Plaintiffs' Complaint.

16.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 16 of the Plaintiffs' Complaint.

17.     Bendix denies that it is an Ohio corporation but admits that it maintains its principal place of business at Elyria, Ohio.

18.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 18 of the Plaintiffs' Complaint.

19.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 19 of the Plaintiffs' Complaint.

20.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 20 of the Plaintiffs' Complaint.

21.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 21 of the Plaintiffs' Complaint.

22.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 22 of the Plaintiffs' Complaint.

23.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 23 of the Plaintiffs' Complaint.

4

24.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 24 of the Plaintiffs' Complaint.

25.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 25 of the Plaintiffs' Complaint.

26.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 26 of the Plaintiffs' Complaint.

27.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 27 of the Plaintiffs' Complaint.

28.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 28 of the Plaintiffs' Complaint.

29.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 29 of the Plaintiffs' Complaint.

30.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 30 of the Plaintiffs' Complaint.

31.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 31 of the Plaintiffs' Complaint.

32.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 32 of the Plaintiffs' Complaint.

33.     Denied.

## ANSWER TO ALLEGED "STATEMENT OF FACTS"

34.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 34 of the Plaintiffs' Complaint.

35.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 35 of the Plaintiffs' Complaint.

36.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 36 of the Plaintiffs' Complaint.

37.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 37 of the Plaintiffs' Complaint.

38.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 38 of the Plaintiffs' Complaint.

39.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 39 of the Plaintiffs' Complaint.

40.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 40 of the Plaintiffs' Complaint.

41.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 41 of the Plaintiffs' Complaint.

42.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 42 of the Plaintiffs' Complaint.

43.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 43 of the Plaintiffs' Complaint.

44.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 44 of the Plaintiffs' Complaint.

45.     Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 45 of the Plaintiffs' Complaint.

46.    Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 46 of the Plaintiffs' Complaint.

47.    Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 47 of the Plaintiffs' Complaint.

48.    Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 48 of the Plaintiffs' Complaint.

49.    Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 49 of the Plaintiffs' Complaint.

50.    Bendix is without knowledge or information sufficient to permit it to form a belief as to the truth of all allegations contained in paragraph 50 of the Plaintiffs' Complaint.

## ANSWER TO COUNTS I THROUGH X

51.    Bendix repeats its answers to all allegations contained in paragraphs 1 through 50 of the Plaintiffs' Complaint as though fully set forth herein.

52 -- 108.    Because the allegations contained in paragraphs 52 through 108, inclusive, of the Plaintiffs' Complaint to not appear to relate to it, Bendix makes no answer thereto. To the extent that any allegation contained in paragraphs 52 through 108, inclusive, of the Plaintiffs' Complaint are intended to state a claim against Bendix, Bendix denies all such allegations.

8

## ANSWER TO COUNT XI

109.    Bendix repeats its answers to all allegations contained in paragraphs 1 through 46 of the Plaintiffs' Complaint as though fully set forth herein.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

## ANSWER TO COUNTS XI (SIC XII)

118.    Bendix repeats its answers to all allegations contained in paragraphs 1 through 46 of the Plaintiffs' Complaint as though fully set forth herein.

119.    Denied.

WHEREFORE Defendant, Bendix Commercial Vehicle Systems, LLC, requests that the Court enter a judgment of no cause for action on the Plaintiffs' Complaint, enter an Order dismissing the Complaint with prejudice and award to Bendix Commercial Vehicle Systems, LLC its costs and attorney fees in the full amount provided by law.

## AFFIRMATIVE DEFENSES

1.    Because it caused no tortuous consequences to occur within Alabama relating to this case and because it does not conduct a systematic or continuous part of its

general business within Alabama, the court lacks jurisdiction over the person of Bendix Commercial Vehicle System, LLC

2.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

3.    Plaintiffs were guilty of contributory and comparative negligence.

4.    Plaintiffs knowingly and voluntarily assumed the risk of using a modified motor vehicle (especially one equipped with a plastic roof) and/or knowingly and voluntarily assumed the risk of using the occupant restraint assemblies in question.

5.    Plaintiffs knowingly and voluntarily assumed the risk of using the occupant restraint assemblies in a damaged condition.

6.    Plaintiffs knowingly and voluntarily assumed the risk of _not_ using the occupant restraint assemblies provided with the subject vehicle.

7.    Plaintiffs knowingly and voluntarily assumed the risk of _not_ heeding and following the instructions provided with the subject vehicle concerning the proper use of the motor vehicle and/or the occupant restraint assemblies.

8.    The incident and injuries complained of were caused by the unauthorized, unintended and improper use, alteration, modification and/or repair of the motor vehicle and/or occupant restraint assemblies.

9.    The incident and injuries complained of were caused by the actions or inaction of third persons over whom Bendix exercised no control and for which Bendix has no legal responsibility.

10.    Upon information and belief, the occupant restraint assemblies in the subject vehicle were designed and manufactured by others or were "junkyard parts"

manufactured by others, salvaged from another vehicle and "placed back into commerce" by others. In either event, Bendix denies that it designed, manufactured or "placed into commerce" any of the occupant restraint assemblies installed in the subject vehicle.

11.    Plaintiff's Complaint is preempted and barred, either in whole or in part, by the supervening provisions of federal law, specifically the Federal Motor Vehicle Safety Standards, 49 CFR §571.101, *et. seq.* and/or by 15 USCS §1392(d) (as to rights and duties maturing prior to July 5, 1994) and/or by 42 USCS §3010.3(b) (as to rights and duties maturing on or after July 5, 1994).

12.    Plaintiff's damages, if any, are as limited by the applicable laws of the State of Alabama with respect to comparative negligence, contribution among joint tortfeasors and claims for personal injury.

13.    Bendix claims its right to setoff, settlement or judgment credits, to the extent applicable and allowed pursuant to Alabama law.

14.    Plaintiffs' Complaint may be barred, either in whole or in part, by the negligent or intentional loss, destruction or spoliation of relevant, material evidence either by the Plaintiffs, by persons in privity with them or by persons subject to their direction and control. Such spoliation may have prejudiced the ability of the Defendants to respond effectively to all allegations made against them.

15.    Plaintiff's Complaint and Amended Complaint fail to state a claim upon which punitive damages can be granted.

16.    The imposition of punitive damages under the facts and circumstances of this case would violate Bendix' rights to due process and equal protection of the laws as

11

guaranteed by the United States Constitution and by the Constitution of the State of Alabama.

WHEREFORE Defendant, Bendix Commercial Vehicle Systems, LLC requests that the Court enter a judgment of no cause for action on the Plaintiff's Amended Complaint, enter an Order dismissing the Amended Complaint with prejudice and award to Bendix Commercial Vehicle Systems, LLC its costs and attorney fees in the full amount provided by law.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE THAT Defendant, Bendix Commercial Vehicle Systems, LLC, hereby demands a trial by jury of all issues herein.

Respectfully submitted,

PORTERFIELD, HARPER, MILLS AND MOTLOW, P.A.

By: _____
       Larry W. Harper
       Keith J. Pflaum

OF COUNSEL:

J. Kenneth Wainwright, Jr.
HARVEY KRUSE, P.C.
1050 Wilshire Drive
Troy, Michigan 48084-1526
(248) 649-7800
(248) 649-2316

22 Inverness Center Parkway
Birmingham, Alabama 35242-4821
(205) 980-5000
(205) 980-5001 (Fax)

Dated: December 15, 2005

Attorneys for Defendant,
Bendix Commercial Vehicle Systems, LLC

12

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon the following by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed on this the ___*15*___ day of ___*December*___, 2005.

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Stickland, Esq.
Blaine C. Stevens, Esq.
Strickland and Kendall, LLC
P.O. Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorney for Bridgestone Firestone North American Tire:**
Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
1819 5th Avenue North
Birmingham, AL 35203

**Attorney for General Motors Corp:**
Mark C. King, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200

**Attorney for Maypole Chevrolet, Inc.:**
Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

**Attorney for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128

13

**Attorney for Temple Products of Indiana:**
Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101

**Attorney for TRW Vehicle Safety Systems, Inc.:**
Louis C. Rutland, Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Tugoloo Sports Vans, Inc.
12 Joe Harvey Street
Lavonia, GA 30553

Phil Owens Used Cars, Inc.
P.O. Box 489
Lavonia, GA 30533

O&M Motor Company
192 Willow Beach Road
Ellerslie, GA 31807

TRW Automobile U.S., LLC
800 Heath Street
Lafayette, IN 47904

_____
OF COUNSEL