IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

HARRISON JOHNSON, Jr., et al.          )
                                       )
    **Plaintiffs,**                  )          JAN 0 6 2006
                                       )
**v.**                                 )
                                       )     CLERK-REGISTER, BULLOCK CO., ALA.
                                       )
**BRIDGESTONE FIRESTONE NORTH**        )
**AMERICAN TIRE, LLC; GENERAL**        )
**MOTORS CORPORATION; TUGALOO**        )
**SPORTS VANS, INC.; PHIL OWENS USED** )     Civil Action No. CV-05-111
**CARS, INC.; MAYPOLE CHEVROLET, INC.**)
**O & M MOTOR CO.; MAY BROTHERS,**     )
**INC.; TEMPLE PRODUCTS OF INDIANA,**  )
**INC.; TRW VEHICLE SAFETY SYSTEMS,**  )
**INC. AND/OR TRW AUTOMOTIVE U.S.**    )
**LLC., BENDIX COMMERCIAL VEHICLE**    )
**SYSTEMS, LLC., et al.**              )
                                       )
    **Defendants.**                  )


## ANSWER OF BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC TO PLAINTIFFS' FIRST AMENDED COMPLAINT

       Defendant Bridgestone Firestone North American Tire, LLC (hereinafter referred to as "Firestone") answers plaintiffs' first amended complaint as follows:


## COUNT XII

       1.    Firestone adopts and incorporates by reference the responses and defenses set out in Firestone's Answer to Plaintiffs' Complaint, previously filed with this court, as though fully set forth herein.

       2.    Firestone denies that it is liable to the plaintiffs under the Alabama Extended Manufacturer's Liability Doctrine.

3.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

13.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

## COUNT XII

14.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the amended complaint as if fully set out herein.

15.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

16.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

17.    Firestone denies that Plaintiffs or any of them are entitled to judgment against Firestone or damages of any kind against Firestone as requested in Plaintiffs' "Prayer for Relief."

18.    Except as admitted herein, the allegations against Firestone in the amended complaint are denied.

## ADDITIONAL DEFENSES

Firestone asserts the following additional defenses. Discovery and investigation of this case is in the early stages, and Firestone reserves the right to amend this answer by adding, deleting or amending defenses as may be appropriate. In further answer to plaintiffs' complaint, and by way of additional defenses, Firestone avers as follows:

### First Defense

The claims asserted in the complaint, separately and severally, fail to state a claim against Firestone upon which relief can be granted.

### Second Defense

Claims of plaintiffs are barred by the defense of product misuse.

### Third Defense

The injuries and damages claimed by plaintiffs resulted from an intervening or superseding cause(s), and any act or omission by Firestone was not the proximate cause of such alleged injuries.

### Fourth Defense

Claims of plaintiffs are barred by the defense of contributory negligence.

### Fifth Defense

Claims of plaintiffs are barred by the defense of assumption of the risk.

### Sixth Defense

If plaintiffs sustained injuries or damages as alleged, said injuries or damages were caused by the alteration, improper handling, or other misuse of products allegedly involved in the accident.

### Seventh Defense

The alleged injuries or damages of which plaintiffs complain were caused by conduct or events for which Firestone is not responsible and cannot be held liable.

### Eighth Defense

The alleged injuries and death and/or losses, if any, were caused by the actions or omissions of parties other than Firestone, over whom Firestone had no control, and any claims by the plaintiffs against Firestone are due to be denied.

### Ninth Defense

The wrongful death statute in Alabama, as applied by the courts of Alabama, is unconstitutional in that it authorizes the imposition of punitive damages in a negligence claim without requiring proof of culpability on the part of the defendant any greater than the negligence standard; hence, said statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

## Tenth Defense

The wrongful death statute, as applied by Alabama courts, is unconstitutional to the extent that it authorizes the imposition of punitive damages in a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") without requiring the proof of any culpability or wrongful conduct at all, and said statute, as applied, requires under AEMLD only the proof that the defendant sold a product under circumstances creating liability under AEMLD; hence, the wrongful death statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

## Eleventh Defense

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the imposition of punitive damages without proof of any threshold requirement of culpability; whereas, in personal injury cases, under the law of Alabama, punitive damages cannot be awarded without proof by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff; therefore, the wrongful death statute in Alabama, as applied, denies Firestone due process of law and equal protection of the law under the Constitution of Alabama and the United States Constitution.

## Twelfth Defense

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the jury to return a punitive damages verdict which is joint and several without allowing the jury to allocate or apportion the amount of punitive damages

based on the degree of culpability of the respective defendants; therefore, the wrongful death statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

## Thirteenth Defense

Under the wrongful death statute of Alabama, as applied by the courts of Alabama, Plaintiff acts as a representative of the Legislature in maintaining a wrongful death action; thus, a suit under the wrongful death statute of Alabama constitutes state action, and the imposition of punitive damages under the wrongful death statute of Alabama, as applied, which requires no proof of any threshold level of wrongful conduct and, as a result, constitutes the imposition of excessive fines and denies Firestone the protection of the prohibition against excessive fines guaranteed under the United States Constitution.

## Fourteenth Defense

Firestone denies it is guilty of conduct for which punitive damages could or should be awarded, and denies that plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Firestone.

## Fifteenth Defense

Plaintiffs cannot recover punitive damages against Firestone because such an award, which is penal in nature, and would violate Firestone's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Firestone is afforded the same procedural safeguards as are criminal defendants,

including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

### Sixteenth Defense

Subjecting Firestone to punitive damages, or affirming an award of punitive damages against Firestone in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    any award of punitive damages against Firestone under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)    use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)    any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)    the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Firestone's alleged wrongful or culpable conduct;

(g)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)    under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)    in the event that an award of punitive damages is entered in this case, such an award would be imposed regardless of the degree of culpability of Firestone, and such an award could result in a verdict against Firestone whereby punitive damages could be assessed against Firestone based in part upon culpability of another party, and such verdict could be enforced against Firestone regardless of defendant's culpability, or relative culpability;

(j)    should the Court require the award of punitive damages against Firestone, such an award would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k)    an award of punitive damages should not be permitted to be assessed against Firestone for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Firestone;

(l)    an award of punitive damages should not be permitted to be assessed against Firestone vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Firestone;

(m)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(n)    under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(o)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Firestone;

(p)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(r)    the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Firestone without due process of law.

**Seventeenth Defense**

Plaintiffs are not entitled to punitive damages from Firestone pursuant to the facts as alleged in plaintiffs' Complaint.

**Eighteenth Defense**

The claims of the plaintiffs for punitive damages against Firestone are barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

**Nineteenth Defense**

Imposition of punitive damages in this case against Firestone would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

**Twentieth Defense**

To award punitive damages against Firestone in this case would have a chilling effect upon Firestone's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

**Twenty-First Defense**

In the event that any portion of a punitive damages award against Firestone in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than Plaintiff, such an award would violate the Excessive Fines Clause of the Eighth

Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

## Twenty-Second Defense

To award punitive damages against Firestone in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

## Twenty-Third Defense

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Firestone is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

## Twenty-Fourth Defense

Plaintiffs' claims for punitive damages violate the rights of Firestone to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

    (b)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Firestone;

    (c)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

    (d)    The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

    (e)    This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

    (f)    The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

### Twenty-Fifth Defense

Plaintiffs' Complaint seeks to make Firestone liable for punitive damages. Firestone adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and its progeny.

### Twenty-Sixth Defense

The demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

**Twenty-Seventh Defense**

The imposition of punitive damages sought by plaintiffs violates Firestone' rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    Firestone had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Firestone to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)     No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Pacific Mutual Life Insurance Company v. Haslip</u>, 499 U.S. 1 (1990), and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)     Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Firestone could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

### Twenty-Eighth Defense

The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

### Twenty-Ninth Defense

Insofar as the punitive damage award sought by plaintiffs seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) Firestone' rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

### Thirtieth Defense

Firestone asserts that plaintiffs' claims are barred in whole or in part by the statute of limitations.

### Thirty-First Defense

Firestone pleads improper venue and denies that venue is proper in Bullock County, Alabama.

### Thirty-Second Defense

Firestone denies that venue is convenient in Bullock County under Alabama law regarding forum non conveniens.

WHEREFORE, Firestone requests that judgment be entered in favor of Firestone and against plaintiffs and that Firestone be awarded the costs of this action and such other and further relief as may be appropriate.

Hope T. Cannon
One of the Attorneys for Bridgestone Firestone
North American Tire, LLC

OF COUNSEL
Brittin T. Coleman
Kenneth M. Perry
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing on:

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland And Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorneys for General Motors Corporation:**
M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303-1763

**Attorneys for TRW Vehicle Safety Systems, Inc.:**
Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Jack E. Little, Jr.
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin 22nd Floor
Houston, Texas 77010

**Attorneys for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland,
        Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

**Attorneys for Temple Products of Indiana, Inc.:**
Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Attorneys for Bendix Commercial Vehicle System, LLC:**
Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Birmingham, AL 35242-4821

**Attorneys for Maypole Chevrolet, Inc.:**
Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

Phil Owens Used Cars, Inc.
c/o Phil Owens
P.O. Box 489
Lavonia, GA 30533

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

TRW Automobile US, LLC
800 Heath Street
LaFayette, IN 47904-1863

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this _5th_ day of January, 2006.

_Hope T. Cannon_
OF COUNSEL

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

**JAN 0 3 2006**

**CLERK-REGISTER, BULLOCK CO., ALA.**

HARRISON JOHNSON, Jr., as administrator of the
Estate of Harrison Johnson, Sr.; YVONNE
JOHNSON, as Administratrix of Estate of Frank
Ellis Johnson, YVONNE JOHNSON, individually;
JOI JOHNSON; FRANK ELLIS JOHNSON, II;
and LIZZIE JOHNSON,

      Plaintiffs,

vs.

BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL MOTORS
CORPORATION; TUGALOO SPORTS VANS,
INC.; PHIL OWENS USED CARS, INC.;
MAYPOLE CHEVROLET, INC. O&M MOTOR
CO.; MAY BROTHERS, INC.; TEMPLE
PRODUCTS OF INDIANA, INC., TRW VEHICLE
SAFETY SYSTEMS, INC. AND/OR TRW
AUTOMOTIVE U.S. LLC., BENDIX
COMMERCIAL VEHICLE SYSTEMS LLC; and
FICTITIOUS DEFENDANT "A"-"O",

      Defendants.

CIVIL ACTION NO. CV-O5- 111

### GENERAL MOTORS CORPORATION'S
### ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES GENERAL MOTORS CORPORATION (GM) and files its Answer and

Defenses to plaintiffs' First Amended Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' First Amended Complaint, in whole or in part, fails to state a claim against

GM upon which relief may be granted.

### SECOND DEFENSE

Venue may be improper in Bullock County.

## THIRD DEFENSE

Venue should be transferred for the convenience of the parties.

## FOURTH DEFENSE

GM answers each individually numbered paragraph of plaintiffs' First Amended

Complaint as follows:

### Count XII

1.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and

defenses to paragraphs 1 through 119 of plaintiffs' Complaint.

2.

Upon information and belief, GM admits that Plaintiffs appear to have brought Count XII

pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

3.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3.

4.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4.

5.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 5.

6.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 6.

2

7.

GM denies that the subject 1985 C-20 van was defective when the vehicle left GM's possession, custody, and control. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8.

GM denies that the subject 1985 C-20 van was defective when the vehicle left GM's possession, custody, and control. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.

GM denies that the subject 1985 C-20 van was defective when the vehicle left GM's possession, custody, and control. GM denies the remaining allegations contained in paragraph 11 to the extent they relate to GM.

12.

GM denies that the subject 1985 C-20 van was defective when the vehicle left GM's possession, custody, and control. GM denies the remaining allegations contained in paragraph 12 to the extent they relate to GM.

13.

GM denies that the subject 1985 C-20 van was defective when the vehicle left GM's possession, custody, and control. GM denies the remaining allegations contained in paragraph 12 to the extent they relate to GM.

13(a)

GM denies all allegations contained in Count Twelve of plaintiffs' First Amended Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Answering the "Wherefore" Paragraph of Count XII**

GM answers the "Wherefore" paragraph of Count XII as follows: GM denies that it is liable to plaintiffs in any manner or amount whatsoever. GM further denies that it is in any way responsible for causing or contributing to the damages and injuries alleged in plaintiffs' First Amended Complaint. GM denies the remaining allegations contained in the "Wherefore" paragraph of Count XII that relate to GM.

**Count XII**

14.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 119 of plaintiffs' Complaint as well as paragraphs 1 through 13 of plaintiffs' First Amended Complaint.

15.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

4

16.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

16(a)

GM denies all allegations contained in Count Sixteen of plaintiffs' First Amended Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Answering the "Wherefore" Paragraph of Count XIII**

GM answers the "Wherefore" paragraph of plaintiffs' First Amended Complaint as follows: GM denies that it is liable to plaintiffs in any manner or amount whatsoever. GM further denies that it is in any way responsible for causing or contributing to the damages and injuries alleged in plaintiffs' First Amended Complaint. GM denies the remaining allegations contained in the "Wherefore" paragraph of Count XIII that relate to GM.

**FIFTH DEFENSE**

GM states that the sole proximate cause of the injuries and damages alleged in plaintiffs' Complaint may have been the actions, nonactions, or negligence of a person or persons other than GM for whose actions, nonactions, or negligence GM is in no way liable. Plaintiffs are therefore not entitled to recover from GM in this action.

**SIXTH DEFENSE**

GM states that the sole proximate cause of the injuries and damages alleged in plaintiffs' Complaint may have been the combination of actions, nonactions, or negligence of a person or persons other than GM for whose actions, nonactions, or negligence GM is in no way liable. Plaintiffs are therefore not entitled to recover from GM in this action.

5

## SEVENTH DEFENSE

GM states that the injuries and damages alleged in plaintiffs' First Amended Complaint may have been caused by an intervening, superseding action for which GM is in no way liable. Plaintiffs are therefore not entitled to recover from GM in this action.

## EIGHTH DEFENSE

GM states that the proximate cause of the injuries and damages alleged in plaintiffs' First Amended Complaint may have been the misuse and/or abuse of the vehicle for which GM is not responsible. Plaintiffs are therefore not entitled to recover from GM in this action.

## NINTH DEFENSE

GM states that plaintiffs and plaintiffs' decedents may have assumed the risks of the injuries and damages alleged in plaintiffs' First Amended Complaint. Plaintiffs are therefore not entitled to recover from GM in this action.

## TENTH DEFENSE

GM states that plaintiffs and plaintiffs' decedents may have failed to exercise ordinary care for their own safety. Plaintiffs are therefore not entitled to recover from GM in this action.

## ELEVENTH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages are in contravention of GM's rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against

6

vague and over broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the

Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama

Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and

(j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the

following separate and several grounds:

1.   The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

2.   The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

3.   The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

4.   The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

5.   The procedures permit multiple awards of punitive damages for the same alleged act.

6.   The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

7.   The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

8.   The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9.   The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

## TWELTH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages may be precluded by

Alabama Code § 6-11-20.

7

## THIRTEENTH DEFENSE

Although GM denies that plaintiffs is entitled to the recovery of punitive damages, GM nevertheless asserts the provisions of Alabama Code § 6-11-21 as a limitation to any award of such damages.

WHEREFORE having fully answered plaintiffs' First Amended Complaint, GM prays that said Amended Complaint be dismissed with prejudice, that GM recover its costs of this action, and that GM have such other and further relief as this Court deems just and proper.

This 30th day of December, 2005.

M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

Robert D. Hays
L. Frank Coan, Jr.
Robert L. Arrington, Jr.
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as administrator of the
Estate of Harrison Johnson, Sr.; YVONNE
JOHNSON, as Administratrix of Estate of Frank
Ellis Johnson, YVONNE JOHNSON, individually;
JOI JOHNSON; FRANK ELLIS JOHNSON, II;
and LIZZIE JOHNSON,

       Plaintiffs,

vs.

BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL MOTORS
CORPORATION; TUGALOO SPORTS VANS,
INC.; PHIL OWENS USED CARS, INC.;
MAYPOLE CHEVROLET, INC. O&M MOTOR
CO.; MAY BROTHERS, INC.; TEMPLE
PRODUCTS OF INDIANA, INC., TRW VEHICLE
SAFETY SYSTEMS, INC. AND/OR TRW
AUTOMOTIVE U.S. LLC., BENDIX
COMMERCIAL VEHICLE SYSTEMS LLC; and
FICTITIOUS DEFENDANT "A"-"O",

       Defendants.

CIVIL ACTION NO. CV-O5- 111

JURY TRIAL REQUESTED

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **GENERAL MOTORS**

**CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED**

**COMPLAINT** on all counsel of record by causing a copy of the same to be deposited in the

United States mail, postage prepaid, and addressed as follows:

Edward P. Kendall, Esquire
Michael G. Strickland, Esquire
Blaine C. Stevens, Esquire
Strickland and Kendall, LLC
420 South Lawrence Street
Montgomery, AL  36101-0099

Will R. Kelly, Esquire
Attorney at Law
Post Office Drawer 937
Hayneville, AL  36040-0937

Roger S. Morrow, Esquire
Morrow, Romine & Pearson, P.C.
122 South Hull Street
Post Office Box 4804
Montgomery, AL 36103-4804

Louis Rutland, Esquire
Rutland & Braswell
Post Office Box 551
Union Springs, AL 36089

Jack E. Little, Jr., Esquire
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010

Jay Tuley, Esquire
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon, Esquire
Brittin T. Coleman, Esquire
Kenneth Perry, Esquire
Bradley, Arant, Rose & White
1819 5th Avenue North
Birmingham, AL 35203

Larry Harper, Esquire
Porterfield, Harper, Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

William A. Mudd, Esquire
400 20th Street North, Suite 2500
Birmingham, AL 35203

Ronald Davenport, Esquire
Rushton, Stakley, Johnston & Garrett
Post Office Box 270
Montgomery, AL 36101

This 30th day of December, 2005.

_____
M. Christian King

# IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED

DEC 2 8 2005

CLERK-REGISTER, BULLOCK CO., ALA

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. CV-05-111 |
| | ) | |
| BRIDGESTONE FIRESTONE NORTH | ) | |
| AMERICAN TIRE, L.L.C; GENERAL | ) | |
| MOTORS CORPORATION; | ) | |
| TUGALOO SPORTS VANS, INC.; | ) | |
| PHIL OWENS USED CARS, INC.; | ) | |
| MAYPOLE CHEVROLET, INC.; | ) | |
| O&M MOTOR CO.; MAY BROTHERS, | ) | |
| INC.; TEMPLE PRODUCTS OF | ) | |
| INDIANA, INC.; TRW VEHICLE | ) | |
| SAFETY SYSTEMS, INC. and/or TRW | ) | |
| AUTOMOTIVE U.S. L.L.C., BENDIX | ) | |
| COMMERCIAL VEHICLE SYSTEMS, | ) | |
| L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ACCEPTANCE AND WAIVER

TROY KING, Attorney General of the State of Alabama, acknowledges service of the **Answer of Bridgestone Firestone North American Tire** in the above-styled cause pursuant to §6-6-227 *Code of Alabama,* 1975 (Attached). The Attorney General, having filed this Acceptance and Waiver in this action, hereby waives any further service upon him of any pleadings, discovery and other matters filed in this cause and presently waives the right to be heard.

Respectfully submitted,

TROY KING, KIN047
ATTORNEY GENERAL

BILLINGTON M. GARRETT, GAR029
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of December, 2005, served a copy of the foregoing by first-class United States Mail, postage prepaid and addressed upon the following:

Hope T. Cannon, Esquire
Brittin T. Coleman, Esquire
Kenneth M. Perry, Esquire
Bradley, Arant, Rose & White, L.L.P.
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

Edward P. Kendall, Esquire
Michael G. Strickland, Esquire
Blaine C. Stevens, Esquire
Strickland and Kendall, L.L.C.
420 South Lawrence Street
Post Office Box 99
Montgomery, Alabama 36101-0099

Will R. Kelly, Esquire
Post Office Drawer 937
Hayneville, Alabama 36040-0937

Louis C. Rutland, Esquire
L. Cooper Rutland, Jr., Esquire
Rutland & Braswell, L.L.C.
Post Office Box 551
Union Springs, Alabama 36089

Jay S. Tuley, Esquire
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128

Ronald G. Davenport, Esquire
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, Georgia 30553

Phil Owens Used Cars, Inc.
c/o Phil Owens
Post Office Box 489
Lavonia Georgia  30533

Maypole Chevrolet, Inc.
c/o Charles Maypole
Highway 17 South
Toccoa, Georgia  30577

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, Georgie  31807

Temple Products of Indiana
4511 Pine Creek Road
Elkhart, Indiana  46516

TRW Automobile U.S., L.L.C.
800 Heath Street
LaFayette, Indiana  47904-1863

Bendix Commercial Vehicle System, L.L.C.
901 Cleveland Street
Elyria, Ohio  44035


_____
BILLINGTON M. GARRETT, GAR029
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130-0152
334-242-7300
334-353-8235 (Fax)

§6-6-227. Persons to be made parties; rights of persons not parties.

All persons shall be made parties, who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.  (Act 1935, No. 355, p. 777; Code 1940, T.7, § 166.)

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED
DEC 23 2005
CLERK-REGISTER, BULLOCK CO., ALA

HARRISON JOHNSON, JR., et al.,     *

                                   *

      Plaintiffs,              *

                                   *

v.                                *     CIVIL ACTION NO. CV-05-111

                                   *

TEMPLE PRODUCTS OF INDIANA,     *
INC., et al.,                  *

                                 *

      Defendants.          *

## DEFENDANT TEMPLE PRODUCTS OF INDIANA, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Comes now the defendant, Temple Products of Indiana, Inc. ("Temple"), and submits the following Memorandum of Law in support of its Motion to Dismiss plaintiffs' complaint, as amended, as to Temple.

Although Alabama courts appear not to have addressed the issue of what the Court should do when a plaintiff names a defendant in a complaint but contains no allegations against the defendant in the body of the complaint, has been addressed numerous times in Federal Court and in other jurisdictions. The Alabama Rules of Civil Procedure are based on the Federal Rules of Civil Procedure and a presumption arises that cases construing the Federal Rules are authority for construction of the Alabama rules. Ex Parte Duncan Const. Co., Inc., 460 So. 2d 852 (Ala. 1984); Hope Developers v. Vandiver, 582 So. 2d 1073, 1076 (Ala. 1991).

In the case of Estate of Morris v. Dapolito, 297 F. Supp. 680, 688 (S.D.N.Y. 2004), the Court noted as follows:

1

> "The courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." (citations omitted).

In the case of Allison v. Utah County Corporation, 223 F.R.D. 638 (2004), the

Court granted a motion to dismiss under F.R.C.P. 12(b)(6) stating as follows:

> "Courts 'have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" 223 F.R.D. at 639.

There have been numerous similar holdings in the cases attached to this

defendant's Motion to Dismiss. See Wise v. Battistoni, 1992 U.S. Dist. LEXIS 18864

(1992); United States of America v. Hudnall, 261 U.S. App. D.C. 333; 821 F.2d 821

(1987); Linebarger v. Williams, 77 F.R.D. 682; 1977 U.S. Dist. LEXIS 14514 (1977);

Child v. Beame, 417 F. Supp. 1023; 1976 U.S. Dist. LEXIS 13651 (U.S.D.C. So. Dist.

N.Y. 1976); Potter v. Clark, 497 F.2d 1206 (7th Cir. 1974).

Plaintiffs have not and cannot submit any authority for the proposition that the

statute of limitations is tolled when the plaintiff fails to make any allegations against a

defendant in the body of the complaint. The statute of limitations against Temple expired

well prior to the plaintiffs' commencement of their action against this defendant. It is

respectfully submitted that plaintiffs' complaint, as amended, is due to be dismissed as to

the defendant, Temple Products of Indiana, Inc.

_Ronald G. Davenport_

RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Temple Products
of Indiana, Inc.

2

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 263-7195 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

> Blaine Stevens, Esq.
> Edward P. Kendall, Esq.
> Michael G. Strickland, Esq.
> Strickland & Kendall, L.L.C.
> P. O. Box 99
> Montgomery, AL 36101-0099
>
> Will R. Kelly, Esq.
> P. O. Drawer 937
> Hayneville, AL 36040-0937
>
> Louis C. Rutland, Esq.
> Rutland & Braswell
> P. O. Box 551
> Union Springs, AL 36089-0551
>
> Jack E. Little, Jr., Esq.
> Pillsbury, Winthrop, Shaw & Pittman
> 2 Houston Center
> 909 Fannin 22nd Floor
> Houston, TX 77010
>
> Jay S. Tuley, Esq.
> Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
> P. O. Box 4128
> Montgomery, AL 36103-4128
>
> Hope T. Cannon, Esq.
> Brittin T. Coleman, Esq.
> Kenneth M. Perry, Esq.
> Bradley, Arant, Rose & White, LLP
> 1819 5th Avenue, North
> Birmingham, AL 35203

M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303-1763

Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P. O. Box 4804
Montgomery, AL 36103-4804

Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
P. O. Box 530790
Birmingham, AL 35253-0790

J. Kenneth Wainwright, Jr., Esq.
Harvey Kruse, P.C.
1050 Wilshire Drive
Troy, Michigan 48084-1526

William A. Mudd, Esq.
Sadler, Sullivan
400 20th Street North, Suite 2500
Birmingham, AL 35203

by placing a true copy of same in the United States mail, postage prepaid, this 22nd day of December, 2005.

Of Counsel

4

IN THE CIRCUIT COURT OF BULLOCK COUNTY,
ALABAMA

FILED IN OFFICE

DEC 23 2005

CLERK-REGISTER, BULLOCK CO., ALA

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. CV-05-111 |
| | * | |
| TEMPLE PRODUCTS OF INDIANA, | * | **ORAL ARGUMENT REQUESTED** |
| INC., et al., | * | |
| | * | |
| Defendants. | * | |

## MOTION TO DISMISS BOTH PLAINTIFFS' ORIGINAL
## AND AMENDED COMPLAINT AS TO DEFENDANT TEMPLE
## PRODUCTS OF INDIANA, INC.

Comes now the defendant, Temple Products of Indiana, Inc., and moves the Court
to dismiss both plaintiffs' original and amended complaint as to this defendant and as
grounds therefore shows as follows:

1.    Plaintiffs have filed an amended complaint wherein they for the first time
make allegations against this defendant. As affirmatively appears from the face of
plaintiffs' complaint, the accident which forms the basis of plaintiffs' complaint is
alleged to have occurred on October 5, 2003. It has been more than two years since the
date of the accident and the statute of limitations expired prior to the commencement of
plaintiffs' action against this defendant. The applicable statute of limitations is § 6-5-
401(d), Ala. Code 1975 for the wrongful death claims and § 6-2-38(l), Ala. Code 1975
for the personal injury claims.

1

2.    The plaintiffs, in their original complaint, made no allegations against this defendant anywhere in the complaint. The amendment which was filed does not relate back and the statute of limitations has expired.

3.    Where a complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to the defendant should be granted. Allison v. Utah County Corporation, 223 F.R.D. 638, 2004 U.S. Dist. LEXIS 18820 (2004); Estate of Morris v. Dapolito, 297 F. Supp. 2d 680, 688, (S.D.N.Y. 2004); Wise v. Battistoni, 1992 U.S. Dist. LEXIS 18864 (1992); United States of America v. Hudnall, 261 U.S. App. D.C. 333; 821 F.2d 821 (1987); Linebarger v. Williams, 77 F.R.D. 682; 1977 U.S. Dist. LEXIS 14514 (1977); Child v. Beame, 417 F. Supp. 1023; 1976 U.S. Dist. LEXIS 13651 (U.S.D.C. So. Dist. N.Y. 1976); Potter v. Clark, 497 F.2d 1206 (7th Cir. 1974). This defendant has attached copies of all of the above cases to this motion to dismiss for the convenience of the Court.

WHEREFORE, Temple Products of Indiana, Inc. moves the Court to dismiss plaintiffs' complaint, as amended, because the statute of limitations expired prior to the commencement of plaintiffs' action against this defendant.

RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Temple Products
of Indiana, Inc.

2

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 263-7195 (fax)


**THIS DEFENDANT DESIRES TO BE HEARD ON THE WITHIN MOTION.**

Of Counsel


## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

Blaine Stevens, Esq.
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Strickland & Kendall, L.L.C.
P. O. Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P. O. Drawer 937
Hayneville, AL 36040-0937

Louis C. Rutland, Esq.
Rutland & Braswell
P. O. Box 551
Union Springs, AL 36089-0551

Jack E. Little, Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

3

Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P. O. Box 4128
Montgomery, AL 36103-4128

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
1819 5th Avenue, North
Birmingham, AL 35203

M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303-1763

Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P. O. Box 4804
Montgomery, AL 36103-4804

Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
P. O. Box 530790
Birmingham, AL 35253-0790

J. Kenneth Wainwright, Jr., Esq.
Harvey Kruse, P.C.
1050 Wilshire Drive
Troy, Michigan 48084-1526

William A. Mudd, Esq.
Sadler, Sullivan
400 20th Street North, Suite 2500
Birmingham, AL 35203

4

by placing a true copy of same in the United States mail, postage prepaid, this _22nd_ day
of December, 2005.

Of Counsel

5

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

DEC 2 8 2005

CLERK—REGISTER, UNION SPGS., ALA

HARRISON JOHNSON, JR., as            )
Administrator of the Estate of       )
Harrison Johnson, Sr.; YVONNE        )
JOHNSON, as Administratrix of the    )
Estate of Frank Ellis Johnson;       )       CIVIL ACTION NO.: CV-05-111
YVONNE JOHNSON, individually;        )
JOI JOHNSON; FRANK ELLIS             )
JOHNSON, II; and LIZZIE JOHNSON,     )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )
                                     )
BRIDGESTONE FIRESTONE NORTH          )
AMERICAN TIRE, LLC; GENERAL          )
MOTORS CORPORATION;                  )
TUGALOO SPORTS VANS, INC.;           )
PHIL OWENS USED CARS, INC.;          )
MAYPOLE CHEVROLET, INC.; O&M         )
MOTOR CO.; MAY BROTHERS, INC.;       )
TEMPLE PRODUCTS OF INDIANA,          )
INC.; TRW VEHICLE SAFETY             )
SYSTEMS, INC. AND/OR TRW             )
AUTOMOTIVE U.S., LLC; BENDIX         )
COMMERCIAL VEHICLE SYSTEMS,          )
LLC; et al.,                         )
                                     )
        Defendants.                  )
                                     )



## DEFENDANT MAYPOLE CHEVROLET, INC.'S RENEWED AND ADOPTED MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS

COMES NOW the Georgia corporation, Maypole Chevrolet, Inc. (hereinafter "Maypole Chevrolet"), appearing specially and specifically without submitting to the jurisdiction of this Court, and responds to Plaintiff's "First Amended Complaint" by adopting and asserting in its entirety its "Motion to Dismiss and Motion to Quash Service of Process" and the "Affidavit of Judd Worley," which were filed with this Honorable Court on November 9, 2005, and the "Brief of Defendant Maypole Chevrolet in Support of Its Motion to Dismiss

1-30-06

Moot

BTShbl

and Motion to Quash Service of Process", which was filed on December 9, 2005. The "Motion to Dismiss and Motion to Quash Service of Process" was argued and submitted to the Court for ruling on December 12, 2005.

Defendant again sets forth the following grounds in support of its motion, to-wit:

1.      Defendant Maypole Chevrolet is a Georgia corporation that was incorporated in the State of Georgia on August 3, 1971. Maypole Chevrolet does not do business in the State of Alabama and does not have minimum contacts with the State of Alabama that subjects it to suit in the State of Alabama. See Rules 4.2(b) and 12(b)(2), *Alabama Rules of Civil Procedure*.

2.      Defendant Maypole Chevrolet adopts by reference the affidavit of Judd Worley, its General Manager, that proves that Maypole Chevrolet is not subject to suit in the State of Alabama, a copy of which is attached to Defendant Maypole Chevrolet's "Motion to Dismiss and Motion to Quash Service of Process" which was filed with this Court on November 9, 2005.

3.      Due to this Court's lack of jurisdiction over Maypole Chevrolet, this Defendant was not subject to service of process pursuant to Rule 4 of the *Alabama Rules of Civil Procedure*, and the service of process attempted on Maypole Chevrolet is due to be quashed pursuant to Rule 12(b)(4) and (5) of the *Alabama Rules of Civil Procedure*.

4.      Defendant Maypole Chevrolet is due to be dismissed for lack of jurisdiction over the person pursuant to Rule 12(b)(2) of the *Alabama Rules of Civil Procedure*.

5.      Alternatively, the Complaint fails to state a cause of action against Defendant Maypole Chevrolet upon which relief may granted and the Complaint shows on its face that this Court does not have jurisdiction over Defendant Maypole Chevrolet.

2

5.    Alternatively, venue of this action is improper as to Defendant Maypole Chevrolet, and the case should be dismissed with leave for Plaintiff to file the action in the State of Georgia.

WHEREFORE, THESE PREMISES CONSIDERED, Defendant Maypole Chevrolet, specially appears before this Court, without submitting to the jurisdiction of this Court, and moves this Honorable Court to dismiss this action as to Defendant Maypole Chevrolet, Inc.

**RESPECTFULLY SUBMITTED** this the 22nd day of December, 2005.

ROGER S. MORROW (MOR032)
**Attorney for Defendant Maypole Chevrolet, Inc.**

**OF COUNSEL:**
**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  334-262-7707**
**Facsimile:    334-262-7742**

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid, and via facsimile transmission, on this the 22nd day of _December_____, 2005.

Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)
**Attorney for Plaintiffs**

Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Hope T. Cannon, Esq.
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)
**Attorney for Defendant Bridgestone
Firestone North American Tire**

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)
**Attorney for Plaintiffs**

Jack E. Little, Jr., Esq.
PILLSBURY, WINTHROP, SHAW &
PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Jay S. Tuley, Esq.
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)
**Attorney for Defendant May Brothers,
Inc.**

4

M. Christian King, Esq.
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)
**Attorney for Defendant General Motors Corporation**

Ronald G. Davenport, Esq.
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)
**Attorney for Defendant Temple Products of Indiana**

OF COUNSEL

5

IN THE CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., et al.          )
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )
                                       )
BRIDGESTONE FIRESTONE NORTH            )
AMERICAN TIRE, LLC; GENERAL            )
MOTORS CORPORATION; TUGALOO            )
SPORTS VANS, INC.; PHIL OWENS USED     )      Civil Action No. CV-05-111
CARS, INC.; MAYPOLE CHEVROLET, INC.    )
O & M MOTOR CO.; MAY BROTHERS,         )
INC.; TEMPLE PRODUCTS OF INDIANA,      )
INC.; TRW VEHICLE SAFETY SYSTEMS,      )
INC. AND/OR TRW AUTOMOTIVE U.S.        )
LLC., BENDIX COMMERCIAL VEHICLE        )
SYSTEMS, LLC., et al.                  )
                                       )
        Defendants.                    )

## PLAINTIFF'S RESPONSE TO MAYPOLE'S MOTION TO DISMISS

**COME NOW** the Plaintiffs in this action and move this Court for an order denying Defendant, Maypole Chevrolet's Motion to Dismiss. Defendant has urged that it be dismissed from this action alleging that this Court has no jurisdiction over it to support service of process or the prosecution of this action in an Alabama Court. Plaintiffs would submit to this Court that the issues raised by Maypole in its Motion to Dismiss are not ripe for consideration at this point in the action.

As the Court is aware, Defendant Maypole submitted its motion to the Court, and attached thereto a number of matters that are not within the original pleadings. For example, Maypole has submitted the Affidavit testimony of Judd Worley, and has also submitted a number of other documents pertaining to the origin of the vehicle at issue in this litigation. These are clearly matters outside the pleadings thus far in the case. Alabama law is clear that once matters outside the

pleadings are considered the Motion to Dismiss is converted into a motion for summary judgment, and the provisions of Rule 56 ARCP apply. See, <u>Green v. Bradley Construction, Inc.</u>, 431 So.2d 1226 (Ala. 1983). Furthermore, once a Motion to Dismiss is converted in this manner, the opposing party is to be given a reasonable opportunity to respond with opposing affidavits. <u>Hales v. First Nat'l Bank</u>, 380 So.2d 797 (Ala. 1980).

At this point in the proceedings, Plaintiffs are at a distinct disadvantage in responding to the motion to dismiss brought by Maypole. Plaintiffs have no way to test the accuracy or veracity of the allegations in Worley's affidavit. Nor do the Plaintiffs have any reasonable means to test the authenticity of the documents attached to Worley's affidavit. Plaintiffs will only be able to properly respond to the motion after having had the opportunity to conduct discovery against Maypole. Plaintiffs would request that they be allowed to do such discovery before responding to the motion urged on the Court by Maypole.

Respectfully submitted, this _8_ day of December, 2005.

BLAINE C. STEVENS (STE091)
Attorney for Plaintiffs

OF COUNSEL:
STRICKLAND & KENDALL, L.L.C.
420 South Lawrence Street
P. O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the foregoing in the U.S. mail, postage prepaid and properly addressed on this _8_ day of ~~December~~, 2005 to the following counsel of record:

Will R. Kelly, Esq.
P. O. Drawer 937
Hayneville, AL  36040-0937

Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson,
P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

Hope T. Cannon
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile:(205)521-8800

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

Phil Owens Used Cars, Inc.
c/o Phil Owens
P.O. Box 489
Lavonia, GA 30533

Maypole Chevrolet, Inc.
c/o Charles Maypole
Highway 17 South
Toccoa, GA 30577

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

Temple Products of Indiana
4511 Pine Creek Road
Elkhart, IN 46516

TRW Automobile US, LLC
800 Heath Street
LaFayette, IN 47904-1863

Bendix Commercial Vehicle System, LLC
901 Cleveland Street
Elyria, OH 44035

OF COUNSEL

IN THE CIRCUIT COURT OF BULLOCK COUNTY, FILED IN OFFICE
ALABAMA

DEC 1 2 2005

CLERK-REGISTER, BULLOCK CO., ALA.

HARRISON JOHNSON, JR., et al.,          *
                                        *
        Plaintiffs,                     *
                                        *
v.                                      *       CIVIL ACTION NO. CV-05-111
                                        *
TEMPLE PRODUCTS OF INDIANA,             *
INC., et al.,                           *
                                        *
        Defendants.                     *

## DEFENDANT TEMPLE PRODUCTS OF INDIANA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Temple Products of Indiana, Inc. has heretofore filed a motion to dismiss the plaintiffs' complaint as to this defendant on the grounds that plaintiffs' complaint makes no allegations against this defendant anywhere in the complaint and the statute of limitations has expired. Courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted. Allison v. Utah County Corporation, 223 F.R.D. 638, 2004 U.S. Dist. LEXIS 18820 (2004); Estate of Morris v. Dapolito, 297 F. Supp. 2d 680, 688, (S.D.N.Y. 2004); Estate of Brian Patrick Morris, et al. v. Dapolito, et al., 297 F. Supp. 2d 680; 2004 U.S. Dist. LEXIS 438 (2004); Wise v. Battistoni, 1992 U.S. Dist. LEXIS 18864 (1992); United States of America v. Hudnall, 261 U.S. App. D.C. 333; 821 F.2d 821 (1987); Linebarger v. Williams, 77 F.R.D. 682; 1977 U.S. Dist. LEXIS 14514 (1977); Child v. Beame, 417 F. Supp. 1023; 1976 U.S. Dist. LEXIS 13651 (U.S.D.C. So. Dist. N.Y. 1976); Potter v. Clark, 497 F.2d 1206 (7th Cir. 1974).

1

RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Temple Products
of Indiana, Inc.

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 263-7195 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

Blaine Stevens, Esq.
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Strickland & Kendall, L.L.C.
P. O. Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P. O. Drawer 937
Hayneville, AL 36040-0937

Louis C. Rutland, Esq.
Rutland & Braswell
P. O. Box 551
Union Springs, AL 36089-0551

Jack E. Little, Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P. O. Box 4128
Montgomery, AL 36103-4128

2

Hope T. Cannon, Esq.
Brittin T. Coleman, Esq.
Kenneth M. Perry, Esq.
Bradley, Arant, Rose & White, LLP
1819 5th Avenue, North
Birmingham, AL 35203

M. Christian King, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303-1763

Roger S. Morrow, Esq.
Morrow, Romine & Pearson, P.C.
P. O. Box 4804
Montgomery, AL 36103-4804

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
P. O. Box 530790
Birmingham, AL 35253-0790

William A. Mudd, Esq.
Sadler, Sullivan
400 20th Street North, Suite 2500
Birmingham, AL 35203

by placing a true copy of same in the United States mail, postage prepaid, this 9TH day
of December, 2005.

Of Counsel

3

IN THE CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

DEC 09 2005

CLERK-REGISTER, BULLOCK CO., ALA.

HARRISON JOHNSON, JR., as          )
Administrator of the Estate of      )
Harrison Johnson, Sr.; YVONNE       )
JOHNSON, as Administratrix of the   )
Estate of Frank Ellis Johnson;      )
YVONNE JOHNSON, individually;       )    CIVIL ACTION NO.: CV-05-111
JOI JOHNSON; FRANK ELLIS            )
JOHNSON, II; and LIZZIE JOHNSON,    )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
BRIDGESTONE FIRESTONE NORTH         )
AMERICAN TIRE, LLC; GENERAL         )
MOTORS CORPORATION;                 )
TUGALOO SPORTS VANS, INC.;          )
PHIL OWENS USED CARS, INC.;         )
MAYPOLE CHEVROLET, INC.; O&M        )
MOTOR CO.; MAY BROTHERS, INC.;      )
TEMPLE PRODUCTS OF INDIANA,         )
INC.; TRW VEHICLE SAFETY            )
SYSTEMS, INC. AND/OR TRW            )
AUTOMOTIVE U.S., LLC; BENDIX        )
COMMERCIAL VEHICLE SYSTEMS,         )
LLC; et al.,                        )
                                    )
        Defendants.                 )

## BRIEF OF DEFENDANT MAYPOLE CHEVROLET, INC. IN SUPPORT ITS MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS

**COMES NOW**, the Georgia corporation, Defendant Maypole Chevrolet, Inc. (hereinafter sometimes referred to as "Maypole Chevrolet"), appearing specially and specifically as to the limited issue of the Circuit Court of Bullock County, Alabama's lack of personal jurisdiction over Maypole Chevrolet, Inc., and without submitting to the jurisdiction of this Court, and files its brief in support of its "Motion to Dismiss and Motion to Quash Service of Process", heretofore filed in this cause as follows:

I.

## FACTS

Plaintiffs' Complaint arises out of alleged defects in the subject vehicle, a 1985 Chevrolet Van. The subject vehicle was initially sold in the State of Georgia by Defendant Maypole Chevrolet, Inc., a corporation organized under the laws of the State of Georgia, with its principle place of business located in Toccoa, Georgia, to Defendant Phil Owens' Used Cars, a corporation organized under the laws of the State of Georgia with its principle place of business located in Lavonia, Georgia, on or about May 8, 1985. Plaintiffs' Complaint at ¶ 38; A true, genuine and accurate copy of the subject vehicle's title history was attached as Exhibit "1" to the Affidavit of Judd Worley, which was attached as Exhibit "A" to Defendant Maypole Chevrolet, Inc.'s "Motion to Dismiss and Motion to Quash Service of Process". All exhibits referenced in this Brief were attached to Defendant Maypole Chevrolet, Inc.'s Motion to Dismiss and Motion to Quash Service, previously filed with this Court. Subsequent to Defendant Maypole Chevrolet's sale of the subject vehicle to Defendant Phil Owens, Defendant Phil Owens sold the subject vehicle to Defendant O& M Motor Company, Inc., a corporation organized under the laws of the State of Georgia, with its principle place of business located in Columbus, Georgia. Plaintiffs' Complaint at ¶ 38; Exhibit "1" to Exhibit "A". In turn, Defendant O& M, sold the subject vehicle to Plaintiff Frank Johnson, Sr. Exhibit "1" to Exhibit "A".

Defendant Maypole Chevrolet, Inc., is a Georgia corporation with its principal and sole place of business located in Toccoa, Georgia. Exhibit "A". Maypole Chevrolet is not

2

incorporated in the State of Alabama.[1]  Maypole Chevrolet has never contracted in Alabama to supply services or goods in the State of Alabama.  Exhibit "A".  Maypole Chevrolet does not advertise its goods or services in the State of Alabama or engage in any other activity of any nature whatsoever in the State of Alabama.  Exhibit "A".  Maypole Chevrolet, Inc. does not own any real or personal property located in the State of Alabama.  Exhibit "A".  Maypole Chevrolet, Inc., is not licensed in, or authorized to do business in the State of Alabama.  Exhibit "A".  Maypole Chevrolet, Inc., does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama.  Exhibit "A".  Maypole Chevrolet does not derive substantial revenue from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama.  Exhibit "A".

In Count I of their Complaint, Plaintiffs assert claims against Defendant Maypole Chevrolet under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), alleging that Defendant Maypole Chevrolet placed a defective and unreasonably dangerous vehicle into the stream of commerce.  Plaintiffs' Complaint ¶¶ 52, 53.  Again, Defendant Maypole Chevrolet was conveyed title to the subject vehicle from General Motors Corporation in 1985.  Maypole subsequently conveyed title of the subject vehicle to Georgia corporation, Phil Owens Used Cars.  Phil Owens subsequently conveyed title of the subject vehicle to Georgia corporation, O&M Motor Company.  O&M subsequently conveyed title to Frank Johnson, Sr.

---

[1] Copies of records pertaining to Maypole Chevrolet, Inc., received from the office of the Secretary of State of the State of Georgia are attached as Exhibit "2" to the Affidavit of Judd Worley filed with Defendant's Motion to Dismiss and Motion to Quash Service of Process.

3

All employees of Maypole Chevrolet reside in the State of Georgia. Exhibit "A". Maypole Chevrolet has no agents or employees located in the State of Alabama. Exhibit "2" to Exhibit "A". All witnesses Maypole Chevrolet expects to call at the trial of this action reside in the State of Georgia. Exhibit "A".

The vehicle that is the subject of the above-styled lawsuit was manufactured outside the State of Alabama and traveled in interstate commerce prior to the transaction between Maypole Chevrolet and Phil Owens' Used Cars. Exhibit "1" to Exhibit "A". The Chevrolet van, which is the vehicle made the basis of this case, was manufactured by the Chevrolet Motor Division of General Motors Corporation. Exhibit "1" to Exhibit "A". Attached to the Affidavit of Judd Worley as Exhibit "1" is the Certificate of Origin relating to the subject vehicle, which reflects that the Chevrolet Motor Division of General Motors Corporation is the manufacturer of the subject vehicle. General Motors Corporation is corporation organized under the laws of the State of Michigan, with its principal place of business located in Detroit, Michigan. Plaintiffs' Complaint ¶ 8.

This action is presently before the Court on Defendant Maypole Chevrolet's Motion to Dismiss and Motion to Quash Service. Defendant Maypole Chevrolet is appearing specially and specifically as to the limited issue of the Circuit Court of Bullock County, Alabama's lack of personal jurisdiction over Maypole Chevrolet, Inc., and Defendant Maypole Chevrolet appears specially and specifically without submitting to the jurisdiction of this Court.

4

II.

## PLAINTIFFS' COMPLAINT IS DUE TO BE DISMISSED

A court cannot exercise its jurisdiction over a foreign corporation when the court lacks personal jurisdiction over the foreign corporation. In order for a court to have personal jurisdiction over a foreign corporation, that foreign corporation must meet certain "minium contacts" with the forum state.

When it is determined that the Court lacks personal jurisdiction over the foreign corporation, the Court shall, in the interest of justice, dismiss the foreign corporation from the case. Such is the case at hand. Defendant Maypole Chevrolet, Inc., is a foreign corporation with no "minimum contacts" with the State of Alabama, and it has not "purposefully availed itself of the privilege of conducting activities in the forum state" (Alabama). Therefore, the "traditional notions of fair play and substantial justice will be offended" if foreign Defendant Maypole Chevrolet is not dismissed from this case as a party defendant.

## A.    This Court Does Not Have Personal Jurisdiction Over Defendant Maypole Chevrolet, Inc.

As previously detailed, Defendant Maypole Chevrolet, Inc., is a Georgia Corporation with its principal and sole place of business in Toccoa, Georgia. Exhibit "A"; Exhibit "2" to Exhibit "A". It is undisputed that the sale of the subject vehicle by Defendant Maypole Chevrolet to Defendant Phil Owens Used Cars took place in the State of Georgia, by and between two Georgia corporations. Exhibit "1" to Exhibit "A".

The guarantees of due process protect a non-resident defendant from binding judgments in forums with which it has established no meaningful contacts, ties or relations.

5

International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). Before being subjected to the jurisdiction of a forum's courts, a non-resident corporate defendant must undertake acts which establish certain "minimum contacts with the forum" such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Quill Corp. v. North Dakota by and through Heitkamp, 504 U.S. 298, 306-07 (1992); Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 113 (1987); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). That as such, it is essential that there be some act by which the defendant "purposely avails itself" of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. Quill Corp, 504 U.S. at 306-07; Hanson v. Denckla, 357 U.S. 235, 253 (1958); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

In order to establish that this Court has personal jurisdiction over Defendant Maypole Chevrolet, Inc., the Plaintiffs must show that either the asserted causes of action arose out of Maypole Chevrolet's "purposeful contact" with the State of Alabama so as to confer "specific" jurisdiction, or that Maypole Chevrolet's contacts with the State of Alabama were "systematic and continuous" so as to allow for the exercise of "general" jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). The Plaintiffs' Complaint fails to make either of these showings. Defendant Maypole Chevrolet has had no contact with Alabama sufficient to confer personal jurisdiction over Maypole Chevrolet. See Burger King Corp. v. Rudzewicz, 471

6

U.S. 462 (1985); see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

The Alabama Supreme Court has consistently held that in order for an Alabama court to exercise jurisdiction over a foreign defendant "the nexus between the defendant and the forum state must arise out of 'an action of the defendant [that was] purposefully directed toward the forum State.'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott v. Van Kleef, 830 So. 2d 726, 731 (Ala. 2002) (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). "'This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "the unilateral activity of another person or a third person."'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott, 830 So. 2d at 731) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In the instant case, the Plaintiffs are attempting to hale foreign Defendant Maypole Chevrolet into this jurisdiction as a result of the "the unilateral activity of another person or a third person," namely the actions of Defendant O&M Motors, who sold the subject vehicle to Frank Johnson, Sr., an Alabama resident. See Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

The foreign defendant in Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004), was a Tennessee automobile dealership that sold an automobile to a Mississippi resident. After the sales transaction, the buyer, a Mississippi resident, who was involved in an automobile accident in Alabama. Defendant Covington Pike Dodge filed a motion to dismiss with the Marion County Circuit Court based on lack of personal

jurisdiction, and the trial court denied the defendant's motion. Ex parte Covington, 904 So. 2d at 228. Defendant Covington Pike Dodge filed a petition for a writ of mandamus with the Alabama Supreme Court requesting it to direct the trial court to vacate its order and to enter an order of dismissal. Id. The Alabama Supreme Court granted defendant's petition and issued the writ directing the trial court to vacate its order and enter an order of dismissal based on the lack of personal jurisdiction over the foreign defendant. Id.

In reaching its decision, the Alabama Supreme Court relied heavily on the following factors: (1) defendant Covington Pike Dodge was a Delaware corporation with its principle place of business located in Tennessee; (2) Covington Pike had no offices located outside of Memphis, Tennessee; (3) Covington Pike's primary corporate purpose was to sell and service vehicles in Tennessee; (4) Covington Pike did not conduct any business of any kind within the State of Alabama; (5) Covington Pike was not qualified to do business in Alabama and had not availed itself of the privilege of conducting business in Alabama; (6) Covington Pike did not have a dealership in Alabama; (7) Covington Pike did not have any employees in Alabama; (8) Covington Pike did not own any real property or personal property in Alabama; and (9) Covington Pike did not advertise its services in Alabama. Ex parte Covington, 904 So. 2d at 231. All these factors were submitted by affidavit testimony to defendant's motion to dismiss. Id.

Much like the defendant in Ex parte Covington, submitted the above facts by affidavit, so did foreign Defendant Maypole Chevrolet. Attached as Exhibit "A" to its previously filed motion to dismiss was the affidavit of its General Manager Judd Worley. Worley's affidavit sets forth factors that mirror the factors the Alabama Supreme Court

8

relied upon in Ex parte Covington when it ordered the trial court to vacate its order and dismiss the defendant. See Ex parte Covington, 904 So. 2d at 231.

As set forth above, Defendant Maypole Chevrolet, Inc., is a Georgia corporation with its principal and sole place of business located in Toccoa, Georgia. Exhibit "2" to Exhibit "A". Maypole Chevrolet is not incorporated in the State of Alabama. Exhibit "A". Maypole Chevrolet has never contracted in Alabama to supply services or goods in the State of Alabama. Exhibit "A". Maypole Chevrolet does not advertise its goods or services in the State of Alabama or engage in any other activity of any nature whatsoever in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc. does not own any real or personal property located in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc. is not licensed in, or authorized to do business in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc., does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama. Exhibit "A". Maypole Chevrolet does not derive substantial revenue from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama. Exhibit "A". It should also be noted that Maypole Chevrolet is located in Toccoa, Georgia, which is near the Georgia/South Carolina border. Maypole Chevrolet is not located near the Georgia/Alabama border. In Ex parte Covington, the Alabama Supreme Court found the facts supported neither "specific" or "general" jurisdiction over the defendants. Ex parte Covington, 904 So. 2d at 231. Such is the case presently before the Court.

The Alabama Supreme Court went further in its decision in Ex parte Covington, holding that "if the defendant makes a prima facie evidentiary showing that the Court has

9

no personal jurisdiction, 'the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.'" Ex parte Covington, 904 So. 2d at 230 (quoting Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D. Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)); see also, Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D. Del. 1995) ("When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.") (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)). The Alabama Supreme Court noted in a footnote to its Ex parte Covington decision that "[t]he Alabama Rules of Civil Procedure are based upon, and are virtually identical to, the Federal Rules of Civil Procedure. A presumption therefore arises that cases construing the federal rules are authority for construing the Alabama rules. Alabama Federal Sav. & Loan Ass'n v. Howard, 534 So. 2d 609, 614 (Ala.1988)." Ex parte Covington, 904 So. 2d at 230 n.1.

Moreover, it is well established law in Alabama that "'[t]he plaintiff bears the burden of proving the court's personal jurisdiction over the defendant.'" Ex parte Covington, 904 So. 2d at 229 (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)); See Leithead v. Banyan Corp., 2005 WL 2327051 *4 (Ala. Sept. 23, 2005); see also, Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So. 2d 519, 525 (Ala. 2003). In the case at hand, the Plaintiffs have submitted no opposition to Defendant Maypole Chevrolet's motion to dismiss for lack of personal jurisdiction.

10

Plaintiffs' have failed to meet their burden and furthermore, have failed to submit any opposition in the form of a motion or affidavits in an attempt to prove jurisdiction. Therefore, based on Alabama law and in line with the recent Alabama Supreme Court holding in Ex parte Covington, the foreign Defendant Maypole Chevrolet is due to be dismissed for lack of personal jurisdiction.

It is undisputed in this case that Defendant Maypole Chevrolet sold the subject vehicle in the State of Georgia to Defendant Phil Owens. Exhibit "1" to Exhibit "A". It is also undisputed that both Maypole Chevrolet and Phil Owens are Georgia corporations. Exhibit "1" to Exhibit "A"; Plaintiffs' Complaint at ¶¶ 9, 10. The fact that Phil Owens Used Cars subsequent to its purchase of the subject vehicle, resold the vehicle to the Georgia corporation, Defendant O& M Motor Company, who in turn sold the vehicle to Frank Johnson, an Alabama resident, does not permit Alabama courts to exercise personal jurisdiction over Defendant Maypole Chevrolet. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S. Ct. 559 (1980) (holding that customers may move automobiles from state of sale without evidence of manufacturer's efforts to directly or indirectly serve the forum is not sufficient to establish minimum contacts). In view of the foregoing facts and circumstances, it is clear that Maypole Chevrolet has not committed any acts or conducted any activity in the State of Alabama, purposeful or otherwise, sufficient for this Court to exercise personal jurisdiction over Maypole Chevrolet. Therefore, Defendant Maypole Chevrolet, Inc., respectfully requests this Court to grant its Motion to Dismiss and Motion to Quash Service of Process, and enter an order dismissing Plaintiffs' Complaint and all counts and causes thereof, separately and severally, as to

11

Defendant Maypole Chevrolet, Inc.

**B.** **Service of Process as to Defendant Maypole Chevrolet, Inc., is Due to be Quashed**

Plaintiffs filed this action in the Circuit Court of Bullock County, Alabama, seeking service and/or service of process on the foreign corporation, Maypole Chevrolet, Inc. Based on the facts and circumstances set forth above, and the lack of personal jurisdiction of this Court over Defendant Maypole Chevrolet, the purported service and/or service of process as to Defendant Maypole Chevrolet is improper and is due to be quashed.

Defendant Maypole Chevrolet has demonstrated that it is incorporated under the laws of the State of Georgia, and its principal and sole place of business is located in Toccoa, Georgia. Exhibit "A". Defendant Maypole Chevrolet is not subject to personal jurisdiction in the State of Alabama. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S. Ct. 559 (1980) (holding that customers may move automobiles from state of sale without evidence of manufacturer's efforts to directly or indirectly serve the forum is not sufficient to establish minimum contacts); see also, Ex parte Covington, 904 So. 2d 226 (Ala. 2004) (holding that a Tennessee automobile dealership that sold an automobile to a Mississippi resident who was later involved in an accident in Alabama was not subject to the jurisdiction of Alabama courts because the Tennessee dealership did not meet the minimum contacts test). Maypole Chevrolet is subject to personal jurisdiction in Toccoa, Georgia, which is also the location that the sale of the subject vehicle by Maypole Chevrolet to Phil Owens occurred. Plaintiffs' Complaint ¶ 9, 10, 38. The Affidavit of Judd Worley establishes that all witnesses to be called by Defendant Maypole Chevrolet reside

12

in the State of Georgia. Exhibit "A". It is clear that all relevant factors demonstrate that the Plaintiffs' Complaint, and each count and cause thereof, separately and severally, should, under these facts and in the interests of justice, be dismissed as to Defendant Maypole Chevrolet, as the Circuit Court of Bullock County, Alabama lacks personal jurisdiction over Defendant Maypole Chevrolet. Furthermore, Georgia has a significant interest in having this dispute litigated in its courts and a Georgia court might choose not to enforce an Alabama judgment if it found that an Alabama court improperly asserted personal jurisdiction. See e.g., J&J Marine, Inc., v. Ha Van Le, 982 S.W.2d 918, 925 (Tex. App. 1998). Under the facts of this case, the Circuit Court of Bullock County, Alabama does not have jurisdiction to litigate the claims of Plaintiffs as to Defendant Maypole Chevrolet. As such, the issuance of service of the Summons and Complaint to the foreign corporation Maypole Chevrolet was improper; therefore, the purported service of process of the Summons and Complaint on Defendant Maypole Chevrolet is improper and is due to be quashed.

For the reasons set out above, the purported service and/or service of process on Defendant Maypole Chevrolet is improper and is due to be quashed. In turn, the Plaintiffs' Complaint, and each count and cause thereof, separately and severally, are due to be dismissed as to Defendant Maypole Chevrolet.

### III.

### CONCLUSION

Based on the grounds set forth in Defendant Maypole Chevrolet Inc.'s Motion to Dismiss and Motion to Quash Service of Process, and the facts, circumstances and law

set forth in this brief, Defendant Maypole Chevrolet, Inc., respectfully requests this Honorable Court to dismiss Plaintiffs' Complaint and each count and cause thereof, separately and severally, as to Defendant Maypole Chevrolet, as this Court lacks personal jurisdiction over Defendant Maypole Chevrolet. Furthermore, in light of the facts of this case, the Circuit Court of Bullock County, Alabama does not have jurisdiction to litigate the claims of Plaintiffs as to Defendant Maypole Chevrolet, and as such, the purported issuance of service of the Summons and Complaint and the subsequent purported service of process of the Summons and Complaint on Defendant Maypole Chevrolet is improper and is due to be quashed.

For the above reasons, the purported service and/or purported service of process on Defendant Maypole Chevrolet is improper and is due to be quashed. Additionally, Plaintiffs' Complaint, and each count and cause thereof, separately and severally, is due to be dismissed as to Defendant Maypole Chevrolet, Inc. Defendant Maypole Chevrolet again asserts that it is appearing specially and specifically as to the issue of lack of personal jurisdiction of the Circuit Court of Bullock County, Alabama, and Defendant Maypole Chevrolet appears specially and specifically without submitting to the jurisdiction of this Court.

Dated this the ___8th___ day of __December__, 2005.

_____
ROGER S. MORROW (MOR032)

14

_(signature)_

**MEREDITH L. TOLAR (TOL006)**
**ATTORNEYS FOR DEFENDANT**
**MAYPOLE CHEVROLET, INC.**

**OF COUNSEL:**
**MORROW, ROMINE & PEARSON, P.C.**
**122 South Hull Street**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  334-262-7707**
**Facsimile:   334-262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following parties of record at their proper mailing addresses, by depositing a copy of the same in the United States Mail, First Class, postage prepaid and affixed thereto, as well as by facsimile transmission; this _8th_ day of _December_ ,2005:

| | |
|---|---|
| Hon. Edward P. Kendall | Hon. Will R. Kelly |
| Hon. Michael G. Strickland | P.O. Drawer 937 |
| Hon. Blaine C. Stevens | Hayneville, AL 36040-0937 |
| STRICKLAND & KENDALL, LLC | (Fax No.: 334-548-5118) |
| 420 South Lawrence Street | **Attorney for Plaintiffs** |
| P.O. Box 99 | |
| Montgomery, AL 3611-0099 | |
| (Fax No.: 334-269-3239) | |
| **Attorney for Plaintiffs** | |

15

Hon. Louis C. Rutland
Hon. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Hon. Hope T. Cannon
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)
**Attorney for Defendant Bridgestone
Firestone North American Tire**

Hon. M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)
**Attorney for Defendant General Motors
Corporation**

Hon. William A. Mudd
SADLER SULLIVAN
400 20th Street North, Suite 2500
Birmingham, AL 35203
(Fax No. 205-263-7127)
**Attorney for Defendant Phil Owens
Used Cars**

Hon. Jack E. Little, Jr.
PILLSBURY, WINTHROP, SHAW &
PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Hon. Jay S. Tuley
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)
**Attorney for Defendant May Brothers,
Inc.**

Hon. Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)
**Attorney for Defendant Temple
Products of Indiana**

**OF COUNSEL**

16

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

**NOV 1 4 2005**

CLERK-REGISTER, BULLOCK CO., ALA

HARRISON JOHNSON, Jr., as administrator of the
Estate of Harrison Johnson, Sr.; YVONNE
JOHNSON, as Administratrix of Estate of Frank
Ellis Johnson, YVONNE JOHNSON, individually;
JOI JOHNSON; FRANK ELLIS JOHNSON, II;
and LIZZIE JOHNSON,

     Plaintiffs,

vs.

BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL MOTORS
CORPORATION; TUGALOO SPORTS VANS,
INC.; PHIL OWENS USED CARS, INC.;
MAYPOLE CHEVROLET, INC. O&M MOTOR
CO.; MAY BROTHERS, INC.; TEMPLE
PRODUCTS OF INDIANA, INC., TRW VEHICLE
SAFETY SYSTEMS, INC. AND/OR TRW
AUTOMOTIVE U.S. LLC., BENDIX
COMMERCIAL VEHICLE SYSTEMS LLC; and
FICTITIOUS DEFENDANT "A"-"O",

     Defendants.

CIVIL ACTION NO. CV-O5- 111

## ANSWER AND DEFENSES OF
## GENERAL MOTORS CORPORATION

NOW COMES GENERAL MOTORS CORPORATION (GM) and files its Answer and

Defenses to plaintiffs' Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim against GM upon which

relief may be granted.

### SECOND DEFENSE

Venue may be improper in Bullock County.

## THIRD DEFENSE

Venue should be transferred for the convenience of the parties.

## FOURTH DEFENSE

GM answers each individually numbered paragraph of plaintiffs' Complaint as follows:

### Answering the Section of Plaintiffs'
### Complaint Entitled "Parties"

1.

Upon information and belief, GM admits that Plaintiff Harrison Johnson, Jr. has brought a wrongful death claim. GM denies that it is liable to plaintiffs in any manner or amount whatsoever. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.

Upon information and belief, GM admits that Plaintiff Yvonne Johnson has brought a wrongful death claim. GM denies that it is liable to plaintiffs in any manner or amount whatsoever. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.

GM admits that it is a foreign corporation with its principal place of business in Detroit, Michigan. GM further admits that it designs (in part), manufactures (in part), tests, and distributes automobiles, some of which may be sold in the state of Alabama. GM also admits that its registered agent for service of process within the state of Alabama is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama. GM denies the remaining allegations contained in paragraph 8.

9.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.

GM admits that it designed (in part) and manufactured (in part) the subject 1985

Chevrolet C-20 conversion van. GM is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 18.

19.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 19.

20.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 20.

21.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 21.

22.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 22.

23.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 23.

24.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 24.

25.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.

Upon information and belief, GM admits that Plaintiffs collectively referred to the named Defendants as "defendant and/or defendants."

### Answering the Section of Plaintiffs'
### Complaint Entitled "Statement of the Facts"

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 33 of plaintiffs' Complaint.

34.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.

GM admits that it designed (in part), manufactured (in part), and distributed the subject 1985 Chevrolet C-20 conversion van.

36.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.

GM denies that the subject 1985 Chevrolet C-20 conversion van was defective when the vehicle left GM's possession, custody and control. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43.

44.

GM denies that the subject 1985 Chevrolet C-20 conversion van was defective when the vehicle left GM's possession, custody and control. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44.

45.

GM denies that the subject 1985 Chevrolet C-20 conversion van was defective when the vehicle left GM's possession, custody and control. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45.

46.

GM denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46.

47.

GM denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46.

48.

GM denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47.

49.

GM denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48.

50.

GM denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49.

## Answering the Section of Plaintiffs'
## Complaint Entitled "Count I"

51.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 50 of plaintiffs' Complaint.

52.

GM admits that it designed (in part), manufactured (in part), and distributed the subject 1985 Chevrolet C-20 conversion van. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52.

53.

GM denies the allegations contained in paragraph 53.

54.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.

GM denies the allegations contained in paragraph 55.

56.

GM denies the allegations contained in paragraph 56.

57.

GM denies the allegations contained in paragraph 57.

56(a).

GM denies all allegations contained in Count One of plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

10

**Answering the Section of Plaintiffs'**
**Complaint Entitled "Count II"**

58.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 11 of plaintiffs' Complaint.

59.

GM denies the allegations contained in paragraph 59.

60.

GM denies the allegations to the extent they relate to GM.  GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60.

60(a).

GM denies all allegations contained in Count Two of plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Answering the Section of Plaintiffs'**
**Complaint Entitled "Count III"**

61.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 21 of plaintiffs' Complaint.

62.

GM denies the allegations contained in paragraph 62.

63.

GM denies the allegations contained in paragraph 63.

11

64.

GM denies the allegations contained in paragraph 64.

64(a).

GM denies all allegations contained in Count Three of plaintiffs' Complaint that are not

herein admitted, denied, or neither admitted nor denied for lack of knowledge or information

sufficient to form a belief as to the truth of the allegations.

**Answering the Section of Plaintiffs'
Complaint Entitled "Count IV"**

65.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and

defenses to paragraphs 1 through 50 of plaintiffs' Complaint.

66.

GM admits that it designed (in part), manufactured (in part), and distributed the subject

1985 Chevrolet C-20 conversion van.  GM is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 66.

67.

GM denies the allegations contained in paragraph 67.

68.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 68.

69.

GM denies the allegations contained in paragraph 69.

70.

GM denies the allegations contained in paragraph 70.

12

71.

GM denies the allegations contained in paragraph 71.

71(a).

GM denies all allegations contained in Count Four of plaintiffs' Complaint that are not

herein admitted, denied, or neither admitted nor denied for lack of knowledge or information

sufficient to form a belief as to the truth of the allegations.

### Answering the Section of Plaintiffs' Complaint Entitled "Count V"

72.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and

defenses to paragraphs 1 through 50 of plaintiffs' Complaint.

73.

GM denies the allegations contained in paragraph 73.

74.

GM denies the allegations to the extent they relate to GM.  GM is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 74.

74(a).

GM denies all allegations contained in Count Five of plaintiffs' Complaint that are not

herein admitted, denied, or neither admitted nor denied for lack of knowledge or information

sufficient to form a belief as to the truth of the allegations.

13

**Answering the Section of Plaintiffs'
Complaint Entitled "Count VI"**

75.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and

defenses to paragraphs 1 through 50 of plaintiffs' Complaint.

76.

GM denies the allegations contained in paragraph 76.

77.

GM denies the allegations contained in paragraph 77.

78.

GM denies the allegations to the extent they relate to GM.  GM is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 78.

78(a).

GM denies all allegations contained in Count Six of plaintiffs' Complaint that are not

herein admitted, denied, or neither admitted nor denied for lack of knowledge or information

sufficient to form a belief as to the truth of the allegations.

**Answering the Section of Plaintiffs'
Complaint Entitled "Count VII"**

79.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and

defenses to paragraphs 1 through 50 of plaintiffs' Complaint.

80.

GM is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 80.

14

81.

GM admits that certain duties may arise under applicable law, including Alabama law. GM denies that it breached any such duties with respect to the subject 1985 Chevrolet C-20 conversion van. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81.

81. [sic]

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81.

82.

GM denies the allegations to the extent they relate to GM. GM further denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82.

83.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83.

83(a)

GM denies all allegations contained in Count Seven of plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Answering the Section of Plaintiffs'**
**Complaint Entitled "Count VIII"**

84.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 50 of plaintiffs' Complaint.

85.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 87.

88.

GM admits that certain duties may arise under applicable law, including Alabama law. GM denies that it breached any such duties with respect to the subject 1985 Chevrolet C-20 conversion van. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88.

89.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 89.

16

90.

GM denies the allegations to the extent they relate to GM. GM further denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 90.

91.

GM denies the allegations to the extent they relate to GM. GM further denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 91.

91(a).

GM denies all allegations contained in Count Eight of plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Answering the Section of Plaintiffs'**
**Complaint Entitled "Count IX"**

92.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 50 of plaintiffs' Complaint.

93.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.

GM denies that the subject 1985 Chevrolet C-20 conversion van was defective when the vehicle left GM's possession, custody and control. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94.

95.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 95.

96.

GM admits that certain duties may arise under applicable law, including Alabama law. GM denies that it breached any such duties with respect to the subject 1985 Chevrolet C-20 conversion van. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96.

97.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 97.

98.

GM denies the allegations to the extent they relate to GM. GM further denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98.

18

99.

GM denies the allegations to the extent they relate to GM. GM further denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99.

99(a).

GM denies all allegations contained in Count Nine of plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Answering the Section of Plaintiffs'
Complaint Entitled "Count X"**

100.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 46 of plaintiffs' Complaint.

101.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 102.

103.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 103.

104.

GM denies the allegations contained in paragraph 104.

105.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106.

GM denies the allegations contained in paragraph 106.

107.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.

GM denies the allegations contained in paragraph 108.

108(a).

GM denies all allegations contained in Count Ten of plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**Answering the Section of Plaintiffs'
Complaint Entitled "Count XI"**

109.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 108 of plaintiffs' Complaint.

20

110.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 111.

112.

GM denies the allegations to the extent they relate to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 112.

113.

GM denies the allegations contained in paragraph 113.

114.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.

GM denies the allegations contained in paragraph 115.

116.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.

GM denies the allegations contained in paragraph 117.

117(a).

GM denies all allegations contained in Count Eleven of plaintiffs' Complaint that are not

herein admitted, denied, or neither admitted nor denied for lack of knowledge or information

sufficient to form a belief as to the truth of the allegations.

### Answering the Section of Plaintiffs' Complaint Entitled "Count XII"

118.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and

defenses to paragraphs 1 through 46 of plaintiffs' Complaint.

119.

GM denies the allegations contained in paragraph 119.

### Answering the Section of Plaintiffs' Complaint Entitled "Prayer for Relief"

GM answers the "Prayer for Relief" paragraph of plaintiffs' Complaint as follows:

GM denies that it is liable to plaintiffs in any manner or amount whatsoever.  GM further denies

that it is in any way responsible for causing or contributing to the damages and injuries alleged in

plaintiffs' Complaint.  GM denies the remaining allegations contained in the "Prayer for Relief"

paragraph that relate to GM.

### FIFTH DEFENSE

GM states that the sole proximate cause of the injuries and damages alleged in plaintiffs'

Complaint may have been the actions, nonactions, or negligence of a person or persons other

than GM for whose actions, nonactions, or negligence GM is in no way liable.  Plaintiff is

therefore not entitled to recover from GM in this action.

## SIXTH DEFENSE

GM states that the sole proximate cause of the injuries and damages alleged in plaintiffs' Complaint may have been the combination of actions, nonactions, or negligence of a person or persons other than GM for whose actions, nonactions, or negligence GM is in no way liable. Plaintiff is therefore not entitled to recover from GM in this action.

## SEVENTH DEFENSE

GM states that the injuries and damages alleged in plaintiffs' Complaint may have been caused by an intervening, superseding action for which GM is in no way liable. Plaintiff is therefore not entitled to recover from GM in this action.

## EIGHTH DEFENSE

GM states that the proximate cause of the injuries and damages alleged in plaintiffs' Complaint may have been the misuse and/or abuse of the vehicle for which GM is not responsible. Plaintiff is therefore not entitled to recover from GM in this action.

## NINTH DEFENSE

GM states that plaintiffs and plaintiffs' decedents may have assumed the risks of the injuries and damages alleged in plaintiffs' Complaint. Plaintiff is therefore not entitled to recover from GM in this action.

## TENTH DEFENSE

GM states that plaintiffs and plaintiffs' decedents may have failed to exercise ordinary care for their own safety. Plaintiff is therefore not entitled to recover from GM in this action.

## ELEVENTH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages are in contravention of GM's rights under each of the following constitutional provisions: (a) the Commerce Clause of

Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I,

Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the Eighth

Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth

Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution; (f) the federal constitutional prohibition against

vague and over broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the

Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama

Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and

(j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the

following separate and several grounds:

1.  The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

2.  The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

3.  The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

4.  The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

5.  The procedures permit multiple awards of punitive damages for the same alleged act.

6.  The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

7.  The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

8.  The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9.  The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

**TWELTH DEFENSE**

Plaintiffs' claims, if any, for the recovery of punitive damages may be precluded by Alabama Code § 6-11-20.

**THIRTEENTH DEFENSE**

Although GM denies that plaintiffs is entitled to the recovery of punitive damages, GM nevertheless asserts the provisions of Alabama Code § 6-11-21 as a limitation to any award of such damages.

WHEREFORE having fully answered plaintiffs' Complaint, GM prays that said Complaint be dismissed with prejudice, that GM recover its costs of this action, and that GM have such other and further relief as this Court deems just and proper.

This ⟨10⟩ day of November, 2005.

_____
M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, Alabama  35203
Telephone:  (205) 581-0700
Facsimile:  (205) 581-0799

Robert D. Hays
L. Frank Coan, Jr.
Robert L. Arrington, Jr.
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

25

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as administrator of the
Estate of Harrison Johnson, Sr.; YVONNE
JOHNSON, as Administratrix of Estate of Frank
Ellis Johnson, YVONNE JOHNSON, individually;
JOI JOHNSON; FRANK ELLIS JOHNSON, II;
and LIZZIE JOHNSON,

     Plaintiffs,

vs.

BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL MOTORS
CORPORATION; TUGALOO SPORTS VANS,
INC.; PHIL OWENS USED CARS, INC.;
MAYPOLE CHEVROLET, INC. O&M MOTOR
CO.; MAY BROTHERS, INC.; TEMPLE
PRODUCTS OF INDIANA, INC., TRW VEHICLE
SAFETY SYSTEMS, INC. AND/OR TRW
AUTOMOTIVE U.S. LLC., BENDIX
COMMERCIAL VEHICLE SYSTEMS LLC; and
FICTITIOUS DEFENDANT "A"-"O",

     Defendants.

CIVIL ACTION NO. CV-O5- 111

JURY TRIAL REQUESTED

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **ANSWER AND DEFENSES OF GENERAL MOTORS CORPORATION** on all counsel of record by causing a copy of the same to be deposited in the United States mail, postage prepaid, and addressed as follows:

       Edward P. Kendall
       Michael G. Strickland
       Blaine C. Stevens
       Strickland and Kendall, LLC
       420 South Lawrence Street
       Montgomery, Alabama 36101-0099

Will R. Kelly
Attorney at Law
P.O. Drawer 937
Hayneville Alabama 36040-0937

Jay S. Tuley
Nix Holtsford Gilliland Higgins & Histon, P.C.
4001 Carmichael Road Suite 300
P. O. Box 4128
Montgomery, Alabama  36103-4128

Ronald G. Davenport
Rushton Stakely Johnston & Garrett, P.A.
184 Commerce Street
P. O. Box 270
Montgomery, Alabama  36101-0270

Brittin T. Coleman
Bradley Arant Rose & White
One Federal Place
1819 5th Avenue North
Birmingham, Alabama  35203

This ___ day of November, 2005.

_____
M. Christian King