IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

**FILED IN OFFICE**

**NOV 1 4 2005**

**CLERK-REGISTER, BULLOCK CO., ALA**

| | | |
|---|---|---|
| HARRISON JOHNSON, Jr., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIDGESTONE FIRESTONE NORTH | ) | |
| AMERICAN TIRE, LLC; GENERAL | ) | |
| MOTORS CORPORATION; TUGALOO | ) | |
| SPORTS VANS, INC.; PHIL OWENS USED | ) | Civil Action No. CV-05-111 |
| CARS, INC.; MAYPOLE CHEVROLET, INC. | ) | |
| O & M MOTOR CO.; MAY BROTHERS, | ) | |
| INC.; TEMPLE PRODUCTS OF INDIANA, | ) | |
| INC.; TRW VEHICLE SAFETY SYSTEMS, | ) | |
| INC. AND/OR TRW AUTOMOTIVE U.S. | ) | |
| LLC., BENDIX COMMERCIAL VEHICLE | ) | |
| SYSTEMS, LLC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC TO PLAINTIFFS' COMPLAINT

Defendant Bridgestone Firestone North American Tire, LLC (hereinafter referred to as "Firestone") answers plaintiffs' complaint as follows:

1.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.      Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.      Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.      Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.      Firestone is a limited liability company organized under the laws of Delaware with its principal place of business in Nashville, Tennessee.  Firestone is listed in the records of the Secretary of State of the State of Alabama.  Firestone states that the Alabama Secretary of State's office has National Registered Agents, Inc., 150 S. Perry Street, Montgomery, Alabama, listed as Firestone's registered agent.  Firestone denies all remaining allegations in paragraph 7.

8.      Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.      Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10.      Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.      Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15.    Plaintiffs' complaint does not contain a numbered paragraph 15.

16.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

27.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.

31.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint.

32.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint.

33.     The allegations set forth in paragraph 33 of the complaint do not require a response.

34.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.

35.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.

36.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint.

38.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint.

39.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint.

40.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the complaint.

41.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint.

42.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint,

43.    Firestone is without knowledge or information sufficient to form a belief as to the truth of some of the allegations contained in paragraph 43 of the complaint, and denies other allegations; therefore, Firestone denies the allegations in paragraph 43.

44.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

45.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint.

49.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint.

50.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

## COUNT I

51.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

52.    The allegations set forth in paragraph 52 of the complaint are not directed to Firestone and do not require a response.

53.    The allegations set forth in paragraph 53 of the complaint are not directed to Firestone and do not require a response.

54.    The allegations set forth in paragraph 54 of the complaint are not directed to Firestone and do not require a response.

55.    The allegations set forth in paragraph 55 of the complaint are not directed to Firestone and do not require a response.

56.    The allegations set forth in paragraph 56 of the complaint are not directed to Firestone and do not require a response.

57.    The allegations set forth in paragraph 57 of the complaint are not directed to Firestone and do not require a response.

## COUNT II

58.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

59.    The allegations set forth in paragraph 59 of the complaint are not directed to Firestone and do not require a response.

60.    To the extent paragraph 60 is directed to Firestone, the allegations of paragraph 60 are denied.

## COUNT III

61.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

62.    The allegations set forth in paragraph 62 of the complaint are not directed to Firestone and do not require a response.

63.    The allegations set forth in paragraph 63 of the complaint are not directed to Firestone and do not require a response.

64.     The allegations set forth in paragraph 64 of the complaint are not directed to Firestone and do not require a response.

## COUNT IV

65.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

66.     The allegations set forth in paragraph 66 of the complaint are not directed to Firestone and do not require a response.

67.     The allegations set forth in paragraph 67 of the complaint are not directed to Firestone and do not require a response.

68.     The allegations set forth in paragraph 68 of the complaint are not directed to Firestone and do not require a response.

69.     The allegations set forth in paragraph 69 of the complaint are not directed to Firestone and do not require a response.

70.     The allegations set forth in paragraph 70 of the complaint are not directed to Firestone and do not require a response.

71.     The allegations set forth in paragraph 71 of the complaint are not directed to Firestone and do not require a response.

## COUNT V

72.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

73.     The allegations set forth in paragraph 73 of the complaint are not directed to Firestone and do not require a response.

74.     To the extent paragraph 74 is directed to Firestone, the allegations of paragraph 74 are denied.

## COUNT VI

75.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

76.     To the extent paragraph 76 is directed to Firestone, all allegations of paragraph 76 are denied.

77.     To the extent paragraph 77 is directed to Firestone, all allegations of paragraph 77 are denied.

78.     To the extent paragraph 78 is directed to Firestone, all allegations of paragraph 78 are denied.

## COUNT VII

79.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

80.    The allegations set forth in paragraph 80 of the complaint are not directed to Firestone and do not require a response.

81.    To the extent paragraph 81 is directed to Firestone, the allegations of paragraph 81 are denied.

81.[1]    To the extent paragraph 81 is directed to Firestone, the allegations of paragraph 81 are denied.

82.    To the extent paragraph 82 is directed to Firestone, the allegations of paragraph 82 are denied.

83.    To the extent paragraph 83 is directed to Firestone, the allegations of paragraph 83 are denied.

## COUNT VIII

84.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

85.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the complaint.

---

[1] Plaintiffs' complaint contains two consecutive paragraphs numbered 81.

86.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the complaint.

87.    To the extent the allegations in paragraph 87 are directed at Firestone, they are denied.

88.    To the extent the allegations in paragraph 88 are directed at Firestone, they are denied.

89.    To the extent the allegations in paragraph 89 are directed at Firestone, they are denied.

90.    To the extent the allegations in paragraph 90 are directed at Firestone, they are denied.

91.    To the extent the allegations in paragraph 91 are directed at Firestone, they are denied.

## COUNT IX

92.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

93.    Firestone is without sufficient knowledge to either admit or deny the material allegations in paragraph 93.

94.    Firestone is without sufficient knowledge to either admit or deny the material allegations in paragraph 94.

95.    To the extent paragraph 95 is directed to Firestone, the allegations of paragraph 95 are denied.

96.    To the extent paragraph 96 is directed to Firestone, the allegations of paragraph 96 are denied.

97.    To the extent paragraph 97 is directed to Firestone, the allegations of paragraph 97 are denied.

98.    To the extent paragraph 98 is directed to Firestone, the allegations of paragraph 98 are denied.

99.    To the extent paragraph 99 is directed to Firestone, the allegations of paragraph 99 are denied.

## COUNT X

100.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

101.    The allegations set forth in paragraph 101 of the complaint are not directed to Firestone and do not require a response.

102.    The allegations set forth in paragraph 102 of the complaint are not directed to Firestone and do not require a response.

103.    The allegations set forth in paragraph 103 of the complaint are not directed to Firestone and do not require a response.

104.    The allegations set forth in paragraph 104 of the complaint are not directed to Firestone and do not require a response.

105.    To the extent paragraph 105 is directed to Firestone, the allegations of paragraph 105 are denied.

106.    The allegations set forth in paragraph 106 of the complaint are not directed to Firestone and do not require a response.

107.    The allegations set forth in paragraph 107 of the complaint are not directed to Firestone and do not require a response.

108.    The allegations set forth in paragraph 108 of the complaint are not directed to Firestone and do not require a response.

## COUNT XI

109.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

110.    The allegations set forth in paragraph 110 of the complaint are not directed to Firestone and do not require a response.

111.    The allegations set forth in paragraph 111 of the complaint are not directed to Firestone and do not require a response.

112.    The allegations set forth in paragraph 112 of the complaint are not directed to Firestone and do not require a response.

113.    The allegations set forth in paragraph 113 of the complaint are not directed to Firestone and do not require a response.

114.    To the extent paragraph 114 is directed to Firestone, the allegations of paragraph 114 are denied.

115.    The allegations set forth in paragraph 115 of the complaint are not directed to Firestone and do not require a response.

116.    The allegations set forth in paragraph 116 of the complaint are not directed to Firestone and do not require a response.

117.    The allegations set forth in paragraph 117 of the complaint are not directed to Firestone and do not require a response.

## COUNT XII (Misnamed Count XI)

118.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the complaint as if fully set out herein.

119.    Firestone denies the material allegations contained in paragraph 119 to the extent they are directed at Firestone.

120.    Firestone denies that Plaintiffs or any of them are entitled to judgment against Firestone or damages of any kind against Firestone as requested in Plaintiffs' "Prayer for Relief."

121.    Except as admitted herein, the allegations against Firestone in the complaint are denied.

## ADDITIONAL DEFENSES

Firestone asserts the following additional defenses.  Discovery and investigation of this case is in the early stages, and Firestone reserves the right to amend this answer by adding, deleting or amending defenses as may be appropriate.  In further answer to plaintiffs' complaint, and by way of additional defenses, Firestone avers as follows:

## First Defense

The claims asserted in the complaint, separately and severally, fail to state a claim against Firestone upon which relief can be granted.

### Second Defense

Claims of plaintiffs are barred by the defense of product misuse.

### Third Defense

The injuries and damages claimed by plaintiffs resulted from an intervening or superseding cause(s), and any act or omission by Firestone was not the proximate cause of such alleged injuries.

### Fourth Defense

Claims of plaintiffs are barred by the defense of contributory negligence.

### Fifth Defense

Claims of plaintiffs are barred by the defense of assumption of the risk.

### Sixth Defense

If plaintiffs sustained injuries or damages as alleged, said injuries or damages were caused by the alteration, improper handling, or other misuse of products allegedly involved in the accident.

### Seventh Defense

The alleged injuries or damages of which plaintiffs complain were caused by conduct or events for which Firestone is not responsible and cannot be held liable.

### Eighth Defense

The alleged injuries and death and/or losses, if any, were caused by the actions or omissions of parties other than Firestone, over whom Firestone had no control, and any claims by the plaintiffs against Firestone are due to be denied.

### Ninth Defense

The wrongful death statute in Alabama, as applied by the courts of Alabama, is unconstitutional in that it authorizes the imposition of punitive damages in a negligence claim without requiring proof of culpability on the part of the defendant any greater than the negligence standard; hence, said statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

### Tenth Defense

The wrongful death statute, as applied by Alabama courts, is unconstitutional to the extent that it authorizes the imposition of punitive damages in a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") without requiring the proof of any culpability or wrongful conduct at all, and said statute, as applied, requires under AEMLD only the proof that the defendant sold a product under circumstances creating liability under AEMLD; hence, the wrongful death statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

### Eleventh Defense

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the imposition of punitive damages without proof of any threshold requirement of culpability; whereas, in personal injury cases, under the law of Alabama, punitive damages cannot be awarded without proof by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff; therefore, the wrongful death statute in Alabama, as applied, denies Firestone due process of law and equal protection of the law under the Constitution of Alabama and the United States Constitution.

### Twelfth Defense

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the jury to return a punitive damages verdict which is joint and several without allowing the jury to allocate or apportion the amount of punitive damages based on the degree of culpability of the respective defendants; therefore, the wrongful death statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

### Thirteenth Defense

Under the wrongful death statute of Alabama, as applied by the courts of Alabama, Plaintiff acts as a representative of the Legislature in maintaining a wrongful death action; thus, a suit under the wrongful death statute of Alabama constitutes state action, and the imposition of punitive damages under the wrongful death statute of Alabama, as applied, which

requires no proof of any threshold level of wrongful conduct and, as a result, constitutes the imposition of excessive fines and denies Firestone the protection of the prohibition against excessive fines guaranteed under the United States Constitution.

## Fourteenth Defense

Firestone denies it is guilty of conduct for which punitive damages could or should be awarded, and denies that plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Firestone.

## Fifteenth Defense

Plaintiffs cannot recover punitive damages against Firestone because such an award, which is penal in nature, and would violate Firestone's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Firestone is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## Sixteenth Defense

Subjecting Firestone to punitive damages, or affirming an award of punitive damages against Firestone in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama

Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    any award of punitive damages against Firestone under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)    use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)    any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)    the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Firestone's alleged wrongful or culpable conduct;

(g)    under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the

interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)    under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)    in the event that an award of punitive damages is entered in this case, such an award would be imposed regardless of the degree of culpability of Firestone, and such an award could result in a verdict against Firestone whereby punitive damages could be assessed against Firestone based in part upon culpability of another party, and such verdict could be enforced against Firestone regardless of defendant's culpability, or relative culpability;

(j)    should the Court require the award of punitive damages against Firestone, such an award would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k)    an award of punitive damages should not be permitted to be assessed against Firestone for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Firestone;

(l)    an award of punitive damages should not be permitted to be assessed against Firestone vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Firestone;

(m)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

22

(n)     under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(o)     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Firestone;

(p)     the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)     the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(r)     the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)     an award of punitive damages would constitute an arbitrary and capricious taking of property of Firestone without due process of law.

### Seventeenth Defense

Plaintiffs are not entitled to punitive damages from Firestone pursuant to the facts as alleged in plaintiffs' Complaint.

### Eighteenth Defense

The claims of the plaintiffs for punitive damages against Firestone are barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

**Nineteenth Defense**

Imposition of punitive damages in this case against Firestone would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

**Twentieth Defense**

To award punitive damages against Firestone in this case would have a chilling effect upon Firestone's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

**Twenty-First Defense**

In the event that any portion of a punitive damages award against Firestone in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than Plaintiff, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

**Twenty-Second Defense**

To award punitive damages against Firestone in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

**Twenty-Third Defense**

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Firestone is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

**Twenty-Fourth Defense**

Plaintiffs' claims for punitive damages violate the rights of Firestone to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)     The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Firestone;

(c)     The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)     The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)    This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)    The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

### Twenty-Fifth Defense

Plaintiffs' Complaint seeks to make Firestone liable for punitive damages. Firestone adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and its progeny.

### Twenty-Sixth Defense

The demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

### Twenty-Seventh Defense

The imposition of punitive damages sought by plaintiffs violates Firestone' rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a

jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    Firestone had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Firestone to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)    Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)    No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)     Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Firestone could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

### Twenty-Eighth Defense

The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

### Twenty-Ninth Defense

Insofar as the punitive damage award sought by plaintiffs seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) Firestone' rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states

within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

### Thirtieth Defense

Firestone asserts that plaintiffs' claims are barred in whole or in part by the statute of limitations.

### Thirty-First Defense

Firestone pleads improper venue and denies that venue is proper in Bullock County, Alabama.

### Thirty-Second Defense

Firestone denies that venue is convenient in Bullock County under Alabama law regarding forum non conveniens.

WHEREFORE, Firestone requests that judgment be entered in favor of Firestone and against plaintiffs and that Firestone be awarded the costs of this action and such other and further relief as may be appropriate.

_Hope T. Cannon STE147_
Hope T. Cannon
One of the Attorneys for Bridgestone Firestone
North American Tire, LLC

OF COUNSEL
Brittin T. Coleman
Kenneth M. Perry
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing pleading of Bridgestone Firestone North American Tire, LLC on:

Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland and Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P. O. Drawer 937
Hayneville, AL 36040-0937

Louis C. Rutland, Esq.
L. Cooper Rutland, Jr., Esq.
Rutland & Braswell, LLC
P.O. Box 551
Union Springs, AL 36089

Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins &
Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston &
Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

Tugoloo Sports Vans, Inc.
c/o William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

Phil Owens Used Cars, Inc.
c/o Phil Owens
P.O. Box 489
Lavonia, GA 30533

Maypole Chevrolet, Inc.
c/o Charles Maypole
Highway 17 South
Toccoa, GA 30577

O & M Motor Company
c/o Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

Temple Products of Indiana
4511 Pine Creek Road
Elkhart, IN 46516

TRW Automobile US, LLC
800 Heath Street
LaFayette, IN 47904-1863

Bendix Commercial Vehicle System,
LLC
901 Cleveland Street
Elyria, OH 44035

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this _____ day of November, 2005.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF BULLOCK COUNTY, **FILED IN OFFICE**
ALABAMA

**NOV 1 0 2005**

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., et al., | * | |
| | * | **CLERK-REGISTER, BULLOCK CO., ALA** |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. CV-05-111 |
| | * | |
| TEMPLE PRODUCTS OF INDIANA, | * | **ORAL ARGUMENT REQUESTED** |
| INC., et al., | * | |
| | * | |
| Defendants. | * | |

## MOTION TO DISMISS ON BEHALF OF
## DEFENDANT TEMPLE PRODUCTS OF INDIANA, INC.

Comes now the defendant, Temple Products of Indiana, Inc., and moves the Court to dismiss plaintiffs' complaint as to this defendant and as grounds therefore shows as follows:

1.      Plaintiffs allege in paragraph 14 of their complaint that this defendant has sufficient contacts with the State of Alabama to allow this Court to exercise jurisdiction over it, but make no allegations against this defendant anywhere in the complaint. Therefore, plaintiffs' complaint fails to state a claim upon which relief can be granted as to this defendant.

2.      The accident which forms the basis of plaintiffs' complaint is alleged in paragraph 34 of plaintiffs' complaint to have occurred on October 5, 2003. Since it has been more than two years since the date of the accident, the statute of limitations has expired as to this defendant.

*12-12-05*
*¶ has 10 days to*
*amend*
*Bf Cflet*

1

*11-21-05*
*Hrg set 12-12-05*
*9:30.*
*Bf Sflet*

3.    This defendant avers that the venue of this case in Bullock County is improper and that the venue should be in Butler County, which is where paragraph 34 of plaintiffs' complaint alleges the accident occurred.

4.    In the alternative, this defendant moves the Court for a change of venue on the grounds of forum non conveniens in that it would serve the convenience of the parties and witnesses and would be in the interest of justice to transfer this case to Butler County. This motion is made pursuant to § 6-3-21.1, Code of Alabama, 1975.

5.    This defendant avers that this Court does not have jurisdiction over the person of this defendant.

WHEREFORE, this defendant moves the Court to dismiss plaintiffs' complaint as to this defendant.

RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Temple Products
of Indiana, Inc.


OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 263-7195 (fax)


**THIS DEFENDANT DESIRES TO BE HEARD ON THE WITHIN MOTION.**

Of Counsel

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

> Blaine Stevens, Esq.
> Edward P. Kendall, Esq.
> Michael G. Strickland, Esq.
> Strickland & Kendall, L.L.C.
> P. O. Box 99
> Montgomery, AL 36101-0099
>
> Will R. Kelly, Esq.
> P. O. Drawer 937
> Hayneville, AL 36040-0937
>
> Louis C. Rutland, Esq.
> Rutland & Braswell
> P. O. Box 551
> Union Springs, AL 36089-0551
>
> Jay S. Tuley, Esq.
> Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
> P. O. Box 4128
> Montgomery, AL 36103-4128
>
> Brittin T. Coleman, Esq.
> Kenneth M. Perry, Esq.
> Bradley, Arant, Rose & White, LLP
> 1819 5th Avenue, North
> Birmingham, AL 35203

by placing a true copy of same in the United States mail, postage prepaid, this 9TH day of November, 2005.

_____
Of Counsel

3

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

NOV 0 9 2005

CLERK-REGISTER, BULLOCK CO., ALA

HARRISON JOHNSON, JR., as )
Administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of the )
Estate of Frank Ellis Johnson; )      CIVIL ACTION NO.: CV-05-111
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )

     Plaintiffs, )

v. )

BRIDGESTONE FIRESTONE NORTH )      ORAL ARGUMENT REQUESTED.
AMERICAN TIRE, LLC; GENERAL )
MOTORS CORPORATION; )
TUGALOO SPORTS VANS, INC.; )
PHIL OWENS USED CARS, INC.; )
MAYPOLE CHEVROLET, INC.; O&M )
MOTOR CO.; MAY BROTHERS, INC.; )
TEMPLE PRODUCTS OF INDIANA, )
INC.; TRW VEHICLE SAFETY )
SYSTEMS, INC. AND/OR TRW )
AUTOMOTIVE U.S., LLC; BENDIX )
COMMERCIAL VEHICLE SYSTEMS, )
LLC; et al., )
                          )

     Defendants.

## DEFENDANT MAYPOLE CHEVROLET, INC.'S MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS

COMES NOW the Georgia corporation, Maypole Chevrolet, Inc. (hereinafter "Maypole Chevrolet"), appearing specially and specifically without submitting to the jurisdiction of this Court, and respectfully requests this Court to dismiss Maypole Chevrolet as a party Defendant to this action on the grounds that this Court does not have personal jurisdiction over Defendant Maypole Chevrolet. Defendant Maypole Chevrolet further moves the Court to quash Plaintiffs' attempt to serve Maypole Chevrolet with a copy of the

11-21-05
Hrg. set 12-12-05
9:30

summons and complaint because the Court does not have jurisdiction over Maypole Chevrolet. Defendant Maypole Chevrolet sets forth the following grounds in support of this motion, to-wit:

1.      Defendant Maypole Chevrolet is a Georgia corporation that was incorporated in the State of Georgia on August 3, 1971. Maypole Chevrolet does not do business in the State of Alabama and does not have minimum contacts with the State of Alabama that subjects it to suit in the State of Alabama. See Rules 4.2(b) and 12(b)(2), *Alabama Rules of Civil Procedure*.

2.      Defendant Maypole Chevrolet adopts by reference the affidavit of Judd Worley, its General Manager, that proves that Maypole Chevrolet is not subject to suit in the State of Alabama, a copy of which is attached hereto as "Exhibit A."

3.      Due to this Court's lack of jurisdiction over Maypole Chevrolet, this Defendant was not subject to service of process pursuant to Rule 4 of the *Alabama Rules of Civil Procedure*, and the service of process attempted on Maypole Chevrolet is due to be quashed pursuant to Rule 12(b)(4) and (5) of the *Alabama Rules of Civil Procedure*.

4.      Defendant Maypole Chevrolet is due to be dismissed for lack of jurisdiction over the person pursuant to Rule 12(b)(2) of the *Alabama Rules of Civil Procedure*.

5.      Alternatively, the Complaint fails to state a cause of action against Defendant Maypole Chevrolet upon which relief may granted and the Complaint shows on its face that this Court does not have jurisdiction over Defendant Maypole Chevrolet.

5.      Alternatively, venue of this action is improper as to Defendant Maypole Chevrolet, and the case should be dismissed with leave for Plaintiff to file the action in the State of Georgia.

WHEREFORE, THESE PREMISES CONSIDERED, Defendant Maypole Chevrolet, specially appears before this Court, without submitting to the jurisdiction of this Court, and moves this Honorable Court to dismiss this action as to Defendant Maypole Chevrolet, Inc.

RESPECTFULLY SUBMITTED this the 8th day of November, 2005.

_____
ROGER S. MORROW (MOR032)
Attorney for Defendant Maypole Chevrolet, Inc.

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:  334-262-7707
Facsimile:   334-262-7742

ORAL ARGUMENT REQUESTED ON THIS MOTION.

_____
OF COUNSEL

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid, and via facsimile transmission, on this the 8th day of November , 2005.

Hon. Edward P. Kendall
Hon. Michael G. Strickland
Hon. Blaine C. Stevens
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)
**Attorney for Plaintiffs**

Hon. Louis C. Rutland
Hon. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 35089-0551
(Fax No.: 334-738-4774)
**Attorney for Defendant TRW Vehicle Safety Systems, Inc.**

Hon. Will R. Kelly
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)
**Attorney for Plaintiffs**

_____
OF COUNSEL

4

### IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| HARRISON JOHNSON, JR., as Administrator of the Estate of Harrison Johnson, Sr.; YVONNE JOHNSON, as Administratrix of the Estate of Frank Ellis Johnson; YVONNE JOHNSON, individually; JOI JOHNSON; FRANK ELLIS JOHNSON, II; and LIZZIE JOHNSON, | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: CV-05-111 |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| MAYPOLE CHEVROLET, INC.; et al., | ) ) ) |  |
| Defendants. | ) |  |

### <u>AFFIDAVIT OF JUDD WORLEY</u>

STATE OF GEORGIA        )
COUNTY OF STEPHENS    )

**BEFORE ME**, Connie Garrison, Notary Public in and for said county and state, personally appeared Judd Worley, General Manager of Maypole Chevrolet, Inc., who is known to me, and who, after first being duly sworn, did state as follows:

1.    My name is Judd Worley, and I am over the age of 21 years.  I am a resident of the State of Georgia, and I execute this affidavit for the purpose of filing in the above-styled lawsuit.

2.    I base this affidavit on my personal review and examination of the corporate and business records of Maypole Chevrolet, Inc. (hereinafter sometimes referred to "Maypole Chevrolet"), and based on my knowledge of the business practices and history of Maypole Chevrolet.  I am the General Manager of Maypole Chevrolet,



Inc., and I am custodian of dealership records. I have been employed by Maypole Chevrolet for a total of approximately six (6) years, with a gap in employment from 2000 to 2002. I am authorized to sign this affidavit on behalf of Maypole Chevrolet. I have personal knowledge of the facts contained in this affidavit based on my examination of the business records of Maypole Chevrolet, on my examination of certain title records from the Alabama Department of Revenue, Motor Vehicle Division, and because I am General Manager of Maypole Chevrolet.

3.    Attached to this Affidavit as "Exhibit 1" is a true and correct copy of the title history and title for a 1985 Chevrolet CG21305 GM Van, VIN: 1GBEG25H5F7177613, as maintained by the Alabama Department of Revenue, Motor Vehicle Division. According to the title history and records maintained by the Alabama Department of Revenue, Motor Vehicle Division, ownership of the 1985 Chevrolet CG21305 GM Van, VIN: 1GBEG25H5F7177613, was conveyed to Defendant Maypole Chevrolet by General Motors Corporation in the State of Georgia by "Certificate of Origin" on or about May 2, 1985. The title documents further indicate that ownership of the GM Van and "Certificate of Origin" was conveyed to Phil Owen's Used Cars on or about May 8, 2005, in the State of Georgia, and the vehicle had an odometer reading of 3 miles. The complete title history of the vehicle, including subsequent ownership transfers, is attached hereto as "Exhibit 1."

4.    I have made a due and diligent search of the records of Maypole Chevrolet, and Maypole Chevrolet does not have any records evidencing or relating to the sale or service of the before described 1985 Chevrolet Van, VIN:

1GBEG25H5F7177613, at issue in this case.    The normal and customary records retention policy of Maypole Chevrolet requires the retention of sales and service records pertaining to vehicles for a period of seven (7) years, after which sales and service records are routinely destroyed.  The sale of the 1985 GM Van in question by Maypole Chevrolet occurred more than 20 years ago, and any records that may have been in the possession of Maypole Chevrolet concerning the sale of the GM Van in question were destroyed pursuant to the usual and customary record retention policy of Maypole Chevrolet.  However, the Alabama title history clearly shows that any sale of the vehicle took place in the State of Georgia and not in the State of Alabama.   Furthermore, Maypole Chevrolet never sold the van to Harrison Johnson, Jr., Harrison Johnson, Sr., Yvonne Johnson, Frank Ellis Johnson, II, Lizzie Johnson or any other Plaintiff named in the above-referenced lawsuit.

5.    Maypole Chevrolet is a Georgia corporation with its principal and sole place of business in the State of Georgia.  Maypole Chevrolet is not incorporated in and does not have its principal place of business in the State of Alabama.   Maypole Chevrolet, Inc., has never been registered to do business in the State of Alabama, and the dealership does not do business in the State of Alabama.  A copy Maypole Chevrolet, Inc.'s Certificate of Incorporation from the office of the Secretary of State of the State of Georgia is attached hereto as "Exhibit 2."

6.    As stated above, Maypole Chevrolet is a Georgia corporation with its principal and sole place of business located in Toccoa, Georgia, which is very near South Carolina's border with Georgia.  Maypole Chevrolet is not incorporated in the

3

State of Alabama. Maypole Chevrolet has never sold vehicles or otherwise transacted business in the State of Alabama. Maypole Chevrolet has never engaged in supplying services or goods in the State of Alabama. Maypole Chevrolet has never done business in, or solicited business in the State of Alabama. Maypole Chevrolet does not advertise its goods or services in the State of Alabama or engage in any other activity of any nature whatsoever in the State of Alabama. Maypole Chevrolet does not own any real or personal property located in the State of Alabama. Maypole Chevrolet has never been registered to do business or authorized to do business in the State of Alabama. Maypole Chevrolet does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama. Maypole Chevrolet does not derive substantial revenue from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama. Maypole Chevrolet has never maintained an office or agents in the State of Alabama.

7.    Maypole Chevrolet did not sell the 1985 GM Van at issue in this case in the State of Alabama, and it has never made any repairs or performed any service related to said van in the State of Alabama because it has never maintained a location, employees or agents in the State of Alabama. All witnesses who Maypole Chevrolet would expect to call at a trial of this action reside in the State of Georgia.

8.    The GM vehicle which is the subject of the above-styled lawsuit was manufactured outside the State of Alabama and traveled in interstate commerce prior to the sale by Maypole Chevrolet. The vehicle was manufactured by General Motors Corporation, and the vehicle was subsequently shipped to the State of Georgia as

4

shown by "Exhibit 1."

9.    I have read the above and foregoing affidavit of five (4) pages, including the signature page, and I certify that the facts contained herein are true and correct based on my personal knowledge, my personal examination and review of the business records of Maypole Chevrolet, Inc., and my personal examination and review of the attached title records from the Alabama Department of Revenue, Motor Vehicle Division.

Further Affiant saith not.

_____
JUDD WORLEY, General Manager of Maypole
Chevrolet, Inc.

**STATE OF GEORGIA      )**
**COUNTY OF STEPHENS  )**

Sworn to and subscribed to before me this the _7th_ day of __November__, 2005.

_____
Notary Public
My Commission Expires: MY COMMISSION EXPIRES 4/17/06

(SEAL)

# ALABAMA DEPARTMENT OF REVENUE

## 05994413

**6667127**

TITLE NUMBER

MOTOR VEHICLE & LICENSE DIVISION — TITLE SECTION
PO BOX 1331
MONTGOMERY ALABAMA 36102

APPLICATION
NUMBER

APPLICATION
MVT 8-1
R 8-78

### VEHICLE INFORMATION

| TYPE TRANSACTION | | TRANS CODE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|
| 01-FIRST TITLE     04-FILING OF LIEN<br>02-REPLACEMENT TITLE  05-RELEASE OF LIEN<br>03-TITLE TRANSFER  06-CORRECTION | | 01 | 1GBEG25H5F7177613 |

| MAKE | YR MODEL | MODEL | BODY TYPE | PREVIOUS ALABAMA TITLE NUMBER |
|---|---|---|---|---|
| Chevrolet | 1985 | C-20 | Van | |

| CYLINDERS | NEW | USED | DEMO | DATE OF PURCHASE | NO LIENS | COLOR | ODOMETER READING |
|---|---|---|---|---|---|---|---|
| 8 | x | | | 6/3/85 | 1 | | 121 |

### OWNER INFORMATION

NAME • Frank E. Johnson
MAILING ADDRESS • 3213 South Perry St.
CITY • Montgomery      STATE  Al.      ZIP  36105

ALABAMA RESIDENT ADDRESS IF DIFFERENT FROM ABOVE.
•                                                   COUNTY _____
•

### LIENHOLDER INFORMATION

FIRST LIENHOLDER

FELONY OFFENSE FOR FAILURE TO NAME LIENHOLDER WITH INTENT TO DEFRAUD.

LIEN DATE ➞ 6/3/85

NAME • Maxwell Gunter Credit Union
ADDRESS • 400 Eastdale CS 17930
CITY • Montgomery      STATE  Al.      ZIP 36193

SECOND LIENHOLDER

LIEN DATE ➞ [          ]

NAME •
ADDRESS •
CITY •                STATE                 ZIP

### OTHER INFORMATION

NAME OF SELLER

NAME • O & M Motor Co.
ADDRESS • 1433 Manchester Exp.
CITY • Columbus, Ga.      STATE      ZIP 31904

I, THE UNDERSIGNED, CERTIFY THAT THE VEHICLE DESCRIBED ABOVE IS OWNED BY ME AND I HEREBY MAKE APPLICATION FOR A CERTIFICATE OF TITLE FOR SAID MOTOR VEHICLE AND THIS VEHICLE WILL NOT BE THE SUBJECT OF LIEN PRIOR TO RECEIPT OF TITLE UNLESS INDICATED ABOVE. I FURTHER CERTIFY THAT ALL INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF

OWNER'S SIGNATURE(S) Frank Johnson
(PERSONALLY SIGNED BY EACH OWNER (IN INK) OR AUTHORIZED REPRESENTATIVE OF FIRM)

I HEREBY CERTIFY THAT THE ABOVE DESCRIBED VEHICLE HAS BEEN PHYSICALLY INSPECTED BY ME AND THAT THE V.I.N. AND DESCRIPTIVE DATA SHOWN ON THIS APPLICATION ARE CORRECT AND FURTHER, I IDENTIFIED THE PERSON SIGNING THE APPLICATION AND WITNESSED HIS SIGNATURE

Trust Co. Bank of Cols NA
DESIGNATED AGENT        BY _____ AUTHORIZED SIGNATURE

DESIGNATED AGENT NO  68-14-01      DATE 6-5-   19 85

## APPLICATION FOR CERTIFICATE OF TITLE

APPROVED BY #26

RECEIVED

JUL 01 2005

Department of Revenue
Office Services Division
Rule Section 6

## CERTIFICATE OF ORIGIN FOR A VEHICLE



DATE
**05/02/85**

VEHICLE IDENTIFICATION NO.
**1GBEG25H5F7177613**

YEAR
**1985**

INVOICE NO.
**1A018377241**

MAKE
**CHEVROLET**

BODY TYPE
**CHEVY VAN**

SHIPPING WEIGHT
**4119**

H P (S A E )
**44.6**

G.V.W.R
**6600**

NO. CYLS
**08**

SERIES OR MODEL
**CG21305**

N.T.R.
**3/4 TON**

S.D.C.W.
**2373**

CAPACITY
**N/A**

M.P.(J245)
**160**

I the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER ETC

**MAYPOLE CHEVROLET, INC.**
**HWY 17 SOUTH PO BX 1223**
**TOCCOA   GA   30577-1223**

It is further certified that this was the first transfer of such new motor vehicle in ordinary trade and commerce.

**CHEVROLET MOTOR DIVISION,**
**GENERAL MOTORS CORPORATION**

G65058177

**02538**

BY .................................................
(SIGNATURE OF AUTHORIZED REPRESENTATIVE)

**30007 VAN DYKE, WARREN, MI 48090**
CITY · STATE

GM521 REV. 6-76-1

FOR VALUE RECEIVED, I THE UNDERSIGNED, TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO

NAME OF PURCHASER(S) **PHIL OWENS USED CARS**

ADDRESS **P. O. BOX 469 LAVONIA GA 30553**

AND CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF UNDER PENALTY OF LAW THAT THE VEHICLE IS NEW AND HAS NOT BEEN REGISTERED IN THIS OR ANY STATE AND AT THE TIME OF DELIVERY THE VEHICLE WAS SUBJECT TO THE FOLLOWING SECURITY INTERESTS AND NONE OTHER AND WARRANT TITLE TO THE VEHICLE

FEDERAL REGULATIONS REQUIRE YOU TO STATE THE ODOMETER MILEAGE UPON TRANSFER OF OWNERSHIP

I certify to the best of my knowledge that the odometer reading is _____ and reflects the actual mileage of the vehicle unless one of the following statements is checked ☐ 1 The amount of mileage stated is in excess of 99,999 or ☐ 2 The odometer reading is not the actual mileage

| AMOUNT OF LIEN | DATE OF LIEN | KIND OF LIEN | IN FAVOR OF |
|---|---|---|---|

LIENHOLDER'S ADDRESS DEALER **MAYPOLE CHEVROLET, INC. 205** _CMaxwell_ **DEALER**

Name of Dealership   Dealer's License No   Authorized Signature of Dealer   Title or Position

State of **GA**

County of **STEPHENS**

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before me this

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

MY COMMISSION EXPIRES MAR. 31, 1985

---

FOR VALUE RECEIVED, I THE UNDERSIGNED, TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO

NAME OF PURCHASER(S) **O & M Motor Co.**

ADDRESS **1433 Manchester Exp., Columbus, Ga. 31904**

AND CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF UNDER PENALTY OF LAW THAT THE VEHICLE IS NEW AND HAS NOT BEEN REGISTERED IN THIS OR ANY STATE AND AT THE TIME OF DELIVERY THE VEHICLE WAS SUBJECT TO THE FOLLOWING SECURITY INTERESTS AND NONE OTHER AND WARRANT TITLE TO THE VEHICLE

FEDERAL REGULATIONS REQUIRE YOU TO STATE THE ODOMETER MILEAGE UPON TRANSFER OF OWNERSHIP

I certify to the best of my knowledge that the odometer reading is _____ and reflects the actual mileage of the vehicle unless one of the following statements is checked ☐ 1 The amount of mileage stated is in excess of 99,999 or ☐ 2 The odometer reading is not the actual mileage

| AMOUNT OF LIEN | DATE OF LIEN | KIND OF LIEN | IN FAVOR OF |
|---|---|---|---|

LIENHOLDER'S ADDRESS DEALER **Phil Owens U/C**   **3Y**   BY _____   **Pres.**

Name of Dealership   Dealer's License No   Authorized Signature of Dealer   Title or Position

State of **Ga.**

County of **Franklin**

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before me this **May** 19 **85**   Notary Public   Notary Seal

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

---

FOR VALUE RECEIVED, I THE UNDERSIGNED, TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO

NAME OF PURCHASER(S) **Frank E. Johnson**

ADDRESS **3213 South Perry St., Montgomery, Al. 36105**

AND CERTIFY TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF UNDER PENALTY OF LAW THAT THE VEHICLE IS NEW AND HAS NOT BEEN REGISTERED IN THIS OR ANY STATE AND AT THE TIME OF DELIVERY THE VEHICLE WAS SUBJECT TO THE FOLLOWING SECURITY INTERESTS AND NONE OTHER AND WARRANT TITLE TO THE VEHICLE

FEDERAL REGULATIONS REQUIRE YOU TO STATE THE ODOMETER MILEAGE UPON TRANSFER OF OWNERSHIP   **RECEIVED**

I certify to the best of my knowledge that the odometer reading is _____ and reflects the actual mileage of the vehicle unless one of the following statements is checked ☐ 1 The amount of mileage stated is in excess of 99,999 or ☐ 2 The odometer reading is not the actual mileage

**JUL 01 1985**

| AMOUNT OF LIEN | DATE OF LIEN | KIND OF LIEN | IN FAVOR OF |
|---|---|---|---|

LIENHOLDER'S ADDRESS DEALER **O & M Motor Co. 7128**   BY _____   **Mgr.**

Name of Dealership   Dealer's License No   Authorized Signature of Dealer   Title or Position

State of **Ga.**

County of **Muscogee**

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before me this **June** __ 85   Notary Public   Notary Seal

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION



**SECRETARY OF STATE**
*Cathy Cox*

. . . *advancing the e-government revolution*

▸ **HOME**  ▸ **CONTACT**  ▸ **SEARCH**
▸ **ARCHIVES**
▸ **CORPORATIONS**
▸ **ELECTIONS**
▸ **PROFESSIONAL LICENSURE**
▸ **SECURITIES**
▸ **STATE CAPITOL**

**Search Results**
Information current as of 11/4/2005
Records 1 - 2 of 2 Total Records Found

*Click here for an explanation of terms*

---

**MAYPOLE CHEVROLET, INC. (DOMESTIC PROFIT)**
**PO BOX 1223**
**TOCCOA, GA 30577**

*Officers*

| Control # | Status | | Filing Date | Last AR Paid | Jurisdiction |
|---|---|---|---|---|---|
| J510251 | ACTIVE/COMPLIANCE | | 08/03/1971 | 01/20/2005 | GEORGIA |

| Registered Agent | Agent Address | | | Agent County |
|---|---|---|---|---|
| MAYPOLE, CHARLES G. | HWY 17 SOUTH | | TOCCOA, GA 30577 | STEPHENS |

---

**MAYPOLE CHEVROLET, INC. (DOMESTIC PROFIT)**
**PO BOX 1223**
**TOCCOA, GA 30577**

*Officers*

| Control # | Status | | Filing Date | Last AR Paid | Jurisdiction |
|---|---|---|---|---|---|
| J204572 | DISS/CANCEL/TERMINAT | | 09/19/1975 | | GEORGIA |

| Registered Agent | Agent Address | | | Agent County |
|---|---|---|---|---|
| MAYPOLE, CHARLES G. | HIGHWAY 17 SOUTH | | TOCCOA, GA 30577 | NOT ON FILE |

---

**New Search**

EXHIBIT
2



## SECRETARY OF STATE
### Cathy Cox
. . . *advancing the e-government revolution*

▸ HOME  ▸ CONTACT  ▸ SEARCH
▸ ARCHIVES
▸ CORPORATIONS
▸ ELECTIONS
▸ PROFESSIONAL LICENSURE
▸ SECURITIES
▸ STATE CAPITOL

**Search Results**

**MAYPOLE CHEVROLET, INC.**
**Corporate Officers**

| Title | Name | Address |
|---|---|---|
| CHIEF EXECUTIVE OFFICER | MAYPOLE, CHARLES G. | P O BOX 70 LAKEMONT, GEORGIA 30552 |
| CHIEF FINANCIAL OFFICER | MAYPOLE JOHN F | 55 SANDY HOOK RD NORTH SARASOTA, FLORIDA 34242 |
| SECRETARY | WORLEY JUDD M | 96 VICTORIA LN LAVONIA, GEORGIA 30553 |

IN THE CIRCUIT COURT FOR BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

NOV 0 8 2005

CLERK-REGISTER, BULLOCK CO., ALA

HARRISON JOHNSON, JR., et al.,      *
                                    *
        Plaintiffs,                 *
                                    *
vs.                                 *      Case Number: CV-2005-111
                                    *
MAYS BROTHERS, INC., et al.,        *
                                    *
        Defendants.                 *

## ANSWER

COMES NOW, the Defendant, Mays Brothers, Inc., by and through counsel, and in response to the Plaintiff's Complaint, the Defendant would state as follows:

1.      Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 1 of the Plaintiffs' Complaint, therefore, they are deemed denied.

2.      Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 2 of the Plaintiffs' Complaint, therefore, they are deemed denied.

3.      Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 3 of the Plaintiffs' Complaint, therefore, they are deemed denied.

4.      Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 4 of the Plaintiffs' Complaint, therefore, they are deemed denied.

5.    Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 5 of the Plaintiffs' Complaint, therefore, they are deemed denied.

6.    Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 6 of the Plaintiffs' Complaint, therefore, they are deemed denied.

7.    Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 7 of the Plaintiffs' Complaint, therefore, they are deemed denied.

8.    Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 8 of the Plaintiffs' Complaint, therefore, they are deemed denied.

9.    Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 9 of the Plaintiffs' Complaint, therefore, they are deemed denied.

10.    Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 10 of the Plaintiffs' Complaint, therefore, they are deemed denied.

11.    Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 11 of the Plaintiffs' Complaint, therefore, they are deemed denied.

12.   Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 12 of the Plaintiffs' Complaint, therefore, they are deemed denied.

13.   Admitted.

14.   Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 14 of the Plaintiffs' Complaint, therefore, they are deemed denied.

16.   Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 16 of the Plaintiffs' Complaint, therefore, they are deemed denied.

17.   Defendant is without sufficient information to either admit or deny the allegations contained within paragraph 17 of the Plaintiffs' Complaint, therefore, they are deemed denied.

18.   As to paragraph 18 of the Plaintiffs' Complaint, no answer is required of this Defendant.

19.   As to paragraph 19 of the Plaintiffs' Complaint, no answer is required of this Defendant.

20.   As to paragraph 20 of the Plaintiffs' Complaint, no answer is required of this Defendant.

21.   As to paragraph 21 of the Plaintiffs' Complaint, no answer is required of this Defendant.

22.     As to paragraph 22 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

23.     As to paragraph 23 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

24.     As to paragraph 24 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

25.     As to paragraph 25 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

26.     As to paragraph 26 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

27.     As to paragraph 27 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

28.     As to paragraph 28 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

29.     As to paragraph 29 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

30.     As to paragraph 30 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

31.     As to paragraph 31 of the Plaintiffs' Complaint, no answer is required of this
        Defendant.

32.     As to paragraph 32 of the Plaintiffs' Complaint, no answer is required of this

Defendant.

33.    As to paragraph 33 of the Plaintiffs' Complaint, no answer is required of this Defendant.

34.    Defendant denies each and every allegation contained within paragraph 34 of the Plaintiffs' Complaint and demands strict proof thereof.

35.    Defendant denies each and every allegation contained within paragraph 35 of the Plaintiffs' Complaint and demands strict proof thereof.

36.    Defendant denies each and every allegation contained within paragraph 36 of the Plaintiffs' Complaint and demands strict proof thereof.

37.    Defendant denies each and every allegation contained within paragraph 37 of the Plaintiffs' Complaint and demands strict proof thereof.

38.    Defendant denies each and every allegation contained within paragraph 38 of the Plaintiffs' Complaint and demands strict proof thereof.

39.    Defendant denies each and every allegation contained within paragraph 39 of the Plaintiffs' Complaint and demands strict proof thereof.

40.    Defendant denies each and every allegation contained within paragraph 40 of the Plaintiffs' Complaint and demands strict proof thereof.

41.    Defendant denies each and every allegation contained within paragraph 41 of the Plaintiffs' Complaint and demands strict proof thereof.

42.    Defendant denies each and every allegation contained within paragraph 42 of the Plaintiffs' Complaint and demands strict proof thereof.

43.    Defendant denies each and every allegation contained within paragraph 43 of the Plaintiffs' Complaint and demands strict proof thereof.

44.    Defendant denies each and every allegation contained within paragraph 44 of the Plaintiffs' Complaint and demands strict proof thereof.

45.    Defendant denies each and every allegation contained within paragraph 45 of the Plaintiffs' Complaint and demands strict proof thereof.

46.    Defendant denies each and every allegation contained within paragraph 46 of the Plaintiffs' Complaint and demands strict proof thereof.

47.    Defendant denies each and every allegation contained within paragraph 47 of the Plaintiffs' Complaint and demands strict proof thereof.

48.    Defendant denies each and every allegation contained within paragraph 48 of the Plaintiffs' Complaint and demands strict proof thereof.

49.    Defendant denies each and every allegation contained within paragraph 49 of the Plaintiffs' Complaint and demands strict proof thereof.

50.    Defendant denies each and every allegation contained within paragraph 50 of the Plaintiffs' Complaint and demands strict proof thereof.

51.    Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

52.    Defendant denies each and every allegation contained within paragraph 52 of the Plaintiffs' Complaint and demands strict proof thereof.

53.    Defendant denies each and every allegation contained within paragraph 53 of the Plaintiffs' Complaint and demands strict proof thereof.

54.     Defendant denies each and every allegation contained within paragraph 54 of the Plaintiffs' Complaint and demands strict proof thereof.

55.     Defendant denies each and every allegation contained within paragraph 55 of the Plaintiffs' Complaint and demands strict proof thereof.

56.     Defendant denies each and every allegation contained within paragraph 56 of the Plaintiffs' Complaint and demands strict proof thereof.

57.     Defendant denies each and every allegation contained within paragraph 57 of the Plaintiffs' Complaint and demands strict proof thereof.

58.     Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

59.     Defendant denies each and every allegation contained within paragraph 59 of the Plaintiffs' Complaint and demands strict proof thereof.

60.     Defendant denies each and every allegation contained within paragraph 60 of the Plaintiffs' Complaint and demands strict proof thereof.

61.     Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

62.     Defendant denies each and every allegation contained within paragraph 62 of the Plaintiffs' Complaint and demands strict proof thereof.

63.     Defendant denies each and every allegation contained within paragraph 63 of the Plaintiffs' Complaint and demands strict proof thereof.

64.     Defendant denies each and every allegation contained within paragraph 64 of the Plaintiffs' Complaint and demands strict proof thereof.

65.     Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

66.  Defendant denies each and every allegation contained within paragraph 66 of the Plaintiffs' Complaint and demands strict proof thereof.

67.  Defendant denies each and every allegation contained within paragraph 67 of the Plaintiffs' Complaint and demands strict proof thereof.

68.  Defendant denies each and every allegation contained within paragraph 68 of the Plaintiffs' Complaint and demands strict proof thereof.

69.  Defendant denies each and every allegation contained within paragraph 69 of the Plaintiffs' Complaint and demands strict proof thereof.

70.  Defendant denies each and every allegation contained within paragraph 70 of the Plaintiffs' Complaint and demands strict proof thereof.

71.  Defendant denies each and every allegation contained within paragraph 71 of the Plaintiffs' Complaint and demands strict proof thereof.

72.  Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

73.  Defendant denies each and every allegation contained within paragraph 73 of the Plaintiffs' Complaint and demands strict proof thereof.

74.  Defendant denies each and every allegation contained within paragraph 74 of the Plaintiffs' Complaint and demands strict proof thereof.

75.  Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

76.  Defendant denies each and every allegation contained within paragraph 76 of the Plaintiffs' Complaint and demands strict proof thereof.

77.  Defendant denies each and every allegation contained within paragraph 77 of the

Plaintiffs' Complaint and demands strict proof thereof.

78.    Defendant denies each and every allegation contained within paragraph 78 of the Plaintiffs' Complaint and demands strict proof thereof.

79.    Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

80.    Defendant denies each and every allegation contained within paragraph 80 of the Plaintiffs' Complaint and demands strict proof thereof.

81.    Defendant denies each and every allegation contained within paragraph 81 of the Plaintiffs' Complaint and demands strict proof thereof.

81(sic)Defendant denies each and every allegation contained within paragraph 81(sic) of the Plaintiffs' Complaint and demands strict proof thereof.

82.    Defendant denies each and every allegation contained within paragraph 82 of the Plaintiffs' Complaint and demands strict proof thereof.

83.    Defendant denies each and every allegation contained within paragraph 83 of the Plaintiffs' Complaint and demands strict proof thereof.

84.    Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

85.    Defendant denies each and every allegation contained within paragraph 85 of the Plaintiffs' Complaint and demands strict proof thereof.

86.    Defendant denies each and every allegation contained within paragraph 86 of the Plaintiffs' Complaint and demands strict proof thereof.

87.    Defendant denies each and every allegation contained within paragraph 87 of the Plaintiffs' Complaint and demands strict proof thereof.

88.    Defendant denies each and every allegation contained within paragraph 88 of the Plaintiffs' Complaint and demands strict proof thereof.

89.    Defendant denies each and every allegation contained within paragraph 89 of the Plaintiffs' Complaint and demands strict proof thereof.

90.    Defendant denies each and every allegation contained within paragraph 90 of the Plaintiffs' Complaint and demands strict proof thereof.

91.    Defendant denies each and every allegation contained within paragraph 91 of the Plaintiffs' Complaint and demands strict proof thereof.

92.    Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

93.    Defendant denies each and every allegation contained within paragraph 93 of the Plaintiffs' Complaint and demands strict proof thereof.

94.    Defendant denies each and every allegation contained within paragraph 94 of the Plaintiffs' Complaint and demands strict proof thereof.

95.    Defendant denies each and every allegation contained within paragraph 95 of the Plaintiffs' Complaint and demands strict proof thereof.

96.    Defendant denies each and every allegation contained within paragraph 96 of the Plaintiffs' Complaint and demands strict proof thereof.

97.    Defendant denies each and every allegation contained within paragraph 97 of the Plaintiffs' Complaint and demands strict proof thereof.

98.    Defendant denies each and every allegation contained within paragraph 98 of the Plaintiffs' Complaint and demands strict proof thereof.

99. Defendant denies each and every allegation contained within paragraph 99 of the Plaintiffs' Complaint and demands strict proof thereof.

100. Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

101. Defendant denies each and every allegation contained within paragraph 101 of the Plaintiffs' Complaint and demands strict proof thereof.

102. Defendant denies each and every allegation contained within paragraph 102 of the Plaintiffs' Complaint and demands strict proof thereof.

103. Defendant denies each and every allegation contained within paragraph 103 of the Plaintiffs' Complaint and demands strict proof thereof.

104. Defendant denies each and every allegation contained within paragraph 104 of the Plaintiffs' Complaint and demands strict proof thereof.

105. Defendant denies each and every allegation contained within paragraph 105 of the Plaintiffs' Complaint and demands strict proof thereof.

106. Defendant denies each and every allegation contained within paragraph 106 of the Plaintiffs' Complaint and demands strict proof thereof.

107. Defendant denies each and every allegation contained within paragraph 107 of the Plaintiffs' Complaint and demands strict proof thereof.

108. Defendant denies each and every allegation contained within paragraph 108 of the Plaintiffs' Complaint and demands strict proof thereof.

109. Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

110. Defendant denies each and every allegation contained within paragraph 110 of the

Plaintiffs' Complaint and demands strict proof thereof.

111. Defendant denies each and every allegation contained within paragraph 111 of the Plaintiffs' Complaint and demands strict proof thereof.

112. Defendant denies each and every allegation contained within paragraph 112 of the Plaintiffs' Complaint and demands strict proof thereof.

113. Defendant denies each and every allegation contained within paragraph 113 of the Plaintiffs' Complaint and demands strict proof thereof.

114. Defendant denies each and every allegation contained within paragraph 114 of the Plaintiffs' Complaint and demands strict proof thereof.

115. Defendant denies each and every allegation contained within paragraph 115 of the Plaintiffs' Complaint and demands strict proof thereof.

116. Defendant denies each and every allegation contained within paragraph 116 of the Plaintiffs' Complaint and demands strict proof thereof.

117. Defendant denies each and every allegation contained within paragraph 117 of the Plaintiffs' Complaint and demands strict proof thereof.

118. Defendant adopts and incorporates all prior paragraphs as if fully set out herein.

119. Defendant denies each and every allegation contained within paragraph 119 of the Plaintiffs' Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Defendant pleads lack of venue.

2. Defendant pleads lack of jurisdiction.

3.    Defendant pleads the statute of limitations.

4.    Defendant pleads the general issue.

5.    Defendant pleads the Plaintiffs' Complaint fails to state a claim upon which relief can

be granted.

6.    Defendant pleads the causal relations defense.

7.    Defendant pleads the affirmative defense of contributory negligence.

8.    Defendant pleads the affirmative defense of misuse.

9.    Defendant avers that the Plaintiffs assumed the risk of injury and, thus, Plaintiffs are

not entitled to recover from this Defendant.

10.    Defendant pleads lack of causation for the injuries claimed by Plaintiffs.

11.    Defendant pleads that the Plaintiffs' alleged injuries were proximately caused by

intervening and/or superceding facts, fault and/or negligence of persons, parties, or

entities over whom this Defendant had no control and for which it bears no

responsibility.  Plaintiffs are, therefore, barred from recovery herein against this

Defendant.

12.    Defendant pleads that the Plaintiffs' damages are speculative, contingent, not within

the contemplation of the parties, not recoverable as a matter of law.

13.    Defendant pleads that any alleged defects, if present, were not proximately caused by

this Defendant and, thus, Plaintiffs are barred from recovery herein against this

Defendant.

14.    Defendant pleads a lack of notice or knowledge of any alleged dangers or defects and,

thus, Plaintiffs are barred from recovery herein against this Defendant.

15. Defendant pleads that the Plaintiffs had unclean hands and are barred from recovery herein against this Defendant.

16. Defendant avers that the Plaintiffs and/or third parties unrelated to this Defendant proximately caused or contributed to the injuries or damages claimed by Plaintiffs and, therefore, Plaintiffs are barred from recovery herein against this Defendant.

17. Defendant avers that the Plaintiffs and/or third parties unrelated to this Defendant materially altered and/or modified the subject product with said alterations and/or modifications proximately resulting in the claimed damages.

18. Defendant denies that it owed a duty to the Plaintiffs and further denies that it breached any said duty and, thus, Plaintiffs are barred from recovery herein against this Defendant.

19. Defendant avers that the Plaintiffs and/or third parties unrelated to this Defendant misused the subject product of the Plaintiffs' claim and, thus, this accident is barred as to this Defendant.

20. Defendant denies that the subject product was in a defective condition, denies that it was unreasonably dangerous, and demands strict proof thereof.

## PUNITIVE DAMAGE DEFENSES

1. The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

2.    The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.    it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c.    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

e.    the award of punitive damages in this case constitutes a deprivation of property without due process of law.

3.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

4.    The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of the contracts in violation of Article I, Section 22 of the Constitution of Alabama.

5.    The award of punitive damages to Plaintiff in this action violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama and Due Process

Clause of the Fourteenth Amendment of the United States Constitution in that Defendant was not given any notice pursuant to Plaintiff's Complaint, as amended, that Plaintiff would request an award of punitive damages pursuant to the counts for fraud, deceit, and tortuous interference with contract which are submitted to the jury.

6.    The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

7.    The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

8.    The imposition of punitive damages in this case for allege misconduct already redressed through the legal system would violate the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

9.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

10.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and

subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

11.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not proved a meaningful constraint on the discretion of juries to impose punishment.

12.    The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13.    The imposition of punitive damages in this case based on the out-of-state and financial status of defendant would violate the Commerce Clause, the equal protection guarantee, and the Privileges and Immunities Clause of the United States Constitution.

14.    The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

15.    The imposition of punitive damages in this case pursuant to Alabama law to punish defendant for conduct that occurred outside of Alabama would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

Jay S. Tuley (TUL006)
Counsel for Defendant Mays Brothers, Inc.

OF COUNSEL:
Nix Holtsford Gilliland
        Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103
334-215-8585

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served upon:

Edward P. Kendall                          Will R. Kelly
Michael G. Strickland                      Post Office Box 937
Blaine C. Stevens                          Hayneville, Alabama 36040-0937
STRICKLAND AND KENDELL, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, Alabama 36101-0099

either by personal delivery or by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this the ___7ᵗ⁴___ day of November, 2005.

OF COUNSEL

IN THE CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA

NOV 0 9 2005

CLERK REGISTER, BULLOCK CO., ALA.

HARRISON JOHNSON, JR., as Administrator )
of the Estate of Harrison Johnson, Sr.; )
YVONNE JOHNSON, as Administratrix of )        CIVIL ACTION NO. CV-05-111
Estate of Frank Ellis Johnson, YVONNE )
JOHNSON, individually; JOI JOHNSON; )
FRANK ELLIS JOHNSON, II; and LIZZIE )
JOHNSON; )                                      **JURY DEMANDED**
                                            )
            Plaintiff, )
                                            )
v. )

BRIDGESTONE FIRESTONE NORTH
AMERICAN TIRE, LLC; GENERAL
MOTORS CORPORATION, ET AL.;

            Defendants.

## ORIGINAL ANSWER OF DEFENDANTS TRW AUTOMOTIVE US LLC (AS ASSIGNEE OF THE FORMER TRW INC. N/K/A NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORP.) AND TRW VEHICLE SAFETY SYSTEMS INC.

Defendants TRW Automotive US LLC (as Assignee of the former TRW Inc. n/k/a

Northrop Grumman Space & Mission Systems Corp.) and TRW Vehicle Safety Systems Inc.

(collectively "TRW"), for its Answer to Plaintiffs' Complaint, state as follows:

### TRW'S ADMISSIONS AND DENIALS

1.      TRW is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.      TRW is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

2

13.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.    TRW admits TRW Automotive US LLC is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Livonia, Michigan. TRW admits TRW Vehicle Safety Systems Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Washington, Michigan.

17.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

3

22.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

4

32. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

310070933v1

42.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.    The allegations in Paragraph 51 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

52.    The allegations in Paragraph 52 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

53.    The allegations in Paragraph 53 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

54.    The allegations in Paragraph 54 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

55.    The allegations in Paragraph 55 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

56.    The allegations in Paragraph 56 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

57.    The allegations in Paragraph 57 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

310070933v1

58.    The allegations in Paragraph 58 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

59.    The allegations in Paragraph 59 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

60.    The allegations in Paragraph 60 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

61.    The allegations in Paragraph 61 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

62.    The allegations in Paragraph 62 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

63.    The allegations in Paragraph 63 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

64.    The allegations in Paragraph 64 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

310070933v1

65.     The allegations in Paragraph 65 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

66.     The allegations in Paragraph 66 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

67.     The allegations in Paragraph 67 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

68.     The allegations in Paragraph 68 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

69.     The allegations in Paragraph 69 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

70.     The allegations in Paragraph 70 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

71.     The allegations in Paragraph 71 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

9

72.    The allegations in Paragraph 72 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

73.    The allegations in Paragraph 73 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

74.    The allegations in Paragraph 74 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

75.    The allegations in Paragraph 75 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

76.    The allegations in Paragraph 76 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

77.    The allegations in Paragraph 77 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

78.    The allegations in Paragraph 78 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

79.    The allegations in Paragraph 79 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

80.    The allegations in Paragraph 80 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

81.    The allegations in Paragraph 81 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

82.    The allegations in Paragraph 82 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

83.    The allegations in Paragraph 83 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

84.    The allegations in Paragraph 84 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

85.    The allegations in Paragraph 85 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

310070933v1

86.     The allegations in Paragraph 86 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

87.     The allegations in Paragraph 87 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

88.     The allegations in Paragraph 88 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

89.     The allegations in Paragraph 89 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

90.     The allegations in Paragraph 90 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

91.     The allegations in Paragraph 91 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

92.     The allegations in Paragraph 92 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

93.     The allegations in Paragraph 93 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

94.     The allegations in Paragraph 94 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

95.     The allegations in Paragraph 95 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

96.     The allegations in Paragraph 96 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

97.     The allegations in Paragraph 97 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

98.     The allegations in Paragraph 98 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

99.     The allegations in Paragraph 99 of Plaintiffs' Complaint are directed at an entity for whom TRW is not responsible. TRW is without sufficient information to admit or deny these allegations. Therefore, at this time, those allegations are denied.

310070933v1

100.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiffs' Complaint. Therefore, at this time, those allegations are denied.

101.    TRW denies that TRW Inc. manufactured, designed and/or assembled the passenger restraint systems in the subject vehicle.

102.    TRW denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint..

103.    TRW denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    TRW denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    TRW denies the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    TRW denies the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    TRW is unable to admit or deny if the restraint system was the same and original design condition on the date of the accident as when it was placed into the subject vehicle.

108.    TRW denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

14

112.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    To the extent these allegations are directed against other Defendants, TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiffs' Complaint.  If such claims are asserted against TRW, these allegations are expressly denied.

114.    To the extent these allegations are directed against other Defendants, TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiffs' Complaint.  If such claims are asserted against TRW, these allegations are expressly denied.

115.    To the extent these allegations are directed against other Defendants, TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of Plaintiffs' Complaint.  If such claims are asserted against TRW, these allegations are expressly denied.

116.    To the extent these allegations are directed against other Defendants, TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiffs' Complaint.  If such claims are asserted against TRW, these allegations are expressly denied.

117.    To the extent these allegations are directed against other Defendants, TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 117 of Plaintiffs' Complaint. If such claims are asserted against TRW, these allegations are expressly denied.

118.    TRW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.    To the extent applicable to TRW, the allegations contained in Paragraph 119 of Plaintiffs' Complaint are expressly denied.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim for breach of warranty upon which relief can be granted. A breach of warranty claim cannot be maintained in an action for wrongful death under Alabama law.

## THIRD DEFENSE

Plaintiffs' claims are barred by the contributory negligence of Plaintiffs' decedents.

## FOURTH DEFENSE

The sole proximate cause of Plaintiffs' damages may have been the negligence or fault of persons or entities other than TRW, whether parties hereto or not.

## FIFTH DEFENSE

TRW pleads the defense of any and all applicable statutes of limitation.

310070933v1

## SIXTH DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that Plaintiffs' damages, if any, were caused by the misuse, abuse, or mishandling of any product referred to in Plaintiffs' Complaint.

## SEVENTH DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent Plaintiffs' damages, if any, were brought about or caused by a post-manufacture alteration, modification, or change in the condition of any product referred to in Plaintiffs' Complaint.

## EIGHTH DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent any product referred to in Plaintiffs' Complaint was unforeseeably misused for purposes or in a manner other than those for which it was intended to be used, or in unforeseeable disregard of warnings, instructions, directions, or regulations regarding its use.

## NINTH DEFENSE

Plaintiffs' recoverable damages, if any, should be diminished to the extent Plaintiffs failed to mitigate their damages.

## TENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing or capacity to bring the claims set forth in the Complaint.

## ELEVENTH DEFENSE

If Plaintiffs' decedents were injured by a product manufactured or distributed by TRW, that allegation is denied, such product was sold to a knowledgeable and sophisticated

17

intermediary over whom TRW had no authority or control and who had actual or constructive knowledge of the alleged dangers and risks involved in the use and misuse of said product.

## TWELFTH DEFENSE

TRW denies it has performed any acts for which punitive damages could or should be awarded, and denies Plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against TRW.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to punitive damages from TRW pursuant to the facts as alleged in Plaintiffs' Complaint.

## FOURTEENTH DEFENSE

The wrongful death statute in Alabama, as applied by the courts in Alabama, is unconstitutional in that it authorizes the imposition of punitive damages in a negligence claim without requiring proof of culpability on the part of the defendant any greater than the negligence standard; hence, said statute, as applied, denies TRW due process of law under the Constitution of Alabama and the United States Constitution.

## FIFTEENTH DEFENSE

The wrongful death statute, as applied by the courts in Alabama, is unconstitutional to the extent it authorizes the imposition of punitive damages in a claim under the Alabama Extended Manufacturer's Limited Doctrine ("AEMLD") without requiring proof of any wrongful conduct at all, and said statute, as applied, requires under the AEMLD only the proof the defendant sold a product under circumstances creating liability under the AEMLD; hence, the wrongful death

statute, as applied, denies TRW due process of law under the Constitution of Alabama and the United States Constitution.

### SIXTEENTH DEFENSE

The wrongful death statute in Alabama, as applied by the courts in Alabama, is unconstitutional in that it authorizes the imposition of punitive damages without proof of any threshold requirement of culpability; whereas, in personal injury cases, under the law of Alabama, punitive damages cannot be awarded without proof by clear and convincing evidence the defendant consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the Plaintiffs; therefore, the wrongful death statute in Alabama, as applied, denies TRW equal protection under the law of the Constitution of the United States and denies TRW due process of law under the Constitution of Alabama and the United States Constitution.

### SEVENTEENTH DEFENSE

The wrongful death statute in Alabama, as applied by the courts in Alabama, is unconstitutional in that it authorizes the jury to return a punitive damages verdict which is joint and several without allowing the jury to allocate or apportion the amount of punitive damages based on the degree of culpability of the respective defendants; therefore, the wrongful death statute, as applied, denies TRW due process of law under the Constitution of Alabama and the United States Constitution.

### EIGHTEENTH DEFENSE

Under the wrongful death statute of Alabama, as applied by the courts in Alabama, the Plaintiffs act as a representative of the Legislature in maintaining a wrongful death action; thus, a suit under the wrongful death statute of Alabama constitutes state action, and the imposition of

punitive damages under the wrongful death statue of Alabama, as applied, which requires no proof of any threshold of wrongful conduct and, as a result, constitutes the imposition of excessive fines, denies TRW the protection of the prohibition against excessive fines guaranteed under the United States Constitution.

## NINETEENTH DEFENSE

Plaintiffs cannot recover punitive damages against TRW because such an award, which is penal in nature, would violate TRW's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless TRW is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## TWENTIETH DEFENSE

Subjecting TRW to punitive damages, or affirming an award of punitive damages against TRW in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    any award of punitive damages against TRW under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

310070933v1

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)     any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(d)     the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(e)     under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and TRW's alleged wrongful or culpable conduct;

(f)     under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(g)     under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(h)     in the event a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of

21

the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against defendant for any portion of that judgment regardless of defendant's culpability, or relative culpability;

      (i)     should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this nonapportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

      (j)     where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendants;

      (k)     an award of punitive damages should not be permitted to be assessed against defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of defendant;

      (l)     an award of punitive damages should not be permitted to be assessed against TRW vicariously as a principal without any further proof of independent, wrongful conduct or ratification by TRW;

      (m)     Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

310070933v1

(n)    under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(o)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against TRW;

(p)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(r)    the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)    an award of punitive damages would constitute an arbitrary and capricious taking of property of TRW without due process of law.

## TWENTY-FIRST DEFENSE

The claims of the Plaintiffs for punitive damages against TRW are barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

## TWENTY-SECOND DEFENSE

Imposition of punitive damages in this case against TRW would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

23

310070933v1

### TWENTY-THIRD DEFENSE

To award punitive damages against TRW in this case would have a chilling effect upon TRW's right to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### TWENTY-FOURTH DEFENSE

Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

To award punitive damages against TRW in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

### TWENTY-SIXTH DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, TRW is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages violate the rights of TRW to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in

24

*Hammond v. City of Gadsden* and *Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

(a)    The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)    The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for TRW;

(c)    The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)    The *Hammond* and *Green Oil* procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)    This procedure is inadequate in that the trial court according to *Hammond* and *Green Oil* "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)    The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' Complaint seeks to make TRW liable for punitive damages. TRW adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and *Cooper*

25

*Industries, Inc. v. Leatherman Tool Group, Inc.*, S. Ct. , 2001 WL 501732 (U.S. May 14, 2001) (No. 99-2035).

## TWENTY-NINTH DEFENSE

The demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

## THIRTIETH DEFENSE

If multiple punitive damage awards were assessed against TRW in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and the State of Alabama, violating TRW's right to due process and to a jury trial and violating TRW's right against double jeopardy.

## THIRTY-FIRST DEFENSE

If punitive damages were assessed against TRW for conduct or events allegedly occurring in states other than the forum state, TRW would be denied due process of law, the right to trial by jury and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

## THIRTY-SECOND DEFENSE

The imposition of punitive damages sought by Plaintiffs violates TRW's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages;

there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    TRW had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject TRW to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)    Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)    No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

27

310070933v1

(f)     Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times TRW could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

## THIRTY-THIRD DEFENSE

The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

## THIRTY-FOURTH DEFENSE

Insofar as the punitive damage award sought by Plaintiffs seek to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) TRW's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

28

## THIRTY-FIFTH DEFENSE

TRW denies each and every averment contained in Plaintiffs' Complaint, not expressly admitted above.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of last clear chance.

## THIRTY-SEVENTH DEFENSE

TRW's investigation into the facts and circumstances surrounding the accident made the basis of Plaintiffs' Complaint is ongoing, and therefore TRW reserves the right to amend its answer pursuant to the Alabama Rules of Civil Procedure.

## THIRTY-EIGHTH DEFENSE

TRW pleads improper venue.

Respectfully submitted,

RUTLAND & BRASWELL, L.L.C.

By: _____

Louis C. Rutland
Alabama Bar No. RUT 005
L. Cooper Rutland, Jr.
Alabama Bar No.RUT010
208 North Prairie Street
P.O. Box 551
Union Springs, AL 36089-0000
Ph. 334.738.4770
Fx. 334.738.4774

**ATTORNEYS FOR DEFENDANTS TRW AUTOMOTIVE U.S. LLC (AS ASSIGNEE OF THE FORMER TRW, INC. N/K/A NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORP.) AND TRW AUTOMOTIVE INC.**

310070933v1

29

OF COUNSEL:

PILLSBURY WINTHROP SHAW PITTMAN LLP
David B. Weinstein
State Bar No. 21096400
Jack E. Little, Jr.
State Bar of Texas No. 12420010
Two Houston Center
909 Fannin, 22nd Floor
Houston, Texas 77010
Telephone:    713-425-7300
Facsimile:    713-425-7310

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Edward P. Kendall
Michael G. Strickland
Blaine C. Stevens
Strickland and Kendall, LLC
420 South Lawrence Street
P. O. Box 99
Montgomery, Alabama 36101-0099

Will R. Kelly
P. O. Drawer 937
Hayneville, Alabama  36040-0937

Attorneys for Plaintiffs

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this ___3___ day of November 2005.

Louis Rutland

310070933v1

LAW OFFICES

## MORROW, ROMINE & PEARSON, P.C.



122 SOUTH HULL STREET
POST OFFICE BOX 4804
MONTGOMERY, ALABAMA 36103-4804
WEBSITE: WWW.MRPLAW.COM
WRITER'S EMAIL ADDRESS: RSMORROW@MRPLAW.COM

ROGER S. MORROW
WESLEY ROMINE
JOEL H. PEARSON
MEREDITH L. TOLAR

FILED IN OFFICE
OCT 3 1 2005
CLERK-REGISTER, BULLOCK CO., ALA

TELEPHONE: (334) 262-7707
FACSIMILE: (334) 262-7742

October 28, 2005

Hon. Eddie D. Mallard, Clerk
Bullock County Circuit Court
217 N. Prairie Street
P.O. Box 230
Union Springs, AL 36089

RE:    <u>Harrison Johnson, Jr., et als., v. Bridgestone Firestone North American Tire, LLC; Maypole Chevrolet, et als.</u>
       **Circuit Court of Bullock County, Alabama**
       **CV-05-111**

Dear Mr. Mallard:

Our law firm has been retained to represent the Defendant, Maypole Chevrolet, Inc., in the above-referenced lawsuit.

Please forward to us an entire copy of your file, along with a cost bill for copying and postage charges that you incur, and I will see that the bill is paid immediately.

Thank you for your assistance in this matter.

Sincerely,

Kristi M. Lee
Legal Assistant to Roger S. Morrow

/kml

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Donna Adams_ ☑ Agent ☐ Addressee <br> B. Received by ( *Printed Name*) Donna Adams   C. Date of Delivery 10-11-05 |
| 1. Article Addressed to:   CV-05-111 <br><br> TRW Vehicle Safety Systems Inc. <br> 11202 East German Road <br> Queen Creek (Mesa), AZ 85242-9361 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
|  | 3. Service Type <br> ☐ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. |
|  | 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number <br> (Transfer from service label) |  |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154

**ENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to: *CV-05-111*

Phil Owens Used Cars Inc.
Phil Owens
Post Office Box 489
Lavonia, GA

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

Article Number
*(Transfer from service label)*

Form **3811**, February 2004        Domestic Return Receipt

102595-02-M-1540





CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7004 8778 0000 2510 4608

171
8432 $ 05.11⁰ OCT 05 05
0534    MONTGOMERY AL    36104

★ ★ ★    UNITED STATES POSTAGE    PB8629546

☐ Insufficient Address
☐ Moved, Left No Address
☐ Unclaimed  ☐ Refused
☐ Attempted - Not Known
☐ No Such Street
☐ No Such Number ☐ Vacant
☐ No Receptacle
☑ Not Deliverable
As Addressed
Unable To Forward

O & M. Motor Company
Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

1ST NOTICE 10-11-05
2ND NOTICE
RETURN

ELLERSLIE GA
OCT 11 2005
31807

ELLERSLIE GA
OCT 18 2005
31807

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:    CV - 05 - 111

O & M. Motor Company
Herman A. Donaldson
192 Willow Beach Road
Ellerslie, GA 31807

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                        ☐ Agent
                                         ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: *CV-05-111*

May Brothers, Inc.
David May
102 Martin Luther King BLVD.
Union Springs, AL 36089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Cametric Parker_ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  _Cametric Parker_   C. Date of Delivery  10/8/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: *CV-05-111*

General Motors Corporation
The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, Al 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _D. Hanson_ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery  10-11-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: *CV-05-111*

Bridgestone Firestone North American Tire, LLC
National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ___ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  JAMES S. HELLAMS
Agent for Capell & Howard, P.C.   C. Date of Delivery  10/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV-05-111

TRW Automobile U.S. LLC
800 Heath Street
Lafayette, IN 47904-1863

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Larry Gould  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  Larry Gould  C. Date of Delivery  Oct 11 2005

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154(

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV.05-111

Maypole Chevrolet, Inc.
Charles Maypole
Highway 17 South
Toccoa, GA 30577

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery  10/11/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154(

## Receipt 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV. 05-111

Tugoloo Sports Vans, Inc.
William Tyler Andrews
12 Joe Harvey Street
Lavonia, GA 30553

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Tyler And  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  Tyler Andrews  C. Date of Delivery  10/11-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

404 Cornog Rd.

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154(

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV-05-111

Bendix Commercial Vehicle System, LLC
901 Cleveland Street
Elyria, Ohio 44035

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Mary Hartenfeld* ☑ Agent ☐ Addressee

B. Received by (Printed Name) MARY HARTENFELD  C. Date of Delivery 10-15-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV-05-111

Temple Products of Indiana
4511 Pine Creek Road
Elkhart, Indiana 46516

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name) John Loomis  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as                    )
administrator of the Estate of               )
Harrison Johnson, Sr.; YVONNE                )
JOHNSON, as Administratrix of                )
Estate of Frank Ellis Johnson,               )
YVONNE JOHNSON, individually;                )
JOI JOHNSON; FRANK ELLIS                      )
JOHNSON, II; and LIZZIE JOHNSON,             )
                                             )    CASE NO.: CV- *2005 - 111*
        Plaintiffs,                          )
                                             )
                                             )
v.                                           )
                                             )
BRIDGESTONE FIRESTONE                        )
NORTH AMERICAN TIRE, LLC; et al.,            )
                                             )
        *Defendants.*                        )

===================== CIVIL SUMMONS =====================

        This service by certified mail of this summons is initiated upon the written request of Plaintiffs'
attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO: Bridgestone Firestone North American Tire, LLC
           National Registered Agents, Inc.
           150 South Perry Street
           Montgomery, AL 36104

        The Complaint which is attached to this summons is important and you must take immediate
action to protect your rights.  You or your attorney are required to mail or hand deliver a copy of a
written Answer, either admitting or denying each allegation in the Complaint to:

                    *Blaine Stevens*
            *STRICKLAND & KENDALL, L.L.C.*
                *420 South Lawrence Street*
              *Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS
SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN
THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE
CLERK OF THIS COURT.

DATED: *10/7/05*                    CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
                                    )     CASE NO.: CV- _2005-111_

      Plaintiffs, )

                                        )

v.                                     )

                                      )

GENERAL MOTORS CORPORATION; et al., )
                                      )

      Defendants.

## CIVIL SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure*.

NOTICE TO:  General Motors Corporation
             The Corporation Company
             2000 Interstate Park Drive Ste 204
             Montgomery, Al 36109

      The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

                        *Blaine Stevens*
           *STRICKLAND & KENDALL, L.L.C.*
             *420 South Lawrence Street*
           *Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: _10/7/05_                               
                        CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )    CASE NO.: CV-*2005- 111*
                                )
    *Plaintiffs,* )
                                )
                                )
v.                              )
                                )
TUGALOO SPORTS VANS, INC.; et al., )
                                )
    *Defendants.* )

**CIVIL SUMMONS**

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO: Tugoloo Sports Vans, Inc.
            William Tyler Andrews
            12 Joe Harvey Street
            Lavonia, GA 30553

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: *10/7/05*

CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
) CASE NO.: CV-_205 - 111_
Plaintiffs, )
)
)
v. )
)
PHIL OWENS USED CARS; et al., )
)
Defendants. )

CIVIL SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs'
attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO: Phil Owens Used Cars Inc.
Phil Owens
Post Office Box 489
Lavonia, GA 30533

The Complaint which is attached to this summons is important and you must take immediate
action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a
written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS
SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN
THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE
CLERK OF THIS COURT.

DATED: _10/5/05_

CIRCUIT COURT CLERK

## IN THE CIRCUIT COURT
## FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
                                )     CASE NO.: CV- *2005- M*

     Plaintiffs, )

                                )

v.                            )

MAYPOLE CHEVROLET, INC.; et al., )

     *Defendants.* )

                               CIVIL SUMMONS

     This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO: Maypole Chevrolet, Inc.
                Charles Maypole
                Highway 17 South
                Toccoa, GA 30577

     The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: *10/7/05*                       CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
                                 )    CASE NO.: CV-_2005-111_
     Plaintiffs, )
                                   )
                                   )
v. )
                                   )
O & M, MOTOR COMPANY INC.; et al., )
                                   )
     *Defendants.* )

## CIVIL SUMMONS

     This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO:   O & M. Motor Company
                 Herman A. Donaldson
                 192 Willow Beach Road
                 Ellerslie, GA 31807

     The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED:_ 10/7/05 _                      _Sherill M. Jernigan Ingra_
                                  CIRCUIT COURT CLERK

## IN THE CIRCUIT COURT
## FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )   CASE NO.: CV-_2005- 111_
)
    *Plaintiffs,* )
)
)
v. )
)
MAY BROTHERS, INC.; et al., )
)
    *Defendants.* )
                            CIVIL SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO: May Brothers, Inc.
                David May
                102 Martain Luther King BLVD.
                Union Springs, AL 36089

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

                *Blaine Stevens*
        *STRICKLAND & KENDALL, L.L.C.*
           *420 South Lawrence Street*
         *Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: _10/7/05_                               
                           CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as
administrator of the Estate of
Harrison Johnson, Sr.; YVONNE
JOHNSON, as Administratrix of
Estate of Frank Ellis Johnson,
YVONNE JOHNSON, individually;
JOI JOHNSON; FRANK ELLIS
JOHNSON, II; and LIZZIE JOHNSON,

     Plaintiffs,

v.

TEMPLE PRODUCTS OF INDIANA,
INC.; et al.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: CV- *2005- 111*

## CIVIL SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO:  Temple Products of Indiana
                4511 Pine Creek Road
                Elkhart, Indiana 46516

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: _10/7/05_

CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
                                   )     CASE NO.: CV-*2005-111*
           *Plaintiffs,*     )
                                     )
                                     )
v.                                      )
                                     )
TRW VEHICLE SAFETY )
SYSTEMS, INC.; et al., )
                                     )
          *Defendants.*     )

## CIVIL SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO:   TRW Vehicle Safety Systems Inc.
                 11202 East German Road
                 Queen Creek (Mesa), AZ 85242-9361

     The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: *10/7/05*               CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )      CASE NO.: CV-*2005- 111*
)
    *Plaintiffs,* )
)
)
v. )
)
TRW AUTOMOBILE U.S. LLC.; et al., )
)
    *Defendants.* )

## CIVIL SUMMONS

      This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO: TRW Automobile U.S. LLC
             800 Heath Street
             Lafayette, IN 47904-1863

      The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: *10/7/05*            CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

HARRISON JOHNSON, Jr., as )
administrator of the Estate of )
Harrison Johnson, Sr.; YVONNE )
JOHNSON, as Administratrix of )
Estate of Frank Ellis Johnson, )
YVONNE JOHNSON, individually; )
JOI JOHNSON; FRANK ELLIS )
JOHNSON, II; and LIZZIE JOHNSON, )
                                    )    CASE NO.: CV- _2005-111_
    *Plaintiffs,*              )
                                    )
                                    )
v.                                  )
                                    )
BENDIX COMMERCIAL                   )
VEHICLE SYSTEMS LLC.; et al.,       )
                                    )
    *Defendants.*              )

**CIVIL SUMMONS**

    This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO: Bendix Commercial Vehicle System, LLC
             901 Cleveland Street
             Elyria, Ohio 44035

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Blaine Stevens*
*STRICKLAND & KENDALL, L.L.C.*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: _10/7/05_                         
                              CIRCUIT COURT CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

OCT 0 5 2005

CLERK- ... ... .... CO., ALA

HARRISON JOHNSON, Jr., as administrator of  *
the Estate of Harrison Johnson, Sr.; YVONNE  *
JOHNSON, as Administratrix of Estate of Frank  *
Ellis Johnson, YVONNE JOHNSON,  *
individually; JOI JOHNSON; FRANK ELLIS  *
JOHNSON, II; and LIZZIE JOHNSON,  *
                                              *
      Plaintiffs,                             *
                                              *
                                              *
vs.                                           *    CIVIL ACTION NO. CV-05- _111_
                                              *
BRIDGESTONE FIRESTONE NORTH  *    JURY TRIAL REQUESTED
AMERICAN TIRE, LLC; GENERAL  *
MOTORS CORPORATION; TUGALOO  *
SPORTS VANS, INC.; PHIL OWENS USED  *
CARS, INC.; MAYPOLE CHEVROLET, INC.  *
O & M MOTOR CO. ; MAY BROTHERS,  *
INC.; TEMPLE PRODUCTS OF INDIANA,  *
INC., TRW VEHICLE SAFETY SYSTEMS,  *
INC. AND/OR TRW AUTOMOTIVE U.S.  *
LLC., BENDIX COMMERCIAL VEHICLE  *            **Original**
SYSTEMS LLC.                              *
                                              *
FICTITIOUS DEFENDANT "A', whether  *
singular or plural, that person, corporation, or  *
other legal entity who or which designed,  *
manufactured the 1985 Chevrolet C-20  *
Conversion Van, VIN 1GBEG25H5F7177613;  *
                                              *
FICTITIOUS DEFENDANT "B" whether  *
singular or plural that person, corporation, or  *
other legal entity who or which was the dealer or  *
seller of the 1985 Chevrolet C-20 Conversion Van,  *
VIN 1GBEG25H5F7177613;  *
                                              *
FICTITIOUS DEFENDANT "C" whether  *
singular or plural that person, corporation or  *
other legal entity who or which designed or  *
manufactured the tires on the 1985 Chevrolet C-  *
20 Conversion Van, VIN 1GBEG25H5F7177613  *
on October 5, 2003;  *
                                              *
FICTITIOUS DEFENDANT "D" whether  *
singular or plural that person, corporation or  *
other legal entity who or which was distributor,  *

1

dealer, seller or installer of the tires on the 1985
Chevrolet C-20 Conversion Van, VIN
1GBEG25H5F1177613 on October 5, 2003,

FICTITIOUS DEFENDANT "E" whether
singular or plural that person, corporation or
other legal entity who or which designed,
manufactured or supplied the fiberglass roof
system installed on the 1985 Chevrolet C-20
Conversion Van, VIN 1GBEG25H5F1177613 on
October 5, 2003;

FICTITIOUS DEFENDANT "F" whether
singular or plural that person, corporation or
other legal entity who or which modified,
customized, or otherwise made changes to the
1985 Chevrolet C-20 Conversion Van, VIN
1GBEG25H5F1177613;

FICTITIOUS DEFENANT "G" whether
singular or plural that person, corporation or
other legal entity who or which that performed
maintenance or repair on the 1985 Chevrolet C-20
Conversion Van, VIN 1GBEG25H5F1177613;

 FICTITIOUS DEFENDANT "H" whether
singular or plural that person, corporation or
other legal entity who or which designed,
manufactured, distributed or sold the seats in the
1985 Chevrolet C-20 Conversion Van, VIN
1GBEG25H5F1177613;

FICTITIOUS DEFENDANT "I" whether
singular or plural that person, corporation or
other legal entity who or which designed,
manufactured, or sold the restraint system in the
1985 Chevrolet C-20 Conversion Van, VIN
1GBEG25H5F1177613;

FICTITIOUS DEFENDANT "J" whether
singular or plural that person, corporation or
other legal entity who or which that designed,
manufactured, installed or sold the door latches
on the 1985 Chevrolet C-20 Conversion Van, VIN
1GBEG25H5F1177613;

FICTITIOUS DEFENDANT "K", whether
singular or plural that person, corporation or
other legal entities, whose or which is the
successor in interest to any named or fictitious
defendants;

2

FICTITIOUS DEFENDANT "L", whether singular or plural that persons, corporations or other legal entities, who is a partner or joint venturer with any other named or fictitious defendant;

FICTITIOUS DEFENDANT "M", whether singular or plural that persons, corporations or other legal entities, who is the employer, or principal or who is otherwise legally responsible for the acts of any individual defendant named or fictitious,

FICTITIOUS DEFENDANT "N", whether singular or plural those persons, corporations or other legal entities, who or which was an owner, operator, shareholder, officer, or entity or person otherwise responsible for the conduct of any named or Fictitious Defendant;

FICTITIOUS DEFENDANT "O", whether singular or plural those persons, corporations or other legal entities, whose negligence, violation of the Alabama Extended Manufacturer's Liability Doctrine or other wrongful conduct combined and concurred to cause the deaths and injuries described more particularly herein; all of said Fictitious Defendants are unknown to Plaintiffs at this time but will be substituted by amendment when ascertained,

     *Defendants.*

## COMPLAINT

### Statement of the Parties

1.    Plaintiff Harrison Johnson, Jr. is the duly-appointed administrator of the Estate of Harrison Johnson, Sr. and brings this action for the wrongful death of Harrison Johnson, Sr., pursuant to *Ala. Code* §6-5-410 (1993).

2.    Plaintiff Yvonne Johnson is the duly appointed testatrix of the Estate of Frank Ellis Johnson, and brings this action for the wrongful death of Frank Ellis Johnson pursuant to *Ala. Code* §6-5-410 (1993).

3

3.      Plaintiff Yvonne Johnson is an individual over the age of nineteen years and a resident citizen of Montgomery County, Alabama.

4.      Plaintiff Joi Johnson is an individual over the age of nineteen years and a resident citizen of Montgomery County, Alabama.

5.      Plaintiff Frank Ellis Johnson, II is an individual over the age of nineteen years and a resident citizen of Montgomery County, Alabama.

6.      Plaintiff Lizzie Johnson is an individual over the age of nineteen years and a resident citizen of Montgomery County, Alabama.

7.      Defendant Bridgestone Firestone North American Tire, LLC (hereinafter "Defendant Firestone") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Nashville, Tennessee.  At all materials times,  Defendant Firestone did business by agent in Bullock County, Alabama, and may be served through its registered agent for service of process: National Registered Agents, Inc., 150 S. Perry Street, Montgomery Alabama 36104.

8.      Defendant General Motors Corporation (hereinafter "Defendant GM') is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Detroit, Michigan.  At all material times Defendant GM did business by agent in Bullock County, Alabama, and may be served through its registered agent for service of process: The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama.

9.      Defendant Phil Owens Used Cars, Inc., (hereinafter "Defendant Phil Owens") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Lavonia, Georgia.  Defendant Phil Owens has sufficient contacts with the State of Alabama to allow this Court to exercise jurisdiction over it and may be served through its registered agent for service of process: Phil D. Owens, Highway 59, PO Box 489, Lavonia, Georgia 30553.

10.     Defendant Maypole Chevrolet, Inc., (hereinafter "Defendant Maypole Chevrolet") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Toccoa, Georgia. Defendant Maypole Chevrolet has sufficient contacts with the State of Alabama as to allow this court to exercise jurisdiction over it and may be served through its registered agent for service of process: Charles G. Maypole, Highway 17 South, Toccoa, Georgia 30577.

11.     Defendant O & M Motor Co., (hereinafter "Defendant O & M") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Columbus, Georgia. Defendant O & M has sufficient contacts with the State of Alabama as to allow this court to exercise jurisdiction over it and may be served through its registered agent for service of process: Herman A. Donaldson, 192 Willow Beach Road, Ellerslie, Georgia 31807.

12.     Defendant Tugaloo Sports Vans, Inc., (hereinafter "Defendant Tugaloo") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Lavonia, Georgia. Defendant Tugaloo has sufficient contacts with the State of Alabama as to allow this Court to exercise jurisdiction over it and may be served through its registered agent for service of process: William Tyler Andrews, 12 Joe Harvey Street, Lavonia, Georgia 30553.

13.     Defendant May Brothers, Inc., (hereinafter "Defendant May Brothers") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Bullock County, Alabama. Defendant May Brothers may be served through its registered agent for service of process: David May, 102 Martin Luther King Boulevard, Union Springs, 36089

14.     Defendant Temple Products of Indiana, Inc., (hereinafter "Defendant Temple Products') is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Elkhart, Indiana. Defendant Temple has sufficient contacts with the

5

State of Alabama as to allow this Court to exercise jurisdiction over it and may be served through its registered agent for service of process: 4511 Pine Creek Road, Elkhart, Indiana 46516.

16.    Defendant TRW Vehicle Safety Systems, Inc. and/or TRW Automotive U.S. LLC(hereinafter "Defendant TRW") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Livonia, Michigan. Defendant TRW may be served through: TRW Vehicle Safety Systems, Inc. and/or TRW Automotive U.S. LLC.

17.    Defendant Bendix Commercial Vehicle Systems LLC(hereinafter "Defendant Bendix") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Elyria, Ohio. Bendix may be served Bendix Commercial Vehicle Systems LLC

18.    FICTITIOUS DEFENDANT "A," whether singular or plural, that person, corporation, or other legal entity who or which designed, manufactured the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613;

19.    FICTITIOUS DEFENDANT "B" whether singular or plural that person, corporation, or other legal entity who or which was the dealer or seller of the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613;

20.    FICTITIOUS DEFENDANT "C" whether singular or plural that person, corporation or other legal entity who or which was the manufacturer of the tires on the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613 on October 5, 2003;

21.    FICTITIOUS DEFENDANT "D" whether singular or plural that person, corporation or other legal entity who or which was distributor, dealer, seller or installer of the tires on the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613 on October 5, 2003;

22.    FICTITIOUS DEFENDANT "E" whether singular or plural that person, corporation or other legal entity who or which designed, manufactured or supplied the fiberglass roof system

6

installed on the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613 on October 3, 2003;

23.    FICTITIOUS DEFENDANT "F" whether singular or plural that person, corporation or other legal entity who or which modified, customized, or otherwise made changes to the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613;

24.    FICTITIOUS DEFENDANT "G" whether singular or plural that person, corporation or other legal entity who or which performed maintenance or repair on the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613;

25.    FICTITIOUS DEFENDANT "H" whether singular or plural that person, corporation or other legal entity who or which designed, manufactured, distributed or sold the seats in the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613;

26.    FICTITIOUS DEFENDANT "I" whether singular or plural that person, corporation or other legal entity who or which designed, manufactured, or sold the restraint system in the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613;

27.    FICTITIOUS DEFENDANT "J" whether singular or plural that person, corporation or other legal entity who or which that designed, manufactured, installed or sold the door latches on the 1985 Chevrolet C-20 Conversion Van, VIN 1GBEG25H5F7177613;

28.    FICTITIOUS DEFENDANT "K", whether singular or plural that person, corporation or other legal entities, whose or which is the successor in interests to any named or fictitious defendant;

29.    FICTITIOUS DEFENDANT "L", whether singular or plural that persons, corporations or other legal entities, who is a partner or joint venturer with any other named or fictitious defendant;

30.    FICTITIOUS DEFENDANT "M", whether singular or plural that persons, corporations or other legal entities, who is the employer, or principal or who is otherwise legally responsible for the acts of any individual defendant named or fictitious;

31.    FICTITIOUS DEFENDANT "N", whether singular or plural those persons, corporations or other legal entities, who or which was an owner, operator, shareholder, officer, or entity or person otherwise responsible for the conduct of any named or Fictitious Defendant;

32.    FICTITIOUS DEFENDANT "O", whether singular or plural those persons, corporations or other legal entities, whose negligence, violation of the Alabama Extended Manufacturer's Liability Doctrine or other wrongful conduct combined and concurred to cause the deaths and injuries described more particularly herein; all of said Fictitious Defendants are unknown to Plaintiffs at this time but will be substituted by amendment when ascertained,

33.    All defendants named herein above maybe collectively referred to as "defendant and/or defendants."

## Statement of the Facts

34.    On October 5, 2003, Frank Ellis Johnson, Yvonne Johnson, Harrison Johnson, Sr., Lizzie Johnson, Joi Johnson and Frank Ellis Johnson, II were traveling north on Interstate 65 in Butler County, Alabama, in a 1985 Chevrolet C-20 Conversion Van VIN 1GBEG25H5F7177613.

35.    The Chevy Van was designed, manufactured and distributed by Defendant GM.

36.    Prior to the time the Chevy van left the ownership or control of Defendant GM, certain modifications were made to it by Defendant Tugaloo.

37.    Defendant Tugaloo was a van customizer selected and supervised by Defendant GM.

38.    Defendant GM conveyed title to Defendant Maypole Chevrolet, Inc., who conveyed title to Defendant Phil Owens Used Cars, Inc., who conveyed title to O & M Motor Company, Inc., who sold the Chevy Van to Plaintiff Frank Johnson, Sr.

39.    The modifications included removal of the welded steel roof and replacement with a fiberglass roof attached only by a series of metal screws, removal of seating systems, and installation of after market seats and restraint systems.

40.    On October 5, 2003, the vehicle was equipped with Firestone tires

8

| Firestone Firehawk Indy 500 | P255/70R15 108 S M&S (driver front) |
| Firestone Firehawk | P255/70R15 108 S M&S (driver rear) |
| Firestone Firehawk SS10 | P255/70R15 (passenger front) |
| Firestone Firehawk SS10 | P255/70R15 (passenger rear) |

41.    Frank Ellis Johnson purchased the tires from a dealer who recommended the type, brand, and size of tire which that dealer then installed.

42.    Yvonne Johnson was seated in the passenger seat. Harrison Johnson, Sr., and Lizzie Johnson were seated in the second row of seating. Joi Johnson and Frank Ellis Johnson, II were seated in the third row of seating.

43.    The left rear tire of the van rapidly deflated causing loss of control of the vehicle.

44.    The van left the roadway and overturned.

45.    The van roof detached from the vehicle and the doors opened.   Frank Ellis Johnson, Harrison Johnson, Sr., Lizzie Johnson, Joi Johnson and Frank Ellis Johnson, II were ejected.

46.    Harrison Johnson, Sr., was killed.

47.    Frank Ellis Johnson was killed.

48.    Lizzie Johnson was severely injured.

49.    Yvonne Johnson, Joi Johnson, and Frank Ellis Johnson, II, were injured.

50.    Those who survived the event suffered severe emotional trauma as a result of the death of their family members and their own personal injuries

## COUNT I

**(AEMLD against Defendants GM, O & M Motor Co., Phil Owens Used Cars, Inc., Maypole Chevrolet, Inc., and**
**Fictitious Defendants "A" and "B" and "E" through "D")**

51.    Plaintiffs reallege paragraphs 1 through 50 of the Complaint as if set out here in full.

52.    The Chevy Van was designed, manufactured, sold or otherwise placed into the stream of commerce by Defendant GM, O & M Motor Co., Phil Owens Used Cars, Inc., Maypole Chevrolet, Inc., and Fictitious Defendants "A" and "B" and "E" through "D."

9

53.     At the time the subject GM Chevy Van was placed into the stream of commerce the vehicle was defective and unreasonably dangerous as those terms are defined by Alabama law and specifically the Alabama Extended Manufacturers Liability Doctrine in that it did not provide reasonable occupant protection in a foreseeable collision.  The GM Chevy Van was not crashworthy.

54.     The vehicle was unaltered and in its same design configuration at the time of the accident as it was at the time Defendants GM, O & M Motor Co., Phil Owens Used Cars, Inc., Maypole Chevrolet, Inc. and Fictitious Defendants A and B and E through D placed the vehicle into the stream of commerce.

55.     The GM Chevy Van failed to perform as expected by consumers or users.

56.     The GM Chevy Van was defective in its design, manufacture and/or in the warnings that accompanied it.

57.     The defects in the GM Chevy Van contributed to cause the deaths of Harrison Johnson, Sr., and Frank Ellis Johnson and the injuries to Yvonne Johnson, Joi Johnson, Frank Ellis Johnson, II, and Lizzie Johnson.

## COUNT II

### (Negligence against Defendants GM and
Fictitious Defendants "A" and "B" and "E" through "N")

58.     Plaintiffs reallege paragraphs 1 through 11 of the Complaint as if set out here in full.

59.     Defendant GM and Fictitious Defendants "A" and "B" were negligent in the design, manufacture, sale, distribution and/or warnings of the subject GM Chevy Van.

60.     The negligence of the Defendants contributed to cause the death of Frank Johnson Sr. And Harrison Johnson Sr. .

## COUNT III

### (Wantonness against Defendant GM and
Fictitious Defendants "A" and "B" and "C" and "D" and "K through N")

10

61.    Plaintiffs reallege paragraphs 1 through 21 of the Complaint as if set out here in full.

62.    Defendant GM and Fictitious Defendants "A" and "B" were wanton in the design, manufacture, sale, distribution, and/or warnings of the subject GM Chevy Van.

63.    That wantonness contributed to cause the deaths of Harrison Johnson, Sr., and Frank Ellis Johnson and the injuries to Yvonne Johnson, Joi Johnson, Frank Ellis Johnson, II, and Lizzie Johnson.

64.    The conduct of Defendants GM and Fictitious Defendants "A" and "B" was such as to allow and requires the imposition of punitive damages to punish these Defendants and to deter others similarly situated from such conduct in the future.

## COUNT IV

### (AEMLD against Defendants Firestone and Fictitious Defendants "C" and "D" and "K" through "N")

65.    Plaintiffs reallege paragraphs 1 through 50 of the Complaint as if set out here in full.

66.    The GM Chevrolet van was designed, manufactured, sold or otherwise placed into the stream of commerce by Defendant GM, Tugaloo Sports Vans, Inc., and Fictitious Defendants "A" and "B".

67.    At the time the subject GM Chevrolet van was placed into the stream of commerce the vehicle was defective and unreasonably dangerous as those terms are defined by Alabama law and specifically the Alabama Extended Manufacturers Liability Doctrine in that it did not provide reasonable occupant protection in a foreseeable collision.  The GM Chevrolet van was not crashworthy.

68.    The vehicle was unaltered and in its same design configuration at the time of the accident as it was at the time Defendant GM and Fictitious Defendants "A" and "B" placed the vehicle into the stream of commerce.

69.    The GM Chevrolet van failed to perform as expected by consumers or users.

70.    The GM Chevrolet van was defective in its design, manufacture and/or in the warnings that accompanied it.

11

71.    The defects design in the GM Chevrolet van contributed to cause the deaths of Harrison Johnson, Sr., and Frank Ellis Johnson and the injuries to Yvonne Johnson, Joi Johnson, Frank Ellis Johnson, II, and Lizzie Johnson.

## COUNT V

### (Negligence against Defendants Firestone and Fictitious Defendants "C" and "D" and "K" through "N")

72.    Plaintiffs reallege paragraphs 1through 50 of the Complaint as if set out here in full.

73.    Defendant GM, Tugaloo Sports Vans Inc., and Fictitious Defendants "A" and "B" were negligent in the design, manufacture, sale, distribution and/or warnings of the subject GM Chevrolet van.

74.    The negligence of the Defendants contributed to cause the deaths of Harrison Johnson, Sr., and Frank Ellis Johnson and the injuries to Yvonne Johnson, Joi Johnson, Frank Ellis Johnson, II, and Lizzie Johnson.

## COUNT VI

### (Wantonness against Defendant Firestone and Fictitious Defendants "K" through "N)

75.    Plaintiffs reallege paragraphs 1 through 50 of the Complaint as if set out here in full.

76.    Defendant GM and Fictitious Defendants "A" and "B" were wanton in the design, manufacture, sale, distribution, and/or warnings of the subject tires.

77.    That wantonness contributed to cause the deaths of Harrison Johnson, Sr., and Frank Ellis Johnson. and the injuries to Yvonne Johnson, Joi Johnson, Frank Ellis Johnson, II, and Lizzie Johnson.

78.    The conduct of Defendants Firestone and Fictitious Defendants "A" and "B" was such as to allow and requires the imposition of punitive damages to punish these Defendants and to deter others similarly situated from such conduct in the future.

12

## COUNT VII

### (Negligence/Wantonness against Defendant Tugaloo and Fictitious Defendants "K" through "N")

79.　Plaintiffs reallege paragraphs 1 through 50 of the Complaint as if set out here in full.

80.　Defendant Tugaloo and Fictitious Defendants A through E received the Chevy Van from Defendant GM and undertook to make certain modification, changes, and changes to the van to create what is known in the industry as a "conversion van."

81.　These Defendants owed a duty to Plaintiffs and other expected users of the Chevy Van to exercise reasonable care and to produce a vehicle which afforded reasonable protection to its occupants in a foreseeable accident event.

81.　These Defendants breached that duty.

82.　As a result, the death and injuries described herein occurred.

83.　The conduct of these Defendants was such as to allow and requires the imposition of punitive damages to punish these defendants and to deter others similarly situated from such conduct in the future.

## COUNT VIII

### (Negligence/Wantonness Fictitious Defendants "C" and "D" and "K" through "N")

84.　Plaintiffs reallege paragraphs 1 through 50 of the Complaint as if set out here in full.

85.　At some time prior to October 5, 2003, Frank Ellis Johnson purchased new tires for the Chevy Van.

86.　Frank Ellis Johnson purchased those tires from a tire dealer who recommended and selected the brand and size tire for the Chevy Van.

87.　These Defendants negligently or wantonly installed the tires on the Chevy Van.

88.　These Defendants owed a duty to Plaintiffs to use reasonable care in the recommendation, selection, and installation of tires on the Chevy Van.

89.　These Defendants breached those duties.

90.    These Defendants' negligence contributed to cause the death and injuries described herein.

91.    The conduct of these Defendants was such as to allow and requires the imposition of punitive damages to punish these Defendants and to deter others similarly situated from such conduct in the future.

## COUNT IX

### ( Negligence/Wantonness against Defendant May Brothers Inc., and Fictitious Defendants "A" and "B")

92.    Plaintiffs reallege paragraphs 1 through 50 of the Complaint as if set out here in full.

93.    Defendant May Brothers, Inc. and Fictitious Defendants "A" and "B" inspected the Chevy Van including the tires within a few months of the accident described herein.

94.    Plaintiffs came to defendant, May Brothers, location and complained of vibration and/or rough handling of the said vehicle.

95.    These Defendants knew or should have known that the tires were defective in design or manufacture, incorrectly sized, or improperly installed on the Chevy Van.

96.    These Defendants owed a duty to Plaintiffs to use reasonable care in the inspection of the Chevy Van.

97.    These Defendants negligently or wantonly breached that duty.

98.    These Defendants' negligence contributed to cause the deaths and injuries described herein.

99.    The conduct of Defendants May Brothers, Inc., and Fictitious Defendants "A" and "B" was such as to allow and requires the imposition of punitive damages to punish these Defendants and to deter others similarly situated from such conduct in the future.

**COUNT X**
**(Negligence against Defendants TRW and**
**Fictitious Defendants "A" and "I" and "M" through "N")**

100.   Plaintiffs reallege paragraphs 1 through 46 of the Complaint as if set out here in full.

101.   Defendant TRW, Inc. Manufactured designed and/or assembled the passenger restraint systems of the subject vehicle.

102.   Defendant TRW and fictitious defendants failed to properly design and/or test the components of the passenger restraint systems.

103.   Defendant TRW and fictitious defendants failed to design the components in accordance with foreseeable crash scenarios.

104.   The restraints incorporated into the subject vehicle were defective and unreasonably dangerous for their intended and actual use.

105.   The use and employment if the TRW system and components as applied in the subject vehicle was foreseeable to defendants.

106.   The passenger restraint system was defective in design, manufacture or in the warnings which accompanied it into the stream of commerce.

107.   The passenger restraint system was in the same and original design condition on the date of the accident as when it was placed into the subject vehicle.

108.   The defects in the passenger restraint systems allowed the ejections complained of herein above and proximately caused or contributed to cause the deaths of the Plaintiffs.

**COUNT XI**

**(Negligence against Defendants Bendix Commercial Vehicle Systems LLC. and**
**Fictitious Defendants "A" and "I" and "M" through "N")**

109.   Plaintiffs reallege paragraphs 1 through 46 of the Complaint as if set out here in full.

110.   Defendant Bendix Commercial Vehicle Systems, LLC. Manufactured designed and/or assembled the passenger restraint systems of the subject vehicle.

111.    Defendant Bendix Commercial Vehicle Systems, LLC and fictitious defendants failed to properly design and/or test the components of the passenger restraint systems.

112.    Defendant Bendix Commercial Vehicle Systems, LLC and fictitious defendants failed to design the components in accordance with foreseeable crash scenarios.

113.    The restraints incorporated into the subject vehicle were defective and unreasonably dangerous for their intended and actual use.

114.    The use and employment if the Bendix Commercial Vehicle Systems, LLC system and components as applied in the subject vehicle was foreseeable to defendants.

115.    The passenger restraint system was defective in design, manufacture or in the warning which accompanied into the stream of commerce.

116.    The passenger restraint system was in the same and original design condition on the date of the accident as when it was placed into the subject vehicle.

117.    The defects in the passenger restraint systems allowed the ejections complained of herein above and proximately  caused or contributed to cause the deaths of the Plaintiffs

## COUNT XI

### (Combined and Concurring Conduct)

118.    Plaintiffs reallege paragraphs 1 through 46 of the Complaint as if set out here in full.

119.    The tortious conduct of all Defendants as described in Counts I through X combined and concurred to cause the deaths of Harrison Johnson, Sr., and Frank Ellis Johnson, and the injuries to Yvonne Johnson, Joi Johnson, Frank Ellis Johnson, II, and Lizzie Johnson.

PRAYER FOR RELIEF

Plaintiffs demand judgment for compensatory damages and punitive damages in such an amount

as the jury determines Plaintiffs are entitled under the laws of the State of Alabama plus the costs of this

action.

EDWARD P. KENDALL (KEN028)
MICHAEL G. STRICKLAND (STR032)
BLAINE C. STEVENS (STE091)
ATTORNEYS FOR PLAINTIFFS

**OF COUNSEL:**

STRICKLAND AND KENDALL, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, Alabama   36101-0099
(334) 269-1474

Will R Kelly  048
Attorney at Law
Po Drawer 937
Hayneville Alabama 36040-0937
(334) 548-5187

**JURY DEMAND**

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

OF COUNSEL