IN THE CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

DEC 09 2005

CLERK-REGISTER, BULLOCK CO., ALA

| | |
|---|---|
| HARRISON JOHNSON, JR., as Administrator of the Estate of Harrison Johnson, Sr.; YVONNE JOHNSON, as Administratrix of the Estate of Frank Ellis Johnson; YVONNE JOHNSON, individually; JOI JOHNSON; FRANK ELLIS JOHNSON, II; and LIZZIE JOHNSON, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; GENERAL MOTORS CORPORATION; TUGALOO SPORTS VANS, INC.; PHIL OWENS USED CARS, INC.; MAYPOLE CHEVROLET, INC.; O&M MOTOR CO.; MAY BROTHERS, INC.; TEMPLE PRODUCTS OF INDIANA, INC.; TRW VEHICLE SAFETY SYSTEMS, INC. AND/OR TRW AUTOMOTIVE U.S., LLC; BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC; et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: CV-05-111

## BRIEF OF DEFENDANT MAYPOLE CHEVROLET, INC. IN SUPPORT ITS MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS

**COMES NOW**, the Georgia corporation, Defendant Maypole Chevrolet, Inc. (hereinafter sometimes referred to as "Maypole Chevrolet"), appearing specially and specifically as to the limited issue of the Circuit Court of Bullock County, Alabama's lack of personal jurisdiction over Maypole Chevrolet, Inc., and without submitting to the jurisdiction of this Court, and files its brief in support of its "Motion to Dismiss and Motion to Quash Service of Process", heretofore filed in this cause as follows:



EXHIBIT
2

I.

## FACTS

Plaintiffs' Complaint arises out of alleged defects in the subject vehicle, a 1985 Chevrolet Van. The subject vehicle was initially sold in the State of Georgia by Defendant Maypole Chevrolet, Inc., a corporation organized under the laws of the State of Georgia, with its principle place of business located in Toccoa, Georgia, to Defendant Phil Owens' Used Cars, a corporation organized under the laws of the State of Georgia with its principle place of business located in Lavonia, Georgia, on or about May 8, 1985. Plaintiffs' Complaint at ¶ 38; A true, genuine and accurate copy of the subject vehicle's title history was attached as Exhibit "1" to the Affidavit of Judd Worley, which was attached as Exhibit "A" to Defendant Maypole Chevrolet, Inc.'s "Motion to Dismiss and Motion to Quash Service of Process". All exhibits referenced in this Brief were attached to Defendant Maypole Chevrolet, Inc.'s Motion to Dismiss and Motion to Quash Service, previously filed with this Court. Subsequent to Defendant Maypole Chevrolet's sale of the subject vehicle to Defendant Phil Owens, Defendant Phil Owens sold the subject vehicle to Defendant O& M Motor Company, Inc., a corporation organized under the laws of the State of Georgia, with its principle place of business located in Columbus, Georgia. Plaintiffs' Complaint at ¶ 38; Exhibit "1" to Exhibit "A". In turn, Defendant O& M, sold the subject vehicle to Plaintiff Frank Johnson, Sr. Exhibit "1" to Exhibit "A".

Defendant Maypole Chevrolet, Inc., is a Georgia corporation with its principal and sole place of business located in Toccoa, Georgia. Exhibit "A". Maypole Chevrolet is not

2

incorporated in the State of Alabama.[1] Maypole Chevrolet has never contracted in Alabama to supply services or goods in the State of Alabama. Exhibit "A". Maypole Chevrolet does not advertise its goods or services in the State of Alabama or engage in any other activity of any nature whatsoever in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc. does not own any real or personal property located in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc., is not licensed in, or authorized to do business in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc., does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama. Exhibit "A". Maypole Chevrolet does not derive substantial revenue from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama. Exhibit "A".

In Count I of their Complaint, Plaintiffs assert claims against Defendant Maypole Chevrolet under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), alleging that Defendant Maypole Chevrolet placed a defective and unreasonably dangerous vehicle into the stream of commerce. Plaintiffs' Complaint ¶¶ 52, 53. Again, Defendant Maypole Chevrolet was conveyed title to the subject vehicle from General Motors Corporation in 1985. Maypole subsequently conveyed title of the subject vehicle to Georgia corporation, Phil Owens Used Cars. Phil Owens subsequently conveyed title of the subject vehicle to Georgia corporation, O&M Motor Company. O&M subsequently conveyed title to Frank Johnson, Sr.

---

[1] Copies of records pertaining to Maypole Chevrolet, Inc., received from the office of the Secretary of State of the State of Georgia are attached as Exhibit "2" to the Affidavit of Judd Worley filed with Defendant's Motion to Dismiss and Motion to Quash Service of Process.

3

All employees of Maypole Chevrolet reside in the State of Georgia. Exhibit "A". Maypole Chevrolet has no agents or employees located in the State of Alabama. Exhibit "2" to Exhibit "A". All witnesses Maypole Chevrolet expects to call at the trial of this action reside in the State of Georgia. Exhibit "A".

The vehicle that is the subject of the above-styled lawsuit was manufactured outside the State of Alabama and traveled in interstate commerce prior to the transaction between Maypole Chevrolet and Phil Owens' Used Cars. Exhibit "1" to Exhibit "A". The Chevrolet van, which is the vehicle made the basis of this case, was manufactured by the Chevrolet Motor Division of General Motors Corporation. Exhibit "1" to Exhibit "A". Attached to the Affidavit of Judd Worley as Exhibit "1" is the Certificate of Origin relating to the subject vehicle, which reflects that the Chevrolet Motor Division of General Motors Corporation is the manufacturer of the subject vehicle. General Motors Corporation is corporation organized under the laws of the State of Michigan, with its principal place of business located in Detroit, Michigan. Plaintiffs' Complaint ¶ 8.

This action is presently before the Court on Defendant Maypole Chevrolet's Motion to Dismiss and Motion to Quash Service. Defendant Maypole Chevrolet is appearing specially and specifically as to the limited issue of the Circuit Court of Bullock County, Alabama's lack of personal jurisdiction over Maypole Chevrolet, Inc., and Defendant Maypole Chevrolet appears specially and specifically without submitting to the jurisdiction of this Court.

4

II.

## **PLAINTIFFS' COMPLAINT IS DUE TO BE DISMISSED**

A court cannot exercise its jurisdiction over a foreign corporation when the court lacks personal jurisdiction over the foreign corporation. In order for a court to have personal jurisdiction over a foreign corporation, that foreign corporation must meet certain "minium contacts" with the forum state.

When it is determined that the Court lacks personal jurisdiction over the foreign corporation, the Court shall, in the interest of justice, dismiss the foreign corporation from the case. Such is the case at hand. Defendant Maypole Chevrolet, Inc., is a foreign corporation with no "minimum contacts" with the State of Alabama, and it has not "purposefully availed itself of the privilege of conducting activities in the forum state" (Alabama). Therefore, the "traditional notions of fair play and substantial justice will be offended" if foreign Defendant Maypole Chevrolet is not dismissed from this case as a party defendant.

## **A. This Court Does Not Have Personal Jurisdiction Over Defendant Maypole Chevrolet, Inc.**

As previously detailed, Defendant Maypole Chevrolet, Inc., is a Georgia Corporation with its principal and sole place of business in Toccoa, Georgia. Exhibit "A"; Exhibit "2" to Exhibit "A". It is undisputed that the sale of the subject vehicle by Defendant Maypole Chevrolet to Defendant Phil Owens Used Cars took place in the State of Georgia, by and between two Georgia corporations. Exhibit "1" to Exhibit "A".

The guarantees of due process protect a non-resident defendant from binding judgments in forums with which it has established no meaningful contacts, ties or relations.

5

International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). Before being subjected to the jurisdiction of a forum's courts, a non-resident corporate defendant must undertake acts which establish certain "minimum contacts with the forum" such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Quill Corp. v. North Dakota by and through Heitkamp, 504 U.S. 298, 306-07 (1992); Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 113 (1987); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). That as such, it is essential that there be some act by which the defendant "purposely avails itself" of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. Quill Corp, 504 U.S. at 306-07; Hanson v. Denckla, 357 U.S. 235, 253 (1958); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

In order to establish that this Court has personal jurisdiction over Defendant Maypole Chevrolet, Inc., the Plaintiffs must show that either the asserted causes of action arose out of Maypole Chevrolet's "purposeful contact" with the State of Alabama so as to confer "specific" jurisdiction, or that Maypole Chevrolet's contacts with the State of Alabama were "systematic and continuous" so as to allow for the exercise of "general" jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004). The Plaintiffs' Complaint fails to make either of these showings. Defendant Maypole Chevrolet has had no contact with Alabama sufficient to confer personal jurisdiction over Maypole Chevrolet. See Burger King Corp. v. Rudzewicz, 471

6

U.S. 462 (1985); see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984); Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

The Alabama Supreme Court has consistently held that in order for an Alabama court to exercise jurisdiction over a foreign defendant "the nexus between the defendant and the forum state must arise out of 'an action of the defendant [that was] purposefully directed toward the forum State.'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott v. Van Kleef, 830 So. 2d 726, 731 (Ala. 2002) (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). "'This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "the unilateral activity of another person or a third person."'" Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004) (quoting Elliott, 830 So. 2d at 731) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In the instant case, the Plaintiffs are attempting to hale foreign Defendant Maypole Chevrolet into this jurisdiction as a result of the "the unilateral activity of another person or a third person," namely the actions of Defendant O&M Motors, who sold the subject vehicle to Frank Johnson, Sr., an Alabama resident. See Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004).

The foreign defendant in Ex parte Covington Pike Dodge, Inc., 904 So. 2d 226, 230 (Ala. 2004), was a Tennessee automobile dealership that sold an automobile to a Mississippi resident. After the sales transaction, the buyer, a Mississippi resident, who was involved in an automobile accident in Alabama. Defendant Covington Pike Dodge filed a motion to dismiss with the Marion County Circuit Court based on lack of personal

jurisdiction, and the trial court denied the defendant's motion. Ex parte Covington, 904 So. 2d at 228. Defendant Covington Pike Dodge filed a petition for a writ of mandamus with the Alabama Supreme Court requesting it to direct the trial court to vacate its order and to enter an order of dismissal. Id. The Alabama Supreme Court granted defendant's petition and issued the writ directing the trial court to vacate its order and enter an order of dismissal based on the lack of personal jurisdiction over the foreign defendant. Id.

In reaching its decision, the Alabama Supreme Court relied heavily on the following factors: (1) defendant Covington Pike Dodge was a Delaware corporation with its principle place of business located in Tennessee; (2) Covington Pike had no offices located outside of Memphis, Tennessee; (3) Covington Pike's primary corporate purpose was to sell and service vehicles in Tennessee; (4) Covington Pike did not conduct any business of any kind within the State of Alabama; (5) Covington Pike was not qualified to do business in Alabama and had not availed itself of the privilege of conducting business in Alabama; (6) Covington Pike did not have a dealership in Alabama; (7) Covington Pike did not have any employees in Alabama; (8) Covington Pike did not own any real property or personal property in Alabama; and (9) Covington Pike did not advertise its services in Alabama. Ex parte Covington, 904 So. 2d at 231. All these factors were submitted by affidavit testimony to defendant's motion to dismiss. Id.

Much like the defendant in Ex parte Covington, submitted the above facts by affidavit, so did foreign Defendant Maypole Chevrolet. Attached as Exhibit "A" to its previously filed motion to dismiss was the affidavit of its General Manager Judd Worley. Worley's affidavit sets forth factors that mirror the factors the Alabama Supreme Court

8

relied upon in Ex parte Covington when it ordered the trial court to vacate its order and dismiss the defendant. See Ex parte Covington, 904 So. 2d at 231.

As set forth above, Defendant Maypole Chevrolet, Inc., is a Georgia corporation with its principal and sole place of business located in Toccoa, Georgia. Exhibit "2" to Exhibit "A". Maypole Chevrolet is not incorporated in the State of Alabama. Exhibit "A". Maypole Chevrolet has never contracted in Alabama to supply services or goods in the State of Alabama. Exhibit "A". Maypole Chevrolet does not advertise its goods or services in the State of Alabama or engage in any other activity of any nature whatsoever in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc. does not own any real or personal property located in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc. is not licensed in, or authorized to do business in the State of Alabama. Exhibit "A". Maypole Chevrolet, Inc., does not solicit business or engage in any other persistent course of conduct or business in the State of Alabama. Exhibit "A". Maypole Chevrolet does not derive substantial revenue from goods used or consumed in the State of Alabama or from services rendered in the State of Alabama. Exhibit "A". It should also be noted that Maypole Chevrolet is located in Toccoa, Georgia, which is near the Georgia/South Carolina border. Maypole Chevrolet is not located near the Georgia/Alabama border. In Ex parte Covington, the Alabama Supreme Court found the facts supported neither "specific" or "general" jurisdiction over the defendants. Ex parte Covington, 904 So. 2d at 231. Such is the case presently before the Court.

The Alabama Supreme Court went further in its decision in Ex parte Covington, holding that "if the defendant makes a prima facie evidentiary showing that the Court has

9

no personal jurisdiction, 'the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.'" Ex parte Covington, 904 So. 2d at 230 (quoting Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D. Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)); see also, Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D. Del. 1995) ("When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.") (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)). The Alabama Supreme Court noted in a footnote to its Ex parte Covington decision that "[t]he Alabama Rules of Civil Procedure are based upon, and are virtually identical to, the Federal Rules of Civil Procedure. A presumption therefore arises that cases construing the federal rules are authority for construing the Alabama rules. Alabama Federal Sav. & Loan Ass'n v. Howard, 534 So. 2d 609, 614 (Ala.1988)." Ex parte Covington, 904 So. 2d at 230 n.1.

Moreover, it is well established law in Alabama that "'[t]he plaintiff bears the burden of proving the court's personal jurisdiction over the defendant.'" Ex parte Covington, 904 So. 2d at 229 (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)); See Leithead v. Banyan Corp., 2005 WL 2327051 *4 (Ala. Sept. 23, 2005); see also, Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So. 2d 519, 525 (Ala. 2003). In the case at hand, the Plaintiffs have submitted no opposition to Defendant Maypole Chevrolet's motion to dismiss for lack of personal jurisdiction.

10

Plaintiffs' have failed to meet their burden and furthermore, have failed to submit any opposition in the form of a motion or affidavits in an attempt to prove jurisdiction. Therefore, based on Alabama law and in line with the recent Alabama Supreme Court holding in Ex parte Covington, the foreign Defendant Maypole Chevrolet is due to be dismissed for lack of personal jurisdiction.

It is undisputed in this case that Defendant Maypole Chevrolet sold the subject vehicle in the State of Georgia to Defendant Phil Owens. Exhibit "1" to Exhibit "A". It is also undisputed that both Maypole Chevrolet and Phil Owens are Georgia corporations. Exhibit "1" to Exhibit "A"; Plaintiffs' Complaint at ¶¶ 9, 10. The fact that Phil Owens Used Cars subsequent to its purchase of the subject vehicle, resold the vehicle to the Georgia corporation, Defendant O& M Motor Company, who in turn sold the vehicle to Frank Johnson, an Alabama resident, does not permit Alabama courts to exercise personal jurisdiction over Defendant Maypole Chevrolet. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S. Ct. 559 (1980) (holding that customers may move automobiles from state of sale without evidence of manufacturer's efforts to directly or indirectly serve the forum is not sufficient to establish minimum contacts). In view of the foregoing facts and circumstances, it is clear that Maypole Chevrolet has not committed any acts or conducted any activity in the State of Alabama, purposeful or otherwise, sufficient for this Court to exercise personal jurisdiction over Maypole Chevrolet. Therefore, Defendant Maypole Chevrolet, Inc., respectfully requests this Court to grant its Motion to Dismiss and Motion to Quash Service of Process, and enter an order dismissing Plaintiffs' Complaint and all counts and causes thereof, separately and severally, as to

11

Defendant Maypole Chevrolet, Inc.

## B. Service of Process as to Defendant Maypole Chevrolet, Inc., is Due to be Quashed

Plaintiffs filed this action in the Circuit Court of Bullock County, Alabama, seeking service and/or service of process on the foreign corporation, Maypole Chevrolet, Inc. Based on the facts and circumstances set forth above, and the lack of personal jurisdiction of this Court over Defendant Maypole Chevrolet, the purported service and/or service of process as to Defendant Maypole Chevrolet is improper and is due to be quashed.

Defendant Maypole Chevrolet has demonstrated that it is incorporated under the laws of the State of Georgia, and its principal and sole place of business is located in Toccoa, Georgia. Exhibit "A". Defendant Maypole Chevrolet is not subject to personal jurisdiction in the State of Alabama. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S. Ct. 559 (1980) (holding that customers may move automobiles from state of sale without evidence of manufacturer's efforts to directly or indirectly serve the forum is not sufficient to establish minimum contacts); see also, Ex parte Covington, 904 So. 2d 226 (Ala. 2004) (holding that a Tennessee automobile dealership that sold an automobile to a Mississippi resident who was later involved in an accident in Alabama was not subject to the jurisdiction of Alabama courts because the Tennessee dealership did not meet the minimum contacts test). Maypole Chevrolet is subject to personal jurisdiction in Toccoa, Georgia, which is also the location that the sale of the subject vehicle by Maypole Chevrolet to Phil Owens occurred. Plaintiffs' Complaint ¶ 9, 10, 38. The Affidavit of Judd Worley establishes that all witnesses to be called by Defendant Maypole Chevrolet reside

12

in the State of Georgia. Exhibit "A". It is clear that all relevant factors demonstrate that the Plaintiffs' Complaint, and each count and cause thereof, separately and severally, should, under these facts and in the interests of justice, be dismissed as to Defendant Maypole Chevrolet, as the Circuit Court of Bullock County, Alabama lacks personal jurisdiction over Defendant Maypole Chevrolet. Furthermore, Georgia has a significant interest in having this dispute litigated in its courts and a Georgia court might choose not to enforce an Alabama judgment if it found that an Alabama court improperly asserted personal jurisdiction. See e.g., J&J Marine, Inc., v. Ha Van Le, 982 S.W.2d 918, 925 (Tex. App. 1998). Under the facts of this case, the Circuit Court of Bullock County, Alabama does not have jurisdiction to litigate the claims of Plaintiffs as to Defendant Maypole Chevrolet. As such, the issuance of service of the Summons and Complaint to the foreign corporation Maypole Chevrolet was improper; therefore, the purported service of process of the Summons and Complaint on Defendant Maypole Chevrolet is improper and is due to be quashed.

For the reasons set out above, the purported service and/or service of process on Defendant Maypole Chevrolet is improper and is due to be quashed. In turn, the Plaintiffs' Complaint, and each count and cause thereof, separately and severally, are due to be dismissed as to Defendant Maypole Chevrolet.

III.

## CONCLUSION

Based on the grounds set forth in Defendant Maypole Chevrolet Inc.'s Motion to Dismiss and Motion to Quash Service of Process, and the facts, circumstances and law

13

set forth in this brief, Defendant Maypole Chevrolet, Inc., respectfully requests this Honorable Court to dismiss Plaintiffs' Complaint and each count and cause thereof, separately and severally, as to Defendant Maypole Chevrolet, as this Court lacks personal jurisdiction over Defendant Maypole Chevrolet. Furthermore, in light of the facts of this case, the Circuit Court of Bullock County, Alabama does not have jurisdiction to litigate the claims of Plaintiffs as to Defendant Maypole Chevrolet, and as such, the purported issuance of service of the Summons and Complaint and the subsequent purported service of process of the Summons and Complaint on Defendant Maypole Chevrolet is improper and is due to be quashed.

For the above reasons, the purported service and/or purported service of process on Defendant Maypole Chevrolet is improper and is due to be quashed. Additionally, Plaintiffs' Complaint, and each count and cause thereof, separately and severally, is due to be dismissed as to Defendant Maypole Chevrolet, Inc. Defendant Maypole Chevrolet again asserts that it is appearing specially and specifically as to the issue of lack of personal jurisdiction of the Circuit Court of Bullock County, Alabama, and Defendant Maypole Chevrolet appears specially and specifically without submitting to the jurisdiction of this Court.

Dated this the __8th__ day of __December__, 2005.

ROGER S. MORROW (MOR032)

14

*Meredith Tolar*

**MEREDITH L. TOLAR (TOL006)**
**ATTORNEYS FOR DEFENDANT**
**MAYPOLE CHEVROLET, INC.**

**OF COUNSEL:**
**MORROW, ROMINE & PEARSON, P.C.**
**122 South Hull Street**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  334-262-7707**
**Facsimile:  334-262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following parties of record at their proper mailing addresses, by depositing a copy of the same in the United States Mail, First Class, postage prepaid and affixed thereto, as well as by facsimile transmission; this _____ day of _____,2005:

Hon. Edward P. Kendall
Hon. Michael G. Strickland
Hon. Blaine C. Stevens
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)
**Attorney for Plaintiffs**

Hon. Will R. Kelly
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)
**Attorney for Plaintiffs**

15

Hon. Louis C. Rutland
Hon. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Hon. Hope T. Cannon
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(Fax No.: 205-488-6722)
**Attorney for Defendant Bridgestone
Firestone North American Tire**

Hon. M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)
**Attorney for Defendant General Motors
Corporation**

Hon. William A. Mudd
SADLER SULLIVAN
400 20th Street North, Suite 2500
Birmingham, AL 35203
(Fax No. 205-263-7127)
**Attorney for Defendant Phil Owens
Used Cars**

Hon. Jack E. Little, Jr.
PILLSBURY, WINTHROP, SHAW &
PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)
**Attorney for Defendant TRW Vehicle
Safety Systems, Inc.**

Hon. Jay S. Tuley
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)
**Attorney for Defendant May Brothers,
Inc.**

Hon. Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)
**Attorney for Defendant Temple
Products of Indiana**

**OF COUNSEL**

16