IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRISON JOHNSON, Jr., et al.   ) | |
| ) | |
|    Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO.: |
| ) | 2:06CV290-MEF |
| GENERAL MOTORS CORPORATION;   ) | |
| et al.,   ) | |
| ) | |
|    Defendants.   ) | |

### PLAINTIFF'S RESPONSE TO PHIL OWENS' MOTION TO DISMISS

**COME NOW** the Plaintiffs and file this their response to the Motion to Dismiss urged upon this Court by Defendant Phil Owens Used Cars (hereinafter "Owens"). In its motion, originally filed in the Circuit Court of Bullock County, Alabama, Owens alleges that it should be dismissed from this action for lack of personal jurisdiction. Despite the allegations made in the affidavits submitted to this Court and throughout Owens' supporting brief and motion papers, Owens has had substantial contacts with the State of Alabama. In fact, Owens has had more than mere passing contact with the State of Alabama as is demonstrated by the deposition testimony of Phil Owens himself. (See "Exhibit 1", Deposition of Phil Owens attached hereto.) It is without doubt at this point that Owens has had persistent contact with the State of Alabama that was specifically intended to further the business of this Defendant. As will be demonstrated hereinbelow, Owens has minimum contacts with the State of Alabama such that it would not be unreasonable for Owens to expect to be haled into court in this state.

### STANDARD FOR ATTACHING JURISDICTION

In most states, as in Alabama, there is a device for attaching jurisdiction to out-of-state persons or entities known as the "long arm" statute. In Alabama, the long arm rule is found in Rule 4.2 Alabama Rules of Civil Procedure (A.R.C.P). Rule 4.2 adopts the general approach of <u>International Shoe</u>, and its lengthy progeny. Under Rule 4.2, an Alabama court may exercise jurisdiction over a

foreign defendant if the potential defendant has "sufficient contacts" with the State of Alabama. See, Rule 4.2 A.R.C.P.

Further Rule 4.2 sets out specific acts of a foreign defendant which may subject it to jurisdiction in this state. Specifically Rule 4.2(2) states that a person has sufficient contacts with this state when such person "acting directly or indirectly" may be "legally responsible" as a consequence of any of the following:

1. Transacting "any" business in this state. See, Rule 4.2(2)(A).

2. Causing tortious injury or damage in this state by an act or omission outside this state if the person "regularly does or solicits" business or engages in a "persistent course of conduct" or "derives substantial revenue" from goods used in this state. See, Rule 4.2(2)(D).

3. Otherwise having such contacts with this state such that the defendant may be deemed to have "minimum contacts" with the State of Alabama such that it would be "fair and reasonable" to require that person to defend an action in this state, so long as such would not offend the constitutions of either the United States or the State of Alabama. See, Rule 4.2(2)(I).

It has been held that the reach of the Alabama long arm statute is equal to the reach of the United States Constitution. That being the case, the court's inquiry in the State of Alabama is whether the potential defendant has sufficient "minimum contacts" with the state in order for jurisdiction to attach. See, <u>Baumhower v. Groves, John & Westrup,</u> Ltd., 844 F. Supp. 719 (S.D. Ala. 1993); <u>Honn v. Effort Shipping Co.</u>, 777 F. Supp. 927 (S.D. Ala. 1991); <u>Pepsi-Cola Bottling Co. V. Buffalo Rock Co.</u>, 593 F. Supp. 1559 (N.D. Ala. 1984). The rule itself "extends to the permissible limits" of due process. <u>Atlanta Auto Auction, Inc. V. G&G Auto Sales, Inc.</u>, 512 So.2d 1334 (Ala. 1987). As set out in <u>International Shoe</u>, the defendant's conduct must be such that maintenance of a suit in state court does not offend "traditional concepts" fair play and substantial justice. Federal Courts have stated that the critical issue for consideration in the area of jurisdiction is whether the defendant's conduct and

connection with the forum state is such that the defendant should "reasonably" anticipate being brought into court there. Brock v Hutto, 617 F. Supp. 623 (M.D. Ala. 1985).

The long arm statute in this state allows jurisdiction over a foreign defendant when that defendant transacts business in this state. However, the transaction of business in this state must be related to the cause of action and claims made against the potential defendant. See, Hales v. First Appalachian Corp., 494 F. Supp. 330 (N.D. Ala. 1980). In this case, Owens was directly involved in sales of vehicles, specifically conversion vans, in the State of Alabama to two separate dealers who later resold the vehicles in this state. (See Owens Deposition at 7-8.) Owens could not give a specific number of vehicles that were sold under this scheme, but admitted to a substantial number of such vehicle transfers. (See Owens Deposition at 12.) Owens specifically admitted to substantial numbers of vehicles that were sold to dealers here in this state and tacitly acknowledged that it was foreseeable that claims could arise in this state. Furthermore, at least one lawsuit has arisen out of Owens' activities within the State of Alabama. Owens was sued in Tuscaloosa County Circuit Court due to an automobile accident involving one of his delivery personnel who was delivering a vehicle to Tuscaloosa. (See Owens Deposition at 20-21.) However, this case was later removed to federal court. (See Ala. Court report attached as "Exhibit 2" hereto.)

Owens admitted that the dealership had done frequent business with Alabama car dealers. Owens usually met Alabama car dealers at the Atlanta Auto Auction, and arranged transfers of vehicles to the dealers in Alabama. (See Owens Deposition at 16-17.) Also, Owens admitted that Alabama car dealers would also contact him directly seeking to acquire vehicles for sale at dealerships located in Alabama. (See Owens Deposition at 13-14.) Again, Owens could not give specific details as to the number of vehicles so delivered to Alabama dealers for sale here in this state. Sales were made to Alabama dealers both through the Atlanta Auto Auction and through direct sales to Alabama dealers. (See Owens Deposition at 14.) However, he did give an estimate that represented a substantial number of such sales. (See Owens Deposition at 15-16.)

In addition, it must be noted to this Court that the vehicle in question was sold to the Plaintiffs in Columbus Georgia by O&M Motors. O&M Motors is the entity to whom Owens sold the van after it was converted and offered to the market. Owens admitted his knowledge that the location of the dealership of O&M made it likely that a resident of Alabama might purchase the van. Owens' own business is located very near the border of Georgia and South Carolina, and Owens acknowledged that it would be likely that some of his converted vans would be sold by auto dealers and that those converted vans would wind up in South Carolina. This was foreseeable to Owens, as he admitted it would be foreseeable to him that a Columbus Georgia dealer may well sell the converted van to an Alabama resident. (See Owens Deposition at 31-33.)

In the case of Atlanta Auto Auction, Inc. V. G&G Auto Sales, Inc., 512 So.2d 1334 (Ala. 1987), a similar issue was addressed. As in the instant case, Atlanta Auto Auction had engaged in numerous sales of vehicles to a purchaser in the state of Alabama. In Atlanta Auto Auction, the defendant "knew that both the [plaintiff] and the company he worked for had their principal places of business located . . . . in Alabama." Atlanta, 512 So.2d at 1335-36. The fact that the defendant had engaged in numerous such sales was uncontroverted. Id. Based on these facts, the Alabama Supreme Court held that the exercise of jurisdiction over the auto auction was legitimate. Id. at l336. That is essentially the case before this Court. Owens has admitted to selling and delivering numerous converted vans to the State of Alabama for subsequent sale. In fact, Owens admitted that he had particular relationships with two dealerships located in Alabama, one in Tuscaloosa and one in Anniston. (See Owens Deposition at 16-18.)

Based upon the foregoing, it is clear that Phil Owens Used Cars, Inc. maintained more than episodic or sporadic contact with the State of Alabama. Owens conducted a consistent and persistent pattern of business activity in this state. Owens sold and delivered vehicles to this state on more than several occasions. Further, Owens has admitted to this activity, and admits that it has been sued before as a direct result of the business activity it conducted in this state. Further, it is hardly debatable that

4

Owens had reason to know that the van could be sold to an Alabama resident given the fact that it conducted a great deal of business in this state, and was also aware that the O&M dealership it sold the van to was located in Columbus, Georgia which is located only a stone's throw from the Alabama border.  Owens has minimum contacts with this state, and it is neither unfair nor unreasonable under the circumstances of this case to require Owens to defend this case in the State of Alabama.

## CONCLUSION

Plaintiff has demonstrated that Owens has minimum contacts with the State of Alabama.  Under the facts of this case it is neither unfair nor unreasonable to require Owens to defend this action in this state.  Owens conducted regular business transactions with entities in this state, and it should have been clearly foreseeable that Owens might be "haled into court" on matters related to that business - conversion van sales.  Plaintiffs respectfully request that the Court deny the motion to dismiss filed in this matter by defendant Owens.

**RESPECTFULLY SUBMITTED** this 8th day of May, 2006.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
Attorney for Plaintiffs

**OF COUNSEL:**
**STRICKLAND & KENDALL, L.L.C.**
420 S. Lawrence Street [36104]
P.O. Box 99
Montgomery, AL  36101-0099
(334) 269-3230
(334) 269-3239 / fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 8th day of May, 2006.

Will R. Kelly
Post Office Drawer 937
Hayneville, AL 36040

Jack E. Little Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon
Brittin T. Coleman
Kenneth Perry
Bradley, Arant, Rose and White
1819 5th Ave North
Birmingham, AL 35203

M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays
L. Frank Coan, Jr., Esq.
Robert Arrington, Jr., Esq.
King & Spalding
1180 Peachtree Street
Atlanta, GA 30309

Roger Morrow, Esq.
Morrow, Romine & Pearson
Post Office Box 4804
Montgomery, AL 36103

Keith Pflaum, Esq.
Porterfield, Harper Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

J. Kenneth Wainwright, Esq.
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526

William A Mudd
420 20th Street North Ste 2500
Birmingham, AL 35203

James N. Walter, Jr.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

/s/ Blaine C. Stevens
**OF COUNSEL**