IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HARRISON JOHNSON, JR., et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:06 -CV-290-MEF |
| ) | |
| **BRIDGESTONE FIRESTONE** ) | |
| **NORTH AMERICAN TIRE LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PHIL OWENS USED CARS, INC.'S SPECIAL APPEARANCE FOR THE LIMITED PURPOSE OF REPLYING TO PLAINTIFF'S RESPONSE TO DEFENDANT PHIL OWENS MOTION TO DISMISS AND MOTION TO QUASH SERVICE OF PROCESS TO CHALLENGE *IN PERSONAM* JURISDICTION OVER THIS DEFENDANT**

**COMES NOW** the Defendant described as Phil Owens Used Cars, Inc., appearing specially and specifically, by and through counsel of record, without submitting to the jurisdiction of this Court, and files this Reply to Plaintiff's Response to Motion to Dismiss of Defendant Phil Owens Used Cars, Inc. filed on May 8, 2006. Defendant Phil Owens Used Cars, Inc. respectfully submits that it lacks the requisite "minimum contacts" to allow any Alabama court to maintain personal jurisdiction over it, let alone "substantial contacts" as averred by Plaintiffs in their response so as to create specific or general jurisdiction. Defendant Phil Owens Used Cars, Inc. respectfully moves the Court to (a) quash Plaintiff's attempt to serve Phil Owens Used Cars, Inc. with a copy of the Summons and Complaint and (b) to dismiss Phil Owens Used Cars, Inc. as a party defendant on the ground that the Court does not have personal jurisdiction over this defendant.

The basis for personal jurisdiction in this case is the Alabama long-arm statute. Phil Owens Used Cars, Inc. acknowledges, based on the vast case law dedicated to this legal issue, that the

jurisdiction of Alabama courts reaches the full extent permissible under the due process clause of the Fourteenth Amendment. Therefore, the issue before this court is whether the exercise of in personam jurisdiction in this case comports to due process.

"In personam jurisdiction complies with due process when (1) the nonresident defendant has <u>purposefully</u> established minimum contacts with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *Worthy v. Bartley*, 307 F.Supp.2d 1244 (MD Ala. 2004)(emphasis added).

> Depending on the quality and quantity of the contacts, jurisdiction may be either general or specific. 'General jurisdiction applies where a defendant's activities in the forum state are "substantial" or "continuous and systematic," regardless of whether those activities gave rise to the lawsuit. . . A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit.
>
> But regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of "an *action of the defendant [that was] purposefully directed toward the forum State*." (emphasis added by the Court) <u>This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of the unilateral activity of another person or third party</u>.

*Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So.2d 459 (Ala. 2003)(internal citations and

quotations omitted)(emphasis added). It is the complete absence of purposeful-availment on the part of Phil Owens Used Cars, Inc. that calls for the dismissal of this action on either specific or general jurisdiction grounds.

### Specific Jurisdiction:

"A court exercises specific jurisdiction when the suit arises out of or is related to the defendant's contacts with the forum." *Seymour v. Bell Helmet Corporation*, 624 F.Supp. 146, 149 (MD Ala. 1985)(internal citations omitted). This is not a case of specific jurisdiction. There is no evidence that Phil Owens Used Cars, Inc. had any direct contact with the State of Alabama in relation to the purchase of the conversion van made the basis of this case. The conversion van in question was sold to a separate Georgia corporation known as O & M Motors in 1985, which then allegedly sold the vehicle to Frank Johnson, deceased, an Alabama resident plaintiff. As Phil Owens Used Cars, Inc. had no contact with this forum insofar as the sale of the conversion van in question is concerned, the court lacks specific jurisdiction.

The plaintiffs, in their response brief, make reference to a case previously filed in the Circuit Court of Tuscaloosa County, Alabama in which Phil Owens Used Cars, Inc. was a named party defendant (the "Tuscaloosa Case"). The Tuscaloosa case has no bearing on the lawsuit before this court. As noted by Phil Owens, President of Phil Owens Used Cars, Inc., in his deposition taken in this case, the Tuscaloosa Case involved an automobile accident that happened in Tuscaloosa County, Alabama involving an employee of Phil Owens Used Cars, Inc. In that instance, the court had specific personal jurisdiction over the defendant because that accident was the direct result of the alleged negligence of an employee of Phil Owens Used Cars, Inc. while operating an automobile in Alabama. The claims of the Plaintiffs in the case before this court do not involve any direct action

by Phil Owens Used Cars, Inc., nor its employees, agents, representatives or servants, in Alabama. The alleged wrongful conduct of Phil Owens Used Cars, Inc. took place in Georgia (converting and selling a van). Therefore no specific jurisdiction exists.

### General Jurisdiction:

"General jurisdiction exists when the defendant's contacts with the forum state do not relate or give rise to the suit, but the defendant nonetheless has 'continuous and systematic general business contacts' with the state." *Seymour* at 149.

The plaintiffs attempt to assert general jurisdiction on the grounds that Phil Owens Used Cars, Inc. did "frequent business with Alabama car dealers" thereby purposefully availing itself to Alabama. (Plaintiff's Response, p. 3, attached as "Exhibit 1") While Phil Owens Used Cars, Inc. may have done business with Alabama car dealers, this business was not conducted in or directed towards Alabama. The transactions were generated by phone calls placed to the principle place of business of Phil Owens Used Cars, Inc. located in Lavonia, Georgia. The transactions included the delivery of the vehicles to the State of Alabama. There was no solicitation of these business transactions by Phil Owens Used Cars, Inc.

While it is true that the conversion van made the basis of this suit did end up in Alabama, it did not end up in Alabama by any direct action of Phil Owens Used Cars, Inc. In fact, Phil Owens' deposition testimony was that the conversion van at issue was sold to O & M Motors, a Georgia corporation, and not directly to Frank Johnson, deceased. (Deposition of Phil Owens, pg. 29, attached as "Exhibit 2") The subsequent sales actions of O & M Motors, a co-defendant, does not equate to purposeful-availment on behalf of Phil Owens Used Cars, Inc. so as to give rise to general jurisdiction by Alabama courts. See, *Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, supra.

In addition, the plaintiffs have offered no evidence to contest the fact the Phil Owens Used Cars, Inc. is not registered to do business in Alabama; owns no property in Alabama; maintains no offices in Alabama; employs no agents in Alabama; and has not nor has it ever advertised, either through print or visual media, in Alabama. (Affidavit of Phil Owens, attached as "Exhibit 3") These are all additional factors utilized by courts to determine general jurisdiction.

Of the various factors to be analyzed when determining whether a party is subject to general jurisdiction, Alabama courts have routinely found that advertising directed toward Alabama, or the lack thereof, was one of the most critical or important factors. See, *Butler v. Beer Across America*,83 F.Supp.2d 1261, 1267 (ND Ala. 2000)(More important than the size of the purchases, however, the sellers in *Lowry*, *Pope*, and *Atlanta Auto Auction* [all car dealer cases], had actively courted the Alabama market through advertisements on regional and local radio stations, in regional newspapers, and through the mails.) In fact, in the sole case relied on by the plaintiffs and incorporated in *Butler*, supra, *Atlanta Auto Auction, Inc. v. G & G Auto Sales, Inc.*, 512 So.2d 1334 (Ala. 1987), the active solicitation of business by the defendant into Alabama allowed the court to maintain jurisdiction. The Court stated that "Atlanta Auto 'purposefully directed' its merchandising efforts toward the residents and businesses of another state. By doing so, Atlanta Auction 'purposefully availed' itself of the privilege of making sales to, and profits from, Alabama residents through a continuous systematic course of merchandising." *Id*. at 1337.

In the case before this court, the deposition testimony of Phil Owens clearly indicates that Phil Owens Used Cars, Inc. did not actively pursue the sale of customized vans in Alabama nor did it purposefully direct its sales activities towards Alabama. While Phil Owens did testify that some of the company's vans did end up in Alabama, the reason for this was because an Alabama auto

dealer approached his company at the Atlanta Auto Auction in Atlanta, Georgia and subsequently ordered a customized van, or an Alabama auto dealer initiated the contact via a phone call and ordered customized vans. (Deposition of Phil Owens, pp. 13, 15) Phil Owens Used Cars, Inc. never initiated the contact. Phil Owens Used Cars, Inc. never "purposefully availed" itself of making sales to Alabama residents.

It is noteworthy that Phil Owens Used Cars, Inc. has not sold any conversion vans to any buyer, whether a resident of the State of Alabama or not, since 1992, when it exited the conversion van business. (Deposition of Phil Owens, p. 27)

Another distinguishment between the facts of *Atlanta Auto Auction* and the facts of the present case is that the defendant in *Atlanta* directly dealt with G & G Auto Sales, an Alabama Automobile dealer, in the sale of the vehicle made the basis of that case. In the present case, O & M Motors, a Georgia automobile dealer, sold the van to Frank Johnson, deceased, with no assistance from Phil Owens Used Cars, Inc.

**Foreseeability:**

In their response, the plaintiffs also discuss the foreseeability that a car sold by Phil Owens Used Cars, Inc. could end up in Alabama. Courts have rejected this line of reasoning as to why jurisdiction should be maintained. In *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987), the U.S. Supreme Court stated that the defendant's mere awareness that some of its products would eventually enter the forum state was not enough to support the exercise of personal jurisdiction. The Court required some purposeful act directed at the forum state. In *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980), the U.S. Supreme Court rejected the plaintiff's argument that jurisdiction should be sustained merely because it was foreseeable that cars the

defendants sold might be driven to Oklahoma. The Court clarified this position, stating that although foreseeability was not "wholly irrelevant," the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is what the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

In the present case, Phil Owens Used Cars, Inc. had no expectation of being haled into court in Alabama. As discussed earlier, it did not purposefully direct any activity to Alabama that would develop expectations on its part that it could be sued in Alabama. Its actions involving the sale of vehicles to Alabama was passive, as it was approached by Alabama car dealers via the Atlanta Auction or it received unsolicited contact from Alabama car dealers that resulted in the sale of vans in Alabama. (Deposition of Phil Owens, pp. 13, 15) Based on the testimony adduced during the deposition of Phil Owens, this defendant had no reason to believe it would be brought into a suit filed in Alabama.

**WHEREFORE**, **PREMISES CONSIDERED**, Defendant Phil Owens Used Cars, Inc. specially appears before this Court, without submitting to the jurisdiction of this Court, and moves this Honorable Court to dismiss it from this lawsuit.

                                              s/: William A. Mudd
                                              William A. Mudd (ASB-4274-U79W)
                                              Attorney for Phil Owens Used Cars, Inc.
                                              MILLER, HAMILTON,
                                              SNIDER & ODOM, L.L.C.
                                              1200 Financial Center
                                              505 20th Street N.
                                              Birmingham, AL 35203
                                              (205) 226-5200 *telephone*
                                              (205) 226-5226 *facsimile*
                                              billmudd@mhsolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows via electronic mail on this the 15 day of May, 2006.

Mr. Edward P. Kendall
Mr. Michael G. Strickland
Mr. Blaine C. Stevens
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)

Mr. Will R. Kelly
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)

Mr. Louis C. Rutland
Mr. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)

Mr. Jack E. Little, Jr.
PILLSBURY, WINTHROP, SHAW & PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)

Meredith Lee Tolar
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
(334) 262-7707
(334) 262-7742 fax

Mr. Jay S. Tuley
NIX, HOLTSFORD, GILLILAND, HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)

Mr. Andrew S. Nix
Mr. M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)

Mr. Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)

| | |
|---|---|
| Robert L. Arrington<br>Ann M. Carter<br>L. Frank Coan, Jr.<br>Robert D. Hays<br>KING & SPAULDING LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521 | Mr. Roger Stephen Morrow<br>MORROW, ROMINE & PEARSON, P.C.<br>Post Office Box 4804<br>Montgomery, Alabama 36103-4804<br>(Fax No. 334-262-7742) |
| J. Kenneth Wainwright, Jr.<br>HARVEY KRUSE, PC<br>1050 Wilshire Drive<br>Suite 320<br>Troy, MI 48084-1526 | David B. Weinstein<br>PILLSBURY WINTHROP<br>SHAW PITTMAN<br>Two Houston Center<br>909 Fannin<br>Suite 2200<br>Houston, TX 77010 |
| Chad Wesley Bryan<br>James N. Walter, Jr.<br>CAPELL & HOWARD, P.C.<br>P.O. Box 2069<br>Montgomery, AL 36102-2069<br>(334) 241-8000<br>(334) 241-8234 fax | Brittin T. Coleman<br>Kenneth M. Perry<br>Hope T. Stewart<br>BRADLEY, ARANT, ROSE & WHITE LLP<br>One Federal Place<br>1819 5th Avenue N.<br>Birmingham, AL 35203-2104<br>(205) 521-8305<br>(205) 521-8800 fax |
| Larry W. Harper<br>Keith J. Pflaum<br>PORTERFIELD, HARPER, MILLS &<br>MOTLOW, P.A.<br>P.O. Box 530790<br>Birmingham, AL 35253-0790<br>(205) 980-5000<br>(205) 980-5001 fax | |

/s/: William A. Mudd
**OF COUNSEL**