**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HARRISON JOHNSON, JR., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 2:06 -CV-290-MEF** |
| | ) | |
| **BRIDGESTONE FIRESTONE** | ) | |
| **NORTH AMERICAN TIRE LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANT PHIL OWENS USED CARS, INC.'S SPECIAL APPEARANCE FOR THE**</u>
<u>**LIMITED PURPOSE OF RESPONDING TO PLAINTIFFS' MOTION TO REMAND**</u>

**COMES NOW** the Defendant described as Phil Owens Used Cars, Inc., appearing specially and specifically, by and through counsel of record, without submitting to the jurisdiction of this Court, and files this Response to Plaintiff's Motion to Remand filed on April 28, 2006.

Defendant Phil Owens Used Cars, Inc. ("Phil Owens") respectfully submits that no viable, colorable claim against the resident defendant, May Brothers, Inc. exists. May Brothers, Inc. was fraudulently joined in order to destroy diversity between the remaining diverse defendants. As a result of this fraudulent joinder, Phil Owens respectfully submits that this case should not be remanded to the Circuit Court of Bullock County, Alabama.

"Propriety of removal should be considered based upon the pleadings as of the date of removal." *Howard Griggs Trucking v. American Central Insurance Co.*, 894 F.Supp. 1503 (MD Ala. 1995)  One factor used to determine whether a defendant has been fraudulently joined is "whether there is no possibility the plaintiff can establish any cause of action against the resident defendant." *Cabalceta v. Standard Fruit Company*, 883 F.2d 1553 (11th Cir. 1989) Also, the court "can consider any submitted affidavits and/or deposition transcripts." *Id*. at 1561(internal citation

omitted) However, a court may disregard an affidavit that does nothing more than contradict previously given sworn testimony. *Howard Griggs Trucking* at 1508.

At no time during the deposition of Wayne Johnson did he ever testify that the van was allegedly taken to May Brothers, Inc. in order to have the tires inspected. Mr. Johnson only testified that the van was taken to May Brothers, Inc. in order to investigate a noise that was emanating from somewhere in the rear of the van.

Q.    Now, when you heard the shaking – or when you felt the shaking and you heard the noise, could you tell where it was coming from in the van?

A.    It was from the back, sir, but I don't know exactly where it was coming from.

Q.    Could you tell whether it was back right, back left, back center? Could you tell at all?

A.    No, sir.

. . . . .

Q.    In other words, when you went up - - when you and your brother arrived at the service station, did you have in your mind what you thought may have been causing the noise you were hearing or what you thought may have been causing the shaking that you were feeling?

A.    No, sir.

Q.    You did not have any idea what it was?

A.    No, sir, I did not.

(Deposition of Wayne Johnson, pp. 31, 32, attached as "Exhibit 1")

Also, Mr. Johnson was not a party to the conversation Frank Johnson had with any alleged

2

employees of May Brothers, Inc. that occurred during the alleged June 2003 visit.

Q.    Who went to talk to the people?

A.    My brother did, sir.

Q.    And tell me what he said.

A.    As a matter of fact, I don't know what he said, sir, because like when we both got out of the vehicle, all I did, sir, was like  - - I just like stood there and was looking around at the time.

Q.    So - -

A.    Yes, sir.

Q.    - - you weren't present then where you could hear what was being said between him and the person at the service station; is that right?

A.    Correct, sir.

· · · · ·

Q.    Did you ever talk to anyone at the service station?

A.    No, sir, I did not.

Q.    Did you ever hear any conversation between your brother and anyone at the service station?

A.    No, sir.

· · · · ·

Q.    But you don't know if your brother mentioned anything about tires to the people at Mays Brothers?

A.    No, sir, I do not.

3

Q.     And you do not know if any problems were present with the tires at the time of that

visit in June of 2003 or not?

A.     I do not, sir.

(Deposition of Wayne Johnson, pp. 29, 30, 77)

Also, Mr. Johnson did not visually see what May Brothers, Inc. allegedly did to the van.

Q.     Could you see what the people inside the service station were doing?

A.     No, sir, I did not.

Q.     You just saw it up on the lift?

A.     Yes, sir.

Q.     Did you have any idea what they may have checked?

A.     No, sir.

Q.     Did you brother ever express to you his belief or his firsthand knowledge of what

they may have checked while that vehicle was in the service station?

A.     No, sir.

(Deposition of Wayne Johnson, p. 33)

However, in his affidavit, Mr. Johnson testified that he and his brother, Frank Johnson,

deceased, went to May Brothers, Inc. "due to the clacking noise and rough ride for an inspection of

the tires."  (Affidavit of Wayne Johnson, attached as "Exhibit 2")(emphasis added)  It is clear that

Mr. Johnson's affidavit contradicts his previously sworn deposition testimony and should be

disregarded.

Mr. Johnson never testified that he and his brother were going to May Brothers, Inc. for the

specific purpose of having the van tires inspected.  Mr Johnson was not present when his brother was

4

speaking with any May Brothers, Inc. employees nor did he have any conversation with his brother after the fact as to what type of inspection occurred.  Mr. Johnson did not see what type of an "inspection" was performed.  The plaintiffs' complaint at paragraph 93 indicates that defendant May Brothers, Inc. "inspected the Chevy Van including the tires within a few months of the accident described herein."  No testimony exists that May Brothers, Inc. ever inspected the van tires or was asked to inspect the van tires.  The only testimony that was  provided by Mr. Johnson was that a noise was emanating from the rear of the van, but no specific location of the noise was determined.

 In addition, the plaintiffs state in their motion to remand that "May Brothers pronounced the van safe to drive and the vehicle was then put back on the road."  (Plaintiffs' Motion to Remand, p. 2, attached as "Exhibit3")  The record before this court is devoid of facts to support this assertion and should, in turn, be disregarded by the court.

With respect to the expert affidavit of David Downing submitted as exhibit E to plaintiffs' motion to remand, it is well settled in Alabama that experts may not engage in pure conjecture and rank speculation.  *Alabama Power Co. vs. Robinson*, 447 So. 2d 148 (Ala. 1983).  Impermissible expert testimony includes conclusions based on speculation and conjecture, i.e., unreasonable inferences deduced from the known facts or conditions.  *Robinson* at 153.  His affidavit includes assumptions not based on fact as no evidence exists that May Brothers, Inc. was even asked to inspect the tires for any possible damage.

It is interesting that Mr. Downing comments on the standard of care of May Brothers, Inc. when the record lacks any reference to the business activities of May Brothers, Inc. and/or any alleged specialty, knowledge or skill that May Brothers, Inc. has regarding tires.  For all we know, the employees at May Brothers, Inc. told Frank Johnson, deceased, to take the van to a tire specialist.

5

Mr. Downing's testified by affidavit that he has substantial experience in the tire business. There is no evidence that May Brothers, Inc. has such experience or is even in the tire business making the opinions of Mr. Downing and Mr. Crane are irrelevant and immaterial.

As there is no evidence that May Brothers, Inc. accepted any duty to inspect the tires of the Chevy van owned by Frank Johnson, deceased, no colorable claim can be raised against May Brothers, Inc. May Brothers, Inc., therefore, should be disregarded with respect to diversity. *Lane v. Champion International Corp.*, 827 F.Supp. 701 (SD Ala. 1993) As a result, complete diversity exists and this court should maintain jurisdiction over this action.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Phil Owens Used Cars, Inc. specially appears before this Court, without submitting to the jurisdiction of this Court, and moves this Honorable Court to deny the plaintiffs' motion to remand and maintain jurisdiction of this case.

s/: William A. Mudd
William A. Mudd (ASB-4274-U79W)
Attorney for Phil Owens Used Cars, Inc.
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
1200 Financial Center
505 20th Street N.
Birmingham, AL 35203
(205) 226-5200 *telephone*
(205) 226-5226 *facsimile*
billmudd@mhsolaw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows via electronic mail on this the 16 day of May, 2006.

Mr. Edward P. Kendall
Mr. Michael G. Strickland
Mr. Blaine C. Stevens
STRICKLAND & KENDALL, LLC
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 3611-0099
(Fax No.: 334-269-3239)

Mr. Will R. Kelly
P.O. Drawer 937
Hayneville, AL 36040-0937
(Fax No.: 334-548-5118)

Mr. Louis C. Rutland
Mr. L. Cooper Rutland, Jr.
RUTLAND & BRASWELL
208 N. Prairie Street
P.O. Box 551
Union Springs, AL 36089-0551
(Fax No.: 334-738-4774)

Mr. Jack E. Little, Jr.
PILLSBURY, WINTHROP, SHAW &
PITTMAN, LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX 77010
(Fax No.: 713-425-7310)

Meredith Lee Tolar
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
(334) 262-7707
(334) 262-7742 fax

Mr. Jay S. Tuley
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON, P.C.
4001 Carmichael Road, Suite 300
P.O. Box 4128
Montgomery, AL 36103-4128
(Fax No.: 334-215-7101)

Mr. Andrew S. Nix
Mr. M. Christian King
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(Fax No.: 205-581-0799)

Mr. Ronald G. Davenport
RUSHTON, STAKELY, JOHNSTON & GARRETT,
P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
(Fax No.: 334-262-6277)

Robert L. Arrington
Ann M. Carter
L. Frank Coan, Jr.
Robert D. Hays
KING & SPAULDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521

Mr. Roger Stephen Morrow
MORROW, ROMINE & PEARSON, P.C.
Post Office Box 4804
Montgomery, Alabama 36103-4804
(Fax No. 334-262-7742)

J. Kenneth Wainwright, Jr.
HARVEY KRUSE, PC
1050 Wilshire Drive
Suite 320
Troy, MI 48084-1526

David B. Weinstein
PILLSBURY WINTHROP
SHAW PITTMAN
Two Houston Center
909 Fannin
Suite 2200
Houston, TX 77010

Chad Wesley Bryan
James N. Walter, Jr.
CAPELL & HOWARD, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
(334) 241-8000
(334) 241-8234 fax

Brittin T. Coleman
Kenneth M. Perry
Hope T. Stewart
BRADLEY, ARANT, ROSE & WHITE LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203-2104
(205) 521-8305
(205) 521-8800 fax

Larry W. Harper
Keith J. Pflaum
PORTERFIELD, HARPER, MILLS &
MOTLOW, P.A.
P.O. Box 530790
Birmingham, AL 35253-0790
(205) 980-5000
(205) 980-5001 fax

/s/: William A. Mudd
**OF COUNSEL**

8