IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRISON JOHNSON, Jr., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:06CV290-SRW |
| GENERAL MOTORS CORPORATION; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION TO REMAND

**COME NOW** the Plaintiffs, by and through undersigned counsel, and file this their Motion to Remand this cause to the Circuit Court of Bullock County, Alabama. Plaintiffs would show unto the Court that this cause was initially and properly filed in Alabama state court because there were causes of action alleged against a non-diverse in-state defendant, Mays Brothers, Inc. Mays Brothers, Inc. is a tire dealership whose principal place of business is located in Bullock County Alabama. All of the remaining defendants are entities foreign to the state of Alabama and therefore are diverse parties for purposes of federal jurisdiction. Defendants filed their petition to remove the case to this Court on March 31, 2006. As Plaintiffs will demonstrate herein, the removal petition is lacking in merit and the cause is due to be remanded to the Circuit Court of Bullock County, Alabama. Defendants assert in their removal petition that May Brothers, Inc. is fraudulently joined as a defendant in this matter. As stated, this allegation is completely lacking in merit based upon the law of the State of Alabama and thus, this cause must be remanded to state circuit court.

<u>Plaintiffs' Summary Factual Background</u>

As Defendants have pointed out in their motion papers, this action grows out of a single vehicle accident which occurred in Butler County, Alabama on October 5, 2003. At the time of the incident, the Plaintiffs were driving their GM conversion van home from a church outing. The Plaintiffs

variously testified in their depositions that the van was used sparingly and was usually put to use on Sundays when the family was going to church. (See depo. of Yvonne Johnson at pp. 31-33, 81-83 attached as "Exhibit A" hereto). Other than the weekend usage of the van, the van was used sparingly. At the time of this incident, the Plaintiffs were proceeding north on I-65 at or below the posted speed limit. At a point just south of a rest stop near Greenville, Alabama, the left rear tire of the van apparently detreaded and blew out. As a result of the tire failure, the driver of the van, Frank Johnson, Jr., lost control of the vehicle, left the roadway, and eventually overturned. (See Accident Report Attached as "Exhibit B" hereto.)  Several defendants were named in this case because of their status as manufacturers or sellers of the van at issue.

However, the crux of the Defendants' motion for removal of this case to federal court centers around the Defendant known as May Brothers, Inc. May Brothers, Inc. is a garage and mechanic shop located in Bullock County, Alabama. Plaintiffs allege in their complaint that the van was taken to May Brothers before the date of the accident giving rise to this lawsuit. Their proof in this regard is based on the testimony of Wayne Johnson. Wayne Johnson is the brother of Frank Johnson, Jr., the owner of the van and its driver at the time of this incident. Wayne Johnson is also a veteran of 18 years as an enlisted non-commissioned officer in the United States Navy.

Wayne Johnson testified under oath that he and Frank Johnson were in the vicinity of Union Springs, Alabama some time before the accident complained of in this lawsuit. At some point, the van began to shake and vibrate and a "clacking" noise was heard. Frank Johnson decided that he would take the van in to May Brothers, Inc. to be inspected. Wayne Johnson was present when the van was driven into May Brothers location in Union Springs, Alabama. As Wayne watched from outside, the van was put up on a lift and May Brothers undertook some operation of inspection on the underside of the van. After the van was inspected, May Brothers pronounced the van safe to drive and the vehicle was then

put back on the road. Tragically, the problem with the left rear tire of the van was not found and the incident which gives rise to this lawsuit occurred. Attached is the affidavit of Wayne Johnson. (See Exhibit "C" hereto). In this affidavit, Wayne Johnson confirms that Mays Brothers, Inc. is in fact the location to which the van was taken in June 2003 for the service request that is at issue in this case.

Defendants contend that they are entitled to remove this case to federal court under the guise of a "fraudulent" joinder of May Brothers, Inc. as a party Defendant in this litigation. Plaintiffs would point out, however, that there is a viable, colorable claim against this in-state Defendant and that, as a result, there is incomplete diversity of citizenship among the various parties to this case. That being the case, this matter must be remanded to state court for further proceedings.

Summary of State Law Applicable to This Case

Alabama law is replete with decisions of the state appellate courts holding that one who undertakes to act must do so with due care, even if one undertakes such an action gratuitously. See, e.g., Beasley v. MacDlonald Engineering Co., 287 Ala. 189, 249 So.2d 844 (1971). One who "undertakes an employment, which requires care and skill, whether for reward or not, a failure to exercise the measure of care and skill appropriate to the measure of such employment is negligence for which an action will lie." Id. It goes without saying that the business of automobile repair carries with it a duty to act with due care for the safety of one's customers. Clearly May Brothers, Inc. owed a duty to Frank Johnson, Jr. to perform a reasonable inspection of the van once it was taken to its facility for inspection and/or repair. Once May Brothers undertook to inspect the Plaintiff's van, it had a duty to do so in keeping with the skill and knowledge applicable to the profession. See, also, In Re Silicon Gel Breast Implants Prods. Liab. Litig., 887 F. Supp. 1455 (N.D. Ala. 1995); In Re Silicon Gel Breast Implants Prods. Liab. Litig., 887 F.Supp. 1447 (N.D. Ala. 1995).

Argument

Plaintiffs in this case present herewith the affidavit of Jon Crate. (See Exhibit "D" hereto). Mr. Crate is a chemical engineer who has extensive experience in analyzing tire failures and their relationship to chemical inclusions, manufacturing inclusions, and resultant bonding failures between tire tread, belting, and tire carcasses. In his attached affidavit, Crate opines that May Brothers should have investigated the accident tire further than is suspected. This expert witness opines that the condition of the tire indicates that there was a bonding or adhesion defect in this particular tire which led to its eventual failure. In fact, the condition of the tire following the accident indicates that the adhesion problem had been present in the tire for quite some time prior to the final failure which resulted in this incident. As is disclosed by the attached affidavit, there is "polishing" present on certain surfaces within the body of the tire.

This "polishing" indicates that the required bonding or adhesion between the tire tread and the carcass of the tire was failing and had been allowing movement between the two surfaces. That being the case, it is likely that the adhesion defect had begun to affect tire performance at the time it was presented to May Brothers for inspection by Frank Johnson, Jr.

Crate testifies in his affidavit that an emerging or worsening adhesion problem within a tire carcass would create exactly the kind of complaints as were voiced by Frank Johnson, Jr. The ride would be rough intermittently and there may well be noise associated with the use of the tire under highway speed conditions.

Also attached for the Court's consideration is the affidavit of David Downing. (See Exhibit "E" hereto). Mr. Downing has been involved in the tire business for over twenty years. In this time he has replaced or repaired numerous tires on numerous vehicles, including vans. Mr. Downing, due to his extensive experience and training in the field of tire replacement and maintenance, is qualified to give

4

an opinion on the standard of care that should be followed when a person brings in a tire with complaints similar to those voiced by Frank and Wayne Johnson. Mr. Downing is critical of the procedure followed by May Brothers in several areas. First, it appears that May Brothers only action was to put the Johnson van up on a lift and to only visually inspect the tires in gross manner. May Brothers did not dismount the suspected problem tire and perform any close inspection of the tire itself. Further, May Brothers did not place the tire on a spin-balance machine in order to determine if the tire was seriously out of balance, nor did May Brothers remove the tire from the rim to investigate the problem fully. A suspected problem tire should never be handled in the cavalier manner that Mays Brothers exhibited in this case. Had May Brothers performed a more thorough inspection, it is more likely than not that the defect in the tire would have been uncovered.

As this Court is aware, the removal of a case is to be allowed only where it is clearly shown that this Court has jurisdiction. In fact, this Court in considering a removal should be prejudiced against the removal and should resolve all doubts about the Plaintiff's claims in favor of remand. Shamrock Oil & Gas v. Sheets, 331 US 100 (1941); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979). In cases where removal is predicated on an alleged fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility that the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party has been described in numerous cases as being "heavy." See, e.g., B. Inc. V. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981). In determining whether to remand a case to state court, the reviewing court must view the plaintiffs factual allegations in the light most favorable to the plaintiff and must resolve any and all doubts or uncertainties regarding state substantive law in favor of the plaintiff.

5

When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claims beyond determining whether it is an "arguable" claim under state law. Id. at 548-49. The Court's jurisdictional inquiry "must not subsume substantive determination." Id. at 550. See, also, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983). The Eleventh Circuit Court of Appeals has held that "if there is even a possibility that a state court would find that the complaint states a cause of action against any one resident defendant, the federal court must find that the joinder was proper and remand the cause to state court. Id, at 1440-41.

In Cabalceta v. Standard Fruit Co., 883 F.2d 1553 (11th Cir. 1989), the Eleventh Circuit plainly stated the burden is upon the parties alleging removal and the federal court's duty is resolving fraudulent joinder issues. The Eleventh Circuit stated:

> The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent . . . . The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether the plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court. . . . In addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . .

Id. at 1561.

In this case, it should be without question that the case should be remanded to state court for further proceedings. There is clearly the possibility that the plaintiff could prevail on a claim of negligence against May Brothers, Inc. May Brothers has not been fraudulently joined in this case, and Defendants' removal of this case is completely without merit. There is substantial evidence in the record before this court indicating that May Brothers failed to follow accepted and known standard inspection procedures followed by others in the tire industry. Further, it is indicated in expert opinion matter now before this Court that the emerging or worsening adhesion defect in the accident tire was

6

most likely present when the tire was presented to May Brothers for inspection in June previous to this incident. Clearly it is arguable whether such a defect could have been uncovered by May Brothers during the time it had an opportunity to perform an inspection of the accident tire. This tragedy may have been avoided had May Brothers not acted negligently or wantonly in performing its inspection of the van's tires.

## CONCLUSION

Plaintiffs have demonstrated that May Brothers, Inc. is not a fraudulently joined Defendant. Plaintiffs have in fact pled a viable state cause of action against a viable in-state Defendant. May Brothers was the last trained and experienced entity who had the opportunity to inspect the van prior to the accident of October 2003. The tragedy is that May Brothers did not inspect the van thoroughly when it had the opportunity to do so. Clearly, Plaintiffs may prove a claim of negligence against May Brothers pursuant to Alabama state law. That being the case before this Court, the case is due to be remanded to Bullock County Circuit for any further proceedings.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
Attorney for Plaintiffs

**OF COUNSEL:**
**STRICKLAND & KENDALL, L.L.C.**
420 S. Lawrence Street [36104]
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 / fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 28th day of April, 2006.

Will R. Kelly
Post Office Drawer 937
Hayneville, AL 36040

Jack E. Little Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon
Brittin T. Coleman
Kenneth Perry
Bradley, Arant, Rose and White
1819 5th Ave North
Birmingham, AL 35203

M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays
L. Frank Coan, Jr., Esq.
Robert Arrington, Jr., Esq.
King & Spalding
1180 Peachtree Street
Atlanta, GA 30309

Roger Morrow, Esq.
Morrow, Romine & Pearson
Post Office Box 4804
Montgomery, AL 36103

Keith Pflaum, Esq.
Porterfield, Harper Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

J. Kenneth Wainwright, Esq.
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526

William A Mudd
420 20th Street North Ste 2500
Birmingham, AL 35203

James N. Walter, Jr.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

/s/ Blaine C. Stevens
OF COUNSEL

8