359 So.2d 1200  
(Cite as: 359 So.2d 1200)

Page 3

District Court of Appeal of Florida, First District.

GOODYEAR TIRE & RUBBER CO., Petitioner,
v.
Ramon A. COOEY, Respondent.

No. EE-460.

June 23, 1978.

Tire manufacturer sought review by common-law certiorari of interlocutory discovery order entered by trial judge in case involving alleged tire failure which allegedly caused accident resulting in death. The District Court of Appeal, Boyer, J., held that discovery order was overly broad and lacking in sufficient specificity, conditions and safeguards.

Petition for certiorari granted, discovery order quashed, and case remanded.

West Headnotes

**[1] Certiorari** ⇐5(2)
73k5(2) Most Cited Cases

**[1] Certiorari** ⇐16
73k16 Most Cited Cases

Interlocutory orders rendered in connection with discovery proceedings may be reviewed by common-law certiorari when petitioner can demonstrate that order complained of does not conform to essential requirements of law and may cause material injury through subsequent proceedings for which remedy by appeal will be inadequate.

**[2] Pretrial Procedure** ⇐41
307Ak41 Most Cited Cases

While there is no initial burden upon party seeking discovery to demonstrate need therefor, resisting party or party seeking protective order has burden of showing "good cause"; however, once party seeking protective order has shown good cause therefor, party discovery then has burden, if discovery is to be nevertheless allowed, of demonstrating reasonable necessity.

**[3] Pretrial Procedure** ⇐36.1
307Ak36.1 Most Cited Cases
(Formerly 307Ak36)

Conditions for exercise of court's power to compel discovery of trade secrets and secret processes and whether that power should be exercised at all are governed by facts of each case.

**[4] Pretrial Procedure** ⇐405
307Ak405 Most Cited Cases

**[4] Pretrial Procedure** ⇐412
307Ak412 Most Cited Cases

In action involving alleged tire failure which allegedly caused accident resulting in death, trial court's interlocutory discovery order requiring tire manufacturer to allow decedent's administrator's expert to enter manufacturer's plant for purpose of inspecting processes, procedures and equipment there was overbroad and was not supported by sufficient predicate of reasonable necessity, in view of lack of evidence that tires manufactured at plant were substantially similar to tire involved in case and in view of lack of evidence revealing necessity for such access and inspection.

**[5] Pretrial Procedure** ⇐412
307Ak412 Most Cited Cases

In action involving alleged tire failure which allegedly caused accident resulting in death, trial court's interlocutory discovery order which required tire manufacturer to produce long list of items, particularly documentation, at manufacturer's place of business for inspection by decedent's administrator's counsel and expert witness employed by administrator was overbroad, in view of fact that record reflected that on numerous matters and in numerous instances administrator's expert himself testified that discovery requests sought information not reasonably necessary or relevant.

**[6] Pretrial Procedure** ⇐41
307Ak41 Most Cited Cases

Mere fact that compliance with trial court's discovery order will be costly is not, in and of itself, ground for valid objection.

*1201 Robert M. Ervin, and Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, W. Brantley Brannon of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for petitioner.

Don Dansby and Bishop Dansby, of Dansby & Dansby, Perry, W. K. Whitfield, Edgar C. Booth, Tallahassee and Stephen Kurvin, Panama City, for

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

359 So.2d 1200
(Cite as: 359 So.2d 1200)

Page 4

respondent.

BOYER, Judge.

Petitioner, Goodyear Tire and Rubber Co., hereinafter **Goodyear**, seeks review by common law certiorari of an interlocutory discovery order entered by the trial judge dated January 7, 1977. The case involves an alleged tire failure which allegedly caused an accident resulting in the death of one Victor MacDonald, of whose estate respondent Cooey is administrator.

In response to motions filed by **Cooey** the trial judge, after hearing, entered the order here appealed which requires the alleged manufacturer of the tire, **Goodyear**, to produce a long list of items, particularly documentation, at **Goodyear's** place of business for inspection by plaintiff's counsel and an expert witness employed by the plaintiff. The order also requires that the expert be allowed to enter **Goodyear's** tire plant located at Union City, Tennessee for the purpose of inspecting the processes, procedures and equipment used in the production of tires substantially identical to or similar to the tire which allegedly failed. The order specifically provides that "subject to the contempt power of this court, plaintiff's expert, * * * shall never in any way, form or manner, except when required to testify during the trial of this case, disclose or divulge any information obtained" as a result of such discovery.

The order was entered over the objection of the defendant, **Goodyear**, who alleged in the trial court and now here that the information sought constitutes trade secrets, that inspection of the plant will reveal trade secrets, that the discovery with reference to documentation is burdensome in that it will cost **Goodyear** no less than $20,000.00 to comply and that no necessity has been shown or can be shown for the divulging of such information.

[1] It is well established that interlocutory orders rendered in connection with discovery proceedings may be reviewed by common law certiorari when the petitioner can demonstrate that the order complained of does not conform to the essential requirements of law and may cause material injury through subsequent proceedings for which remedy by appeal will be inadequate. (West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975)) The reason for such a holding was succinctly stated in Boucher v. Pure Oil Company, 101 So.2d 408 (Fla. 1st DCA 1958) wherein the author of that opinion said:
  " * * * If plaintiff is wrongfully required to answer defendant's interrogatories, she is beyond relief. We conceive no means by which on appeal this court could extract such knowledge, once gained, from the mind of the defendant, for truly 'the moving finger having writ moves on nor any appeal shall lure it back to cancel half a line.' " (101 So.2d at page 410)
To the same effect is Marine Investment Company v. Van Voorhis, 162 So.2d 909 (Fla. 1st DCA 1964) and Meiklejohn v. American Distributors, Inc., 210 So.2d 259 (Fla. 1st DCA 1968).

*1202 We have jurisdiction.

Fla.R.Civ.P. 1.350, allows discovery of documents and inspection of premises without prior leave of court or the showing of good cause. So far as here material, that rule provides as follows:
  "(a) Request; Scope. Any party may request any other party (1) to produce and permit the party making the request, * * * to inspect and copy any designated documents, * * * that constitute or contain matters within the scope of Rule 1.280(b) and that are in the possession, custody or control of the party to whom the request is directed; or * * * (3) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property or any designated object or operation on it within the scope of Rule 1.280(b)."

Rule 1.280(c), so far as here material, states:
  "Upon motion by a party * * * and for good cause shown, the court * * * may make any order to protect a party * * * from annoyance, * * * or undue burden or expense that justice requires, including * * * (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; * * * "

[2] It is clear therefore that while there is no initial burden upon the party seeking discovery to demonstrate the need therefor, a resisting party or a party seeking a protective order has the burden of showing "good cause". However, the matter does not end there. Once the party seeking a protective order has shown good cause therefor the party seeking the discovery then has the burden, if discovery is to be nevertheless allowed, of demonstrating reasonable necessity. In Adkins, Florida Civil and Criminal

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

359 So.2d 1200
(Cite as: 359 So.2d 1200)

Page 5

Discovery, at page 42, it is acknowledged that while the discovery of trade secrets is within the discretion of a court, great care must be taken in ordering any such disclosure to avoid abuse of that discretion, and the court should limit such disclosure as much as possible. To the same general effect is 98 C.J.S. Witnesses s 446b, Trade Secrets, at page 279, wherein it is stated:

> "If disclosure will depreciate its value, a witness has a qualified, but not an absolute, privilege of refusing to disclose a trade secret; he should not be compelled to disclose such secret where to do so is not essential to the ends of justice, * * *"

In 27 C.J.S. Discovery s 5, Privilege of Witness and Privileged Matter, at page 16, the general rule is stated as follows:

> "Trade secrets. Disclosure of trade secrets is not required on discovery except in such cases and to such extent that the disclosure is indispensable to the ascertainment of the truth."

The public policy may be found in F.S. 90.506, recently adopted by the legislature, which, however, does not become effective until July 1, 1978. That statute provides:

> "A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by him if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or his agent or employee."

[3] The conditions for the exercise of a court's power to compel discovery of trade secrets and secret processes, and whether that power should be exercised at all, is governed by the facts of each case. Ray v. Allied Chemical Corp., D.C.N.Y.1964, 34 F.R.D. 456.

[4] The evidence sub judice reveals that the Goodyear plant located at Union City, *1203 Tennessee is one of the company's most modern plants, employing many recent developments and trade secrets, most of which are not even patented for the fear of loss of secrecy. The testimony reveals that many of those secrets are immediately discoverable by any expert allowed unrestricted access to the plant. The evidence does not reveal that tires reasonably similar to the one involved in this case are manufactured at that plant. The subject order requiring petitioner to allow respondent's expert to enter said plant for the purpose of inspecting the processes, procedures and equipment there is restricted only by the words "engaged in producing the Goodyear Custom Steel Guard Radial Tire or tires substantially identical or similar in construction." There is no finding that in fact the equipment located in that plant is used "in producing the Goodyear Custom Steel Guard Radial Tire or tires substantially identical or similar in construction" to the tire involved in this case. Neither does the evidence reveal the necessity for such access and inspection. In short, without holding that the plaintiff is not entitled to access to said plant, we do find that a sufficient predicate of reasonable necessity has not been laid and that the challenged order is overbroad.

Petitioner also questions the propriety of requiring it to allow in its plant an expert who was formerly an executive of one of its major competitors, who does not reside in the State of Florida and who will not be, after completion of this case, subject to the jurisdiction of a Florida court; pointing out that under such circumstances the requirement of secrecy on pain of contempt is of little enforceability and comfort. While we appreciate petitioner's concern, we are not prepared to hold that the trial judge erred in requiring that the expert have access, under reasonable conditions and restrictions, to those portions, if any, of petitioner's plant which contain equipment or reveal procedures reasonably relevant to the issues in this case. (See Rule 1.280(b) (1) Fla.R.Civ.P.) We do hold, however, as above stated, that the order appealed is overly broad and lacking in sufficient specificity, conditions and safeguards.

[5] The same overbreadth, lack of specificity and finding of necessity is equally applicable to that portion of the order granting respondent's motion to produce. Indeed, the record reflects that on numerous matters and in numerous instances respondent's expert himself testified that the requests were overbroad and sought information not reasonably necessary or relevant.

[6] Petitioner's assertion that the production of documents required by the court's order is overly burdensome, is valid only in so far as the order requires, as a result of overbreadth and lack of specificity and the finding of necessity as above mentioned, production of irrelevant or unnecessary materials. The mere fact that compliance with the court's order will be costly is not, in and of itself, a ground for valid objection.

The petition for certiorari is granted, the challenged discovery order quashed, and the case is remanded

359 So.2d 1200  
**(Cite as: 359 So.2d 1200)**

Page 6

for further proceedings consistent herewith.

McCORD, C. J., and MILLS, J., concur.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works