FILE No.694 03/22 '02 17:01  ID:HARTLINE DACUS DREYER &  FAX:                    PAGE 2/ 4
Rx Date/Time     MAR-22-2002(FRI)  15:32         214 753 2006              P. 002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| COLEMAN WILLIAMS, Personal Representative of the Estate of BEVERLY GILBERT WILLIAMS, Deceased and the Estates of BEVERLY GILBERT WILLIAMS, Deceased, by and through Its Personal Representative COLEMAN WILLIAMS <br><br> V. <br><br> DAIHATSU AMERICA, INC., ET AL | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) 3-01-CV-184-D<br>)<br>) |

## ORDER

Pursuant to the District Court's order of reference filed on January 14, 2002, on this date came on for hearing Plaintiffs' motion for court order to allow inspection of Continental General Tire, Inc.'s plant filed on January 8, 2002, and having considered the relevant pleadings and the statements of counsel for the affected parties, the court finds and orders as follows:

Plaintiffs seek an order compelling Defendant Continental General Tire to permit their expert witness to inspect the tire company's plant located in Charlotte, North Carolina, where the alleged defective tire involved in this action was manufactured.

The court notes at the outset that Plaintiffs did not serve a Rule 34 request for inspection, which is not inconsequential since Rule 34(b) requires that the items to be inspected be described with reasonable particularity. Plaintiffs' motion seeks an order essentially authorizing their expert carte blanche to inspect any portion of the plant which the expert wishes to inspect. However, this deficiency in Plaintiffs' motion is not the only reason why their motion will be denied.

It appears undisputed that the model tire at issue in this case has not been in production since 1997. Therefore, the production methods currently employed at the North Carolina plant are unlikely to replicate the production methods used when the tire in question was manufactured in July 1996. It also appears that the production methods currently employed, including the equipment used to manufacture tires at the plant are considered to be proprietary and confidential trade secrets of Continental General. See Defendant Continental Tire's amended response filed on January 29, 2002, Exhibit 2 - Affidavit of Joseph L. Grant at ¶¶ 6, 8, 9 and 11.[1]

Discovery, as contemplated in Plaintiffs' motion, is governed by In re Continental General Tire, 979 S.W.2d 609 (Tex. 1998). When a party resisting discovery invokes the trade secret privilege, the burden shifts to the requesting party to establish that the information sought is necessary to a fair adjudication of its claims.

Plaintiffs' stated need for the discovery as described by their expert Jon Crate (Exhibit F to Plaintiffs' motion) is to learn how Continental General manufactures its tires and to discover some other factors which he claims can only be done by inspecting the plant. In my opinion this falls far short of demonstrating that a plant inspection is necessary to prevent fraud or injustice, particularly where the production methods currently employed are substantially different from those in place in 1996 and 1997.[2]

IT IS ORDERED that Plaintiffs' motion to compel inspection of Continental General Tire's

---

[1] The court rejects Plaintiffs' claim that Mr. Grant's assertion of the trade secret privilege is merely conclusory.

[2] Plaintiffs' reliance on the inspection order entered by the federal court in Riley v. Continental General Tire, Inc. (Plaintiffs' Exhibit A) provides no support for their position since the Fifth Circuit ultimately granted a writ of mandamus and vacated the order (Defendant's Exhibit 1).

Case 2:06-cv-00290-MEF-SRW   Document 35-4   Filed 05/22/2006   Page 3 of 3

FILE No.694 03/22 '02 17:02  ID:HARTLINE DACUS DREYER &  FAX:  PAGE 4/ 4
Rx Date/Time   MAR-22-2002(FRI) 15:32   214 753 2006   P.004

Charlotte, North Carolina, plant is denied.

A copy of this order shall be transmitted to counsel for the parties.

SIGNED this 21st day of March, 2002.

_____
UNITED STATES MAGISTRATE JUDGE