Westlaw.

74 S.W.3d 884
74 S.W.3d 884
(Cite as: 74 S.W.3d 884)

Page 1

Court of Appeals of Texas, Eastland.
In re CONTINENTAL TIRE NORTH AMERICA, INC.
No. 11-01-00317-CV.

April 4, 2002.

Decedent's mother brought negligence action against tire manufacturer. The trial court granted mother's motion to inspect manufacturing plant, and manufacturer petitioned for writ of mandamus. The Court of Appeals, McCall, J., held that mother was not entitled to discover trade secrets.

Mandamus conditionally granted.

West Headnotes

**[1] Pretrial Procedure 307A ⚖︎41**

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(A) Discovery in General
            307Ak41 k. Objections and Protective Orders. Most Cited Cases
In applying rule barring trade secrets from discovery, the party resisting discovery must establish that the information is a trade secret; the burden then shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claims. Rules of Evid., Rule 507.

**[2] Pretrial Procedure 307A ⚖︎33**

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(A) Discovery in General
            307Ak33 k. Privileged Matters in General. Most Cited Cases
A trade secret protected from discovery may consist of any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it; it may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers. Rules of Evid., Rule 507; Restatement (Second) of Torts § 757 comment.

**[3] Pretrial Procedure 307A ⚖︎36.1**

307A Pretrial Procedure
    307AII Depositions and Discovery
        307AII(A) Discovery in General
            307Ak36 Particular Subjects of Disclosure
                307Ak36.1 k. In General. Most Cited Cases
Decedent's mother, in negligence action against tire manufacturer, was not entitled to pretrial inspection of plant that would reveal trade secrets, although she alleged that information sought was reasonably calculated to lead to admissible evidence, where mother failed to indicate what facts she sought to discover, or how they would support her cause of action. Rules of Evid., Rule 507.

**[4] Mandamus 250 ⚖︎3(3)**

250 Mandamus
    250I Nature and Grounds in General
        250k3 Existence and Adequacy of Other Remedy in General
            250k3(2) Remedy at Law
                250k3(3) k. Acts and Proceedings of Courts, Judges, and Judicial Officers. Most Cited Cases
If a trial court errs in ordering privileged information to be disclosed, there is no adequate remedy at law; consequently, mandamus is the proper remedy.

*885 C. Vernon Hartline, Jr., Scott Edwards, Hartline, Dacus, Dreyer & Kern, Dallas, Debora B. Alsup, Rory Sewell, Thompson & Knight, L.L.P., Austin, Kenneth J. Moran, Moran & Kiker, Richmond, VA, William A. Hicks, Mcmahon, Surovik, Suttle, Burhmann, Hicks & Gill, Abilene, for appellant.
Sam Reyes, Reyes Law Firm, Abilene, William S. Frates, II, Frates & Smith, P.L.C., Vero Beach, FL, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

McCALL, Justice.
This is an original mandamus proceeding. We must determine whether the trial court abused its discretion when it entered an order allowing an inspection of

Continental Tire North America's plant in North Carolina. We will conditionally grant the writ of mandamus.

Joyce Patterson brought suit as personal representative of the estate of Sheila Badon, deceased, and as surviving parent of Badon, against Continental alleging that Continental was negligent in "designing, testing, manufacturing, assembling, marketing and selling" the subject tire. Patterson filed a motion for inspection, seeking to allow her attorney and an expert to enter Continental's plant and "to photograph, videotape and inspect [Continental's] premises." Continental responded that Patterson's motion sought disclosure of trade secrets and that the motion sought information not relevant to the litigation. After a hearing, the trial court granted Patterson's motion for inspection of Continental's North Carolina plant and allowed:
Plaintiff's counsel, one expert of his choice, and a videographer ... to enter [Continental's] premises to view, photograph, videotape and inspect the Charlotte plant, machinery, and the entire process by which tires are built, stored and shipped, from beginning to end.

[1] A person, or the person's agent or employee, has a privilege to refuse to disclose a trade secret owned by the person if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. TEX.R.EVID. 507. In applying Rule 507, the party resisting discovery must establish that the information is a trade secret. *In re Continental General Tire, Inc.,* 979 S.W.2d 609 (Tex.1998). The burden then shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claims. *In re Continental General Tire, Inc., supra.*

[2] A trade secret may consist of:
[A]ny formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. *886 It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers.

*Hyde Corporation v. Huffines,* 158 Tex. 566, 314 S.W.2d 763, 776, cert. den'd, 358 U.S. 898, 79 S.Ct. 223, 3 L.Ed.2d 148 (1958), quoting RESTATEMENT (SECOND) OF TORTS § 757 cmt. b (1939). Joseph L. Grant, the Director of Product Analysis for Continental, stated in his affidavit that tire manufacturing technology includes "proprietary equipment, exotic materials and confidential and trade secret processes." Grant also stated that "millions of dollars have been spent annually on research and development in order to obtain even the smallest competitive advantage." Having shown that an inspection of their plant would reveal trade secret information, the burden then shifted to Patterson to show that information is necessary for a fair adjudication of her claims.

[3] In her motion for inspection, Patterson states that "good cause exists for the inspection and photographing of [Continental's] premises in that such information sought is reasonably calculated to lead to relate to (sic) the discovery of evidence admissible at trial." Patterson attached to her motion an order by the United States District Court for the Eastern District of Texas, Beaumont Division, granting a motion for inspection of the same Continental plant in North Carolina by another plaintiff in a different cause. Patterson states in her motion that both parties would be willing to coordinate the inspection date. On writ of mandamus, the United States Court of Appeals for the Fifth Circuit found that the plaintiffs in that cause had failed to establish that an examination of trade secrets in Continental's plant was necessary to the prosecution of their case. The court stated:
Plaintiffs do not describe the facts they expect to discover by examining Continental Tire's trade secrets, nor do they disclose how this examination will assist in the presentation of their case. Under the standard established by the Texas Supreme Court in *In re: Continental General Tire,* the plaintiffs are clearly not entitled to discover Continental Tire's trade secrets. (Emphasis in original)

*In Re: Continental General Tires, Inc.,* No. 01-41286 (5th Cir. January 4, 2002). We also find that Patterson has not met her burden under *In re Continental General Tire, Inc., supra,* and has not established that she is entitled to discover the trade secrets of Continental. Patterson argues that the information is "reasonably calculated" to lead to admissible evidence. Patterson presented the trial court with the order by the United States District Court for the Eastern District of Texas, Beaumont Division, and with articles describing tours of some of Continental's other plants and tours of other tire manufacturer's plants. However, Patterson did not indicate what facts she expected to discover from touring Continental's plant in North Carolina and how it will assist her in her cause of action.

[4] The trial court abused its discretion in ordering an inspection of Continental's plant in North Carolina.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

74 S.W.3d 884
74 S.W.3d 884
**(Cite as: 74 S.W.3d 884)**

Page 3

*Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). If a trial court errs in ordering privileged information to be disclosed, there is no adequate remedy at law; consequently, mandamus is the proper remedy. *Dillard Department Stores, Inc. v. Hall,* 909 S.W.2d 491 (Tex.1995); *Walker v. Packer, supra.* The writ of mandamus is conditionally granted. In the event that the trial court does not withdraw its October 9, 2001, order granting*887 Patterson's motion for inspection of Continental's plant in North Carolina, the writ of mandamus shall issue.

Tex.App.-Eastland,2002.
In re Continental Tire North America, Inc.
74 S.W.3d 884

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.