## *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

January 4, 2002

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 01-41286 In Re: Cntntl Gen Ti
       USDC No. 1:00-CV-369

Enclosed is an order entered in this case.

                              Sincerely,

                              CHARLES R. FULBRUGE III, Clerk

                        By: _____
                             Nancy Dolly, Deputy Clerk
                             504-310-7683

Mr Michael Jacobellis
Mr Louis Claiborne Dugas
Mr Gerald W Riedmueller
Mr John Blaise Gsanger
Mr Gerald W Eddins
Mr James Rowland Old Jr
Mr T Christopher Trent
Mr Raphael Charles Taylor
Mr Kenneth J Moran
Ms Roberta M King
Ms Debora B Alsup
Mr David Maland, Clerk

MOT-2

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 01-41286

U. S. COURT OF APPEALS
F I L E D

JAN 4 2002

CHARLES R. FULBRUGE III
CLERK

In Re: CONTINENTAL GENERAL TIRE, INC.,

Petitioner.

Appeal from the United States District Court
For the Eastern District of Texas, Beaumont
C.A. No.1:00-CV-00369

Before DAVIS and BENAVIDES, Circuit Judges.[1]

BY THE COURT:

Continental Tire's motion for reconsideration prompted us to re-examine the record and the briefs the parties filed earlier. Upon reconsideration, we vacate our earlier order denying relief to Continental Tire.

We are persuaded that plaintiffs failed to allege or establish that an examination of trade secrets in Continental Tire's plant is necessary to the prosecution of plaintiffs' case. See In re: Continental General Tire, 979 S.W.2d 609 (Tex. 1998). Plaintiffs do not describe the facts they expect to discover by examining Continental Tire's trade secrets, nor do they disclose how this

---

[1] This order is being entered by a quorum of this court pursuant to 28 U.S.C. § 46(d).

examination will assist in the presentation of their case. Under the standard established by the Texas Supreme Court in <u>In re: Continental General Tire</u>, the plaintiffs are clearly not entitled to discover Continental Tire's trade secrets.

Accordingly, Continental Tire's application for writ of mandamus is GRANTED and the district court's order permitting plaintiffs to inspect Continental Tire's plant is VACATED.