IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HARRISON JOHNSON, Jr., et al.** ) | |
| ) | |
|  Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:06CV290-SRW** |
| **GENERAL MOTORS CORPORATION;** ) | |
| et al., ) | |
| ) | |
|  Defendants. ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND

**COME NOW** the Plaintiffs and file this their Reply in support of their Motion for Remand previously filed before this Court. Plaintiffs would show unto the Court the following:

1. Defendants claim that the Affidavit of Wayne Johnson contradicts the deposition testimony also given by Mr. Johnson in this case. That clearly is not the case. Johnson's affidavit does not in any way contradict the testimony he gave at deposition. Johnson's deposition testimony indicated that he went to May Brothers, Inc. in June 2003 after the van began to experience a rough ride and after noises began to emanate from the "back" of the van. (Johnson depo. at pp. 25-28). Johnson described that someone from May Brothers put the van "on a lift." (Johnson depo. at 30). Johnson did not see with particularity what was done with the van by May Brothers, Inc. other than the fact that the van was put on a lift. (Id.). Johnson was told by his brother Frank that May Brothers could not find anything wrong with the van after May Brothers had the van up on the lift. (Id. at 30-31.)

Johnson was not familiar with automobiles or automotive repairs. (Johnson depo. at p. 52). Johnson was not familiar with the operations involved in balancing tires. (Johnson depo. at 55.) Further he had never seen a tire balanced before. (Id.) In addition, Johnson testified that he was not

familiar with the operations of "aligning" the tires on a vehicle. (Id.) He had no personal experience with either balancing or aligning the tires of a vehicle. (Johnson depo. at 56).

Mr. Johnson's affidavit states that other than putting the vehicle on a lift, he saw May Brothers do nothing else with the vehicle. He did not observe May Brothers ever to remove the vehicles wheels and tires for an inspection, nor did he observe May Brothers to ever drive the vehicle for inspection and evaluation purposes. (See Affidavit). Furthermore, the defendants never asked Johnson these specific questions. Johnson was never asked by any defendant whether the wheels and tires were removed from the van for inspection. Defendants should not be allowed to claim that there is a conflict between deposition and affidavit when the defendants had the opportunity to ask Johnson any question they wanted, and yet failed to adequately explore that area of his knowledge.

The affidavit in no way contradicts any of the testimony Johnson gave at deposition. This is a smokescreen the defendants have created to justify their ill-advised removal of this case. The defendants' motion for removal of this case should be denied.

2. Also, attached to this Reply is the affidavit of Troy Cottles. Mr. Cottles is an engineer with extensive design and testing experience in the field of automobile tire manufacturing. His opinions in this regard underscore the fact that May Brothers had an opportunity to uncover the emerging failure of the tire at issue in this case. May Brothers failed to undertake any inspection of the tires other than to put the vehicle up on a lift, and failed to dismount and test for run-out or dynamically balance the van's tires. Had May Brothers undertaken to do so, it is likely that the defect in the tire at issue could have been uncovered at that time in June 2003.

## Conclusion

There is a clearly arguable and colorable cause of action alleged against May Brothers, Inc. In fact the evidence of a colorable cause of action against this defendant is overwhelming. This court is

required to draw all reasonable inferences from the testimony in favor of the Plaintiffs in this matter. It is clearly a reasonable inference from the evidence submitted to this Court that May Brothers had the opportunity before it to prevent this accident altogether. The inference can be drawn from the evidence before this Court that May Brothers did nothing more than to put the vehicle up on a lift and perform a visual inspection. May Brothers simply should have done more than it did. The discovery against May Brothers is incomplete at this point, and more facts may be uncovered indicating that this defendant failed to perform in a reasonable manner under the circumstances of this case.

The existence of a colorable claim against May Brothers is undeniable. While the defendants are clearly terrified of a remand order in this case, the Court must view all allegations in the light "most favorable" to the plaintiffs, and thus, in favor of remanding this cause to state court. This case should be remanded to Bullock County, Alabama Circuit Court for trial.

Respectfully submitted this the 23rd day of May, 2006.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
Attorney for Plaintiffs

**OF COUNSEL:**
**STRICKLAND & KENDALL, L.L.C.**
420 S. Lawrence Street [36104]
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 / fax

## CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 23rd day of May, 2006.

Will R. Kelly
Post Office Drawer 937
Hayneville, AL 36040

Jack E. Little Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon
Brittin T. Coleman
Kenneth Perry
Bradley, Arant, Rose and White
1819 5th Ave North
Birmingham, AL 35203

M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays
L. Frank Coan, Jr., Esq.
Robert Arrington, Jr., Esq.
King & Spalding
1180 Peachtree Street
Atlanta, GA 30309

Roger Morrow, Esq.
Morrow, Romine & Pearson
Post Office Box 4804
Montgomery, AL 36103

Keith Pflaum, Esq.
Porterfield, Harper Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

J. Kenneth Wainwright, Esq.
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526

William A Mudd
420 20th Street North Ste 2500
Birmingham, AL 35203

James N. Walter, Jr.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069


/s/ Blaine C. Stevens
OF COUNSEL