IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HARRISON JOHNSON, Jr., et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:06CV290-MEF** |
| **GENERAL MOTORS CORPORATION;** ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

**COME NOW** the Plaintiffs and file this their Second Amended Complaint in this matter. Plaintiffs amend their complaint in particular by adding the following Count:

COUNT XIV

1. This Count is brought pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

2. At all material times the General Motors G20 van at issue in this case was equipped with door latches that were designed, manufactured and installed by employees of General Motors Corporation (hereinafter "GM").

3. The door latches at issue were defective and unreasonably dangerous due to their propensity to fail in collisions and rollovers, allowing vehicle doors to open during foreseeable collision or rollover events.

4. The door latches at issue were expected to and did reach the consumer in this case without modification from any outside source.

5. The door latches at issue were in the same design and mechanical condition at the time of this accident as they at the time the van and attached latches were originally placed into the stream of commerce.

6. The door latches in this case reached the plaintiffs without substantial modification from their original design and manufacturing condition.

7. In this accident, the driver's door latch failed allowing the driver's door to come open during the rollover event made the basis of this Complaint.

8. The rollover event described in the Complaint was foreseeable to GM at the time the door latches were first designed, tested and placed into the stream of commerce.

9. The defects existing in the door latches at issue rendered the door latches defective and unreasonably dangerous for their intended purpose and, therefore, subjected the driver of the subject vehicle to an unreasonable risk of injury in foreseeable collision or rollover events.

10. GM had a duty to design and test a door latch that would be sufficient to withstand the forces of a reasonably foreseeable collision or rollover event. GM failed to carry out this duty.

11. The defect in the door latches at issue proximately caused the death of Frank Johnson, Jr. as the driver's door latch failed in this incident, allowing the driver's door to come open during this rollover sequence. Frank Johnson, Jr. was ejected and killed as a result of this door latch failure.

12. The conduct of GM in regard to this case was negligent, reckless, or wanton and willful.

13. GM was aware of the defective nature of the door latches at issue, and yet failed to warn the end users of these latches of the danger posed by the defective design.

14. Further, despite having clear notice of the defective nature of the door latches at issue in this case, GM failed to modify the door latch design to avoid failures similar to that alleged in this Complaint.

15. Frank Johnson, Jr. was ejected and killed in this incident as a direct and proximate result of the negligent, reckless, wanton or willful conduct of GM in this case.

**WHEREFORE**, premises considered, Plaintiffs demand such amount as a jury may award as punitive damages pursuant to the Alabama Wrongful Death Act, plus their costs in this action.

Respectfully submitted, this 25th day of July, 2006.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091)**
Attorney for Plaintiffs

**OF COUNSEL:**
**STRICKLAND & KENDALL, L.L.C.**
420 S. Lawrence Street [36104]
P.O. Box 99
Montgomery, AL  36101-0099
(334) 269-3230
(334) 269-3239 / fax

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon the following by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 25th day of July, 2006.

Will R. Kelly
Post Office Drawer 937
Hayneville, AL 36040

Jack E. Little Jr., Esq.
Pillsbury, Winthrop, Shaw & Pittman
2 Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Jay Tuley, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, AL 36103

Hope Cannon
Brittin T. Coleman
Kenneth Perry
Bradley, Arant, Rose and White
1819 5th Ave North
Birmingham, AL 35203

M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays
L. Frank Coan, Jr., Esq.
Robert Arrington, Jr., Esq.
King & Spalding
1180 Peachtree Street
Atlanta, GA 30309

Roger Morrow, Esq.
Morrow, Romine & Pearson
Post Office Box 4804
Montgomery, AL 36103

Keith Pflaum, Esq.
Porterfield, Harper Mills & Motlow
Post Office Box 530790
Birmingham, AL 35253

J. Kenneth Wainwright, Esq.
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, MI 48084-1526

William A Mudd
420 20th Street North Ste 2500
Birmingham, AL 35203

James N. Walter, Jr.
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

/s/ Blaine C. Stevens
OF COUNSEL