IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRISON JOHNSON, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | 2:06CV00290-MEF |
| BRIDGESTONE FIRESTONE NORTH | ) | |
| AMERICAN TIRE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Bridgestone Firestone North American Tire, LLC (hereinafter referred to as "Firestone") answers plaintiffs' second amended complaint as follows:

1.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the second amended complaint.

2.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the second amended complaint.

3.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the second amended complaint.

4.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the second amended complaint.

5.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the second amended complaint.

6.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the second amended complaint.

7.     Firestone is a limited liability company organized under the laws of Delaware with its principal place of business in Nashville, Tennessee.  Firestone is listed in the records of the Secretary of State of the State of Alabama.  Firestone states that the Alabama Secretary of State's office has National Registered Agents, Inc., 150 S. Perry Street, Montgomery, Alabama, listed as Firestone's registered agent.  Firestone denies all remaining allegations of paragraph 7.

8.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the second amended complaint.

9.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the second amended complaint.

10.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the second amended complaint.

11.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the second amended complaint.

12.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the second amended complaint.

13.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the second amended complaint.

14.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the second amended complaint.

15.     Plaintiffs' second amended complaint does not contain a numbered paragraph 15.

16.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the second amended complaint.

17.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the second amended complaint.

18.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the second amended complaint.

19.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the second amended complaint.

20.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the second amended complaint.

21.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the second amended complaint.

22.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the second amended complaint.

23.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the second amended complaint.

24.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the second amended complaint.

25.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the second amended complaint.

26.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the second amended complaint.

27.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the second amended complaint.

28.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the second amended complaint.

29.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the second amended complaint.

30.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the second amended complaint.

31.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the second amended complaint.

32.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the second amended complaint.

33.     The allegations set forth in paragraph 33 of the second amended complaint do not require a response.

34.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the second amended complaint.

35.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the second amended complaint.

36.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the second amended complaint.

37.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the second amended complaint.

38.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the second amended complaint.

39.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the second amended complaint.

40.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the second amended complaint.

41.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the second amended complaint.

42.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the second amended complaint.

43.     Firestone is without knowledge or information sufficient to form a belief as to the truth of some of the allegations contained in paragraph 43 of the second amended complaint, and denies other allegations; therefore, Firestone denies the allegations in paragraph 43.

44.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the second amended complaint.

45.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the second amended complaint.

46.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the second amended complaint.

47.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the second amended complaint.

48.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the second amended complaint.

49.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the second amended complaint.

50.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the second amended complaint.

## **COUNT I**

51.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

52.    The allegations set forth in paragraph 52 of the second amended complaint are not directed to Firestone and do not require a response.

53.    The allegations set forth in paragraph 53 of the second amended complaint are not directed to Firestone and do not require a response.

54.    The allegations set forth in paragraph 54 of the second amended complaint are not directed to Firestone and do not require a response.

55.    The allegations set forth in paragraph 55 of the second amended complaint are not directed to Firestone and do not require a response.

56.    The allegations set forth in paragraph 56 of the second amended complaint are not directed to Firestone and do not require a response.

57.    The allegations set forth in paragraph 57 of the second amended complaint are not directed to Firestone and do not require a response.

**COUNT II**

58.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

59.    The allegations set forth in paragraph 59 of the second amended complaint are not directed to Firestone and do not require a response.

60.    To the extent paragraph 60 is directed to Firestone, the allegations of paragraph 60 are denied.

**COUNT III**

61.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

62.    The allegations set forth in paragraph 62 of the second amended complaint are not directed to Firestone and do not require a response.

63.     The allegations set forth in paragraph 63 of the second amended complaint are not directed to Firestone and do not require a response.

64.     To the extent paragraph 64 is directed to Firestone, all allegations of paragraph 64 are denied.

## COUNT IV

65.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

66.     The allegations set forth in paragraph 66 of the second amended complaint are not directed to Firestone and do not require a response.

67.     The allegations set forth in paragraph 67 of the second amended complaint are not directed to Firestone and do not require a response.

68.     The allegations set forth in paragraph 68 of the second amended complaint are not directed to Firestone and do not require a response.

69.     The allegations set forth in paragraph 69 of the second amended complaint are not directed to Firestone and do not require a response.

70.     The allegations set forth in paragraph 70 of the second amended complaint are not directed to Firestone and do not require a response.

71.     The allegations set forth in paragraph 71 of the second amended complaint are not directed to Firestone and do not require a response.

## COUNT V

72.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

73.     The allegations set forth in paragraph 73 of the second amended complaint are not directed to Firestone and do not require a response.

74.     To the extent paragraph 74 is directed to Firestone, the allegations of paragraph 74 are denied.

## COUNT VI

75.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

76.     To the extent paragraph 76 is directed to Firestone, all allegations of paragraph 76 are denied.

77.     To the extent paragraph 77 is directed to Firestone, all allegations of paragraph 77 are denied.

78.     To the extent paragraph 78 is directed to Firestone, all allegations of paragraph 78 are denied.

## COUNT VII

79.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

80.     The allegations set forth in paragraph 80 of the second amended complaint are not directed to Firestone and do not require a response.

81.     To the extent the first numbered paragraph 81 is directed to Firestone, the allegations of the first numbered paragraph 81 are denied.

81.     To the extent the second numbered paragraph 81 is directed to Firestone, the allegations of the second numbered paragraph 81 are denied.

82.     To the extent paragraph 82 is directed to Firestone, the allegations of paragraph 82 are denied.

83.     To the extent paragraph 83 is directed to Firestone, the allegations of paragraph 83 are denied.

## COUNT VIII

84.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

85.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the second amended complaint.

86.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the second amended complaint.

87.     To the extent the allegations in paragraph 87 are directed at Firestone, they are denied.

88.      To the extent the allegations in paragraph 88 are directed at Firestone, they are denied.

89.     To the extent the allegations in paragraph 89 are directed at Firestone, they are denied.

90.     To the extent the allegations in paragraph 90 are directed at Firestone, they are denied.

91.     To the extent the allegations in paragraph 91 are directed at Firestone, they are denied.

## COUNT IX

92.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

93.     Firestone is without sufficient knowledge to either admit or deny the material allegations in paragraph 93.

94.    Firestone is without sufficient knowledge to either admit or deny the material allegations in paragraph 94.

95.    To the extent paragraph 95 is directed to Firestone, the allegations of paragraph 95 are denied.

96.    To the extent paragraph 96 is directed to Firestone, the allegations of paragraph 96 are denied.

97.    To the extent paragraph 97 is directed to Firestone, the allegations of paragraph 97 are denied.

98.    To the extent paragraph 98 is directed to Firestone, the allegations of paragraph 98 are denied.

99.    To the extent paragraph 99 is directed to Firestone, the allegations of paragraph 99 are denied.

## **COUNT X**

100.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

101.    The allegations set forth in paragraph 101 of the second amended complaint are not directed to Firestone and do not require a response.

102.    The allegations set forth in paragraph 102 of the second amended complaint are not directed to Firestone and do not require a response.

103.    The allegations set forth in paragraph 103 of the second amended complaint are not directed to Firestone and do not require a response.

104.    The allegations set forth in paragraph 104 of the second amended complaint are not directed to Firestone and do not require a response.

105.    To the extent paragraph 105 is directed to Firestone, the allegations of paragraph 105 are denied.

106.    The allegations set forth in paragraph 106 of the second amended complaint are not directed to Firestone and do not require a response.

107.    The allegations set forth in paragraph 107 of the second amended complaint are not directed to Firestone and do not require a response.

108.    The allegations set forth in paragraph 108 of the second amended complaint are not directed to Firestone and do not require a response.

## **COUNT XI**

109.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

110.     The allegations set forth in paragraph 110 of the second amended complaint are not directed to Firestone and do not require a response.

111.     The allegations set forth in paragraph 111 of the second amended complaint are not directed to Firestone and do not require a response.

112.     The allegations set forth in paragraph 112 of the second amended complaint are not directed to Firestone and do not require a response.

113.     The allegations set forth in paragraph 113 of the second amended complaint are not directed to Firestone and do not require a response.

114.     To the extent paragraph 114 is directed to Firestone, the allegations of paragraph 114 are denied.

115.     The allegations set forth in paragraph 115 of the second amended complaint are not directed to Firestone and do not require a response.

116.     The allegations set forth in paragraph 116 of the second amended complaint are not directed to Firestone and do not require a response.

117.     The allegations set forth in paragraph 117 of the second amended complaint are not directed to Firestone and do not require a response.

## COUNT XII (Misnamed Count XI)

118.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

119.     To the extent paragraph 119 is directed to Firestone, all allegations of paragraph 119 are denied.

## COUNT XII

120.     Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if as if fully set forth herein.

121.     In response to the first numbered paragraph 121, Firestone states that to the extent this paragraph is directed to Firestone, the allegations set further therein are denied.

121.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second numbered paragraph 121 of the second amended complaint.

122.     Plaintiffs' second amended complaint does not contain a numbered paragraph 122.

123.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the second amended complaint.

124.     Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the second amended complaint.

125.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the second amended complaint.

126.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the second amended complaint.

127.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the second amended complaint.

128.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the second amended complaint.

129.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the second amended complaint.

130.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the second amended complaint.

131.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

132.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

<u>COUNT XII</u>

133.    Firestone adopts and incorporates by reference its responses to the preceding paragraphs of the second amended complaint as if fully set out herein.

134.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

135.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

<u>COUNT XIV</u>

136.    To the extent paragraph 136 is directed to Firestone, all allegations of paragraph 136 are denied.

137.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the second amended complaint.

138.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the second amended complaint.

139.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the second amended complaint.

140.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the second amended complaint.

141.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the second amended complaint.

142.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the second amended complaint.

143.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the second amended complaint.

144.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the second amended complaint.

145.    This paragraph 145 is not directed at Firestone, and therefore does not require a response from this Defendant.

146.    Firestone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the second amended complaint.

147.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

148.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

149.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

150.    This paragraph is not directed at Firestone and therefore does not require a response from Firestone.

151.    Firestone denies that Plaintiffs or any of them are entitled to judgment against Firestone or damages of any kind against Firestone as request in Plaintiffs' "Prayer for Relief."

152.    Except as admitted herein, the allegations against Firestone in the second amended complaint are denied.

## **ADDITIONAL DEFENSES**

Firestone asserts the following additional defenses.  Discovery and investigation of this case is in the early stages, and Firestone reserves the right to amend this answer by adding, deleting or amending defenses as may be appropriate.  In further answer to plaintiffs' second amended complaint, and by way of additional defenses, Firestone avers as follows:

### **First Defense**

The claims asserted in the second amended complaint, separately and severally, fail to state a claim against Firestone upon which relief can be granted.

### **Second Defense**

Claims of plaintiffs are barred by the defense of product misuse.

### **Third Defense**

The injuries and damages claimed by plaintiffs resulted from an intervening or superseding cause(s), and any act or omission by Firestone was not the proximate cause of such alleged injuries.

### **Fourth Defense**

Claims of plaintiffs are barred by the defense of contributory negligence.

## Fifth Defense

Claims of plaintiffs are barred by the defense of assumption of the risk.

## Sixth Defense

If plaintiffs sustained injuries or damages as alleged, said injuries or damages were caused by the alteration, improper handling, or other misuse of products allegedly involved in the accident.

## Seventh Defense

The alleged injuries or damages of which plaintiffs complain were caused by conduct or events for which Firestone is not responsible and cannot be held liable.

## Eighth Defense

The alleged injuries and death and/or losses, if any, were caused by the actions or omissions of parties other than Firestone, over whom Firestone had no control, and any claims by the plaintiffs against Firestone are due to be denied.

### Ninth Defense

The wrongful death statute in Alabama, as applied by the courts of Alabama, is unconstitutional in that it authorizes the imposition of punitive damages in a negligence claim without requiring proof of culpability on the part of the defendant any greater than the negligence standard; hence, said statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

### Tenth Defense

The wrongful death statute, as applied by Alabama courts, is unconstitutional to the extent that it authorizes the imposition of punitive damages in a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") without requiring the proof of any culpability or wrongful conduct at all, and said statute, as applied, requires under AEMLD only the proof that the defendant sold a product under circumstances creating liability under AEMLD; hence, the wrongful death statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

### Eleventh Defense

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the imposition of punitive damages without proof of any threshold requirement of culpability; whereas, in personal injury cases, under the law of Alabama, punitive damages cannot be awarded without proof by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff; therefore, the wrongful death statute in Alabama, as applied, denies Firestone due

process of law and equal protection of the law under the Constitution of Alabama and the United States Constitution.

### Twelfth Defense

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the jury to return a punitive damages verdict which is joint and several without allowing the jury to allocate or apportion the amount of punitive damages based on the degree of culpability of the respective defendants; therefore, the wrongful death statute, as applied, denies Firestone due process of law under the Constitution of Alabama and the United States Constitution.

### Thirteenth Defense

Under the wrongful death statute of Alabama, as applied by the courts of Alabama, Plaintiff acts as a representative of the Legislature in maintaining a wrongful death action; thus, a suit under the wrongful death statute of Alabama constitutes state action, and the imposition of punitive damages under the wrongful death statute of Alabama, as applied, which requires no proof of any threshold level of wrongful conduct and, as a result, constitutes the imposition of excessive fines and denies Firestone the protection of the prohibition against excessive fines guaranteed under the United States Constitution.

**Fourteenth Defense**

Firestone denies it is guilty of conduct for which punitive damages could or should be awarded, and denies that plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Firestone.

**Fifteenth Defense**

Plaintiffs cannot recover punitive damages against Firestone because such an award, which is penal in nature, and would violate Firestone's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Firestone is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**Sixteenth Defense**

Subjecting Firestone to punitive damages, or affirming an award of punitive damages against Firestone in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     any award of punitive damages against Firestone under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)     use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)     any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)     the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)     under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Firestone's alleged wrongful or culpable conduct;

(g)     under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)    under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)    in the event that an award of punitive damages is entered in this case, such an award would be imposed regardless of the degree of culpability of Firestone, and such an award could result in a verdict against Firestone whereby punitive damages could be assessed against Firestone based in part upon culpability of another party, and such verdict could be enforced against Firestone regardless of defendant's culpability, or relative culpability;

(j)    should the Court require the award of punitive damages against Firestone, such an award would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k)    an award of punitive damages should not be permitted to be assessed against Firestone for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Firestone;

(l)    an award of punitive damages should not be permitted to be assessed against Firestone vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Firestone;

(m)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(n)    under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(o)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Firestone;

(p)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(r)    the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Firestone without due process of law.

## Seventeenth Defense

Plaintiffs are not entitled to punitive damages from Firestone pursuant to the facts as alleged in plaintiffs' second amended.

## Eighteenth Defense

The claims of the plaintiffs for punitive damages against Firestone are barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

**Nineteenth Defense**

Imposition of punitive damages in this case against Firestone would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

**Twentieth Defense**

To award punitive damages against Firestone in this case would have a chilling effect upon Firestone's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

**Twenty-First Defense**

In the event that any portion of a punitive damages award against Firestone in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than Plaintiff, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

**Twenty-Second Defense**

To award punitive damages against Firestone in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

**Twenty-Third Defense**

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Firestone is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

**Twenty-Fourth Defense**

Plaintiffs' claims for punitive damages violate the rights of Firestone to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)     The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Firestone;

(c)     The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)     The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)    This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)    The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

**<u>Twenty-Fifth Defense</u>**

Plaintiffs' second amended complaint seeks to make Firestone liable for punitive damages.    Firestone adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and its progeny.

**<u>Twenty-Sixth Defense</u>**

The demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

**<u>Twenty-Seventh Defense</u>**

The imposition of punitive damages sought by plaintiffs violates Firestone' rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a

jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)     Firestone had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Firestone to punitive damages or as to the potential amount of such an award.

(c)     Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)     No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)    Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)    Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Firestone could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

### Twenty-Eighth Defense

The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

### Twenty-Ninth Defense

Insofar as the punitive damage award sought by plaintiffs seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) Firestone' rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

**Thirtieth Defense**

Firestone asserts that plaintiffs' claims are barred in whole or in part by the statute of limitations.

**Thirieth-First Defense**

Should this case be remanded to state court, Firestone denies that venue in Bullock County is proper.

WHEREFORE, Firestone requests that judgment be entered in favor of Firestone and against plaintiffs and that Firestone be awarded the costs of this action and such other and further relief as may be appropriate.

Respectfully submitted,

s/ Hope T. Cannon
One of the Attorneys for
Bridgestone Firestone North American Tire, LLC

OF COUNSEL
Brittin T. Coleman (COL004)
Kenneth M. Perry (PER048)
Hope T. Cannon (STE147)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000; Facsimile: (205) 521-8800

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 16, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs:**
Edward P. Kendall, Esq.
Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland And Kendall, LLC
420 South Lawrence Street
Post Office Box 99
Montgomery, AL 36101-0099

Will R. Kelly, Esq.
P.O. Drawer 937
Hayneville, AL 36040-0937

**Attorneys for General Motors Corporation:**
M. Christian King, Esq.
Sarah O. Warburton, Esq.
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203

Robert D. Hays, Esq.
L. Frank Coan, Jr., Esq.
Robert L. Arrington, Jr., Esq.
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA 30309-3521

**Attorneys for May Brothers, Inc.:**
Jay S. Tuley, Esq.
Nix, Holtsford, Gilliland,
   Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128

**Attorneys for Phil Owens Used Cars, Inc.**
William A. Mudd, Esq.
James M. Strong, Esq.
Miller, Hamilton, Snider & Odom, LLC
1200 Financial Center
505 20th Street North
Birmingham, AL 35203

**Attorneys for Bendix Commercial Vehicle System, LLC:**
Larry W. Harper, Esq.
Keith J. Pflaum, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Birmingham, AL 35242-4821

**Attorneys for TRW Vehicle Safety Systems, Inc. and TRW Automobile US, LLC :**
Jack E. Little, Jr.
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin 22nd Floor
Houston, TX 77010

Chad W. Bryan
James N. Walter, Jr.
Capell Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Robert L. Arrington, Jr.
Anne M. Carter
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA  30309-3521

J. Kenneth Wainwright, Jr.
Harvey Kruse P.C.
1050 Wilshire Drive, Suite 320
Troy, MI  48084-1526

David B. Weinstein
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2200
Houston, TX  77010

s/ Hope T. Cannon
One of the Attorneys for
Bridgestone Firestone North American Tire,
LLC