IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRISON JOHNSON, Jr., as administrator of the Estate of Harrison Johnson, Sr.; YVONNE JOHNSON, as Administratrix of Estate of Frank Ellis Johnson, YVONNE JOHNSON, individually; JOI JOHNSON; FRANK ELLIS JOHNSON, II; and LIZZIE JOHNSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN TIRE, LLC; GENERAL MOTORS CORPORATION; TUGALOO SPORTS VANS, INC.; PHIL OWENS USED CARS, INC.; MAYPOLE CHEVROLET, INC., O & M MOTOR CO.; MAY BROTHERS, INC.; TEMPLE PRODUCTS OF INDIANA, INC., TRW VEHICLE SAFETY SYSTEMS, INC. AND/OR TRW AUTOMOTIVE U.S. LLC., BENDIX COMMERCIAL VEHICLE SYSTEMS LLC; and FICTITIOUS DEFENDANT "A"-"O",<br><br>    Defendants. | CIVIL ACTION NO. 2:06CV290-MEF |

**GENERAL MOTORS CORPORATION'S**
**ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW COMES GENERAL MOTORS CORPORATION (GM) and files its Answer and

Defenses to plaintiffs' Second Amended Complaint, showing the Court as follows:

**FIRST DEFENSE**

Plaintiffs' Second Amended Complaint, in whole or in part, fails to state a claim against

GM upon which relief may be granted.

**SECOND DEFENSE**

GM answers each individually numbered paragraph of plaintiffs' Second Amended

Complaint as follows:

## Count XIV

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 119 of plaintiffs' Complaint and paragraphs 1 through 16 of plaintiffs' Amended Complaint.

1.

Upon information and belief, GM admits that Plaintiffs appear to have brought Count XIV pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

2.

GM denies that it designed or manufactured the originally equipped door latches on the subject 1985 Chevrolet conversion van.  GM denies the remaining allegations contained in paragraph 2.

3.

GM denies the allegations contained in paragraph 3.

4.

GM denies that the subject 1985 Chevrolet conversion van was defective when the vehicle left GM's possession, custody, and control.  GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.

GM denies that the subject 1985 Chevrolet conversion van was defective when the vehicle left GM's possession, custody, and control.  GM denies the remaining allegations contained in paragraph 7.

8.

GM denies the allegations contained in paragraph 8.

9.

GM denies the allegations contained in paragraph 9.

10.

GM admits that certain duties concerning the design of the subject vehicle may arise under applicable law.  GM denies that it breached any such duties with respect to plaintiffs.  GM denies the remaining allegations contained in paragraph 10.

11.

GM denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiffs' Second Amended Complaint.  GM denies the remaining allegations contained in paragraph 11.

12.

GM denies the allegations contained in paragraph 12.

13.

GM denies the allegations contained in paragraph 13.

14.

GM denies the allegations contained in paragraph 14.

15.

GM denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in plaintiffs' Second Amended Complaint. GM denies the remaining allegations contained in paragraph 15.

15(a)

GM denies all allegations contained in Count Fourteen of plaintiffs' Second Amended Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

### Answering the "Wherefore" Paragraph of Count XIV

GM answers the "Wherefore" paragraph of Count XIV as follows:

GM denies that it is liable to plaintiffs in any manner or amount whatsoever. GM further denies that it is in any way responsible for causing or contributing to the damages and injuries alleged in plaintiffs' Second Amended Complaint. GM denies the remaining allegations contained in the "Wherefore" paragraph of Count XIV that relate to GM.

### THIRD DEFENSE

GM states that the sole proximate cause of the injuries and damages alleged in plaintiffs' Second Amended Complaint may have been the actions, nonactions, or negligence of a person or persons other than GM for whose actions, nonactions, or negligence GM is in no way liable. Plaintiffs are therefore not entitled to recover from GM in this action.

### FOURTH DEFENSE

GM states that the sole proximate cause of the injuries and damages alleged in plaintiffs' Second Amended Complaint may have been the combination of actions, nonactions, or

negligence of a person or persons other than GM for whose actions, nonactions, or negligence GM is in no way liable.  Plaintiffs are therefore not entitled to recover from GM in this action.

## FIFTH DEFENSE

GM states that the injuries and damages alleged in plaintiffs' Second Amended Complaint may have been caused by an intervening, superseding action for which GM is in no way liable.  Plaintiffs are therefore not entitled to recover from GM in this action.

## SIXTH DEFENSE

GM states that the proximate cause of the injuries and damages alleged in plaintiffs' Second Amended Complaint may have been the misuse and/or abuse of the vehicle for which GM is not responsible.  Plaintiffs are therefore not entitled to recover from GM in this action.

## SEVENTH DEFENSE

GM states that plaintiffs and plaintiffs' decedents may have assumed the risks of the injuries and damages alleged in plaintiffs' Second Amended Complaint.  Plaintiffs are therefore not entitled to recover from GM in this action.

## EIGHTH DEFENSE

GM states that plaintiffs and plaintiffs' decedents may have failed to exercise ordinary care for their own safety.  Plaintiffs are therefore not entitled to recover from GM in this action.

## NINTH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages are in contravention of GM's rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth

Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against vague and over broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the following separate and several grounds:

1. The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

2. The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

3. The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

4. The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

5. The procedures permit multiple awards of punitive damages for the same alleged act.

6. The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

7. The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

8. The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9. The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

### **TENTH DEFENSE**

Plaintiffs' claims, if any, for the recovery of punitive damages may be precluded by Alabama Code § 6-11-20.

6

## **ELEVENTH DEFENSE**

Although GM denies that plaintiffs is entitled to the recovery of punitive damages, GM nevertheless asserts the provisions of Alabama Code § 6-11-21 as a limitation to any award of such damages.

WHEREFORE having fully answered plaintiffs' Second Amended Complaint, GM prays that said Amended Complaint be dismissed with prejudice, that GM recover its costs of this action, and that GM have such other and further relief as this Court deems just and proper.

This 15th day of August, 2006.

/s/ M. Christian King
M. Christian King
Lightfoot, Franklin & White
400 20th Street North
Birmingham, Alabama  35203
Telephone:  (205) 581-0700
Facsimile:  (205) 581-0799

Robert D. Hays
L. Frank Coan, Jr.
Robert L. Arrington, Jr.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRISON JOHNSON, Jr., as administrator of the Estate of Harrison Johnson, Sr.; YVONNE JOHNSON, as Administratrix of Estate of Frank Ellis Johnson, YVONNE JOHNSON, individually; JOI JOHNSON; FRANK ELLIS JOHNSON, II; and LIZZIE JOHNSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN TIRE, LLC; GENERAL MOTORS CORPORATION; TUGALOO SPORTS VANS, INC.; PHIL OWENS USED CARS, INC.; MAYPOLE CHEVROLET, INC., O & M MOTOR CO.; MAY BROTHERS, INC.; TEMPLE PRODUCTS OF INDIANA, INC., TRW VEHICLE SAFETY SYSTEMS, INC. AND/OR TRW AUTOMOTIVE U.S. LLC., BENDIX COMMERCIAL VEHICLE SYSTEMS LLC; and FICTITIOUS DEFENDANT "A"-"O",<br><br>    Defendants. | CIVIL ACTION NO. 2:06CV290-MEF |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing **GENERAL MOTORS CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT** on all counsel of record by causing a copy of the same to be deposited in the United States mail, postage prepaid, and addressed as follows:

Edward P. Kendall
Michael G. Strickland
Blaine C. Stevens
Strickland and Kendall, LLC
420 South Lawrence Street
Montgomery, AL  36101-0099

Will R. Kelly
Post Office Drawer 937
Hayneville, AL  36040-0937

2

| | |
|---|---|
| Roger S. Morrow<br>Morrow, Romine & Pearson, P.C.<br>122 South Hull Street<br>Post Office Box 4804<br>Montgomery, AL  36103-4804 | Hope Cannon<br>Brittin T. Coleman<br>Kenneth Perry<br>Bradley, Arant, Rose & White<br>1819 5th Avenue North<br>Birmingham, AL  35203 |
| Louis Rutland<br>Rutland & Braswell<br>Post Office Box 551<br>Union Springs, AL  36089 | Larry Harper<br>Porterfield, Harper, Mills & Motlow<br>Post Office Box 530790<br>Birmingham, AL  35253 |
| Jack E. Little, Jr.<br>Pillsbury, Winthrop, Shaw & Pittman<br>2 Houston Center<br>909 Fannin, 22nd Floor<br>Houston, TX  77010 | William A. Mudd<br>400 20th Street North, Suite 2500<br>Birmingham, AL  35203 |
| Jay Tuley<br>Nix, Holtsford, Gilliland, Higgins & Hitson<br>Post Office Box 4128<br>Montgomery, AL  36103 | Ronald Davenport<br>Rushton, Stakley, Johnston & Garrett<br>Post Office Box 270<br>Montgomery, AL  36101 |

This  15th  day of August, 2006.

/s/ M. Christian King
M. Christian King