IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRISON JOHNSON, JR., as, Administrator of the Estate of Harrison Johnson, Sr., <br><br> Plaintiff, <br> v. <br><br> BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE LLC, *et al.,* <br><br> Defendants. | CASE NO. 2:06-cv-290-MEF <br> [WO-DO NOT PUBLISH] |

**MEMORANDUM OPINION AND ORDER**

In this case, the Plaintiffs bring several claims against a number of Defendants in connection with a single-van rollover accident. This cause is presently before the Court on the Plaintiffs' Motion to Remand (Doc. #19) filed on April 28, 2006. In their motion, the Plaintiffs assert that the Court does not have subject matter jurisdiction over this case because the parties are not completely diverse in terms of state citizenship. More specifically, the Plaintiffs, all residents of Alabama, point to the presence of May Brothers, Inc. ("May Brothers"), a service station based in Bullock County, Alabama, as a reason to send this case back to the Bullock County Circuit Court. The Plaintiffs allege that May Brothers was negligent in its inspection of the Plaintiffs' van and its tires a few months before the accident in question. The Defendants argue that remand is not proper and contend that the Plaintiffs cannot establish a cause of action under Alabama law against May Brothers because the only witness capable of providing inculpatory evidence against May Brothers, Frank Johnson, Jr.,

perished in the accident. After considering the parties' submissions, the Court finds, for the reasons set forth below, that the Plaintiffs' motion is due to be GRANTED and that this case should be returned to state court.

## DISCUSSION

As a general matter, the removal of a case from state to federal court is proper if the case could have originally been brought in federal court. *See Jeter v. Orkin Exterminating Co.*, 84 F. Supp 2d 1334, 1336 (M.D. Ala. 2000) (citing 28 U.S.C. § 1441(a)). Federal courts may assert jurisdiction over cases brought under state law where the parties are of diverse state citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The Supreme Court has interpreted diversity of citizenship under § 1332 to require complete diversity—that is, every plaintiff must be of diverse state citizenship from every defendant. *Palmer v. Hospital Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch. (7 U.S.) 267 (1808)). While the presence of a plaintiff and defendant residing in the same state normally precludes federal jurisdiction based on diversity of citizenship, removal based upon diversity jurisdiction "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Jeter*, 84 F. Supp. 2d at 1337 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Thus, the court will disregard fraudulently joined defendants when considering the propriety of maintaining jurisdiction. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.

1980).[1]

The Eleventh Circuit has found fraudulent joinder in three situations: where (1) "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," (2) "there is outright fraud in the plaintiff's pleading of jurisdictional facts," and (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under all of these scenarios, the removing party bears the heavy burden of demonstrating that the joinder of a non-diverse party was fraudulent. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Under the first type of fraudulent joinder, federal jurisdiction cannot be sustained where "there is *even a possibility* that a state court would find that the complaint states a cause of action against . . . the resident defendant[ ]." *Triggs*, 154 F.3d at 1287 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1998)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id*. While the court must make this determination based on the plaintiff's pleadings at the time of removal, "the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe v. Coleman*,

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

113 F.3d 1536, 1538 (11th Cir. 1997).

Under Alabama law, a plaintiff may pursue a negligence action against a defendant if the defendant negligently performed an inspection of an automobile. *See Johnson v. Anderson Ford, Inc.*, 686 So. 2d 224, 230-31 (Ala. 1996). To maintain such a claim, it is only necessary that the plaintiff assert that the injury-causing product contained a patent defect that would have been "easily discoverable" had the defendant undertaken a thorough inspection. *See Treadwell Ford, Inc. v. Campbell*, 485 So. 2d 312, 316 (Ala. 1986). Although a defendant cannot be held liable for a latent defect, *see Lindsey v. Int'l Shoe Co.*, 233 So. 2d 507, 508 (Ala. Civ. App. 1970), it is often up to the jury to make the distinction between latent and patent defects in a product. *See Treadwell Ford*, 485 So. 2d at 316.

After considering the relevant legal standards, the Court cannot say that the Plaintiffs do not have at least an arguably viable cause of action against May Brothers. In similar cases, Alabama courts have been fairly lenient in assessing whether a negligent inspection complaint creates a question of fact sufficient to reach the jury. *See Johnson*, 686 So. 2d at 230-31; *Treadwell Ford*, 485 So. 2d at 316. Thus, there is, at minimum, a mere possibility that the Plaintiffs could show that May Brothers did not fulfill its duty to the Plaintiffs to discover any patent defects during its inspection of the Plaintiffs' van. While the Plaintiffs may confront significant evidentiary hurdles without the testimony of Frank Johnson, Jr., the Court finds that his absence does not necessarily cause the Plaintiffs' claim against May Brothers to fail. To this end, the Plaintiffs have attempted to buttress their claims by

providing the affidavits of two expert witnesses, each of whom finds fault with May Brothers' alleged inspection deficiencies. The Court is not in a position to judge the sufficiency of this evidence except to state that it is enough to survive the fraudulent joinder analysis. As a result, the Defendants are unable to carry the heavy burden placed upon them to show that the Plaintiffs cannot state a cause of action against May Brothers, and the Court must remand this case back to state court.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that the Plaintiffs' Motion to Remand (Doc. #19) is GRANTED, and this case is REMANDED to the Circuit Court of Bullock County, Alabama. Accordingly, the Clerk of the Court is DIRECTED to take all steps necessary to effect this remand.

DONE this the 28th day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE